IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL NO. _____ |
| VINCENT K. MCMAHON | § § | APRIL 16, 2020 |
| *Defendant.* | § § | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO SEAL PORTIONS OF COMPLAINT AND
EXHIBITS 1-3 TO COMPLAINT**

Pursuant to D. Conn. L. Civ. R. 5(e), Plaintiff, Oliver Luck, files this memorandum of law in support of his motion for leave to file under seal portions of his Complaint and Exhibits 1-3 to his Complaint against Defendant Vincent K. McMahon ("Defendant" or "McMahon"). For the reasons stated herein, Mr. Luck respectfully requests that the Court grant the Motion.

**BACKGROUND FACTS**

On April 16, 2020, Mr. Luck filed his Complaint against Defendant for breach of contract (Count One) and requesting declaratory judgment from this Court (Count Two). The lawsuit concerns Defendant's breach of guaranty provided to Mr. Luck as part of the terms of his employment as Commissioner and CEO of the XFL. Mr. Luck's employment with Alpha Entertainment LLC ("Alpha"), an affiliate of Defendant, was governed by the terms of the Contract for Employment as Commissioner and CEO (the "Employment Contract"). McMahon provided a guaranty to Mr. Luck under the Employment Contract (the "Guaranty").

The Employment Contract and the Guaranty (Exhibit 1 to the Complaint), along with the letter wherein Alpha wrongfully terminated Mr. Luck (the "Termination Letter" attached as Exhibit 2 to the Complaint), are integral to the facts supporting Mr. Luck's Complaint. Further,

**ORAL ARGUMENT NOT REQUESTED**

the Employment Contract and the Guaranty are quoted throughout the Complaint, and are further referenced in the Termination Letter and Mr. Luck's letter in response (the "Response Letter" attached as Exhibit 3 to the Complaint) disputing the allegations in the Termination Letter.

The terms of the Employment Contract and the Guaranty are governed by the Confidentiality, Non-Solicitation and Non-Competition Agreement dated May 30, 2018. *See* Ex. 1 at Exhibit B (the "CNNA"). Accordingly, Mr. Luck seeks to seal from the public those portions of his Complaint that quote or describe these terms and Exhibits 1-3 to his Complaint (the "Sealed Material"). [1]

## ARGUMENT

"[I]t is well established that the public and the press have a qualified First Amendment right . . . to access certain judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quotation marks omitted). "The right of access, however, is not absolute." *Alexander v. Azar*, 396 F. Supp. 3d 242, 251 (D. Conn. 2019) (citation omitted). "Courts must weigh the interest advanced by the parties in light of the public interest and the duty of the courts." *Id.* (internal quotation marks omitted).

Pursuant to D. Conn. L. Civ. R. 5(e)(3), "[n]o judicial document shall be filed under seal, except upon entry of an order of the Court either acting *sua sponte* or specifically granting a request to seal that document." Moreover, "[a]ny such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." *Id.*

---

[1] Mr. Luck disputes that the Employment Contract, Guaranty, or CNNA are still in effect as Alpha and McMahon repudiated their obligations to Mr. Luck. However, Mr. Luck does ***not*** seek any relief, recovery or judgment against Alpha in this lawsuit, and Mr. Luck does not intend, at this time, to litigate the enforceability of any confidentiality provisions in his Employment Contract with Alpha in his lawsuit against McMahon.

Here, clear and compelling reasons exist to keep the Sealed Material under seal at this time. Filing the Sealed Material publicly could cause Mr. Luck to breach any confidentiality obligations he may still have under the CNNA. While the Local Rules provide that "[n]o document shall be sealed merely by stipulation of the parties" (*see* D. Conn. L. Civ. R. 5(e)(3)), here, any agreement by Mr. Luck to confidentiality was a condition of Mr. Luck's Employment Contract, not with McMahon as a Defendant to this lawsuit. Thus, Mr. Luck is not requesting the Court keep the Sealed Material under seal solely because of a stipulation with McMahon. Instead, Mr. Luck is requesting the Court keep the Sealed Material under seal because the CNNA's express terms make confidential the terms of the Employment Contract, to which the Guaranty is an exhibit and which are referenced by the Termination Letter, Response Letter, and the Complaint. *See* Ex. 1 at Exhibit B ¶ 2; *see also* Ex. 1 at 4. Such reason has been recognized as good cause to keep an employment and compensation agreement under seal. *Kelly v. Evolution Markets, Inc.*, 626 F. Supp. 2d 364, 377 (S.D.N.Y. 2009) (good cause to keep employment and compensation agreements confidential where the employment agreement was confidential by its express terms and plaintiff was prohibited from disclosing its content).

Any stipulation to confidentiality Mr. Luck made occurred well in advance of litigation, and was agreed to for reasons other than keeping these proceedings from public view. For example, the terms of the Employment Contract contain confidential and sensitive information related to business plans for the XFL and its operations as a new professional football league. *See* Employment Contract at 2. "[C]onfidential commercial information of a business—including trade secrets, confidential research, internal business documents and information about a business's operations—has been recognized repeatedly as a proper subject for sealing." *Alexander* 396 F. Supp. 3d at 253 (citation omitted) (granting motion to seal confidential business information); *see*

*also Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, No. 17-cv-147-KAM-CLP, 2019 WL 3753780, at *5 (E.D.N.Y. Aug. 8, 2019) (permitting sealing of exhibits to Answer that contain trade secret pricing information).  Accordingly, sealing this information is both permissible and appropriate in this case.

The specific terms of the Employment Contract (Exhibit 1) referenced by the Termination and Response Letters (Exhibits 2 and 3) and quoted or described in the Complaint remain confidential at this juncture.  The relief requested herein is narrowly tailored only to protect preexisting confidential information.  All of the allegations in Mr. Luck's Complaint that do not quote or describe the confidential terms are unsealed on the public record, and Mr. Luck seeks only to avoid running afoul of any obligations he may still have to protect the terms of the Employment Contract as confidential.  Simply, the "genie is [***not yet***] out of the bottle" and Mr. Luck seeks to avoid its release by keeping certain portions of his Complaint and Exhibits 1-3 to his Complaint under seal.  *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) (emphasis added).  Mr. Luck has provisionally filed under seal an unredacted copy of the Complaint and unredacted copies of Exhibits 1-3 to his Complaint with the Court along with the Motion.

## CONCLUSION

For the foregoing reasons, Plaintiff Oliver Luck respectfully requests the Court grant the Motion and permit portions of the Complaint and Exhibits 1-3 to the Complaint be sealed.

*Signature of Counsel on following page.*

**PLAINTIFF OLIVER LUCK**

*/s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel.: (203) 324-8100
Fax: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com

**AND**  (PRO HAC VICE APPLICATIONS PENDING)

*/s/ Paul J. Dobrowski*
Paul J. Dobrowski
Vanessa L. Pierce
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email:  pjd@doblaw.com
Email:  vpierce@doblaw.com

*HIS ATTORNEYS*