IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL NO. 3:20-cv-516 (VAB) |
| VINCENT K. MCMAHON | § § § | APRIL 21, 2020 |
| *Defendant.* | § § | |

**PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY**

To the United States District Court for the District of Connecticut:

The applicant, plaintiff Oliver Luck, hereby respectfully applies, pursuant to Conn. Gen. Stat. §§ 52-278a, *et seq.*, and in accordance with Rule 64 of the Federal Rules of Civil Procedure and Rule 4(c) of the Local Rules of Civil Procedure for District of Connecticut, for a prejudgment remedy against defendant Vincent K. McMahon ("McMahon"), in the amount and to the extent described below.  In support hereof, the undersigned represents as follows:

1. Mr. Luck commenced this action with the filing of his Complaint on April 16, 2020.

2. As described below and in the accompanying declaration of Mr. Luck, dated April 20, 2020, there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims, or setoffs ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ will be rendered in this matter in favor of Mr. Luck.  To secure said judgment, Mr. Luck seeks an order from this Court directing that a prejudgment remedy be granted to secure the sum of ▇▇▇▇▇▇▇ against McMahon, as more fully described below.

**Summary of Plaintiff's Claims**

3. On May 30, 2018, Mr. Luck entered into a ▇▇▇▇▇▇ Contract for Employment as

Commissioner and CEO (the "Employment Contract," attached as Exhibit 1 to Mr. Luck's declaration) with Alpha Entertainment LLC ("Alpha"). As set forth in the Employment Contract, Mr. Luck agreed to serve as the Commissioner and CEO of the XFL, a professional football league, ███████████████████████

4. The Employment Contract provides that Mr. Luck is to receive, ███████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████

5. McMahon, as the controlling owner of Alpha, ████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ (the "Guaranty").

6. Under the Guaranty, ███████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████

7. The Employment Contract provides that ██████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ █████████████████████

8. By letter dated April 9, 2020, ███████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████

9.      The allegations set forth in the Termination Letter are pretextual and devoid of merit. As described in Mr. Luck's declaration, and in his response letter to the Termination Letter dated April 16, 2020 (the "Response Letter," attached as Exhibit 3 to Mr. Luck's declaration), ██

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████       The following are two examples of the baseless allegations in the Termination Letter, the others also being fully addressed in the Response Letter.

    a.      One example of a baseless allegation in the Termination Letter relates to the

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████

    b.      Another baseless allegation in the Termination Letter accuses Mr. Luck of

███████████████████████████████████████████████



10. During Mr. Luck's time as Commissioner and CEO of the XFL, neither Alpha nor McMahon provided him with written notice of any purported belief that he was not executing his responsibilities with competence or diligence, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

11. By April 10, 2020, Alpha had suspended operations of the XFL and laid off most of its staff. On April 13, 2020, Alpha filed for Chapter 11 bankruptcy protection in the United

4

States Bankruptcy Court for the District of Delaware.[1]

12. Alpha wrongfully terminated and repudiated the Employment Contract for pretextual and meritless reasons, and ███████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████████████████████ McMahon has failed to perform his obligations under the Guaranty.

13. The amount due to Mr. Luck totals no less than ████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████████████████

**The Requested Relief**

14. Accordingly, Mr. Luck requests a prejudgment remedy in the amount of ████ ██████, for an attachment and/or garnishment of the defendant's assets, whether real or personal, tangible or intangible, or any kind whatsoever, including, but not limited to:

    (a) all assets of McMahon; and

    (b) any and all assets of obligations in the name of third persons or entities that are owed to or being held for the benefit of McMahon.

15. Mr. Luck further seeks an order requiring McMahon to disclose assets sufficient to

---

[1] In this Application, Mr. Luck does not seek any relief, remedy, or recovery against Alpha or the bankruptcy estate of Alpha.

satisfy said prejudgment remedy, in accordance with Conn. Gen. Stat. § 52-278n and the accompanying Motion for Disclosure of Assets.

WHEREFORE, plaintiff Oliver Luck respectfully requests that this Application be granted in full, together with such other and further relief as the Court deems proper.

Respectfully submitted,

**PLAINTIFF OLIVER LUCK**

 /s/ *Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed Bar No. ct30935)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, CT 06901
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com

**AND**

 /s/ *Paul J. Dobrowski*
Paul J. Dobrowski  (phv10563)
Vanessa L. Pierce (phv10561)
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4061 Washington Avenue, Suite 200
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email: pjd@doblaw.com
Email: vpierce@doblaw.com

*HIS ATTORNEYS*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 21, 2020, a copy of the foregoing Plaintiff's Application for Prejudgment Remedy was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      */s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar. No. ct21386)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, CT 06901
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
Email: azeitlin@goodwin.com