IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL NO. 3:20-cv-00516 |
| | § | |
| VINCENT K. MCMAHON | § | |
| | § | APRIL 21, 2020 |
| *Defendant.* | § | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO SEAL PORTIONS OF PLAINTIFF'S APPLICATION FOR
PREJUDGMENT REMEDY AND CERTAIN ACCOMPANYING DOCUMENTS**

Pursuant to D. Conn. L. Civ. R. 5(e), Plaintiff, Oliver Luck, files this memorandum of law in support of his motion for leave to file under seal portions of his Application for Prejudgment Remedy and the following accompanying documents: (1) the Declaration of Oliver Luck, (2) Exhibits 1-3 to Mr. Luck's Declaration, (3) the Proposed Order Granting Prejudgment Remedy, (4) Motion for Disclosure of Assets (and Exhibit 1 thereto), and (5) the Proposed Writ, Summons, and Direction for Attachment and/or Garnishment. For the reasons stated herein, Mr. Luck respectfully requests that the Court grant the Motion.

**BACKGROUND FACTS**

In connection with Mr. Luck's lawsuit against Defendant Vincent K. McMahon ("Defendant" or "McMahon"), Mr. Luck filed his Application for Prejudgment Remedy (the "PJR Application") against Defendant on April 21, 2020. The PJR Application is supported by Mr. Luck's Declaration (the "Declaration") and Exhibits 1-3 thereto, and is accompanied by the Proposed Order Granting Prejudgment Remedy, the Motion for Disclosure of Assets (and Exhibit 1 thereto), and the Proposed Writ, Summons, and Direction for Attachment and/or Garnishment.

**ORAL ARGUMENT NOT REQUESTED**

The PJR Application and Mr. Luck's Declaration describe in detail Mr. Luck's employment with, and wrongful termination from, Alpha Entertainment LLC ("Alpha") as Commissioner and CEO of the XFL. The PJR Application and Mr. Luck's Declaration also describe and quote: (1) the terms of Mr. Luck's Contract for Employment as Commissioner and CEO (the "Employment Contract" attached as Exhibit 1 to the Declaration), which governed Mr. Luck's employment with Alpha; (2) the terms of the guaranty McMahon provided to Mr. Luck under the Employment Contract (the "Guaranty"), and which McMahon now has breached; (3) the letter wherein Alpha wrongfully terminated Mr. Luck (the "Termination Letter" attached as Exhibit 2 to the Declaration), and Alpha and McMahon repudiated the Employment Contract; and (4) Mr. Luck's letter in response (the "Response Letter" attached as Exhibit 3 to the Declaration) disputing the allegations in the Termination Letter. The Termination and Response Letters also reference the terms of the Employment Contract and Guaranty. The Proposed Order Granting Prejudgment Remedy, the Motion for Disclosure of Assets (and Exhibit 1 thereto), and the Proposed Writ, Summons, and Direction for Attachment and/or Garnishment each identify the dollar amount to be attached and/or garnished based on the terms of Mr. Luck's Employment Contract.

The Employment Contract, Guaranty, Termination Letter, and Response Letter are integral to the facts supporting Mr. Luck's PJR Application, are detailed in—and attached to—his Declaration, and form the basis of the dollar amount sought to be attached and/or garnished in the Proposed Order Granting Prejudgment Remedy, the Motion for Disclosure of Assets (and Exhibit 1 thereto), and the Proposed Writ, Summons, and Direction for Attachment and/or Garnishment. The terms of the Employment Contract and the Guaranty are governed by the Confidentiality, Non-Solicitation and Non-Competition Agreement dated May 30, 2018 (the "CNNA" is Exhibit

2

B to the Employment Contract). Accordingly, Mr. Luck seeks to seal from the public those portions of his Application for Prejudgment Remedy that quote or describe these terms and the following accompanying documents: (1) the Declaration of Oliver Luck, (2) Exhibits 1-3 to Mr. Luck's Declaration, (3) the Proposed Order Granting Prejudgment Remedy, (4) Motion for Disclosure of Assets (and Exhibit 1 thereto), and (5) the Proposed Writ, Summons, and Direction for Attachment and/or Garnishment (the "Sealed Material"). [1]

## ARGUMENT

"[I]t is well established that the public and the press have a qualified First Amendment right . . . to access certain judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quotation marks omitted). "The right of access, however, is not absolute." *Alexander v. Azar*, 396 F. Supp. 3d 242, 251 (D. Conn. 2019) (citation omitted). "Courts must weigh the interest advanced by the parties in light of the public interest and the duty of the courts." *Id.* (internal quotation marks omitted).

