UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK, | : | CASE NO. 3:20-cv-00516-VAB |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| VINCENT K. MCMAHON, | : | |
| | : | |
| Defendant. | : | MAY 12, 2020 |

**DEFENDANT VINCENT K. MCMAHON'S MEMORANDUM OF LAW
IN PARTIAL OPPOSITION TO PLAINTIFF'S MOTIONS TO SEAL**

Defendant Vincent K. McMahon ("McMahon") submits this memorandum of law in partial opposition to Plaintiff Oliver Luck's ("Luck'") motion to seal portions of the Complaint and Exhibits to the Complaint dated April 16, 2020 ("Motion to Seal Complaint") (Doc. No. 2), motion to seal portions of the Application for Prejudgment Remedy and accompanying documents dated April 21, 2020 ("Motion to Seal Application") (Doc. No. 29), and motion to seal the Memorandum of Law in support of the Application for Prejudgment Remedy dated April 24, 2020 ("Motion to Seal Memorandum") (Doc. No. 34) (collectively, the "Motions to Seal").

**INTRODUCTION**

On April 16, 2020, Luck filed a Complaint alleging that Alpha Entertainment LLC ("Alpha") wrongfully terminated his Contract and that McMahon was liable under a Guaranty of that Contract. (Doc. No. 1.) Luck moved to seal portions of the Complaint and the entirety of its Exhibits, which consisted of (1) the Contract, (2) the termination letter from Alpha's counsel, and (3) a response from his own counsel. (Doc. No. 2.)

On April 21, 2020, Luck filed the Application for Prejudgment Remedy ("Application") and supporting documents, including (1) a sworn Declaration from Luck, (2) Exhibits to the Declaration, (3) a Proposed Order, (4) a Motion for Disclosure of Assets, and (5) a Proposed

Writ of Attachment. (Doc. Nos. 21-26.) Luck moved to seal portions of the Application and moved to seal the supporting documents in their entirety. (Doc. No. 29.)

On April 24, 2020, Luck filed a Memorandum of Law in Support of the Application for Prejudgment Remedy (the "Memorandum of Law"). (Doc. No. 33.) Luck moved to seal the Memorandum of Law in its entirety. (Doc. No. 34.)

Luck contends that he filed the Motions to Seal in order to comply with his confidentiality obligations under the terms of a "Confidentiality, Non-Solicitation, and Non Competition Agreement" (the "CNNA") that was an exhibit to the Contract. The CNNA provides that Confidential Information does not include "any personal information regarding Employee or any of his family members (including the terms of the Employment Contract, provided that Employee will not disclose the terms of the Employment Contract to any third party other than his attorneys, accountants, financial advisors and family members, other than as permitted by Sections 3 and 12 below.") (Doc. No. 1, Ex. 1, Ex. B ¶ 2.)

Luck's Motions to Seal should be granted in part and denied in part. The Motions to Seal should be granted to the extent that (i) the Contract's financial terms and the amount of the requested prejudgment remedy (which would reveal those terms) should be redacted because they reflect highly confidential and sensitive financial information, and (ii) McMahon's home address in Luck's proposed writ of attachment should be redacted to protect McMahon's privacy interests. However, the Motions to Seal should be denied as to the remainder of the information in Luck's filings because there is no compelling reason for sealing that would overcome the presumption of public access to that information. Moreover, Luck's blanket attempt to seal the Exhibits, including the letter explaining the reasons for his termination, is wholly improper.

**LEGAL STANDARD**

"There exists a strong presumption of public access to judicial documents and proceedings that is rooted in both the common law and the First Amendment." *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209, 2012 WL 13029590, at *2 (D. Conn. Apr. 13, 2012). "Before any such common law right can attach, however, a court must first conclude that the documents at issue are indeed 'judicial documents.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). A "judicial document" is an item that is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Once the determination is made that it is a judicial document, the court must determine the weight of the presumption of public access based on the "role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *RMH Tech LLC v. PMC Indus., Inc.*, No. 3:18-CV-543, 2018 WL 7892459, at *1 (D. Conn. Dec. 21, 2018) (Bolden, *J.*) (internal quotation marks omitted). Once the weight of the presumption is determined, a court must balance competing considerations, including "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks omitted). A court document may be sealed if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Travelers*, 2012 WL 13029590, at *3 (internal quotation marks omitted). If the court determines that sealing of a court document is warranted, it must make "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." D. Conn. L. R. 5(e)(1). "No document shall be sealed merely by stipulation of the parties." *Id.*

