# EXHIBIT 2

# Mueller, Jeff

| | |
|---|---|
| **From:** | McDevitt, Jerry <Jerry.McDevitt@klgates.com> |
| **Sent:** | Monday, April 27, 2020 2:05 PM |
| **To:** | Paul Dobrowski |
| **Cc:** | Mueller, Jeff; Krasik, Curtis B.; Vanessa Lee Pierce; Joette Katz; Andrew Zeitlin; Sarah E. Gleason |
| **Subject:** | Re: Activity in Case 3:20-cv-00516-VAB Luck v. McMahon Calendar Entry |

**CAUTION - EXTERNAL EMAIL**
**DO NOT click links or open attachments unless you recognize the sender and know the content is safe.**

We are in receipt of the Court's order, which on the one hand indicates that it will wait to hold a conference until after the deadline for us to file a responsive pleading and enter our appearance, which is not due until June 19th. On the other hand, the court sets a conference for May 13th, evidently thinking our responsive pleading is due on May 12th.
 All of this confusion is, of course, a result of your decision to attempt to pursue wholly unnecessary PJR procedures amidst a pandemic only after securing our agreement to accept service and thereby make our initial responsive pleading due on June 19th.
 We received no response to my prior inquiry as to the exigency behind this PJR request in light of the obvious fact that Mr. McMahon self evidently has more than sufficient assets to satisfy any judgement your client could conceivably obtain here. His share ownership of WWE stock can be confirmed by you rather easily by examining the securities filings of WWE. In our view, pursuing prejudgment attachment process absent any exigent circumstances warranting a good faith belief that a deprivation of property rights is necessary to secure payment of any judgment which might or might not be rendered in the future raises serious due process issues which we are prepared to litigate if necessary.
 Doing so only serves to add to the costs of litigating what is in reality a relatively straightforward set of issues, and will not result in any advantage to you or you client whatsoever. In addition to adding to the legal costs to your client, if at the end of the day the court were to decide to issue a PJR, we will ask for a bond from your client which covers all damages including the counsel fees incurred in connection with PJR matters, for which there is ample legal support.
 Thus, we would appreciate your response as to the exigent circumstances you contend justify seeking a PJR given the publicly known assets of Mr. McMahon and would urge you to reconsider whether you wish to continue to pursue collateral litigation which will only increase the costs to your client and which will serve no purpose. If you still intend to pursue doing so, please advise as to how you suggest letting the Court know that our responsive pleading is not due until June 19, at which time we would propose to respond or move to the complaint  and any others motions you still intend on pursuing.

Sent from my iPad


> On Apr 26, 2020, at 5:22 PM, Paul Dobrowski <pjd@doblaw.com> wrote:
>
> Gentlemen
>
> See below for the court's order regarding the telephone status conference on May 13th in the above referenced matter.

1

Sent from my iPhone

Begin forwarded message:

> **From:** "CMECF@ctd.uscourts.gov" <CMECF@ctd.uscourts.gov>
> **Date:** April 26, 2020 at 3:48:53 PM CDT
> **To:** "CMECF@ctd.uscourts.gov" <CMECF@ctd.uscourts.gov>
> **Subject: Activity in Case 3:20-cv-00516-VAB Luck v. McMahon Calendar Entry**
>
> **This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
> ***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.
>
> 
>
> **U.S. District Court**
>
> **District of Connecticut**
>
> 
>
> **Notice of Electronic Filing**
>
> The following transaction was entered on 4/26/2020 at 4:48 PM EDT and filed on 4/26/2020
>
> **Case Name:**       Luck v. McMahon
> **Case Number:**   [3:20-cv-00516-VAB](#)
> **Filer:**
> **Document Number:** 37(No document attached)
>
> **Docket Text:**
> **NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. Telephonic Status Conference, re [21] Motion for Prejudgment Remedy, set for 5/13/2020 10:30 AM before Judge Victor A. Bolden.**
>
> **After taking into consideration the proximity of Defendant's deadline to file a responsive pleading, the Court has decided to hold a telephonic status conference after that date. Once counsel for Defendant has entered an appearance, dial-in instructions for the telephonic status conference will be e-mailed to counsel. (Conde, Djenab)**

**3:20-cv-00516-VAB Notice has been electronically mailed to:**

Andrew M. Zeitlin     azeitlin@goodwin.com, pcotrone@goodwin.com

Vanessa Lee Pierce     vpierce@doblaw.com

Paul J Dobrowski     pjd@doblaw.com

**3:20-cv-00516-VAB Notice has been delivered by other means to:**

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Jerry.McDevitt@klgates.com.