```
 1                  UNITED STATES DISTRICT COURT

 2                     DISTRICT OF CONNECTICUT

 3    - - - - - - - - - - - - - -  x
                                   :  Case No.
 4    OLIVER LUCK,                 :  20CV516(VAB)
                                   :
 5              Plaintiff,         :
           vs.                     :
 6                                 :  915 Lafayette Blvd
      VINCENT K. MCMAHON,          :  Bridgeport, CT
 7                                 :  May 13, 2020
                Defendant.         :
 8    - - - - - - - - - - - - - -  X

 9            TRANSCRIPT OF TELEPHONE CONFERENCE

10    BEFORE:  THE HONORABLE VICTOR A. BOLDEN, U.S.D.J.

11    APPEARANCES:
      FOR THE PLAINTIFF:       PAUL J DOBROWSKI, ESQ.
12                             JARED McHAZLETT, ESQ.
                               VANESSA LEE PIERCE, ESQ.
13                             Dobrowski Larkin & Stafford
                               4601 Washington Ave.
14                             Houston, TX 77007

15                             ANDREW M. ZEITLIN, ESQ.
                               JOETTE KATZ, ESQ.
16                             Shipman & Goodwin
                               300 Atlantic St.
17                             Stamford, CT 06901-3522

18    FOR THE DEFENDANT:       JERRY S. MCDEVITT, ESQ.
                               CURTIS B. KRASIK, ESQ.
19                             K&L Gates, LLP- Ptsbrg PA
                               210 Sixth Ave
20                             Pittsburgh, PA 15222-2613

21                             JEFFREY MUELLER, ESQ.
                               Day Pitney LLP-Htfd-CT
22                             242 Trumbull St.
                               Hartford, CT 06103-1212
23
                      Sharon Montini, RMR, FCRR
24                       915 Lafayette Blvd
                         Bridgeport, CT 06604
25                      Official Court Reporter
```

1     THE COURT: Good morning. We're here in
2  Luck v. McMahon. Will counsel please state their
3  appearances for the record.
4     MR. DOBROWSKI: Yes. This is Paul --
5  yes, your Honor. This is Paul Dobrowski and Jared
6  McHazlett and Vanessa Pierce from the law firm
7  Dobrowski, Larkin & Stafford on behalf of plaintiff,
8  Oliver Luck. I also believe our co-counsel are on
9  the line.
10    THE COURT: Okay.
11    MR. ZEITLIN: That's right, your Honor.
12 It's Andy Zeitlin of Shipman & Goodwin.
13    And Joette?
14    MS. KATZ: Joette Katz.
15    THE COURT: All right. So who do we
16 have appearing for the defendants?
17    MR. MCDEVITT: Good morning, your Honor.
18 This is Jerry McDevitt from K&L Gates. And on the
19 line with me is my partner Curt Krasik from K&L
20 Gates as well as Jeff Mueller from Day Pitney.
21    THE COURT: All right. So I assume
22 we're not expecting any other counsel, correct?
23    MR. MCDEVITT: No, your Honor.
24    THE COURT: Okay, great. All right. So
25 we have a couple of things before us. First, there

1  is a question about some sealed documents, and then
2  sort of related to that is this question about a
3  prejudgment remedy hearing.  I've had a chance to
4  review all of the filings that the parties
5  submitted.
6              I do want to note one thing.  What I
7  have done is -- essentially I probably set up almost
8  a motion calendar.  So after this I've got two other
9  matters that will come up, but I've got them divided
10 into half-hour increments.  That said, I'm not going
11 to rush this.  So other parties may join at the
12 11:00 hour and they'll just wait and I will take
13 them in order.
14             Dealing first with this issue of motion
15 to seal, why don't I just go with plaintiff's
16 counsel.  I understand you wanted a much broader
17 motion to seal.  It sounds like the defendants are
18 in agreement with you with respect to I guess sort
19 of financial terms under the contract.  And there is
20 also an issue about sealing personally identifying
21 information related to Mr. McMahon.
22             So where are the plaintiffs on the
23 question of sealing documents?
24             MR. DOBROWSKI:  Judge, actually -- this
25 is Paul Dobrowski on behalf of the plaintiff, Oliver

