IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § § § | |
|     *Plaintiff* | § § | |
| v. | § § | CIVIL NO. 3:20-cv-516 (VAB) |
| VINCENT K. MCMAHON | § § § | JUNE 15, 2020 |
|     *Defendant.* | § | |

## ADDITIONAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY

Andrew M. Zeitlin
Joette Katz
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, CT 06901
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com

**AND**

Paul J. Dobrowski
Vanessa L. Pierce
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4061 Washington Avenue, Suite 200
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email: pjd@doblaw.com
Email: vpierce@doblaw.com

***ATTORNEYS FOR PLAINTIFF OLIVER LUCK***

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                                      **Page(s)**

*Albany Ins. Co. v. United Alarm Servs., Inc.*,
   194 F. Supp. 2d 87 (D. Conn. 2002) .................................................................................. 1
*American Oil Co. v. Valenti*,
   179 Conn. 349 (1979) .......................................................................................................... 4
*Bank of N.A. v. Shapiro*,
   298 N.Y.S.2d 399 (1st Dep't 1969) .................................................................................. 3
*Barclays Bus. Credit, Inc. v. Freyer*,
   1997 WL 255248 (Conn. Super. Ct. May 6, 1997) ..................................................... 2, 5
*Beardsley v. Hawes*,
   71 Conn. 39 (1898) .............................................................................................................. 4
*Beitler v. Rudkin*,
   104 Conn. 404 (Conn. 1926) ............................................................................................ 4
*Conn. Nat'l Bank v. Douglas*,
   221 Conn. 530 (1992) ................................................................................................ 1, 2, 3
*Friezo v. Friezo*,
   281 Conn. 166 (2007) ......................................................................................................... 2
*Jenzack Partners, LLC v. Stoneridge Associates, LLC*,
   334 Conn. 374 (2020) ................................................................................................. Passim
*JSA Fin. Corp. v. Quality Kitchen Corp. of Delaware*,
   113 Conn. App. 52 (2009) ................................................................................................. 1
*Levine v. Massey*,
   232 Conn. 272 (1995) ......................................................................................................... 1
*Manufacturers Hanover Trust Co. v. Green*,
   464 N.Y.S.2d 474 (1st Dep't 1983) .................................................................................. 3
*One Country, LLC v. Johnson*,
   137 Conn. App. 810 (2012) ...................................................................................... 1, 2, 4
*Perry v. Cohen*,
   126 Conn. 457 (1940) ......................................................................................................... 4
*Royal Equities Operating, LLC v. Rubin*,
   154 A.D.3d 516 (1st Dep't 2017) ..................................................................................... 3
*Tallmadge Bros., Inc. v. Iroquois Gas Transmission Sys., L.P.*,
   252 Conn. 479 (2000) ......................................................................................................... 2
*TD Bank, N.A. v. School Street Plaza, LLC*,
   2012 WL 386467 (Conn. Super. Ct. Jan. 10, 2012) ....................................................... 4
*Ursa Minor Ltd. v. Aon Fin. Products, Inc.*,
   2000 WL 1010278 (S.D.N.Y. July 21, 2000) ................................................................. 3

Plaintiff Oliver Luck respectfully submits this additional memorandum of law in further support of his Application for Prejudgment Remedy (the "Application") (ECF No. 22). For the reasons set forth below, this Court should grant the Application.

The Guaranty at issue in this case is clear and explicit: McMahon, as primary obligor, provided a guaranty of payment that was absolute, unconditional, irrevocable and irrespective of the validity, regularity, or enforceability of the Employment Contract. McMahon expressly waived any action to enforce the Employment Contract and "any other circumstances that may otherwise constitute a legal or equitable discharge or defense of [McMahon]. . ."

"Under Connecticut law, a party to a contract may waive any defenses or rights it has against the other party to the contract, and such a waiver will be enforced by the courts if it is clear and unambiguous." *Albany Ins. Co. v. United Alarm Servs., Inc.*, 194 F. Supp. 2d 87, 91 (D. Conn. 2002). A guaranty's clear and definitive language can establish a party's intent to waive his rights. *Conn. Nat'l Bank v. Douglas,* 221 Conn. 530, 545 (1992); *see also One Country, LLC v. Johnson*, 137 Conn. App. 810, 820 (2012), *aff'd,* 314 Conn. 288 (2014) (holding that Connecticut courts enforce such waivers). Because a guaranty is "a species of contract," Connecticut courts interpret guaranty language in the same manner as any other contract language. *JSA Fin. Corp. v. Quality Kitchen Corp. of Delaware*, 113 Conn. App. 52, 57-59 (2009). Courts interpret a guaranty by its express terms. *Jenzack Partners, LLC v. Stoneridge Associates, LLC*, 334 Conn. 374, 383-84 (2020); *One Country, LLC*, 137 Conn. App. at 816. Thus, Connecticut courts enforce waivers of defenses because the waiver language would otherwise have no meaning. *See Levine v. Massey*, 232 Conn. 272, 278 (1995) (contracts are to be interpreted according to the intent expressed in their language).[1]

