**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| OLIVER LUCK | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL NO. 3:20-cv-516 (VAB) |
| | § | |
| VINCENT K. MCMAHON | § | |
| | § | JUNE 15, 2020 |
| *Defendant.* | § | |

## RULE 26(F) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: April 16, 2020.

Date Complaint Served: The Defendant waived service on April 20, 2020.

Date of Defendant's Appearance: May 12, 2020.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on June 10, 2020. The participants were:

Andrew M. Zeitlin, Paul J. Dobrowski, Joette Katz, Sarah E. Gleason, Vanessa L. Pierce, and Jared A. McHazlett for plaintiff Oliver Luck and

Jerry S. McDevitt, Curtis B. Krasik, and Jeffrey P. Mueller for defendant Vincent K. McMahon.

## I.    Certification

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.    Jurisdiction

### A.      Subject Matter Jurisdiction

Subject matter jurisdiction of the instant action is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff Oliver Luck is a citizen of Indiana and defendant Vincent K. McMahon is a citizen of Connecticut.

### B.      Personal Jurisdiction

Personal jurisdiction is not contested.

## III.   Brief Description of Case

The parties incorporate by reference their claims, defenses, and the relief sought as described within Plaintiff's Application for Prejudgment Remedy and Defendant Vincent K. McMahon's Opposition to Plaintiff's Application for Prejudgment Remedy.

## IV.   Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Plaintiff Oliver Luck is a citizen of Indiana.

2. Defendant Vincent K. McMahon is a citizen of Connecticut.

3. Oliver Luck and Vincent K. McMahon (on behalf of Alpha Entertainment LLC) executed the Employment Contract on May 30, 2018.

4. Vincent K. McMahon executed the Guaranty on May 30, 2018.

## V.   Case Management Plan

### A.      Initial Disclosures

Initial disclosures will be served by July 1, 2020.

### B.      Scheduling Conference

1.      The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.      The parties prefer that a scheduling conference, if held, be conducted by telephone.

**C.      Early Settlement Conference**

1.      Plaintiff is interested in an early settlement conference. Defendant is not opposed to an early settlement conference.

2.      The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

3.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.      Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1.      Plaintiff should be allowed until July 17, 2020 to file motions to join additional parties and to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for delay.

2.      Defendant should be allowed until August 14, 2020 to file motions to join additional parties and to file a response to any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**E.      Discovery**

a.      Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiff's Position: Plaintiff does not currently anticipate any unique circumstance that would affect discovery in this case.

Defendant's Position (if different): Defendant does not anticipate any unique circumstances that should affect discovery other than (1) the COVID-19 pandemic may affect the timing and location of depositions, and (2) the iPhone issued to Plaintiff by Alpha is in the possession of Alpha's bankruptcy counsel and will have to be obtained for forensic analysis by Defendant and its experts.

b.      The parties anticipate that discovery will be needed on the following subjects:

- Plaintiff believes that the scope of discovery is exceedingly narrow and anticipates that discovery will be needed on the following subjects:

    (i) McMahon's Guaranty, including but not limited to, non-privileged communications regarding the Guaranty, and the negotiation of the Guaranty.

    (ii) McMahon's failure and refusal to pay Luck the amounts owed under the Guaranty.

- Based on Defendant's alleged defenses, Plaintiff anticipates that the discovery on the following topics may be necessary.

    (i) Mr. Luck's employment with Alpha, including but not limited to Mr. Luck's performance of his employment obligations with Alpha, Mr. Luck's responsibilities

in his employment, Mr. Luck's authority in his employment, McMahon's communications regarding Mr. Luck's performance of his employment obligations, McMahon's communications with Mr. Luck, and McMahon's communications about Mr. Luck.

(ii) XFL related activities and obligations performed by other executive level employees after the XFL issued its stay home order to all employees.

(iii) Antonio Callaway's employment as an XFL player, including but not limited to the XFL's recruiting, drafting, signing, and termination of Callaway, and communications related thereto.

(iv) The XFL cell phone use policy, including but not limited to the policy, communications related to the policy, and communications related to the enforcement of the policy.

(v) The XFL policy or policies regarding recruiting, drafting, and otherwise selecting players for XFL teams, including but not limited to the policy or policies regarding players with a past history of drug use and/or criminal charges or allegations.

