IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK, | : | CASE NO. 3:20-cv-00516-VAB |
| Plaintiff, | : | |
| v. | : | |
| VINCENT K. MCMAHON, | : | |
| Defendant. | : | June 19, 2020 |

## ANSWER

Defendant Vincent K. McMahon ("McMahon") respectfully submits this Answer to the Complaint filed by Plaintiff Oliver Luck ("Luck").

### I. INTRODUCTION

1. The allegations set forth in Paragraph No. 1 constitute Luck's characterization of this action to which no response is required. To the extent a response is deemed necessary, the allegations are denied. It is specifically denied that Luck fulfilled his obligations under the Employment Contract dated May 30, 2018 (the "Employment Contract") between him and Alpha Entertainment LLC ("Alpha"), and as a result he was terminated for cause. McMahon further denies that Luck has satisfied the conditions precedent for receipt of any severance payments set forth in the Employment Contract or for the receipt of any bonus payments for any Contract Year, as defined by the Employment Contract, for which he was not employed by Alpha on the scheduled payment date.

### II. THE PARTIES

2. Admitted.

3. Admitted.

### III. JURISDICTION AND VENUE

4. Admitted.

5. It is admitted that venue in proper in this District, but denied that McMahon breached any obligations to Luck.

### IV. BACKGROUND FACTS

6. Admitted.

7. The allegations set forth in Paragraph No. 7 are admitted only insofar that McMahon was the controlling owner of Alpha, which is currently under the jurisdiction of the United States Bankruptcy Court for the District of Delaware and scheduled to be sold in August 2020. McMahon further responds that the Guaranty dated May 30, 2018 (the "Guaranty") attached as Exhibit A to the Employment Contract is a writing, the terms of which speak for themselves and, on that basis, the remaining allegations set forth in Paragraph 7 are denied.

8. The allegations set forth in Paragraph 8 are admitted only insofar that the terms of the Confidentiality, Non-Solicitation and Non-Competition Agreement dated May 30, 2018 attached as Exhibit B to the Employment Agreement (the "CNNA") are incorporated by reference as if fully set forth in the Employment Agreement, and that the Employment Agreement, the Guaranty and the CNNA are governed by Connecticut law. The remaining allegations set forth Paragraph 8 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, those allegations are denied.

9. McMahon responds that the Guaranty is a writing, the terms of which speak for themselves and, on that basis, the allegations set forth in Paragraph 9 are denied.

10. In response to the allegations of Paragraph 10, it is admitted that Luck was terminated for cause by Alpha pursuant to the termination letter attached as Exhibit 2 to the

Complaint. It is denied that the termination was wrongful and all other allegations of Paragraph 10, including the statements set forth in Exhibit 3 to the Complaint, are denied.

11.     Denied.

## V.     CLAIMS FOR RELIEF

### COUNT ONE – BREACH OF CONTRACT

12.     McMahon incorporates by reference all preceding paragraph.

13.     The allegations set forth in Paragraph 13 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, those allegations are denied. By way of further response, the Employment Contract, by its terms, granted Alpha the right to terminate Luck's employment at any time, with or without cause, and expressly provided that Luck's right to any payments following termination were expressly contingent upon several expressly stated conditions precedent which were not satisfied, including the absence of circumstances that would constitute cause.

14.     The allegations set forth in Paragraph 14 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, those allegations are denied.

15.     The allegations set forth in Paragraph 15 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, those allegations are denied.

### COUNT TWO – DECLARATORY JUDGMENT

16.     McMahon incorporates by reference all preceding paragraph.

17.     The allegations set forth in Paragraph 17 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, those allegations are denied.

18.     The allegations set forth in Paragraph 18 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, those allegations are denied.

19. The allegations set forth in Paragraph 19 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, those allegations are denied.

## PRAYER FOR RELIEF

WHEREFORE, McMahon denies that Luck is entitled to any of the relief requested in the Complaint and McMahon respectfully requests that this Honorable Court enter judgment in McMahon's favor, and against Luck, and award to McMahon all relief to which he may be entitled.

**JURY TRIAL DEMANDED**

**DEFENDANT VINCENT K. MCMAHON**

By: */s/ Jerry S. McDevitt*
Jerry S. McDevitt (pro hac vice)
Curtis B. Krasik (pro hac vice)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

## CERTIFICATION OF SERVICE

      I hereby certify that on June 19, 2020, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                                    */s/ Jeffrey P. Mueller*