# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL NO. 3:20-cv-516 (VAB) |
| | § | |
| VINCENT K. MCMAHON | § | |
| | § | JULY 2, 2020 |
| *Defendant.* | § | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CERTIFY THE JUNE 26, 2020 ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)

Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed. Bar No. ct30935)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, CT 06901
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com

**AND**

Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4061 Washington Avenue, Suite 200
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email: pjd@doblaw.com
Email: vpierce@doblaw.com

***ATTORNEYS FOR PLAINTIFF, OLIVER LUCK***

# TABLE OF CONTENTS

Table of Authorities ................................................................................................................... iii

I.   Introduction and Bases for Certification ............................................................................. 1

II.  Background ......................................................................................................................... 1

III. Argument ............................................................................................................................ 3

    A.   Standard ..................................................................................................... 3

    B.   There are Substantial Grounds for Difference of Opinion ....................... 4

    C.   Whether Alpha is a Required Party to Mr. Luck's Lawsuit is a Controlling Question of Law that Would Significantly Affect the Conduct of the Lawsuit ..................... 8

    D.   An Immediate Appeal Will Materially Advance this Litigation Because it Will Allow Mr. Luck to Immediately Proceed Against McMahon and Eliminate the Bankruptcy Stay's Potential Application ............................................................... 9

Conclusion ............................................................................................................................... 10

## TABLE OF AUTHORITIES

Cases                                                                                                              Page(s)

*Carpenter v. Thompson*,
  66 Conn. 457 (1895) ................................................................................................................. 7
*Consub Delaware LLC v. Schahin Engenharia Limitada*,
  476 F. Supp. 2d 305 (S.D.N.Y. 2007) ................................................................................... 4, 9
*Doyle v. Universal Underwriters Ins. Co.*,
  179 Conn. App. 9 ...................................................................................................................... 6
*Errico v. Stryker Corp.*,
  281 F.R.D. 182 (S.D.N.Y. 2012) .............................................................................................. 5
*Fisons Ltd. v. United States*,
  458 F.2d 1241 (7th Cir.) ............................................................................................................ 3
*Glob. Disc. Travel Servs., LLC v. Trans World Airlines, Inc.*,
  960 F. Supp. 701 (S.D.N.Y. 1997) ............................................................................................ 5
*In re Aggrenox Antitrust Litig.*,
  2015 WL 4459607 (D. Conn. July 21, 2015) ................................................................... 3, 4, 8
*In re Duplan Corp.*,
  591 F.2d 139 (2d Cir 1978) ................................................................................................ 3, 4, 8
*In re Salvatore*,
  2019 WL 1284815 (D. Conn. Mar. 20, 2019) .......................................................................... 4
*In re the City of New York*,
  607 F.3d 923 (2d Cir. 2010) ...................................................................................................... 4
*Isra Fruit Ltd. v. Agrexco Agr. Exp. Co.*,
  804 F.2d 24 (2d Cir. 1986) ........................................................................................................ 4
*Joe's Pizza, Inc. v. Aetna Life & Casualty Co.*,
  236 Conn. 863 (1996) ................................................................................................................ 6
*JP Morgan Chase Bank v. Winthrop Properties*,
  312 Conn. 662 (2014) ................................................................................................................ 7
*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in
   Amministrazione Straordinaria*,
  921 F.2d 21 (2d Cir. 1990) ........................................................................................................ 8
*MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n, Inc.*,
  471 F.3d 377 (2d Cir. 2006) ...................................................................................................... 7
*Mazziotti v. Allstate Ins. Co.*,
  240 Conn. 799 (1997) ............................................................................................................ 5, 6
*S.E.C. v. Credit Bancorp, Ltd.*,
  103 F. Supp. 2d 223 (S.D.N.Y. 2000) ...................................................................................... 8
*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
  531 U.S. 497 (2001) .................................................................................................................. 5
*Shipping Corp. of India, Ltd. v. Jaldhi Overseas Pte Ltd.*,
  585 F.3d 58 (2d Cir. 2009) ........................................................................................................ 4
*Taylor v. Sturgell*,
  553 U.S. 880 .............................................................................................................................. 5

*Telectronics Proprietary, Ltd. v. Medtronic, Inc.*,
  690 F. Supp. 170 (S.D.N.Y. 1987) ................................................................................. 9
*U.S. ex rel. Drake v. NSI, Inc.*,
  736 F. Supp. 2d 489 (D. Conn. 2010) ......................................................................... 4, 9
*U.S. ex rel. Mikes v. Straus*,
  939 F. Supp. 301 (S.D.N.Y. 1996) ................................................................................. 3

