## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK, | : | CASE NO. 3:20-cv-00516-VAB |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| VINCENT K. MCMAHON, | : | |
| | : | |
| Defendant. | : | JULY 22, 2020 |

### DEFENDANT VINCENT K. MCMAHON'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY THE COURT'S JUNE 26, 2020 ORDER FOR INTERLOCUTORY APPEAL UNDER 27 U.S.C. § 1292(B)

Jerry S. McDevitt
Curtis B. Krasik
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

Jeffrey P. Mueller
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT  06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

*Attorneys for Defendant Vincent K. McMahon*

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................1

BACKGROUND .........................................................................................................2

LEGAL STANDARD..................................................................................................4

ARGUMENT ..............................................................................................................6

    I.     The Order Does Not Involve A Controlling Question of Law ...............................6

    II.    There Is No Substantial Ground for Difference of Opinion As To
          A Controlling Question of Law ...................................................................9

          A.    The Court Correctly Held That Luck Must Establish Alpha's
               Liability Under The Employment Contract ...................................................10

          B.    The Court Correctly Held That Alpha Is An Indispensable Party
               Because Its Obligations Under The Employment Contract Must Be
               Determined.....................................................................................................12

          C.    The Court Correctly Held That Alpha Is An Indispensable Party
               Regardless of Whether It Would Be Bound By A Judgment In This
               Action............................................................................................................13

          D.    Luck Ignores The Substantial Prejudice To McMahon If Alpha Were
               Not Joined As A Party In This Action ...........................................................15

    III.   An Immediate Appeal From The Order Would Not Materially
          Advance The Ultimate Termination of the Litigation ...........................................16

CONCLUSION.........................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abortion Rights Mobilization, Inc. v. Regan*,
   552 F. Supp. 364 (S.D.N.Y. 1982) .......................................................................................6

*In re Aggrenox Antitrust Litig.*,
   No. 3:14-MD-02516, 2018 WL 834228 (D. Conn. Feb. 12, 2018) ..................................5, 7, 9

*Análisis y Estrategia, S.A. v. Andersen*,
   662 Fed. Appx. 29 (2d Cir. 2016)........................................................................................12

*Calderon v. Symeon*,
   No. 3:06CV1130, 2007 WL 842005 (D. Conn. Mar. 13, 2007)............................................16

*Carpenter v. Thompson*,
   66 Conn. 457 (1895) ............................................................................................................11

*Century Pac., Inc. v. Hilton Hotels Corp.*,
   574 F. Supp. 2d 369 (S.D.N.Y. 2008)....................................................................................6

*Clinton v. Jones*,
   520 U.S. 681 (1997)...............................................................................................................8

*Crouse-Hinds Co. v. InterNorth, Inc.*,
   634 F.2d 690 (2d Cir. 1980).................................................................................................12

*Digital Equip. Corp. v. Desktop Direct, Inc.*,
   511 U.S. 863 (1994)...............................................................................................................4

*U.S ex rel. Drake v. NSI, Inc.*,
   736 F. Supp. 2d 489 (D. Conn. 2010)..........................................................................6, 9, 16

*Dunn v. Standard Bank London Ltd.*,
   No. 05 CIV. 2749, 2006 WL 217799 (S.D.N.Y. Jan. 30, 2006)............................................12

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
   986 F. Supp. 2d 524 (S.D.N.Y. 2014)....................................................................................5

*In re Flor*,
   79 F.3d 281 (2d Cir. 1996).....................................................................................................5

*Fluent v. Salamanca Indian Lease Auth.*,
   928 F.2d 542 (2d Cir. 1991).................................................................................................12

*Freeman v. Nat'l Broad. Co.*,
No. 85 CIV 3302, 1993 WL 524858 (S.D.N.Y. Dec. 15, 1993)..........................................6, 7

*Gellman v. Paul*,
85 F.R.D. 357 (S.D.N.Y. 1980) ...............................................................................14, 16

*Glob. Disc. Travel Servs., LLC v. Trans World Airlines, Inc.*,
960 F. Supp. 701 (S.D.N.Y. 1997) ...................................................................................14

*Gottesman v. Gen. Motors Corp.*,
268 F.2d 194 (2d Cir. 1959)...............................................................................................5

*Jonesfilm v. Lion Gate Int'l*,
299 F.3d 134 (2d Cir. 2002)..............................................................................................12

*JP Morgan Chase Bank, N.A. v. Winthrop Props., LLC*,
312 Conn. 662 (2014) .......................................................................................................11

*Koehler v. Bank of Bermuda Ltd.*,
101 F.3d 863 (2d Cir. 1996)........................................................................................5, 16

