# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK, | : | CASE NO. 3:20-cv-00516-VAB |
| Plaintiff, | : | |
| v. | : | |
| VINCENT K. MCMAHON, | : | |
| Defendant. | : | November 10, 2020 |

### DEFENDANT VINCENT K. McMAHON'S CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION TO LIFT THE STAY AND MOTION TO AMEND THE COMPLAINT

Defendant Vincent K. McMahon ("McMahon") respectfully submits this consolidated response to Plaintiff Oliver Luck's ("Luck") Motion to Lift the Stay and Motion to Amend the Complaint. McMahon does not oppose the relief sought by Luck's Motion to Lift the Stay and Motion to Amend the Complaint, but the timing of when the stay is lifted and leave is granted to amend the complaint and serve Alpha Entertainment LLC ("Alpha") should be briefly delayed until the bankruptcy court approves the arrangements for Alpha's engagement of counsel in this action.[1]

### BACKGROUND

This action is presently stayed pursuant to the Court's June 26, 2020 Ruling and Order on Motion for Prejudgment Remedy and Motion for Disclosure of Assets. ("June 26 Order," Doc. 79.) In its June 26 Order, the Court agreed with McMahon that "[t]o prevail against Mr. McMahon as a guarantor, Mr. Luck . . . would have to establish that Alpha still had an obligation

---

[1] In not opposing Luck's Motion to Amend the Complaint, McMahon does not waive any defenses to the merits of the claims asserted in the proposed amended complaint.

1

to him and breached that obligation under the Employment Contract." (Doc. 79 at 13.) Thus, the Court found that Alpha was a necessary party "because the issue of whether Alpha validly terminated Mr. Luck for cause under the Employment Contract, to which the Guaranty applies, must be resolved." (*Id.* at 14). The Court further found that Alpha was indispensable because "a party to a contract at issue is the paradigm of an indispensable party" and Alpha "is a separate legal entity with possible differing defenses and counterclaims from Mr. McMahon as guarantor." (*Id.* at 15 (internal quotations and citations omitted).) In light of the automatic stay of judicial proceedings as a result of Alpha's pending bankruptcy in the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), this Court "stay[ed] the case until Alpha can be joined as an indispensable party, pending the resolution of the bankruptcy proceedings." (*Id.* at 17.)

Following the filing of a motion for relief from the automatic bankruptcy stay by Luck and an agreement between Alpha and Luck regarding that motion, on August 7, 2020, the Bankruptcy Court entered an Agreed Order permitting the automatic stay to be lifted to allow Luck to join Alpha as a defendant in this action. Pursuant to the Agreed Order, the Bankruptcy Court ordered the automatic stay to be lifted as of the earlier of October 31, 2020 or sixty days after the closing date of Alpha's asset sale. Based on the closing date of Alpha's asset sale on August 21, 2020, the automatic stay was lifted as of October 20, 2020 to allow Luck to join Alpha in this action. That same day, Luck filed the Motion to Lift the Stay and Motion to Amend the Complaint. The Motion to Lift the Stay asks the Court to lift the stay in this action under the Court's June 26 Order, while the Motion to Amend the Complaint seeks leave to summon Alpha into this action and to serve it with the proposed amended complaint attached to Luck's Motion.

## ARGUMENT

As noted at the outset, McMahon does not oppose the relief sought by Luck's Motion to Lift the Stay and Motion to Amend the Complaint.  However, the timing of when the stay is lifted and leave is granted to amend the complaint and serve Alpha should be briefly delayed.  The Court's June 26 Order "stay[ed] the case until Alpha can be joined as an indispensable party, ***pending the resolution of the bankruptcy proceedings***."  (Doc. 79 at 17 (emphasis added).)  There are still proceedings that must be resolved in the Bankruptcy Court to enable Alpha to finalize arrangements for its representation in this action.

Specifically, on October 27, 2020, Alpha filed a Motion in the Bankruptcy Court seeking approval of a stipulation (the "Stipulation") among Alpha, the Official Committee of Unsecured Creditors of Alpha, and McMahon.  (*See* Exhibit A.)  As described in the Motion, Alpha determined that its active participation in this action through, among other things, the engagement of separate counsel would be a drain on Alpha's limited resources and divert Alpha's attention away from pursuing confirmation of its Chapter 11 Plan in the Bankruptcy Court.  (*See id.* at 6.)  Accordingly, the Stipulation provides that McMahon will pay for Alpha to defend Luck's claims against it and for Alpha to prosecute its counterclaims against Luck in exchange for the consideration specified in the Stipulation.  (*See id.* at Exhibit 1.)  Per the Stipulation, and if approved by the Bankruptcy Court, McMahon agreed to pay 67% of any recovery on Alpha's counterclaims to the estate of Alpha for the benefit of its creditors.  Alpha represented to the Bankruptcy Court that its "approval of the Stipulation is in the best interests of the Debtor, its estate, and its creditors." (*Id.* at 8.)  Any objections to the Stipulation are to be filed by November 10, 2020, with a hearing to obtain Bankruptcy Court approval for Alpha's Motion scheduled for November 17, 2020.  (*See id.* at 1.)

The defense of Luck's claims against Alpha and the prosecution of Alpha's counterclaims in this action cannot proceed unless and until the Bankruptcy Court approves the Stipulation. This could create the possibility of a timing conflict because once this Court lifts the stay in this action and Alpha is served with Luck's proposed amended complaint, Alpha will be under a 21-day deadline by which to answer the amended complaint and assert all available counterclaims. *See* Fed. R. Civ. P. 12(a) & 13(a). To avoid any potential timing conflict and to afford reasonable time to respond to Luck's allegations and draft counterclaims on Alpha's behalf, we request that the Court briefly delay granting Luck's Motions until the parties notify this Court that the Bankruptcy Court has approved the Stipulation. Given the approximately seven months that have elapsed since Luck filed this lawsuit in April 2020, Luck will not be prejudiced by the negligible additional delay necessary to enable the Bankruptcy Court to approve the Stipulation so that Alpha's rights can be fully protected in this action.

## CONCLUSION

For all of the foregoing reasons, the Court should briefly delay lifting the stay in this action and granting leave for Luck to summon Alpha into this action and serve it with the proposed amended complaint until the parties notify the Court that the Stipulation has been approved by the Bankruptcy Court at or following the hearing scheduled for November 17, 2020.

**DEFENDANT VINCENT K. MCMAHON**

By: */s/ Jerry S. McDevitt*
Jerry S. McDevitt (pro hac vice)
Curtis B. Krasik (pro hac vice)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501

Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com


Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com


### CERTIFICATION OF SERVICE

    I hereby certify that on November 10, 2020, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.


                                                        */s/ Jeffrey P. Mueller*