IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § | |
| | § | |
|    *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL NO. 3:20-cv-516 (VAB) |
| | § | |
| VINCENT K. MCMAHON and | § | |
| ALPHA ENTERTAINMENT LLC | § | |
| | § | October 20, 2020 |
|    *Defendants.* | § | |

**AMENDED COMPLAINT**

Plaintiff, Oliver Luck, by and through his undersigned attorneys, as and for his Complaint against Defendants, Vincent K. McMahon ("McMahon") and Alpha Entertainment LLC ("Alpha") (collectively, the "Defendants"), hereby alleges as follows, based on knowledge of his own actions, and on information and belief as to all other matters:

**I.      INTRODUCTION**

1.      This lawsuit concerns Defendants' wrongful termination of Mr. Luck as Commissioner and CEO of the XFL, a professional football league, and McMahon's breach of guaranty for payment of Mr. Luck's salary and bonus as Commissioner and CEO. Despite fulfilling his obligations as Commissioner and CEO since May 30, 2018, Mr. Luck was wrongfully terminated by Alpha, an affiliate of McMahon, on April 9, 2020.[1]  Thus, Alpha has repudiated Mr.

---

[1] Moreover, on April 13, 2020, Alpha filed its petition for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), Case No. 20-10940 (LSS).  At the same time, Alpha filed its Eleventh Omnibus Motion for Entry of an Order Authorizing the Debtor to Reject Certain Executive Contracts Effective at the Petition Date, by which Alpha seeks an order of the Bankruptcy Court authorizing it to reject, *inter alia*, the Employment Contract (as defined below) under 11 U.S.C. § 365(a), effective as of the date of the filing of the bankruptcy on April 13, 2020.  (*In re Alpha Entertainment LLC*, Case No. 20-10940, ECF No. 22 (Bankr. D. Del.)).  Under 11 U.S.C. § 365(g)(1), the rejection of an executory contract "constitutes a breach of such contract . . . immediately before the date of the filing of the petition."  In this lawsuit, Plaintiff joins Alpha for the sole purpose of seeking a declaration of whether or not Alpha properly terminated Mr. Luck for cause under his Employment Contract, defined infra.

Luck's employment agreement. Mr. Luck brings this action for (1) a declaratory judgment against Alpha for the wrongful termination of Mr. Luck under the Employment Contract (as defined *infra*) and (2) breach of contract and declaratory judgment against McMahon, who, as primary obligor, guaranteed Alpha's performance of its obligations under the Employment Contract and who, with knowledge of Alpha's alleged termination of Mr. Luck, has failed to perform the obligation of payment. In addition, under the Guaranty (as defined below), McMahon waived all defenses and discharges, legal or equitable, to his obligations under the Guaranty whether or not the Employment Contract is valid or enforceable.

## II.   THE PARTIES

2. Plaintiff, Oliver Luck, is a citizen of Indiana.

3. Defendant, Vincent K. McMahon, is a citizen of Connecticut.

4. Nominal Defendant, Alpha Entertainment LLC, is a citizen of Connecticut and Delaware as its members at the time this action commenced were Vincent K. McMahon, a citizen of Connecticut, and World Wrestling Entertainment, Inc., a citizen of Delaware and Connecticut.

## III.   JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2) because there is complete diversity between the Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391(b) because the Defendants reside in this judicial district. Additionally, Mr. Luck performed a substantial part of his employment obligations, and Alpha and McMahon breached their obligations, in this judicial district. Thus, venue is also proper in the District of Connecticut

pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims asserted occurred in this judicial district.

## IV.   BACKGROUND FACTS

7.   Mr. Luck agreed to be the Commissioner and CEO for the new professional football league known as the XFL. On May 30, 2018, Mr. Luck entered into the Contract for Employment as Commissioner and CEO (the "Employment Contract"). *See* Employment Contract, attached hereto as Exhibit 1.

8.   McMahon was the controlling owner of Alpha during the entire period Mr. Luck was employed by Alpha and when Mr. Luck was wrongfully terminated by Alpha. McMahon, as a primary obligor, personally, unconditionally, and irrevocably guaranteed Alpha's performance of its agreements and obligations under the Employment Contract, including, but not limited to, payment of Mr. Luck's base salary and guaranteed annual bonus. *See* Ex. 1 at Exhibit A (the "Guaranty").

9.   The Employment Contract and the Guaranty provide that they are to be governed by Connecticut law. Ex. 1 at 4 "Governing Law"; Ex. 1 at Ex. A ¶ 3.

