## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK, | : | CASE NO. 3:20-cv-00516-VAB |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| VINCENT K. MCMAHON and ALPHA | : | |
| ENTERTAINMENT LLC, | : | |
| | : | |
| Defendants. | : | DECEMBER 8, 2020 |

## <u>JOINT MOTION FOR DISCOVERY CONFERENCE</u>

Pursuant to the Court's Chambers Practices, Plaintiff Oliver Luck ("Luck") and Defendants Vincent K. McMahon ("McMahon") and Alpha Entertainment LLC ("Alpha") (collectively, the "Parties") hereby jointly request a discovery conference to address the following discovery dispute.  In support of this motion, the Parties state that they have conferred and attempted to resolve the dispute in good faith but remain unable to reach a resolution.

I.      **Issue in Dispute**

Defendants contend that Luck must provide the passcode necessary to access the contents of the iPhone owned by Alpha and issued to Luck for his business use as CEO and Commissioner of the XFL, as required by Connecticut law.  *See* Conn. Gen. Stat. § 31-40x(c)(1) (requiring "an employee or applicant provide such employer with a user name and password, password or any other authentication means for accessing" any "electronic communications device supplied or paid for, in whole or in part, by such employer").  This is a narrow and straightforward issue that Defendants unsuccessfully have attempted to resolve with Luck's counsel for months.

Luck's counsel previously advised that he will not provide the passcode to Alpha's iPhone, which is currently in the possession and custody of Alpha's bankruptcy counsel.  Since that time, Luck's counsel has agreed to reconsider, but in reality his position has not changed.

A.      **Background**

Luck's counsel consistently refused to provide the passcode *for months*.  On September 9, 2020, Defendants' counsel requested that Luck provide the passcode to the iPhone.  On the same date, Luck's counsel unequivocally stated that Luck would not provide the passcode.

On November 18, 2020, after the stay of this case was lifted, counsel for the Parties held a teleconference at Luck's request to discuss a proposed case scheduling order.  Defendants' counsel informed Luck's counsel that their proposed discovery deadlines were contingent on prompt resolution of the dispute concerning the passcode.  The Parties therefore met and conferred on the passcode issue during the November 18, 2020 conference, and Luck's counsel again unequivocally refused to disclose the passcode.   Accordingly, on December 1, 2020, Defendants' counsel provided Luck's counsel with a draft of this motion and requested their comments.  Luck's counsel responded that they wanted to meet and confer again on the passcode issue before this motion was filed, but would not be available for a conference until Friday, December 4, 2020.

On Friday, December 4, 2020, counsel for the Parties met and conferred on the passcode issue again by telephone, and Luck's counsel proposed a compromise to resolve the issue, *i.e.*, a stipulation that Luck used the iPhone, regularly and routinely, both for personal and work-related purposes.  Defendants' counsel rejected that proposal because it merely stipulated to what Luck has already admitted in pleadings filed with the Court, concealed that Luck also used the iPhone for business purposes unrelated to the XFL, and concealed the nature and full extent of Luck's violations of XFL policies.  Moreover, Luck's proposed stipulation ignored that Luck is *legally obligated* to disclose the passcode under Connecticut law.  *See* Conn. Gen. Stat. § 31-40x(c)(1). In light of the Parties' impasse on this issue at the conclusion of the December 4, 2020 conference, Defendants' counsel asked Luck's counsel to inform them whether Luck would comply with

2

Connecticut law and provide the passcode by the close of business on Monday, December 7, 2020, because Defendants intended to seek a discovery conference with the Court to ensure prompt resolution of this issue.

After having the weekend to further consider the issue, on Monday, December 7, 2020, Luck's counsel told Defendants' counsel that they would continue to consider the request and would inform Defendants' counsel of their position by January 8, 2021, when they serve their written responses to discovery requests.  In furtherance of their attempt to delay resolution of this straightforward issue of Connecticut law until after January 8, 2021, Luck's counsel then rushed to file a motion for entry of a scheduling order on the afternoon of December 7, 2020, misrepresenting that the Parties had agreed to proposed discovery deadlines when Defendants' counsel had repeatedly made clear that their agreement to those deadlines was contingent on prompt resolution of the passcode issue—a crucial contingency that was not reflected in the motion that Luck's counsel unilaterally and hastily filed with the Court.

**B.      Brief Summary of Parties' Positions**

**1.      Defendants' Position**

Defendants request that the Court compel Luck to disclose the passcode for Alpha's iPhone and order that the iPhone be provided to the expert retained by Defendants so that it can be forensically imaged and its full contents can be preserved and reviewed by Defendants. Defendants are entitled to have their own expert conduct a forensic examination of *Alpha's* iPhone. Defendants do not have to rely upon the forensic image of *Alpha's* iPhone made by Luck's expert and are not limited to a review of only the selective contents from *Alpha's* iPhone that Luck deems

relevant and decides to produce.[1]  The *full contents* of the iPhone are relevant to establishing the nature and extent of Luck's violation of applicable XFL policies, Luck's breach of his Employment Contract with Alpha, and Luck's proper termination for cause under that contract.  Such evidence is critical to Defendants' defenses and Alpha's anticipated counterclaims in this action.