Pursuant to D. Conn. L. Civ. R. 5(e)(3), "[n]o judicial document shall be filed under seal, except upon entry of an order of the Court either acting *sua sponte* or specifically granting a request to seal that document." Moreover, "[a]ny such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." *Id.*

Here, clear and compelling reasons exist to keep the Sealed Material under seal at this time. Filing the Sealed Material publicly could cause Mr. Luck to breach any confidentiality obligations

---

[1] Mr. Luck disputes that the Employment Contract, Guaranty, or CNNA are still in effect as Alpha and McMahon repudiated their obligations to Mr. Luck. However, Mr. Luck does ***not*** seek any relief, recovery or judgment against Alpha in this lawsuit, and Mr. Luck does not intend, at this time, to litigate the enforceability of any confidentiality provisions in his Employment Contract with Alpha in his lawsuit against McMahon.

he may still have under the CNNA. While the Local Rules provide that "[n]o document shall be sealed merely by stipulation of the parties" (*see* D. Conn. L. Civ. R. 5(e)(3)), here, any agreement by Mr. Luck to confidentiality was a condition of Mr. Luck's Employment Contract, not with McMahon as a Defendant to this lawsuit. Thus, Mr. Luck is not requesting the Court keep the Sealed Material under seal solely because of a stipulation with McMahon. Instead, Mr. Luck is requesting the Court keep the Sealed Material under seal because the CNNA's express terms make confidential the terms of the Employment Contract, to which the Guaranty is an exhibit and which are referenced by the Termination Letter, Response Letter, the PJR Application, Mr. Luck's Declaration, the Proposed Order Granting Prejudgment Remedy, Motion for Disclosure of Assets (and Exhibit 1 thereto), and the Proposed Writ, Summons, and Direction for Attachment and/or Garnishment. *See* Ex. 1 at Exhibit B ¶ 2; *see also* Ex. 1 at 4. Such reason has been recognized as good cause to keep an employment and compensation agreement under seal. *Kelly v. Evolution Markets, Inc.*, 626 F. Supp. 2d 364, 377 (S.D.N.Y. 2009) (good cause to keep employment and compensation agreements confidential where the employment agreement was confidential by its express terms and plaintiff was prohibited from disclosing its content).

Any stipulation to confidentiality Mr. Luck made occurred well in advance of litigation, and was agreed to for reasons other than keeping these proceedings from public view. For example, the terms of the Employment Contract contain confidential and sensitive information related to business plans for the XFL and its operations as a new professional football league. *See* Employment Contract at 2. "[C]onfidential commercial information of a business—including trade secrets, confidential research, internal business documents and information about a business's operations—has been recognized repeatedly as a proper subject for sealing." *Alexander* 396 F. Supp. 3d at 253 (citation omitted) (granting motion to seal confidential business information); *see*

4

*also Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, No. 17-cv-147-KAM-CLP, 2019 WL 3753780, at *5 (E.D.N.Y. Aug. 8, 2019) (permitting sealing of exhibits to Answer that contain trade secret pricing information). Accordingly, sealing this information is both permissible and appropriate in this case.

The specific terms of the Employment Contract (Exhibit 1 to Mr. Luck's Declaration) referenced by the Termination and Response Letters (Exhibits 2 and 3 to Mr. Luck's Declaration) and quoted or described in the PJR Application, Mr. Luck's Declaration, the Proposed Order Granting Prejudgment Remedy, Motion for Disclosure of Assets (and Exhibit 1 thereto), and the Proposed Writ, Summons, and Direction for Attachment and/or Garnishment remain confidential at this juncture. The relief requested herein is narrowly tailored only to protect preexisting confidential information. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) (employer not entitled to have sealed what was made public by district court's unsealing order). All of the allegations in the PJR Application that do not quote or describe the confidential terms are unsealed on the public record, and Mr. Luck seeks only to avoid running afoul of any obligations he may still have to protect the terms of the Employment Contract as confidential. Mr. Luck has provisionally filed under seal unredacted copies of the PJR Application, his Declaration, Exhibits 1-3 to his Declaration, the Proposed Order Granting Prejudgment Remedy, Motion for Disclosure of Assets (and Exhibit 1 thereto), and the Proposed Writ, Summons, and Direction for Attachment and/or Garnishment with the Court along with the Motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Oliver Luck respectfully requests the Court grant the Motion and permit portions of the PJR Application and the accompanying Declaration of Oliver Luck, Exhibits 1-3 to Mr. Luck's Declaration, the Proposed Order Granting Prejudgment Remedy,

Motion for Disclosure of Assets (and Exhibit 1 thereto), and the Proposed Writ, Summons, and Direction for Attachment and/or Garnishment be sealed.

Respectfully submitted,

**PLAINTIFF OLIVER LUCK**

 */s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed Bar No. ct30935)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, CT 06901
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com

**AND**

 */s/ Paul J. Dobrowski*
Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4061 Washington Avenue, Suite 200
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email: pjd@doblaw.com
Email: vpierce@doblaw.com

***HIS ATTORNEYS***