**ARGUMENT**

**I.     Luck's Filings Are Judicial Documents**

The Complaint, Exhibits, Application, and supporting documents are judicial documents subject to the presumptive right of access under the First Amendment and the common law. *See Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 231 (D. Conn. 2019) (Bolden, J.) (holding that a complaint is "undoubtedly" a judicial document); *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, No. 17CV147, 2019 WL 3753780, at *3 (E.D.N.Y. Aug. 8, 2019) (holding that exhibits to an answer were judicial documents); *Travelers*, 2012 WL 13029590, at *2 n.3 (holding that exhibits opposing a prejudgment remedy application were judicial documents).

The presumption of public access applies with particular force to the Complaint and Exhibits because they necessarily must be considered by the Court in connection with the Application and any subsequent motions. *See Kleftogiannis*, 411 F. Supp. 3d at 231 ("Pleadings, such as the complaint here, are highly relevant to the exercise of Article III judicial power. Of all the records that may come before a judge, a complaint is among the most likely to affect judicial proceedings. It is the complaint that invokes the powers of the court, states the causes of action, and prays for relief.") (internal quotation marks omitted).

This presumption of public access to the Application and the accompanying documents is also strong because the materials are offered in support of a pretrial motion. *See Williams v. Bean*, No. 16-CV-1633, 2017 WL 5179231, at *17 (D. Conn. Nov. 8, 2017) (Bolden, J.) (recognizing that the presumption of access applies to "summary judgment motions and documents relied upon in adjudicating them" and "pretrial motions and written documents submitted in connection with them") (internal quotation marks omitted); *Travelers,* 2012 WL 13029590, at *2 n.3 (stating that, in ruling on a prejudgment remedy application, "the Court will

be required to consider the merits of plaintiff's claim by examining judicial documents, including the Exhibits at issue") (internal quotation marks omitted).

## II.    Luck's Motions to Seal Should Be Granted in Part

Luck's Motions to Seal should be granted in part to the extent they seek to redact (i) the financial terms of Luck's Contract and the amount of the prejudgment remedy he seeks, and (ii) McMahon's home address.

### A.    The Financial Terms of the Contract Should Be Redacted

The financial terms of Luck's Contract (*i.e.*, his compensation) should be sealed.  It is well-settled that sensitive financial information may be sealed despite the presumption of public access to judicial documents.  *See Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, No. 17CV147, 2019 WL 3753780, at *5 (E.D.N.Y. Aug. 8, 2019) (holding that pricing information "could offer unfair economic advantage if provided to competitors"); *Travelers Indem. Co.*, 2012 WL 13029590, at *6 ("courts may deny access to records that are sources of business information that might harm a litigant's competitive standing") (internal quotation marks omitted).  The financial terms of Luck's Contract are highly confidential and sensitive.  Because the financial terms of the Contract should be redacted, the amount of the requested prejudgment remedy also should be redacted because it would reveal those terms.

### B.    McMahon's Home Address Should Be Redacted

McMahon's home address, which is contained in Luck's proposed writ of attachment and garnishment (Doc. No. 26), should be sealed to protect McMahon's privacy.  Protection of private information is a "venerable common law exception to the presumption of access." *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (internal quotation marks omitted).  Courts have accordingly recognized that a home address is private information that is properly sealed.  *See Abbey v. 3F Therapeutics, Inc.*, No. 06CV409, 2010 WL 11677681, at *1 (S.D.N.Y. Aug. 3,

2010) (granting "motion to seal to the extent that documents containing Plaintiff's home address" should be "redacted."); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (holding that the personal privacy interests of third parties including "home addresses outweighs the presumption of public access."). Such a conclusion is particularly warranted here since Luck has identified McMahon's home address only to facilitate service of a proposed writ of attachment that is improper and unnecessary, has no relevance to any of the claims or defenses in this case, and would not be needed to understand or evaluate the Court's rulings in the case.