1   Luck.  Your Honor, we actually filed a motion to
2   seal out of precaution because, in his termination
3   letter that Mr. McDevitt sent to Mr. Luck on behalf
4   of Mr. McMahon, he reminded Mr. Luck about the
5   confidentiality provisions.
6              Our view, the plaintiff's view, is that
7   we think that in light of defendant's agreement to
8   unseal the other aspects, we think everything should
9   be unsealed except, we agree with the defendants,
10  that Mr. McMahon's personnel address should remain
11  sealed.
12             So our view, your Honor, is we're in
13  favor of unsealing all the information.
14             THE COURT:  Okay.  All right.  Is it Mr.
15  McDevitt?  Are you speaking for the defendant?
16             MR. MCDEVITT:  I am, your Honor.
17             THE COURT:  Okay.
18             MR. MCDEVITT: Our position was pretty
19  much as your Honor has stated it before.  We thought
20  the original things were over sealed.  And I think
21  what I reminded Mr. Luck of in the termination
22  letter was the anti-disparagement provisions, but
23  that's beside the point.
24             It sounds like we have pretty much
25  agreement on things that should not be sealed, with

```
 1    the only issue being whether financial terms will be
 2    sealed.  I don't have strong feelings about that
 3    either way, your Honor.  Whatever you wish to do,
 4    that's fine with us.
 5                 THE COURT:  All right.  So here's what I
 6    will do.  So I will grant the motion to seal in the
 7    limited sense of only protecting personally
 8    identifying information related to Mr. McMahon.  All
 9    of the other related documents will be unsealed.  So
10    they, therefore, can then be put on the record.
11                 All right.  Now, turning to the other
12    issue regarding the request for a prejudgment
13    remedy.  Turning back to you, Mr. Dobrowski.  So as
14    I understand what the defendant's position is --
15    well, it sounds like it's multifold, but at a
16    minimum one of the issues they raise is this
17    question about whether or not this other party that
18    is not now a party to this litigation, Alpha, should
19    be a party, an issue that seems to be complicated by
20    a bankruptcy proceeding.  So it raises the question
21    about whether or not the first appropriate course of
22    action is some stay of this matter pending
23    resolution of the bankruptcy issue.
24                 So, go ahead, why don't you address
25    that.
```

1    MR. DOBROWSKI:  Yes, Judge.  Alpha is
2    not a required party under Rule 19.  In fact, the
3    Second Circuit has ruled that even where there is a
4    -- a non-party has a very strong interest in the
5    litigation, that doesn't cut it.  They have to show
6    that because of that party's absence, the absent
7    party will be unable to -- or, yeah, unable to
8    protect its interests.
9            So the question is, can Mr. McMahon
10   adequately protect the interests of Alpha, and the
11   answer is yes, because Mr. McMahon is Alpha.  He is
12   the chairman of Alpha.  So there is no question that
13   he's going to be espousing the positions of Alpha.
14           But, more importantly, your Honor, is
15   that Mr. McMahon's liability is on the guaranty, and
16   the guaranty -- Alpha is not a party to the
17   guaranty.  It's just Mr. McMahon and Mr. Luck.  And
18   in that guaranty Mr. McMahon promised
19   unconditionally, irrevocably to pay Mr. Luck.  And
20   he, in addition, waived all defenses, legal or
21   equitable.
22           So even if Mr. McMahon wanted to rely on
23   Alpha to come in and defend the grounds for
24   termination with cause, A, it's irrelevant because
25   he's waived that, and B, it's also not sufficient to

```
 1    qualify Alpha as a necessary party under Rule 19.
 2             So that's our fundamental position, your
 3    Honor.  And we certainly can brief it further if you
 4    want, but in our opinion there is no reason for us
 5    to stay the matter, much less dismiss the matter.
 6    This is just, frankly, a sidelight -- a sideline
 7    issue.
 8             THE COURT:  All right.  So just so I
 9    understand your position -- and it may be that I
10    might want further briefing, but let me just make
11    sure I understand the issue as best I can today.  Is
12    it your position that even -- so even if there
13    wasn't a violation of the underlying contract the
14    guaranty would still be in place?
15             MR. DOBROWSKI:  I'm sorry, your Honor,
16    even if there wasn't a violation?
17             THE COURT:  If there wasn't a breach of
18    the underlying contract, would the guaranty come
19    into place?
20             MR. DOBROWSKI:  Sure, because he would
21    have -- he is a primary obligor.  And so the breach
22    is actually as to his guaranty of payment.  I mean,
23    so long as Alpha has refused to pay Mr. Luck, we
24    don't have to sue Alpha to get Mr. Luck's benefits.
25    So if there wasn't a breach of the termination with
```