---

[1] While courts have recognized exceptions, they are limited to circumstances that may undermine the trust and confidence of the guaranty itself. "[T]he only applicable defenses to the waiver clause are those that go

Guarantors are normally bound to their agreements, "irrespective of whether the agreements embodied reasonable or good bargains." *Jenzack Partners, LLC*, 334 at 383 (quoting *Friezo v. Friezo*, 281 Conn. 166, 199 (2007)). Courts give effect to a contract according to its clear and unambiguous terms and will not "torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity." *Tallmadge Bros., Inc. v. Iroquois Gas Transmission Sys., L.P.*, 252 Conn. 479, 498 (2000).

In *One Country, LLC*, the defendants signed guaranties as primary obligors (not merely as sureties) and absolutely, unconditionally, and irrevocably guaranteed the debtor's performance of its obligations and covenants in the underlying transaction, including complete and punctual payment in full. 137 Conn. App. at 817. The guaranties expressly waived all defenses. Although the plaintiff characterized the debt owed as an increase in his capital contribution to an LLC for tax purposes, the court found that was irrelevant in light of the absolute and unconditional guaranties and waiver of defenses. *Id.* at 820-21. Faced with guaranty language strikingly similar to the language of McMahon's Guaranty, the Appellate Court in *One Country, LLC* found that under the express language of the guaranty the defendants had waived all defenses and were bound to their agreement. *Id*. at 819-20.

Similarly, in *Douglas*, the guarantor expressly (a) waived his rights to subrogation, reimbursement, or indemnity, (b) agreed his liability would not be terminated by any modification, waiver, or amendment of the terms of any agreement, and (c) agreed that the creditor had no duty to collect or protect any collateral, to preserve rights against other parties, and could proceed immediately under the guaranty. 221 Conn. at 544. The Connecticut Supreme Court found this

---

to the enforcement of the guaranty contract. Those defenses are lack of voluntary assent, violation of public policy, ambiguity, and duress directed against [the defendant]." *Barclays Bus. Credit, Inc. v. Freyer*, No. CV 960152347S, 1997 WL 255248, at *4 (Conn. Super. Ct. May 6, 1997). None of these exceptions applies to this case.

express language manifested the guarantor's intent to waive his rights to challenge the creditor's conduct. *Id.* Thus, the guarantor could not prevail on any defenses based on the creditor's misconduct. *Id.* at 548.[2]

In a case cited by McMahon, *Ursa Minor Ltd. v. Aon Fin. Products, Inc.*, No. 00CIV-2474(AGS), 2000 WL 1010278, at *6 (S.D.N.Y. July 21, 2000), *aff'd*, 7 F. App'x 129 (2d Cir. 2001), the court cited multiple cases construing New York law to affirm the validity of waivers in guaranties. The *Ursa Minor Ltd.* court held the guarantor liable for payment even in the absence of an obligation of the underlying debtor. *Id.* at *7. The waiver's language, which included a waiver of whether the underlying bond was found to be illegal, invalid, or unenforceable, specifically contemplated a situation when the principal would have no underlying obligation because there would be no payment due. *Id.* The *Ursa Minor Ltd.* court held that, when the "guaranty specifically imposes liability on the guarantor 'irrespective of the validity, regularity, or enforceability [sic],' of any instrument evidencing any part of the indebtedness," the guarantor is liable "even where the principal may escape liability." 2000 WL 1010278, at *6 (quoting *Bank of N.A. v. Shapiro*, 298 N.Y.S.2d 399, 401 (1st Dep't 1969); *Manufacturers Hanover Trust Co. v. Green,* 464 N.Y.S.2d 474, 475-76 (1st Dep't 1983) (same)). Indeed, it is settled New York law that the liability of a guarantor who waives defenses can be **greater** than that of an obligor. *Royal Equities Operating, LLC v. Rubin*, 154 A.D.3d 516, 517 (1st Dep't 2017) ("As guarantors who expressly waived all rights and remedies generally accorded under law, defendants' liability can be greater than that of