- Defendant disagrees with Plaintiff's characterization of the issues above as matters of defense. Defendant believes that the proper scope of discovery is fairly narrow and should focus on the following subjects:

(i) The communications regarding the Employment Contract and Guaranty.

(ii) The directives and instructions of Defendant regarding player personnel requirements.

(iii) The hiring of Antonio Callaway and Plaintiff's actions after being told to terminate him.

5

(iv) Plaintiff's compliance with policies regarding use of Alpha supplied electronics, including an iPhone.

(v) Plaintiff's work for third parties during the time he was under contract to Alpha.

(vi) Plaintiff's work for the XFL after March 13, 2020.

c.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed (not propounded) by January 15, 2021.

d.      Discovery will not be conducted in phases.

e.      N/A

f.      The parties anticipate that the plaintiff will require a total of 10 depositions of fact witnesses and that the defendant will require a total of 10 depositions of fact witnesses. The depositions will be completed by January 15, 2021.

g.      The parties will not request permission to serve more than 25 interrogatories.

h.      Plaintiff intends to call expert witnesses at trial. Defendant intends to call expert witnesses at trial.

i/j.      The parties disagree over the schedule for expert disclosures and depositions.  Their respective positions are set forth below:

**Plaintiff's Position:** Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by October 16, 2020.  Depositions of any such experts will be complete by November 13, 2020.  Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by December 18, 2020.  Depositions of any such experts will be complete by January 15, 2021.

6

**Defendant's Position:**  Defendant believes that tying the expert disclosure schedule to which party bears the burden of proof would create unnecessary confusion and uncertainty in this case because the parties disagree over who bears the burden of proof on Plaintiff's claims.  To avoid litigating over this dispute at this time and to provide both parties with clarity regarding their obligations, Defendant propose that both parties simultaneously disclose experts on the same date and that both parties then have an opportunity to disclose rebuttal experts on the same date. Defendant's proposal below is fair to both parties and prejudices neither party:

Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 16, 2020.  Depositions of any such experts will be complete by November 13, 2020.  Parties will designate all rebuttal experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 18, 2020.  Depositions of any such experts will be complete by January 15, 2021.

k.    A damage analysis will be provided by any party who has a claim or counterclaim for damages by October 16, 2020.

l.    Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. During the conference, counsel agreed to confer with their respective clients to

7

determine how each client stores its ESI and the amount of such data that may be pertinent to this litigation.

      m.     Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. During the conference, counsel agreed to confer with their respective clients to determine how each client stores its ESI and the amount of such data that may be pertinent to this litigation.

      n.     Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

      1.     The inadvertent production of any privileged or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim or privilege or protection, including but not limited to the attorney-client privilege or the protection afforded to work-product materials or the subject matter thereof.

      2.     If either party becomes aware that he has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, that party (the "Producing Party") will promptly notify the receiving party ("Receiving Party") in writing of the inadvertent production. When a Receiving Party receives notice of such inadvertent production, he shall return all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith.

3.      Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Producing Party bears the burden of establishing the privileged nature of any inadvertently produced information or material. The Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court.

4.      Notwithstanding the foregoing, a Receiving Party may use the inadvertently produced information or materials to respond to a motion by the Producing Party seeking return or destruction of such information or materials.

5.      If a Receiving Party becomes aware that he is in receipt of information or materials which he knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Producing Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Producing Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

o.      A post-discovery telephonic status conference will be held on February 5, 2021.

**F.      Other Scheduling Issues**

None.

**G.      Summary Judgment Motions**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before February 19, 2021.

**H.      Joint Trial Memorandum**

If no dispositive motions are filed, the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by March 5, 2021.  If dispositive motions are filed, the joint trial memorandum shall be filed within 30 days of the Court's ruling on any such motion.

**VI.**     <u>**Trial Readiness**</u>

If no dispositive motions are filed, the case will be ready for trial by April 16, 2021. If dispositive motions are filed, the case will be ready for trial within 30 days of the filing of the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff

By <u>*/s/ Paul Dobrowski*</u>      Date: <u>6/15/20</u>

Defendant

By <u>*/s/ Jeffrey P. Mueller*</u>      Date: <u>6/15/20</u>