Statutes

28 U.S.C. § 1292(b) ........................................................................................................... Passim

Rules

Fed. R. Civ. P. 19 ............................................................................................................... Passim

Plaintiff Oliver Luck ("Mr. Luck") respectfully submits this memorandum of law in support of his motion requesting that this Court certify its Ruling and Order on Motion for Prejudgment Remedy and Motion for Disclosure of Assets, dated June 26, 2020 (ECF No. 79, hereinafter the "Order"), for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## I. INTRODUCTION AND BASES FOR CERTIFICATION

Regardless of Defendant's position that Mr. Luck was terminated for cause (which Mr. Luck disputes), regardless of the Court's determination that the legitimacy of the termination is at issue in this case, and even if it is Mr. Luck's burden to disprove a termination for cause, this lawsuit may proceed without Alpha Entertainment LLC ("Alpha") as a party. Alpha would not be prejudiced by its absence from this lawsuit because the doctrine of collateral estoppel would not bar Alpha from litigating its case in a future lawsuit. Additionally, under the terms to which Defendant agreed, Mr. Luck is entitled to pursue Defendant who, as primary obligor, provided an absolute guaranty of payment and waived all defenses.

Thus, the Order meets all of the requirements for a § 1292(b) interlocutory appeal on the issue of whether the Court correctly determined that Alpha is a required party under Federal Rule of Civil Procedure 19 and that this lawsuit cannot proceed without it. A district court may certify for appellate review any order: (1) that involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) where an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

## II. BACKGROUND

For the Court's convenience, Mr. Luck provides a brief statement of facts and review of the lawsuit's procedure here. On April 16, 2020, Mr. Luck filed his Complaint against Defendant Vincent K. McMahon ("Defendant" or "McMahon"). ECF 1. Following the Court's ruling on

various motions to seal, Mr. Luck re-filed his Complaint, unredacted except as to personally identifying information, on May 13, 2020. ECF 57.

Mr. Luck's lawsuit concerns Defendant's breach of his guaranty. On May 30, 2018, Mr. Luck entered into a Contract for Employment as Commissioner and CEO (the "Employment Contract") of a new professional football league known as the XFL. ECF 57 at Ex. 1. Mr. Luck was employed by Alpha, an affiliate of Defendant. ECF 57 at Ex. 1. McMahon, as primary obligor, provided a guaranty of payment, which was absolute, unconditional, continuing, and irrevocable, irrespective of the validity, regularity, or enforceability of the underlying contracts (which includes the Employment Contract), any action to enforce them by Mr. Luck, or any other circumstances which may constitute a legal or equitable discharge or defense, all of which McMahon waived (the "Guaranty"). ECF 57 at Ex. 1 Ex. A.

On April 21, 2020, Mr. Luck filed his Application for Prejudgment Remedy (the "PJR") (ECF 21), which was similarly re-filed following the Court's ruling on the parties' motions to seal, on May 13, 2020.  ECF 58. In support, Mr. Luck filed a Memorandum of Law in Support of the PJR (ECF 33), later re-filed unredacted. ECF 63. Defendant, in his opposition to the PJR (ECF 44, later re-filed ECF 50), alleged that Alpha was a required party under Federal Rule of Civil Procedure 19. On May 22, 2020, upon permission of the Court, Mr. Luck filed a reply memorandum of law with briefing opposing Defendant's allegation that Alpha is a required party under Rule 19 (ECF 70); Mr. Luck's reply was corrected on May 23, 2020. ECF 71. Defendant filed a surreply brief on May 29, 2020. ECF 72. Upon further permission of the Court, Mr. Luck provided an additional memorandum of law on waiver of defenses in a guaranty on June 15, 2020. ECF 74. In turn, Defendant filed a supplemental memorandum in opposition to the PJR on June 17, 2020. ECF 76.