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
676 F.3d 83 (2d Cir. 2012)................................................................................................8

*MasterCard International Inc. v. Visa International Service Ass'n*,
471 F.3d 377 (2d Cir. 2006)..............................................................................................13

*Mohawk Indus., Inc. v. Carpenter*,
558 U.S. 100 (2009)............................................................................................................4

*Muniz v. Rexnord Corp.*,
No. 04C2405, 2007 WL 257710 (N.D. Ill. Jan. 23, 2007) ................................................8

*Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*,
862 F. Supp. 995 (W.D.N.Y. 1994), *aff'd*, 94 F.3d 747 (2d Cir. 1996) .................................14

*Provident Tradesmens Bank & Tr. Co. v. Patterson*,
390 U.S. 102 (1968)............................................................................................................7

*Rapoport v. Banco Mexicano Somex, S. A.*,
668 F.2d 667 (2d Cir. 1982)...............................................................................................7

*Rapoport v. Banco Mexicano Somex, S.A.*,
706 F. Supp. 207 (S.D.N.Y. 1988) ...................................................................................14

*Richards v. Direct Energy Servs., LLC*,
No. 3:14-CV-1724, 2015 WL 7428529 (D. Conn. Nov. 20, 2015)..................................4, 5, 9

*Ruggeri v. Boehringer Ingelheim Pharms., Inc.*,
585 F. Supp. 2d 308 (D. Conn. 2008) .................................................................................6

*SEC v. First Jersey Sec.*,
   587 F. Supp. 535 (S.D.N.Y. 1984) ...........................................................................7

*Stone v. Patchett*,
   No. 08 CV 5171, 2009 WL 1544650 (S.D.N.Y. June 3, 2009) .................................6

*Teitelbaum v. Wagner*,
   99 Fed. App'x. 272 (2d Cir. 2004).............................................................................7

*Westwood Pharms., Inc. v. Nat'l Fuel Gas Distribution Corp.*,
   964 F.2d 85 (2d Cir. 1992)........................................................................................5

**Statutes**

28 U.S.C. § 1292...........................................................................................5, 6, 9, 16

Defendant Vincent K. McMahon ("McMahon") respectfully submits this memorandum of law in opposition to Plaintiff Oliver Luck's ("Luck") motion to certify the Court's June 26, 2020 Order ("Order") for an interlocutory appeal under 28 U.S.C. § 1292(b) (ECF No. 82).

## PRELIMINARY STATEMENT

Luck seeks an "interlocutory appeal on the issue of whether the Court correctly determined that Alpha is a required party under Federal Rule of Civil Procedure 19 and that this lawsuit cannot proceed without it." (ECF No. 83 at 5.)

This Court's determination that Alpha is an indispensable party was explained in a detailed and considered opinion issued after reviewing a total of *six* briefs from the parties and holding both telephonic and videoconference hearings. The Court correctly held that Luck must first establish that Alpha is liable to Luck under the Employment Contract before McMahon can be held liable under the Guaranty. Because Luck must first establish Alpha's liability to him under the Employment Contract as a predicate to any liability of McMahon under the Guaranty, the Court correctly determined that Alpha is an indispensable party. McMahon would be severely prejudiced if Luck were permitted to hold him liable under the Guaranty without the required antecedent determination that Alpha is liable under the Employment Contract.

Luck's motion completely fails to meet his burden of demonstrating the exceptional circumstances necessary to warrant immediate appellate review before the entry of a final judgment under 28 U.S.C. § 1292(b).

*First*, Luck has failed to establish that the Order involves a controlling question of law. The Court's finding that Alpha is an indispensable party and its decision to stay the case until Alpha can be joined as a party involve inherently discretionary determinations based on the facts and circumstances of this case rather than questions of law.

-1-

*Second*, Luck has failed to establish that there is a substantial difference of opinion as to any controlling question of law in the Order. Luck does not argue that the Order presents an issue of first impression in this Circuit and does not identify *any* conflicting authority as to *any* issue decided by the Court in the Order. Luck's mere disagreement with the Court's decision is insufficient to justify an interlocutory appeal. In any event, the Court's decision was plainly correct and entirely consistent with applicable Second Circuit and Connecticut law.

*Third*, Luck has failed to establish that an interlocutory appeal would materially advance the termination of the litigation. Luck has filed a motion to lift the automatic stay in Alpha's bankruptcy case, and therefore any request to certify the Order for an interlocutory appeal would be premature unless and until the bankruptcy court declines to lift the stay. Moreover, if the Court of Appeals were to hear an interlocutory appeal and affirm the Order, then Luck would still have to establish Alpha's liability to him. Even a reversal of the Order would not materially advance the *termination* of the litigation—it would merely mean that the litigation could resume.