10.   McMahon executed the Guaranty in favor of Mr. Luck for payment and performance of Alpha's obligations under the Employment Contract. Ex. 1 at Ex. A. Under the Guaranty, McMahon's obligations are unconditional, absolute, continuing, and irrevocable. Further, McMahon waived any legal or equitable defenses to Mr. Luck's enforcement of the Guaranty. *Id.* ¶ 2.

11.   On April 9, 2020, Alpha wrongfully terminated Mr. Luck's employment allegedly for cause, effective immediately, and repudiated the Employment Contract. *See* Termination Letter, attached as Exhibit 2. Mr. Luck wholly disputes and rejects the allegations set forth in the

Termination Letter and contends they are pretextual and devoid of merit. *See* Response Letter dated April 16, 2020, attached as Exhibit 3.

12. As a primary obligor, McMahon has failed to perform his duties under the Guaranty despite his knowledge and approval of the facts that (a) Alpha terminated the Employment Contract, and did so without cause; and (b) under the Guaranty, he waived all defenses to its enforcement. Accordingly, all amounts of base salary, bonuses, and other forms of compensation are now due and owing to Mr. Luck by McMahon.

## V.     CLAIMS FOR RELIEF

### COUNT ONE - DECLARATORY JUDGMENT

13. Plaintiff incorporates herein by reference all preceding paragraphs.

14. In accordance with 28 U.S.C. § 2201, an actual controversy exists between Mr. Luck and Alpha.

15. Mr. Luck seeks, and is entitled to, a declaration that Alpha wrongfully terminated and repudiated the Employment Contract without cause.

### COUNT TWO - DECLARATORY JUDGMENT

16. Plaintiff incorporates herein by reference all preceding paragraphs.

17. In accordance with 28 U.S.C. § 2201, an actual controversy exists between Mr. Luck and Mr. McMahon.

18. Mr. Luck seeks, and is entitled to, a declaration that McMahon's obligations under the Guaranty are as primary obligor such that McMahon is primarily responsible to Mr. Luck for all amounts owed to him under the Employment Contract.

19. Further, Mr. Luck seeks and is entitled to, a declaration that McMahon has waived all defenses and discharges, legal or equitable, to Mr. Luck's enforcement of the Guaranty.

## COUNT THREE - BREACH OF CONTRACT

20. Plaintiff incorporates herein by reference all preceding paragraphs.

21. Because Alpha wrongfully terminated and repudiated the Employment Contract without cause, all future salary, bonuses and other compensation are now immediately due and payable to Mr. Luck.

22. Mr. McMahon has breached his obligations under the Guaranty by failing to pay all amounts owed to Mr. Luck.

23. As a result, Mr. Luck has suffered damages in an amount exceeding the minimum jurisdictional amounts of this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the Defendants' conduct complained of herein, Mr. Luck asks that this Court enter judgment in Mr. Luck's favor, and against McMahon, and award to Mr. Luck:

    a. Actual damages;

    b. Reasonable attorneys' fees, expenses, and costs of court;

    c. All pre- and post-judgment interest as allowed by law at the highest rate allowed by law, including interest pursuant to Conn. Gen. Stat. § 37-3a; and

    d. Declaratory Judgment as set forth above in Count Three.

Further based on Defendants' conduct complained of herein, Mr. Luck asks that this Court enter judgment in Mr. Luck's favor, and against Alpha, and award to Mr. Luck:

    a. Declaratory Judgment as set forth above in Count One.

Mr. Luck further prays for all other relief to which he may be entitled.

## DEMAND FOR JURY TRIAL

Mr. Luck requests a trial by jury for all issues so triable pursuant to FED. R. CIV. P. 38(b) and 38(c).

### PLAINTIFF OLIVER LUCK

*/s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel.: (203) 324-8100
Fax: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com

### AND

*/s/ Paul J. Dobrowski*
Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
Jared A. McHazlett (phv10650)
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email:  pjd@doblaw.com
Email:  vpierce@doblaw.com
Email : jmchazlett@doblaw.com

*HIS ATTORNEYS*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 16, 2020, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

             /s/ Andrew M. Zeitlin
             Andrew M. Zeitlin (Fed. Bar No. ct21386)
             Shipman & Goodwin LLP
             300 Atlantic Street
             Stamford, CT 06901-3522
             Telephone: 203-324-8100
             Facsimile: 203-324-8199
             azeitlin@goodwin.com

9256534v1