Defendants further maintain that Luck has no legitimate privacy interest in the contents of Alpha's iPhone.  *First*, the iPhone is *owned by Alpha*, Luck's former employer.  *Second*, Connecticut law expressly authorizes employers to require employees to provide passcodes for accessing employer-issued devices.  *See* Conn. Gen. Stat. § 31-40x(c)(1).  *Third*, the XFL's policies promulgated by Luck himself expressly provided that the device was to be used only for XFL business purposes, that employees had *no expectation of privacy* in the use of employer-issued devices, and that use of such devices was subject to monitoring by their employer.  Indeed, Luck has not provided *any* legal or factual basis for refusing to comply with his obligation to disclose the passcode to Alpha's iPhone.

Defendants also maintain that Luck is needlessly attempting to delay resolution of this critical discrete issue for more than another month until after January 8, 2021.  Luck's position below makes clear that he has no intention to provide the passcode on January 8, 2021 because he states that he only will provide the "appropriate responsive contents of the iPhone" and not the unfettered access to Alpha's iPhone which is required by Connecticut law and to which Defendants are entitled.  There is no reason therefore to wait for over another month only to have Luck again object to disclosing the passcode.  Prompt resolution of the issue in advance of January 8, 2021 is necessary for Defendants' expert to complete its forensic analysis of Alpha's iPhone, to assist

---

[1] Contrary to Luck's statement below, Luck's counsel has never advised Defendants' counsel that *Luck* did not delete any content from Alpha's iPhone before providing it to his expert or returning it to Alpha's bankruptcy counsel. Defendants are entitled to have their own expert conduct a forensic examination of Alpha's iPhone to determine whether any deletions were made by Luck and any evidence was spoliated.

Alpha in the preparation of its defenses and counterclaims, and to ensure a meaningful reciprocal exchange of discovery responses and document production. Indeed, the passcode is necessary to unlock the evidence that currently resides on Alpha's iPhone.

Moreover, contrary to Luck's statement below, Defendants repeatedly made clear that their agreement to the proposed scheduling order unilaterally filed by Luck was contingent on resolution of the passcode issue *before* January 8, 2021 so that discovery could proceed in an orderly and efficient manner.

2.      **Luck's Position**

Luck's counsel contends that Defendants' request for a discovery conference is premature. The parties previously agreed that they would serve their responses and objections to all discovery requests by January 8, 2021. In fact, noticeably absent from Defendants' request for a discovery conference is a reference to any outstanding formal discovery request to which Plaintiff has not timely replied or with which Plaintiff has not timely complied. Defendants appear to be relying on Defendant's Interrogatory No. 1, but that response, and/or objection, is not due until January 8, 2021 per agreement of counsel. Indeed, as recently as yesterday morning, Mr. Luck's counsel informed Defendants' counsel that they would continue to consider that Interrogatory in good faith, and advise of Mr. Luck's position by that January 8 deadline.

Moreover, as the Court is aware, discovery in this case was stayed for several months per the Defendant's request. Consequently, the parties were prohibited from engaging in discovery for a period of several months. Moreover, Defendants have provided no legitimate legal basis which entitles Mr. McMahon to Mr. Luck's passcode and personal information. Indeed, it was not until last week that Alpha appeared as a party in this case and, as Plaintiff understands Defendants'

legal position, it is Alpha that claims the contractual right to Mr. Luck's passcode under the XFL's Employee Handbook.

Further, Plaintiff's counsel believes it would serve the interests of efficiency and judicial economy to resolve all discovery issues at one time; once the parties serve their responses and objections to each other's discovery requests, they may have disagreements on other discovery issues. If so, it would be more efficient for the Court to address all discovery issues at the same time. Consequently Plaintiff's counsel respectfully requests that the Court set the conference after January 8, 2021, after which Plaintiff's counsel is available at any time convenient for the Court and opposing counsel.

Luck has objected to providing the passcode to the iPhone on the grounds that it contains private and confidential materials. Luck's counsel previously advised Defendants' counsel and/or Alpha's bankruptcy counsel that it retained a third party expert who has already imaged the contents of Mr. Luck's iPhone and that no deletions have been made. Mr. Luck's counsel also previously advised Defendants' counsel that it will provide the appropriate responsive contents of the iPhone to legitimate Requests for Production, for which there are no objections, pursuant to the Federal Rules of Civil Procedure.

## II.   Proposed Dates for Conference and Submissions

The Parties are available for a discovery conference with the Court on December 17, 2020 or December 18, 2020. Pursuant to the Court's Chambers Practices, the Parties intend to file submissions of no more than five pages detailing their respective positions on the foregoing issue one week before the date of the scheduled conference.

PLAINTIFF OLIVER LUCK

By:  */s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (ct21386)
Joette Katz (ct30935)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, CT 06901
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com

Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
DOBROWSKI, LARKIN & STAFFORD,
L.L.P.
4061 Washington Avenue, Suite 200
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email: pjd@doblaw.com
Email: vpierce@doblaw.com

DEFENDANTS VINCENT K. MCMAHON
and ALPHA ENTERTAINMENT LLC

By:  */s/ Jerry S. McDevitt*
Jerry S. McDevitt
Curtis B. Krasik
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

## **CERTIFICATION OF SERVICE**

I hereby certify that, on December 8, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jeffrey P. Mueller*
Jeffrey P. Mueller (ct27870)

7