### III.    Luck's Motions to Seal Should Be Denied In Part

The remaining information contained in the Complaint, Exhibits, Application, and supporting documents should not be sealed. The only reason that Luck offers for sealing these materials is that they are covered by the confidentiality provision of the CNNA. But numerous cases recognize that confidentiality agreements alone are insufficient to warrant sealing. *See Travelers*, 2013 WL 4012772, at *6 (stating that "confidentiality agreements are not binding on the Court with respect to sealing"); *Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 739 (S.D.N.Y. 2018) (stating that a confidentiality provision "cannot in and of itself be sufficient to overcome the presumption of public access" and "[i]f it were otherwise, the presumption of public access would become virtually meaningless, as it could be overcome any time the parties agreed to confidentiality") (internal quotation marks omitted); *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.") (collecting cases); *Vassiliades v. Israely*, 714 F. Supp. 604, 606 (D. Conn. 1989) ("[N]either the parties' agreement to keep the related matter confidential nor the consent of defendants to the instant motion can bind the Court to order a sealing that is otherwise impermissible.").

The Second Circuit's decision in *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004), cited by Luck, confirms this settled rule. In that case, the Second Circuit recognized that "there may well be valid reasons in this and other cases terminated by settlement for maintaining the amount of settlement in confidence when the settlement itself was conditioned on confidentiality and when the settlement documents *were not filed with the court and were not the basis for the court's adjudication.*" *Id.* at 143 (emphasis added). *Gambale* therefore undermines Luck's Motions to Seal the Contract and related information because such information has been filed with the Court and is offered as a basis for its rulings.

Luck's reliance on *Kelly v. Evolution Markets, Inc.*, 626 F. Supp. 2d 364 (S.D.N.Y. 2009) is also misplaced. As subsequent decisions have noted, "[that] case contained no analysis of the right of public access to judicial documents" and "did little more than cite the express confidentiality agreement in finding that sealing was appropriate." *Chigirinskiy*, 319 F. Supp. 3d at 740. Luck's citation to a single thinly-reasoned case cannot overcome the great weight of authority holding that a confidentiality clause standing alone is insufficient to justify sealing.

Another case cited by Luck illustrates the proper line between confidential materials that warrant sealing and those that do not: confidential information such as the financial terms of the Contract should be sealed, but generic contract terms or dispute correspondence should not be. *See Uni-Sys., LLC*, 2019 WL 3753780, at *1, *5 (rejecting motion to seal contract and dispute correspondence but sealing confidential pricing information).

In this case, Luck improperly seeks to seal not only the generic terms of the Contract, but also the letters addressing the reasons for Luck's termination. There is no reason, let alone a compelling reason, for sealing such information that would outweigh the presumption of public access to judicial documents. Indeed, Luck's motion to seal the entirety of these Exhibits is

inconsistent with the settled principle that "blanket sealing of *entire* documents" is "generally disfavored" and that redaction is a preferred method for sealing information. *Travelers*, 2013 WL 4012772, at *3, 15 (stating that "redaction will continue as the preferred method for sealing in that blanket sealing is overly broad in all but rare circumstances"); *Blackmon v. United States*, No. 3:16-CV-1080, 2019 WL 3767511, at *4 (D. Conn. Aug. 9, 2019) (Bolden, J.) (ordering redaction of documents where no reason was given for sealing them in their entirety). Luck's motion to seal the entirety of the documents supporting his Application is likewise improper.

## CONCLUSION

For the reasons set forth above, Luck's Motions to Seal should be granted to the extent that (i) the Contract's financial terms and the amount of the requested prejudgment remedy and (ii) McMahon's home address should be redacted, and should be denied in all other respects.

DEFENDANT VINCENT K. MCMAHON

By: */s/ Jeffrey P. Mueller*
Jerry S. McDevitt *(pro hac vice pending)*
Curtis B. Krasik *(pro hac vice pending)*
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

## CERTIFICATION OF SERVICE

I hereby certify that, on May 12, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                */s/ Jeffrey P. Mueller*
                                                Jeffrey P. Mueller (ct27870)