1  cause rules, they -- but if Alpha just stopped
2  paying him, Mr. Luck could go and pursue Mr. McMahon
3  individually and solely without bringing demand
4  against Alpha or requesting a suit with Alpha.
5  Again, sir, he is a primary obligor for payment.
6            THE COURT:  Okay.  And just so you know,
7  sort of consistent with how I sort of operate during
8  oral arguments, generally when I say "okay" it
9  doesn't mean I agree or disagree, it simply means
10 simply I understand your argument.
11           All right.  Why don't I do this.  It
12 does appear that I may want -- I think it sounds
13 like additional briefing allowing you -- well,
14 really, in effect, allowing you to file a reply
15 brief to the documents that were just filed
16 yesterday.  So it might be beneficial.  How much
17 time would you need?
18           MR. DOBROWSKI:  Judge, just tell me when
19 you want it.  We can have it certainly within the
20 week.  Ten days at most.  What day is -- today is
21 Wednesday?  Yes, your Honor.
22           THE COURT:  Under the local rules --
23 under the local rules generally, in terms of a
24 reply, you would have 14 days.  If you are saying
25 you want to do it in a shorter time, I don't have a

```
 1   problem with that.  Do you want to do it by the
 2   22nd?
 3              MR. DOBROWSKI:  Yes, sir.
 4              THE COURT:  All right.  So why don't we
 5   do that.  So that will I think allow the issue to be
 6   sort of more fully briefed, and I will sort of hold
 7   off on whether we need to talk about scheduling
 8   anything and then I can -- so you'll have an
 9   opportunity to fully respond to the various
10   arguments raised by the defendants.
11              All right.  Mr. McDevitt, given that, is
12   there anything else you need to address at this
13   time?
14              MR. MCDEVITT:  Your Honor, obviously we
15   disagree with the interpretation that the "for
16   cause" termination has no effect on the guaranty.
17   We think that the "for cause" termination
18   essentially extinguishes the guaranty because there
19   is no remaining contract.
20              But I did want to point out to the Court
21   that we were at least on a schedule until the
22   (telephone interference) to file our motions to
23   dismiss on June 19th, which was going to include at
24   that time a plenary briefing on this indispensable
25   party argument, which we have sort of given a little
```

1    preview to in our PJR responses.  If the Court wants
2    them to respond to the PJR part that we've included
3    in there by the 22nd, we'd obviously like to have a
4    chance to reply to their brief if they are going to
5    make some arguments along the lines of what was just
6    outlined because we think they don't really fully
7    apprise the Court of the full situation.
8                For example, your Honor, if Alpha is not
9    joined in this, it would be very prejudice, for
10   example, because McMahon is not Alpha.  Alpha is an
11   LLC.  Alpha is a debtor-in-possession.  It's a
12   distinctly different legal entity possessed of the
13   attorney-client privilege, which is going to be a
14   very important issue in the adjudication of this
15   case because of things that Mr. Luck was told by
16   Alpha's counsel.  We, as Mr. McMahon's lawyers,
17   cannot waive privilege for Alpha.  Alpha also will
18   have counterclaims they can assert against Mr. Luck
19   for the same reason that the contract was breached.
20               So there is a lot of things that we
21   would -- if they're going to respond along the lines
22   of what they said on the 22nd, we would like an
23   opportunity to file a reply brief on that.
24               THE COURT:  Okay.  All right.  Let's do
25   this.  Do you want -- I will give you a week then.