---

[2] In *Jenzack Partners, LLC*, the Connecticut Supreme Court considered whether a party to whom the underlying debt was assigned had standing to enforce the guaranty although the assignment did not explicitly assign the guaranty. *Id.* at 381. In examining the explicit language of the guaranty (the guaranty bound the parties and their heirs, successors, and assigns), the court held it was the parties' intention for the guaranty to follow the underlying note to future holders such that an assignment would not specifically require language assigning the guaranty. *Id.* at 387.

the obligor tenant, as the lease and guaranties were separate undertakings, and the latter are enforceable without qualification or reservation . . . .").

A guaranty of payment is an absolute and unconditional promise to satisfy the underlying obligation. *See Perry v. Cohen*, 126 Conn. 457 (1940); *see also Beardsley v. Hawes*, 71 Conn. 39 (1898). Upon nonpayment, the liability of the guarantor becomes absolute. *Perry*, 126 Conn. at 460 ["The liability of the guarantor thus becoming ***absolute by the nonpayment*** of the note, the neglect of the holder to pursue such remedies as he might have against the maker (the guarantor not having required him to act) would not discharge the ***already fixed and absolute obligation of the guarantor***, nor would neglect to notify the guarantor of the non-payment have such effect."] (emphasis added); *see also Jenzack Partners, LLC*, 334 Conn. at 383 ("where the guarantee of a note is unconditional or absolute, default of the maker or endorser to pay the note promptly . . . ***[causes] the guarantor [to] become liable*** to the holder") (emphasis added). Thus, a creditor with a guaranty of payment is not first required to proceed against the underlying debtor. *See American Oil Co. v. Valenti*, 179 Conn. 349, 353 (1979) (that plaintiff nonsuited principal obligors is not a defense to a guaranty of payment); *see also Perry*, 126 Conn. at 460 (holder's failure to pursue remedies against maker does not discharge guarantor) and *TD Bank, N.A. v. School Street Plaza, LLC*, No. HHDCV106016282, 2012 WL 386467, at *5 (Conn. Super. Ct. Jan. 10, 2012) (creditor with absolute guaranty need not make demand upon or proceed against debtor before proceeding against guarantor).[3]

Upon Alpha's nonpayment, McMahon's liability for payment became absolute under his Guaranty. The language in Defendant's Guaranty mirrors waiver language in other guaranties that

---

[3] Additionally, even when a guaranty is one of collection, which requires the creditor first to use reasonable efforts to collect from the debtor, Connecticut law does not require the creditor to first proceed against a clearly insolvent debtor. *Beitler v. Rudkin*, 104 Conn. 404 (Conn. 1926).

have been enforced routinely by Connecticut courts. *See, e.g.*, *One Country,* LLC, 137 Conn. App. 817-18, 20-21; *Barclays Bus. Credit, Inc.*, 1997 WL 255248, at *3 (waiver of "any defense arising by reason of any disability or other defense of Borrowers or of any guarantor of the indebtedness of Borrowers, including any Guarantor hereunder, or by reason of the cessation or unenforceability of the liability of Borrowers or of any such grantor from any cause whatsoever.").

Finally, Mr. Luck's prima facie claim for breach of the Guaranty requires he show only that: (1) the Guaranty is a valid existing contract; (2) Alpha has failed or refused to pay an amount listed in the Employment Contract; and (3) damages. *See Jenzack Partners, LLC*, 334 Conn. at 383. The terms of the Guaranty do not expand Mr. Luck's burden to prove that his termination was pretextual or otherwise improper, although he is certainly prepared to do so. Moreover, if Mr. Luck had engaged in egregious criminal or similar-type behavior, then the court could decline to enforce the guaranty under recognized public policy grounds. *See Barclays Bus. Credit, Inc.*, 1997 WL 255248, at *4. Again, that is not that case here. Thus, by the express language of the Guaranty, which is routinely upheld by Connecticut courts, McMahon has waived all defenses to its enforcement.

*Signature of counsel on following page.*

Respectfully submitted,

**PLAINTIFF OLIVER LUCK**

*/s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed. Bar No. ct30935)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, CT 06901
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com

**AND**

*/s/ Paul J. Dobrowski*
Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4061 Washington Avenue, Suite 200
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email: pjd@doblaw.com
Email: vpierce@doblaw.com

*HIS ATTORNEYS*

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2020, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Andrew M. Zeitlin
Andrew M. Zeitlin