The Court was not persuaded that Mr. Luck could pursue Defendant under the Guaranty without Alpha as a party to this lawsuit, and on June 26, 2020, issued the Order. ECF 79. The Court found that Alpha is a necessary and indispensable party, and "[b]ecause it would be efficient and in the interests of justice to apply the stay," stayed the case. ECF 79 at 17. Because the Court stayed the case, it did not address Mr. Luck's PJR application and instead denied it and the motion for disclosure of assets without prejudice to renewal. *Id.*

### III.     ARGUMENT

#### A. Standard

A district court may certify for appellate review any order if the judge is "of the opinion" that the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also In re Aggrenox Antitrust Litig.*, No. 3:14-md-2516 (SRU), 2015 WL 4459607, at *1 (D. Conn. July 21, 2015) (certifying appeal). "Paramount among the three requirements of section 1292(b) is the probability that immediate appellate review will materially advance the ultimate termination of the litigation." *U.S. ex rel. Mikes v. Straus*, 939 F. Supp. 301, 302 (S.D.N.Y. 1996) (citing *Fisons Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir.), *cert denied* 405 U.S. 1041 (1972)). "Indeed, the Second Circuit has noted that the courts have tended to make the 'controlling question' requirement one with the requirement that its determination 'may materially advance the ultimate termination of the litigation' and that the critical requirement is that an interlocutory appeal have the potential for substantially accelerating the disposition of the litigation." *Id.* (citing *In re Duplan Corp.*, 591 F.2d 139, 148 n. 11 (2d Cir. 1978) (internal quotations omitted)).

Certification under Section 1292(b) is within the discretion of the District Court. *In re Aggrenox Antitrust Litig.*, 2015 WL 4459607, at *1 (citing *In re the City of New York*, 607 F.3d 923, 933 (2d Cir. 2010)). Additionally, the Second Circuit has noted "that section 1292(b) authorizes certification of *orders* for interlocutory appeal, not certification of *questions*," but also that "in certifying an order for interlocutory review it is helpful if the district judge frames the controlling question(s) that the judge believes is presented by the order being certified." *Isra Fruit Ltd. v. Agrexco Agr. Exp. Co.*, 804 F.2d 24, 25 (2d Cir. 1986) (emphasis in original).

### B. There are Substantial Grounds for Difference of Opinion

Because the Second Circuit tends to treat the first and third prongs as one, Mr. Luck addresses the second prong first. *In re Duplan Corp.*, 591 F.2d at 148 n. 11. The second prong of Section 1292(b), i.e. whether there is a substantial ground for difference of opinion, may be met by a showing that "(1) there is conflicting authority on an issue or (2) the case is particularly difficult and of first impression within this Circuit." *U.S. ex rel. Drake v. NSI, Inc.*, 736 F. Supp. 2d 489, 503 (D. Conn. 2010). "The standard is met when a party seeking certification shows there is genuine doubt as to whether the district court applied the correct legal standard in its order." *Consub Delaware LLC v. Schahin Engenharia Limitada,* 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007), *aff'd,* 543 F.3d 104 (2d Cir. 2008), *abrogated in part on other grounds by Shipping Corp. of India, Ltd. v. Jaldhi Overseas Pte Ltd.,* 585 F.3d 58 (2d Cir. 2009); *see also In re Salvatore*, No. 3:18-CV-1429 (SRU), 2019 WL 1284815, at *2 (D. Conn. Mar. 20, 2019) ("[t]he second prong of the test is satisfied if there is a genuine doubt as to whether the bankruptcy court applied the correct legal standard") (internal quotations omitted).

Respectfully, here, there is genuine doubt that the Court applied the correct legal standard in finding that Alpha is a required party under Rule 19 and that the case cannot proceed without

Alpha. The Court found Alpha is indispensable because "a party to a contract at issue is the paradigm of an indispensable party." ECF 79 at 15 (internal quotations and citations omitted). While Mr. Luck acknowledges this well-established principle, it is not applicable to this case because Alpha is not "a direct party to the contract which is under dispute," i.e., the Guaranty. *Glob. Disc. Travel Servs., LLC v. Trans World Airlines, Inc.* 960 F. Supp. 701, 707-08 (S.D.N.Y. 1997). Moreover, the determination of whether an absent party is required under Rule 19(a) and of whether to proceed without the absent party under the first factor of Rule 19(b) both require the Court to determine the potential prejudice to existing and absent parties. *Errico v. Stryker Corp.*, 281 F.R.D. 182, 187 (S.D.N.Y. 2012). Regardless of Defendant's position that Mr. Luck's termination was for cause, regardless of the Court's ruling that the legitimacy of the termination is at issue in the lawsuit, and even if Mr. Luck bears the burden to disprove a termination for cause (which Mr. Luck denies), there is no prejudice to proceeding without Alpha. Alpha will not be bound by any judgment rendered in its absence nor would it be prevented from litigating this issue in a future lawsuit.