Accordingly, Luck's motion to certify the Order for an interlocutory appeal under 28 U.S.C. § 1292(b) should be denied.

## BACKGROUND

On June 26, 2020, this Court issued the Order that Luck now seeks to appeal, and in the process, rejected Luck's extreme position that he was entitled to recover under the Guaranty regardless of whether Alpha owed him anything under the Employment Contract. (ECF No. 79.)

The Court noted that "Mr. Luck has sued Mr. McMahon for his alleged breach of the Guaranty and failure to pay Mr. Luck's salary and bonus under the Employment Contract, 'because Alpha wrongfully terminated and repudiated the Employment Contract without cause.'" (*Id.* at 9) (quoting Compl. ¶¶ 12-15). The Court then set forth the applicable legal standard for

evaluating whether a non-party must be joined under Federal Rule of Civil Procedure 19 and proceeded to apply that standard to determine whether Luck was required to join Alpha as a party in this action.  (*Id.* at 9-16.)  The Court "agree[d]" with McMahon's position and rejected the contrary arguments presented by Luck.  (*Id.* at 10-12.)

First, the Court found that Alpha is a necessary party under Rule 19(a) because Luck must prove that Alpha breached the Employment Contract as a predicate to establishing McMahon's liability under the Guaranty.  The Court stated:

> [A]lthough Mr. Luck is suing based on "[Mr.] McMahon's obligations under the Guaranty," Mr. McMahon only guaranteed "the due and punctual payment a[n]d performance by [Alpha] of all its agreements and obligations," which was "a guaranty of payment and not of collection."  In other words, because Alpha had terminated Mr. Luck for cause, even if allegedly wrongfully, the Guaranty also may have ended, because Mr. Luck was not entitled to any additional payment beyond "previously accrued salary and any vested employee benefits."

(*Id.* at 13) (citations omitted).  Based on controlling Connecticut law, the Court concluded that "[t]o prevail against Mr. McMahon as a guarantor, Mr. Luck thus would have to establish that Alpha still had an obligation to him and breached that obligation under the Employment Contract."  (*Id.*)  (collecting cases).  "In other words, the obligations under the guarantee only arose 'in the event of a default' on the underlying obligations of the contract being guaranteed."  (*Id.* at 14) (collecting cases).  Based on controlling Second Circuit law, the Court therefore held that Alpha "is a necessary party because the issue of whether Alpha validly terminated Mr. Luck for cause under the Employment Contract, to which the Guaranty applies, must be resolved, and Alpha's absence in this action 'impede[s] [its] ability to protect' its 'interest relating to the subject of the action.'"  (*Id.* at 14-15) (citation omitted).

Second, the Court concluded that Alpha was an indispensable party that must be joined under Rule 19(b).  The Court stated that "under Rule 19(b), Alpha is indispensable because 'a

party to a contract at issue is the paradigm of an indispensable party.'" (*Id.* at 15) (collecting cases). The Court concluded that "Alpha cannot properly protect its interests as a non-party namely because it is a separate legal entity with possibly differing defenses and counterclaims from Mr. McMahon as guarantor, and Alpha cannot now seek to protect its interest because it is currently in bankruptcy proceedings." (*Id.*)

The Court then held that joinder of Alpha was infeasible because of its bankruptcy filing. The Court stated that the "the automatic stay 'prevents the commencement or continuation, after a bankruptcy petition has been filed, of lawsuits and proceedings to recover a claim against the debtor that arose before the filing of the petition.'" (*Id.* at 15) (citation omitted). The Court noted that it also had inherent authority to stay this case and found that "it would be efficient and in the interests of justice to apply the stay to this litigation brought against Mr. McMahon." (*Id.* at 17.) Accordingly, the Court stayed the case "until Alpha can be joined as an indispensable party, pending the resolution of the bankruptcy proceeding." (*Id.*)

## LEGAL STANDARD

"Federal appellate jurisdiction generally depends upon the entry of a final judgment." *Richards v. Direct Energy Servs., LLC*, No. 3:14-CV-1724, 2015 WL 7428529, at *3 (D. Conn. Nov. 20, 2015) (Bolden, J.). "[A] party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994). "Permitting piecemeal, prejudgment appeals, we have recognized, undermines efficient judicial administration and encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (internal quotation marks and citation omitted). "Interlocutory appeals are disfavored,

and, because the procedure was not intended as a vehicle to provide early review of difficult rulings in hard cases, a party seeking to appeal must demonstrate exceptional circumstances justifying it." *Richards*, 2015 WL 7428529, at *3 (internal quotation marks and citation omitted).