1   So you'll file something by the 29th?
2               MR. MCDEVITT:  That should be fine, your
3   Honor.
4               THE COURT:  All right.  What I might do
5   is, I can then reset this -- to the extent the
6   parties need further oral argument, I can reset that
7   for that following week.  It looks like June 3rd
8   could work.  June 3rd at 10:00 a.m.?
9               MR. DOBROWSKI:  Judge, I have a
10  deposition actually on June 3rd, your Honor.
11              THE COURT:  Okay.
12              MR. DOBROWSKI:  June 4th, your Honor --
13  I'm sorry, I got ahead of myself.
14              THE COURT:  No, no, it's fine.  The most
15  important thing you said is June 3rd didn't work.
16  So we need to find a new date.
17              MR. MCDEVITT:  Your Honor, the other
18  thing is, I have a very important appellate argument
19  in the Second Circuit on June 5th --
20              THE COURT:  Okay.
21              MR. MCDEVITT:  -- on a bunch of
22  decisions Judge Bryant issued in our favor.  It's a
23  huge record and I have to spend time getting ready
24  for that appeal.
25              THE COURT:  That's fine.  So it sounds

1  like we're now in the following week.  How about --
2  what about June 10th at 10:00 a.m.?
3             MR. DOBROWSKI:  That will be fine, your
4  Honor.
5             THE COURT:  That's for plaintiff?
6             MR. DOBROWSKI:  Yes.  I'm sorry, your
7  Honor, Bill Dobrowski, yes.
8             THE COURT:  You just need to make sure
9  you identify yourself for the court reporter.
10            MR. DOBROWSKI:  I apologize.  On behalf
11 of the plaintiff, June 10th is just fine.
12            THE COURT:  All right.  Mr. McDevitt,
13 does it work for the defendant?
14            MR. MCDEVITT:  It does, your Honor.
15            THE COURT:  Okay, great.  So we will
16 reconvene on June 10th at 10:00 a.m.  Mr. Luck's
17 counsel will have an opportunity to file a response
18 to the filing today by May 22nd, and any reply
19 needed to that on behalf of Mr. McMahon will be
20 filed by the 29th.  Then we'll talk about it all on
21 the 10th.
22            All right.  Is there anything further we
23 need to do at this time?  Mr. Dobrowski?
24            MR. DOBROWSKI:  Well, your Honor, is
25 there any chance of us getting scheduled for --

1   assuming that you find that Alpha is not a proper
2   party -- or not a necessary party, is there any
3   chance we could talk about scheduling the PJR for a
4   particular date, at least getting that on our
5   schedules?  Because I imagine as things start
6   opening up people are going to really get compacted.
7   Or is it premature?
8           THE COURT:  I think we're probably going
9   to be best off -- I think we can be prepared -- I
10  think the parties may want to sort of talk and see
11  about what dates they may have available, and, you
12  know, what I can do is, I can certainly have one of
13  my clerks reach out -- or you could reach out to her
14  by email -- about possible available dates.  So when
15  we talk on June 10th I think it's going to be more
16  productive for you all to sort of talk about, to the
17  extent the Court believes a hearing is necessary,
18  what availability you all have, and then we can then
19  sort of figure that out with my calendar.  But I
20  mean I can say this, certainly I anticipate probably
21  being able to, you know, deal with this in June or
22  sometime in July if need be.
23          MR. DOBROWSKI:  And then the other
24  question I have, your Honor, is with respect to the
25  sealing order -- or the unsealing order, do we,

```
 1   counsel for both sides, have to refile the filings
 2   in an unsealed fashion or is that done by your
 3   clerk?  How does that work?
 4               THE COURT:  Well, if you want me to sort
 5   of order them -- actually, let me do this.  Why
 6   don't you all just -- it might actually just be
 7   easier to refile because I think the order is going
 8   to grant one piece.  I don't remember off the top of
 9   my head where the one piece that we're talking about
10   being sealed is, so it sounds like that piece may
11   want to be redacted and then the refiling of that.
12   I guess everything else probably simply could be
13   filed as an unsealed document.  I mean, your point
14   is well-taken.
15               So what I will do in the order that I
16   issue is, I will basically say the parties should
17   refile all of the documents, sealed and unsealed
18   documents, and to the extent something needs to be
19   redacted consistent with the Court's order, they
20   should do so.
21               MR. DOBROWSKI:  Yes, sir.
22               THE COURT:  All right.  Anything further
23   on Mr. McMahon's behalf?
24               MR. MCDEVITT:  I don't think so, your
25   Honor.  Thank you for your time today.
```

1           THE COURT:  All right.  Thank you all
2  very much.  And as I say to parties all the time
3  these days, please be safe.  Take care now.

```
 1
 2          I certify that the foregoing is a correct
 3   transcript from the record of proceedings in the
 4   above-entitled matter.
 5
 6                                   5/18/20
 7                                     Date
 8
 9                          /S/   Sharon Montini
10                                Official Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```