Should this case proceed without Alpha, the claim preclusive effect on Alpha of any judgment rendered by this Court in Alpha's absence would be determined by the common law of Connecticut. *Taylor v. Sturgell*, 553 U.S. 880, 891 n. 4 (2008) ("[f]or judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits") (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)). Collateral estoppel requires identity of issues between the prior and subsequent proceedings and "operates only against the same parties or those in privity with them." *Mazziotti v. Allstate Ins. Co.*, 240 Conn. 799, 813 (1997). In considering whether privity exists, a key consideration is the sharing of the same legal right by the parties alleged in privity. *Id.* Privity does not exist simply because the

persons may be interested in proving or disproving the same facts. *Id.* at 814. Instead, it stands for the principle that "collateral estoppel should be applied only when there exists such an identification in interest of one person with another as to represent the same legal rights so as to justify preclusion." *Id.* (citing *Joe's Pizza, Inc. v. Aetna Life & Casualty Co.*, 236 Conn. 863, 868 (1996)). Further, the "crowning consideration in collateral estoppel cases . . . [is] that the interest of the party to be precluded must have been sufficiently represented in the prior action so that the application of collateral estoppel is not inequitable. *Doyle v. Universal Underwriters Ins. Co.*, 179 Conn. App. 9, 18 n. 5 (2017) (quoting *Mazziotti*, 240 Conn. at 818). "A trial in which one party contests a claim against another should be held to estop a third person *only* when it is realistic to say that the third person was fully protected in the first trial." *Mazziotti*, 240 Conn. at 818 (emphasis added).

Alpha would not be estopped by this lawsuit in any future lawsuit against or by Alpha. Defendant admits and the Court accepts that privity does not exist and that Alpha would not be fully protected in its absence: "Alpha is a separate legal entity" with "unique defenses and counterclaims that [he] cannot assert." ECF 79 at 12 (quoting ECF 72 - Def.'s Suppl. Mem. at 5-6). Thus, no judgment rendered in Alpha's absence would prejudice Alpha because it would not be bound by it.  Further Mr. Luck stipulates that, in the unlikely event a later separate suit is brought involving Alpha and Luck, no collateral estoppel effect will be asserted by Mr. Luck.  Indeed, one of the items permitted by Rule 19 provides that the Court can fashion its judgment to protect against any perceived prejudice that may be suffered by the non-party. FED. R. CIV. P. 19(b)(2).

The Court also found that Alpha "is a necessary party because the issue of whether Alpha validly terminated Mr. Luck for cause under the Employment Contract, to which the Guaranty applies, must be resolved, and Alpha's absence in this action impedes its ability to protect its

interest relating to the subject of the action." ECF 79 at 14-15 (internal quotations and citations omitted). Again, in the absence of privity, nothing that happens in this case will determine Alpha's rights in any future litigation. Moreover, under Connecticut law, a guaranty is "a separate and distinct obligation from that of the note or other obligation." *JP Morgan Chase Bank v. Winthrop Properties*, 312 Conn. 662, 675 (2014) (quoting *Carpenter v. Thompson*, 66 Conn. 457, 463-64 (1895) ("[Guarantees] are . . . distinct and essentially different contracts; they are between different parties, they may be executed at different times and by separate instruments, and the nature of the promises and the liability of the promisors differ substantially . . . The contract of the guarantor is his own separate undertaking in which the principal does not join.")). The nature of the promises made by Alpha and made by McMahon and their respective liabilities differ substantially because the Guaranty and the Employment Contract are recognized as separate contracts under the law, and McMahon waived all defenses, including the validity of the Employment Contract.

Additionally, the Court found that this is "an action that could in the future impact a third party's rights under a separate contract." ECF 79 at 14 (quoting *MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 387 (2d Cir. 2006)). However, in *MasterCard Int'l*, because it was "an action that could in the future impact a third party's rights under a separate contract" the Second Circuit "d[id] not find *Crouse-Hinds* controlling . . . and decline[d] to broaden its scope to reach the facts before [it], particularly since doing so would read a key element out of the text of Rule 19(a)(2)(i)." 471 F.3d at 387. Even if this action could impact Alpha's rights under its separate contract with Mr. Luck in the future, that does not make Alpha a required party. Thus, the second prong of Section 1292(b), whether there is a substantial ground for difference of opinion, is met in this case.