The Second Circuit has cautioned district courts to "exercise great care in making a § 1292(b) certification." *Westwood Pharms., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir. 1992). Section 1292(b) is "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). The "use of this certification procedure should be strictly limited because only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (internal quotation marks and citation omitted). "The party that seeks certification under section 1292(b) bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *In re Aggrenox Antitrust Litig.*, No. 3:14-MD-02516, 2018 WL 834228, at *1 (D. Conn. Feb. 12, 2018) (internal quotation marks and citation omitted).

Section 1292(b) provides that the District Court can certify an order for an interlocutory appeal *only* if three conditions are satisfied: "[1] such order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C § 1292(b). "[T]he power [to grant an interlocutory appeal] must be strictly limited to the precise conditions stated in the law." *Gottesman v. Gen. Motors Corp.*, 268 F.2d 194, 196 (2d Cir. 1959). "The proponents of an interlocutory appeal have the burden of showing that all three of the substantive criteria are met." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529–31 (S.D.N.Y. 2014). "Even where these criteria are met, the

Court retains discretion to deny permission for interlocutory appeal." *Ruggeri v. Boehringer Ingelheim Pharms., Inc.*, 585 F. Supp. 2d 308, 310 (D. Conn. 2008).

## ARGUMENT

The Court should deny Luck's motion to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b) because he has failed to meet his burden of establishing *any* of the three required criteria for certification.

## I.      The Order Does Not Involve A Controlling Question of Law.

An order can be certified for an interlocutory appeal only if "such order involves a controlling question of law." 28 U.S.C. § 1292(b).

"The question of law certified for interlocutory appeal must refer to a pure question of law." *Stone v. Patchett*, No. 08 CV 5171, 2009 WL 1544650, at *2 (S.D.N.Y. June 3, 2009) (internal quotation marks omitted). "A question of law is pure when the reviewing court could decide it quickly and cleanly without having to study the record." *U.S ex rel. Drake v. NSI, Inc.*, 736 F. Supp. 2d 489, 503 (D. Conn. 2010) (internal quotation marks omitted). "A matter is controlling where a reversal of the district court's order would terminate the action." *Id.*

Section 1292(b) certification is not appropriate to review the trial court's application of the law to the facts. *See Freeman v. Nat'l Broad. Co.,* No. 85 CIV 3302, 1993 WL 524858, at *1 (S.D.N.Y. Dec. 15, 1993) ("Questions regarding application of the appropriate law to the relevant facts are generally not suitable for certification under § 1292(b)."); *Abortion Rights Mobilization, Inc. v. Regan,* 552 F. Supp. 364, 366 (S.D.N.Y. 1982) (stating that certification under 1292(b) is not "appropriate for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts"). Certification is similarly inappropriate to review mixed questions of law and fact. *See Century Pac., Inc. v. Hilton Hotels Corp.,* 574 F.

Supp. 2d 369, 371–72 (S.D.N.Y. 2008) (denying certification under section 1292(b) when the question "would require the Court of Appeals to consider mixed questions of law and fact"); *SEC v. First Jersey Sec.,* 587 F. Supp. 535, 536 (S.D.N.Y. 1984) (holding that an order was not appropriate for certification because an appeal "would necessarily present a mixed question of law and fact, not a controlling issue of pure law"); *Freeman*, 1993 WL 524858, at *2 ("[M]ixed questions of law and fact are not appropriate for certification under § 1292(b)."). Certification also should not be used for matters that are left to the trial court's discretion. *See In re Aggrenox Antitrust Litig.*, 2018 WL 834228, at *5 (stating that a controlling question of law "contrasts with a matter for the discretion of the trial court") (internal quotation marks omitted).

Luck's motion seeks an "interlocutory appeal on the issue of whether the Court correctly determined that Alpha is a required party under Federal Rule of Civil Procedure 19 and that this lawsuit cannot proceed without it." (ECF No. 83 at 5.)