### C. Whether Alpha is a Required Party to Mr. Luck's Lawsuit is a Controlling Question of Law that Would Significantly Affect the Conduct of the Lawsuit

"In determining whether a controlling question of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or; the certified issue has precedential value for a large number of cases." *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24-25 (2d Cir. 1990)). As noted *supra*, while technically the questions of whether there is a controlling issue of law and of whether an immediate appeal may materially advance the ultimate termination of the litigation, "in practice the two questions are closely connected." *Id.* (citing *In re Duplan Corp.*, 591 F.2d at 148 n. 11). Further, when the issues raised have the potential to be dispositive of "at least a substantial portion of the claims" in a large and complex case that is likely to require a significant amount of time and resources to litigate, a controlling question of law is presented. *In re Aggrenox Antitrust Litig.*, 2015 WL 4459607, at *2.

At the current posture, this lawsuit is not advancing at all because it has been stayed. A reversal of the Court's Order would significantly affect the conduct of the lawsuit by lifting the stay. Additionally, the lawsuit started as an uncomplicated lawsuit by one plaintiff against one defendant under a guaranty. The Order now requires an additional defendant (Alpha) be added upon completion of its bankruptcy. Mr. Luck now must wait for Alpha's bankruptcy to conclude

(or he must request and be granted leave from the stay in the bankruptcy court)[1] to join Alpha as a party before this lawsuit—wherein Mr. Luck seeks only to hold McMahon liable under the Guaranty—may proceed. Finally, the issue of whether or not McMahon waived all defenses has the potential to be dispositive of this suit. Thus, the Order's determination that Alpha is a required party in Mr. Luck's lawsuit against Defendant to enforce an absolute guaranty of payment, made by Defendant as primary obligor and with a waiver of defenses, presents a controlling question of law ripe for Section 1292(b) review.

### D. An Immediate Appeal Will Materially Advance this Litigation Because it Will Allow Mr. Luck to Immediately Proceed Against McMahon and Eliminate the Bankruptcy Stay's Potential Application

Finally, immediate appellate review of the Order would materially advance this litigation. 28 U.S.C. § 1292(b). The third prong is met "where an immediate appeal would advance the ultimate termination of a litigation or if the appeal would advance the time to trial or shorten the trial." *U.S. ex rel. Drake v. NSI, Inc.*, 736 F. Supp. 2d at 503. Courts place particular emphasis on this factor. *Consub Delaware LLC*, 476 F. Supp. 2d at 310. As noted, *supra*, the requirement that an appeal "may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 690 F. Supp. 170, 176 (S.D.N.Y. 1987). Allowing an interlocutory appeal of the Court's Order would advance the ultimate termination of the litigation, advance the time to trial, and shorten the trial. An immediate interlocutory appeal, resulting in a determination that Alpha is not a required party, would significantly advance this litigation by allowing Mr. Luck now to pursue his claims under the Guaranty against the guarantor—Mr. McMahon.

---

[1] While Mr. Luck disputes that Alpha is a required party and asserts that his lawsuit against Defendant under the Guaranty may proceed without Alpha, Mr. Luck intends to file a Motion to Lift the Stay in Alpha's bankruptcy case so he may bring Alpha in as a nominal party to this lawsuit.

## CONCLUSION

For the foregoing reasons, Plaintiff Oliver Luck respectfully requests that the Court enter a written order stating that its June 26, 2020 Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of this litigation, thereby certifying that Order for interlocutory appeal under 28 U.S.C. § 1292(b).

        Respectfully submitted,

        **PLAINTIFF OLIVER LUCK**

        */s/ Andrew M. Zeitlin*
        Andrew M. Zeitlin (Fed. Bar No. ct21386)
        Joette Katz (Fed. Bar No. ct30935)
        SHIPMAN & GOODWIN LLP
        300 Atlantic Street
        Stamford, CT 06901
        Telephone: (203) 324-8100
        Facsimile: (203) 324-8199
        Email: azeitlin@goodwin.com
        Email: jkatz@goodwin.com

        **AND**

        */s/ Paul J. Dobrowski*
        Paul J. Dobrowski (phv10563)
        Vanessa L. Pierce (phv10561)
        DOBROWSKI, LARKIN & STAFFORD, L.L.P.
        4061 Washington Avenue, Suite 200
        Houston, Texas 77007
        Telephone: (713) 659-2900
        Facsimile: (713) 659-2908
        Email: pjd@doblaw.com
        Email: vpierce@doblaw.com

        ***HIS ATTORNEYS***

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2020, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

>                          */s/ Andrew M. Zeitlin*
>                          Andrew M. Zeitlin

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CERTIFY THE JUNE 26, 2020 ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)**

11