The Court's determination that Alpha is an indispensable party under Rule 19 does not present a pure question of law that can be decided without reviewing the record. A determination of whether a party is indispensable necessarily depends on the facts and circumstances of each case. *See Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 118 (1968) ("Whether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation."). A determination of whether a party is indispensable is also reserved for the trial court's discretion. *See Teitelbaum v. Wagner*, 99 Fed. App'x. 272, 273 (2d Cir. 2004) ("We review a dismissal for failure to join an indispensable party for abuse of discretion."); *Rapoport v. Banco Mexicano Somex, S. A.*, 668 F.2d 667, 669 (2d Cir. 1982) (holding that decision to dismiss for failure to join an indispensable party "was clearly not an abuse of discretion"). In

this case, the Court's decision that Alpha is an indispensable party involved a discretionary determination based on the particular facts of this case, including consideration of the prejudice to McMahon and Alpha resulting from its absence, making it an inappropriate subject for an interlocutory appeal. *See Muniz v. Rexnord Corp.*, No. 04C2405, 2007 WL 257710, at *2 (N.D. Ill. Jan. 23, 2007) (holding that "the issue [defendant] seeks to appeal, whether [non-party] is an indispensable party, does not raise a question of law as the term is used in Section 1292(b)" and "would require the Seventh Circuit to revisit the Court's application of several factors relevant to these findings based on the facts of this case").

Similarly, this Court's decision to stay proceedings in this case until Alpha can be joined as a party is a discretionary determination. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (internal quotation marks and citation omitted). The Court's inherently discretionary determination that "it would be efficient and in the interests of justice to apply the stay to this litigation brought against Mr. McMahon" is therefore not the proper subject of an interlocutory appeal. (ECF No. 79 at 17.)

Luck nevertheless suggests that his claim that McMahon must pay Luck under the Guaranty regardless of whether Alpha owes him anything under the Employment Contract presents a "controlling question of law ripe for Section 1292(b) review." (ECF No. 83 at 13.) This claim, however, presents a controlling question of law *only if* the Guaranty rendered the Employment Contract meaningless and obligated McMahon to pay Luck $35 million *no matter*

*what*.  As discussed below, this Court properly rejected Luck's extreme position to that effect, and there is no substantial ground for a difference of opinion on that issue that would warrant immediate appellate review of the Order.

## II.     There Is No Substantial Ground for Difference of Opinion As To A Controlling Question of Law.

An order can be certified for an interlocutory appeal only if there is "a substantial ground for difference of opinion" as to a controlling question of law.  28 U.S.C. § 1292(b).

To show a substantial ground for difference of opinion, the plaintiff must establish "(1) there is conflicting authority on an issue or (2) the case is particularly difficult and of first impression within this Circuit."  *Richards*, 2015 WL 7428529, at *3 (internal quotation marks and citation omitted).  A substantial ground for difference of opinion does not exist merely because a party disagrees with the Court's decision or believes that the decision was wrong.  *See In re Aggrenox Antitrust Litig.*, 2018 WL 834228, at *6 ("Substantial ground for difference of opinion requires more than [m]ere disagreement with the decision.") (internal quotation marks, citation, and ellipses omitted); *Richards*, 2015 WL 7428529, at *3 ("[A party's] belief that the Court's decision is incorrect as a matter of law cannot alone justify an interlocutory appeal."); *U.S. ex rel. Drake*, 736 F. Supp. 2d at 503 ("Substantial ground for a difference of opinion requires more than a claim that the court's ruling was wrong.").

Luck has not established a substantial ground for difference of opinion as to any controlling question of law in the Order.  Luck does not claim that the Order presents an issue of first impression within this Circuit.  He does not identify *any* conflicting authority on *any* issue of law decided by the Court.  He also does not question whether the Court recited the correct legal standard governing the joinder of indispensable parties under Rule 19.  Indeed, Luck acknowledges in his motion the "well-established principle" that "a party to a contract at issue is

the paradigm of an indispensable party." (ECF No. 83 at 9.) Luck's only contention is that Court improperly applied these well-established principles to the facts of this case. Luck's mere disagreement with the Order is plainly insufficient to constitute a substantial ground for difference of opinion. In any event, the Court's decision was clearly correct.

### A. The Court Correctly Held That Luck Must Establish Alpha's Liability Under The Employment Contract.

As an initial matter, the Court correctly held that Luck must prove that Alpha is liable under the Employment Contract in order to hold McMahon liable under the Guaranty.

*First*, the Court correctly noted that Luck's own complaint initially recognized that he must prove Alpha's breach of the Employment Contract to recover under the Guaranty. (ECF No. 79 at 9) (noting Luck's complaint alleged that McMahon breached the Guaranty "[b]ecause Alpha wrongfully terminated and repudiated the Employment Contract without Cause").

*Second*, the Court correctly held that the Guaranty conditioned McMahon's liability under the Guaranty on Alpha's breach of the Employment Contract and failure to pay amounts owed under the Employment Contract. (*Id.* at 13) (stating that "McMahon only guaranteed 'the due and punctual payment a[n]d performance by [Alpha] of all of its agreements and obligations'" and that "because Alpha had terminated Mr. Luck for cause, even if allegedly wrongfully, the Guaranty also may have ended, because Mr. Luck was not entitled to any additional payment beyond 'previously accrued salary and any vested employee benefits.'").

*Third*, the Court correctly held that controlling Connecticut law requires Luck to prove that Alpha defaulted under the Employment Contract and owes money to Luck in order to establish a breach of the Guaranty. (*Id.* at 14) ("To prevail against Mr. McMahon as a guarantor, Mr. Luck would have to establish that Alpha still had an obligation to him and breached that obligation under the Employment Contract.") (collecting Connecticut cases).

*Fourth*, the Court correctly held that there is no need to even consider the Guaranty's waiver of defenses if Luck cannot meet his *prima facie* burden of establishing that Alpha owes him money under the Employment Contract because the Guaranty is not triggered if there is nothing owed under the Employment Contract.   (*Id.* at 14)   ("[T]he obligations under the guarantee only arose 'in the event of a default' on the underlying obligations of the contract being guaranteed.'") (citing Second Circuit and Connecticut cases).

Luck does not identify *any* conflicting authority on *any* of these issues is his motion. Luck does cite two Connecticut cases in support of his claim that "the Guaranty and the Employment Contract are recognized as separate contracts under the law."  (ECF No. 83 at 11) (citing *JP Morgan Chase Bank, N.A. v. Winthrop Props., LLC*, 312 Conn. 662 (2014) and *Carpenter v. Thompson*, 66 Conn. 457 (1895)).  In citing these cases, Luck continues to ignore that the Employment Contract and the Guaranty are not separate agreements, but were part of the *same* agreement:   the Employment Contract and the Guaranty became "legally binding" and "enforceable" only upon execution of *both* documents (ECF No. 57 at 8), the Employment Contract and the Guaranty "*together* embody the entire understanding Mr. Luck, Alpha, and Mr. McMahon" (*id.* at 13), and the Guaranty only provides for McMahon to guarantee Alpha's obligations *under the Employment Contract* (*id.*).  The cases cited by Luck also do not support his argument because they recognize that liability under a guarantee depends on the interpretation and application of the underlying contract and is only triggered upon a failure to perform the underlying contract.  *See JP Morgan*, 312 Conn. at 675 (stating that "[a] guarantee is a promise to answer for another's debt, default or failure to perform a contractual obligation"); *Carpenter*, 66 Conn. at 457 (stating that "the note and guaranty are not contracts so separate and

independent that each is always complete without the other" and that "in interpreting the guaranty, the note must be read as a part of the contract.").

> **B.**    **The Court Correctly Held That Alpha Is An Indispensable Party Because Its Obligations Under The Employment Contract Must Be Determined.**

The Court also correctly held that Alpha is an indispensable party under Rule 19 because resolution of Luck's claims in this action requires a determination of whether Alpha has any remaining liability under the Employment Contract.  (ECF No. 79 at 14-15.)

The Court's conclusion was entirely consistent with the controlling Second Circuit authority cited in the Order holding that an absent party to a contract at issue is indispensable. *See Visión en Análisis y Estrategia, S.A. v. Andersen*, 662 Fed. Appx. 29, 32 (2d Cir. 2016) (upholding determination that [the non-party] was a necessary party because "resolution of the plaintiffs' claims would require determination of [the non-party's] rights and obligations under the [contract]"); *Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134, 141 (2d Cir. 2002) ("If the resolution of a plaintiff's claim would require the definition of a non-party's rights under a contract, it is likely that the non-party is necessary under Rule 19(a)."); *Fluent v. Salamanca Indian Lease Auth.,* 928 F.2d 542, 547 (2d Cir. 1991) ("[N]o procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable.") (internal quotation marks and citation omitted); *Crouse-Hinds Co. v. InterNorth, Inc.*, 634 F.2d 690, 700-01 (2d Cir. 1980) (finding that absent non-party was indispensable because it was party to the contract at issue and its rights under that contract would be prejudiced if it were not joined as a party); *see also Dunn v. Standard Bank London Ltd.*, No. 05 CIV. 2749, 2006 WL 217799, at *4 (S.D.N.Y. Jan. 30, 2006) (holding that plaintiff's employer was a necessary party because whether it "was indeed

contractually bound to compensate the plaintiffs with particular bonus amounts is the central issue to be adjudicated in this case").

Luck again fails to identify *any* authority that conflicts with the controlling Second Circuit authority cited by the Court in its Order.  Luck instead continues to rely on the inapposite decision in *MasterCard International Inc. v. Visa International Service Ass'n*, 471 F.3d 377 (2d Cir. 2006).  In *MasterCard*, the Court held that VISA was not an indispensable party because its separate contract with FIFA was "not the contract at issue in MasterCard's lawsuit [with FIFA]." *Id.* at 386.  The Second Circuit expressly distinguished *MasterCard* from a case where "the actual contract involving the absent third party was the basis of the claim" and where the non-party's "ability to protect its interest in that contract would have been seriously impaired if it were not made a party to the action." *Id.* (citing *Crouse-Hinds*, 634 F.2d at 700-01).  Unlike the claim in *MasterCard,* Luck's claim in this case necessarily turns on whether Alpha breached the Employment Contract, and Alpha's interest in the Employment Contract would be impaired if it were not joined as a party in this action.

### C.   The Court Correctly Held That Alpha Is An Indispensable Party Regardless of Whether It Would Be Bound By A Judgment In This Action.

Previously, Luck argued to this Court that Alpha would not be prejudiced by its absence because "McMahon is Alpha."  (ECF No. 67 at 6.)  Now, Luck inconsistently argues in the instant motion that Alpha would not be prejudiced by its absence because it is *not* in privity with McMahon and therefore would not be bound by any judgment under principles of *res judicata* and collateral estoppel.  (ECF. No. 83 at 9-10.)

This Court "agree[d]" with McMahon's position that "Alpha plainly has an interest in this Court's determination of whether it had Cause to terminate the Contract regardless of whether it is bound by a judgment."  (ECF No. 79 at 12.)  The Court's decision was entirely

consistent with the numerous cases (including the *Global Discount* case cited by Luck in his motion) holding that a party to a contract may be prejudiced by its absence in an action involving its rights and obligations under that contract regardless of whether it is bound by a judgment. *See Glob. Disc. Travel Servs., LLC v. Trans World Airlines, Inc.*, 960 F. Supp. 701, 707–09 (S.D.N.Y. 1997) (holding that non-party would be prejudiced because the Court's interpretation of the contract in that action "will undoubtedly have a practical effect on any subsequent action" concerning the contract); *Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 862 F. Supp. 995, 1003–04 (W.D.N.Y. 1994) (holding that non-party would be prejudiced because the contract could be interpreted in a manner "adversely to the [non-party] without its ever having had the opportunity to protect its interest as a party to the agreement"), *aff'd*, 94 F.3d 747 (2d Cir. 1996); *Gellman v. Paul*, 85 F.R.D. 357, 358–59 (S.D.N.Y. 1980) ("Although our interpretation would not be binding as *res judicata* upon [non-party], the potential prejudice to its interests is plainly great enough to require joinder if feasible under Rule 19(a)."); *Rapoport v. Banco Mexicano Somex, S.A.*, 706 F. Supp. 207, 211–12 (S.D.N.Y. 1988) (holding that "[company] has a plain interest in the result of [plaintiff's] claim against [defendant], an alleged guarantor of obligations of [company], and is thus a necessary party" regardless of whether it would be bound by a judgment under *res judicata* principles). Indeed, the fact that any decision in this action would not have preclusive effect on Alpha counsels *in favor* of the Court's decision because joinder of Alpha would avoid the potential for duplicative litigation concerning the same subject matter. *See Glob. Disc. Travel Servs.,* 960 F. Supp. at 708–09 ("Because res judicata will not bind any subsequent court to this Court's interpretation of the contract, as [plaintiff] previously argued, [defendant] is at risk of having another court re-decide its rights and obligations under the Agreement. This situation is precisely what Rule 19 seeks to avoid.").

Luck once again fails to cite *any* authority contrary to the cases above to support his argument that Alpha is not an indispensable party merely because it would not be bound by a judgment in this action under principles of preclusion.

> **D.    Luck Ignores The Substantial Prejudice To McMahon If Alpha Were Not Joined As A Party In This Action.**

Luck acknowledges in his motion that the determination of whether an absent party is indispensable under Rule 19 requires the Court to consider "the potential prejudice to *existing* and absent parties." (ECF No. 83 at 9) (emphasis added). Having done so, Luck entirely ignores the substantial prejudice to McMahon if Alpha were not joined as a party in this action.

McMahon would be seriously prejudiced if the Court were to dispense with the requirement that Luck must first establish that Alpha has remaining liability to Luck under the Employment Contract in order to establish McMahon's liability under the Guaranty. McMahon executed a Guaranty that only applied to Alpha's obligations actually owed to Luck under the Employment Contract. McMahon would be prejudiced if Luck were relieved of his burden of proving that he was not properly terminated for cause and that payments are actually owed to him under the Employment Contract. McMahon also would be prejudiced because Alpha's absence in this action could affect his ability to present critical evidence to rebut Luck's claim that his termination for cause was improper, including communications protected by an attorney-client privilege that can only be waived by Alpha. In his sworn declaration supporting his prejudgment remedy application, Luck testified falsely regarding the XFL's player personnel policy. Establishing the falsity of Luck's statements demonstrates that he was not complying with the actual policy, which is grounds to terminate him for cause—and it is communications with counsel that will establish their falsity. Accordingly, the Court's finding that Alpha is an indispensable party in this action was also supported by the fact that McMahon would be

significantly prejudiced by Alpha's absence.  *See Gellman,* 85 F.R.D. at 358–59 (failure to join a party might still "unnecessarily prejudice the rights of defendants already present, since the risk of their being held liable may increase in the absence of a necessary party defendant").

## III. An Immediate Appeal From The Order Would Not Materially Advance The Ultimate Termination of the Litigation.

An order can be certified for an interlocutory appeal only if "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

"The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation." *Koehler,* 101 F.3d at 865-66.  "Section 1292(b) was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation, or to be a vehicle to provide early review of difficult rulings in hard cases.  Rather certification is warranted only in exceptional cases, where early appellate review might avoid protracted and expensive litigation." *Calderon v. Symeon*, No. 3:06CV1130, 2007 WL 842005, at *3 (D. Conn. Mar. 13, 2007) (internal quotation marks and citation omitted).  The third requirement for certification therefore can be satisfied only "where an intermediate appeal would advance the ultimate termination of a litigation or if the appeal would advance the time to trial or shorten the trial." *U.S. ex rel. Drake,* 736 F. Supp. 2d at 503.

Luck cannot meet his burden of establishing that an immediate appeal of the Court's order will materially advance the ultimate termination of this litigation for several reasons.

*First*, on July 17, 2020, Luck filed a motion to lift the automatic stay in Alpha's bankruptcy case so that he can join Alpha in this lawsuit.  *See In Re: Alpha Entertainment LLC*, Case No. 20-10940-LSS (Bankr. D. Del.) (ECF No. 295).  Luck's motion to certify this Court's Order for an interlocutory appeal is at least premature until the bankruptcy court rules on his

motion to lift the automatic stay.  If the bankruptcy court does lift the stay, then this case could proceed and any appeal would be moot.

*Second*, an interlocutory appeal of the Court's Order would not materially advance the ultimate termination of this litigation in any event.  As an initial matter, Luck's argument relies on the unproven proposition that any appeal will be resolved before Alpha's bankruptcy proceeding is resolved and the stay is lifted in this case.  Moreover, if the Court of Appeals were to hear the appeal and affirm the Order, then Luck would still be required to join Alpha as an indispensable party before this case can proceed against McMahon.  If the Court of Appeals were to reverse the Order, then Luck would not be required to join Alpha as a party, but any such ruling would not be dispositive and would not materially advance the *termination* of the litigation—it would merely allow the litigation to proceed.  Neither party has produced documents responsive to discovery requests or provided answers to interrogatories.  Neither party has taken any depositions.  Neither party has taken any discovery regarding the grounds for Luck's termination for cause under the Employment Contract.  Although Luck has made certain contentions about the Guaranty, there has been no discovery regarding the negotiation or drafting history of the Guaranty, which McMahon will show was drafted by Luck and an unknown attorney acting for Luck.  That yet to be developed testimony may impact canons of construction to be applied against Luck's position.  Accordingly, reversal of the Order would not resolve any of the remaining issues that are relevant to the merits of the case.

*Third*, reversal of the Order would actually increase the possibility of protracted and expensive litigation.  Such a result is directly contrary to a fundamental purpose of certifying orders for interlocutory appeal—the avoidance protracted and expensive litigation.

**CONCLUSION**

For the reasons set forth above, the Court should deny Luck's motion to certify the Order for an interlocutory appeal under 28 U.S.C. § 1292(b).

DEFENDANT VINCENT K. MCMAHON

By: */s/ Jerry S. McDevitt*
Jerry S. McDevitt *(pro hac vice)*
Curtis B. Krasik *(pro hac vice)*
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

**CERTIFICATION OF SERVICE**

I hereby certify that, on July 22, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jeffrey P. Mueller*
Jeffrey P. Mueller (ct27870)