**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| OLIVER LUCK | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL NO. 3:20-cv-516 (VAB) |
| | § | |
| VINCENT K. MCMAHON and | § | |
| ALPHA ENTERTAINMENT LLC | § | |
| | § | December 10, 2020 |
| *Defendants.* | § | |

**PLAINTIFF OLIVER LUCK'S BRIEF POSITION STATEMENT**
**FOR DECEMBER 17, 2020 DISCOVERY CONFERENCE**

**Preliminary Statement**

Plaintiff Oliver Luck respectfully urges the Court to deny Defendants' request for an order compelling him to provide the passcode to the iPhone issued to him by defendant Alpha Entertainment LLC ("Alpha" or "XFL").

As set forth below, Defendants' request for the passcode appears to be nothing more than a fishing expedition in an attempt to identify a justification for Alpha's improper termination of Mr. Luck on April 9, 2020, right before Alpha shut down operations and filed for bankruptcy. Mr. Luck has offered to stipulate that he regularly and routinely used his iPhone for both XFL and personal purposes; such a stipulation obviates the need for Defendants to inspect the contents of the iPhone for any purpose related to the litigation. Further, and despite Defendants' arguments to the contrary, neither Defendant has any statutory right to the passcode, as they are not employers of Mr. Luck nor is he their employee. Moreover, Defendants' request for this conference is premature. The information at the center of this dispute has been requested in an interrogatory the response to which is not due until January 8, 2021, and Mr. Luck's counsel has informed

Defendants' counsel that they will continue to consider the interrogatory in good faith and provide a response or objection no later than the parties' agreed-upon deadline.

## Defendants' Request Should Be Denied

***First***, Defendants have no legitimate legal basis that entitles them to Mr. Luck's passcode and personal information.  As to Alpha, its reliance on Conn. Gen. Stat. § 31-40x(c)(1) is misplaced because, under the statute's definitions, Mr. Luck is not an "employee", and Alpha is not his "employer."  Section 31-40x's purpose is to "prohibit employers from requesting or requiring an *employee* or *job applicant*" to provide access to the employee's or job applicant's personal online accounts.  Mar. 31, 2015, Connecticut Bill Analysis, 2015 Senate Bill 426, CT B. An., 2015 S.B. 426 (emphasis added).  An exception allows an *employer* to "request or require that an *employee* or applicant provide such employer with a user name and password, password or any other authentication means for accessing . . . any electronic communications device supplied or paid for, in whole or in part, by such employer."  Conn. Gen. Stat. § 31-40x(c)(1) (emphasis added); *see also* CT B. An., 2015 S.B. 426 (emphasis added).  "Employee" means "any person ***engaged in service*** to an employer in the business of his or her employer"; "employer" means "any person engaged in business who has employees, including the state and any political subdivision thereof."  Conn. Gen. Stat. § 31-40x(a)(2)-(3) (emphasis added).  These narrowly defined terms are used throughout the statute's text, but neither the statute nor the bill's analysis mentions *former* employees or *former* employers nor is their definition ever expanded.  *See id.* § 31-40x; CT B. An., 2015 S.B. 426.[1]  Here, Mr. Luck is not "engaged in service to" Alpha.  Accordingly, the

---

[1] Under the "plain meaning rule," the "meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered."  Conn. Gen. Stat. § 1-2z.

statute and its exceptions do not apply to Mr. Luck, a former employee, or Alpha, a former employer.

Moreover, not only have the status of Alpha as employer and Mr. Luck as the employee expired, but it is noteworthy that the statute expressly prohibits employers from engaging in intrusive behavior, provides very explicit remedies for the employee's violation of very specific and limited terms (transfer of proprietary, confidential and financial information), Conn. Gen. Stat. § 31-40x(c)(2), and allows for investigation to ensure compliance with applicable laws, regulatory requirements or prohibitions against work-related employee misconduct under very circumscribed instances (receipt of specific information about activity on employee's or applicant's personal online account, or receipt of specific information about employee's or applicant's unauthorized transfer of employer's proprietary, confidential or financial data).  Conn. Gen. Stat. § 31-40x(d)(1). The limitations restricting employer behavior and remedies reflect the legislature's intent that the statutory scheme on which Alpha relies is to be strictly construed.  Any relief afforded Alpha does not extend beyond the statutory parameters nor live in perpetuity.

As to Mr. McMahon, he did not provide the iPhone to Mr. Luck, and he is not and never has been Mr. Luck's employer (likewise Mr. Luck is not and never has been "engaged in service to" Mr. McMahon).  Therefore, he cannot rely on Conn. Gen. Stat. §31-40x(c)(1) and he is not entitled to the passcode.

***Second***, Defendants' request for the passcode is no more than a fishing expedition[2] designed to harass and embarrass Mr. Luck and invade his privacy.  Mr. Luck offered to stipulate

---

[2] There can be no serious doubt that Defendants' desire to inspect the iPhone is a fishing expedition.  The termination notice issued to Mr. Luck on April 9, 2020, practically on the eve of the XFL's announcement that it was shutting down operations and its bankruptcy filing, fails to mention Mr. Luck's supposed improper use of his iPhone as a basis for his termination, and Defendants are now apparently trying to come up with a post hoc justification for the termination.

that he *regularly and routinely* used the iPhone for both work and non-work purposes.  Defendants rejected this proposal while offering no credible explanation as to why it is insufficient or why they need access to all of Mr. Luck's personal communications.  Instead, Defendants simply make the conclusory claim that they are entitled to the "*full contents* of the iPhone" to establish "the nature and extent of Luck's violation of applicable XFL policies, Luck's breach of his Employment Contract with Alpha, and Luck's proper termination for cause under that contract."  Such reasons ring hollow.  Mr. Luck's proposed stipulation establishes both the nature and extent (regular and routine) of his use of the iPhone for work and non-work purposes, and arguably establishes a technical violation of XFL policy.[3]  In light of that proffer, Defendants simply provide no credible explanation as to why they require unfettered access to Mr. Luck's iPhone for purposes of the issues in this case, nor why the privacy of Mr. Luck -- who is no longer an employee of Alpha -- should be disturbed.  Thus, neither Mr. McMahon nor Alpha should be granted unrestricted access to the contents of Mr. Luck's iPhone.

*Third*, Defendants' request for a discovery conference is premature.  Defendants have sought this conference to compel the production of the iPhone passcode (as requested in an interrogatory served by Mr. McMahon) notwithstanding the fact that Mr. Luck's responses and objections to Defendants' discovery requests are not due to be served until January 8, 2020, per agreement of counsel.  [Ex. 1, e-mail dated November 24, 2020].  Noticeably absent from Defendants' request for this conference is a reference to any outstanding discovery request to which Plaintiff has not timely replied or with which Plaintiff has not timely complied.  Defendants are improperly seeking to shorten the time to which Mr. Luck is entitled to serve his response to Interrogatory No. 1.  Further, as recently as December 7, 2020, Mr. Luck's counsel informed

---

[3] Mr. Luck, of course, does not concede that regular and routine use of the XFL-issued iPhone constituted "cause" to terminate his employment.

Defendants' counsel that they would continue to consider that Interrogatory in good faith, and advise of Mr. Luck's position by the agreed-upon January 8 deadline.  While Defendants now seek to shorten Mr. Luck's time to answer Interrogatory No. 1, in seeking an order requiring an immediate response, Defendants fail to inform the Court that they previously rejected Mr. Luck's proposal that the parties serve discovery responses and objections *earlier* than January 8, 2021.

Further, it would serve the interests of efficiency and judicial economy to resolve all discovery issues at one time rather than raise issues with the Court piecemeal; once the parties serve their responses and objections to each other's discovery requests, they may have disagreements on other discovery issues.  If so, it would be more efficient for the Court to address all discovery issues at the same time.

WHEREFORE, Plaintiff Oliver Luck respectfully requests that the Court deny Defendants' request to require unfettered access to the full contents of Mr. Luck's iPhone and deny Defendants' request for Mr. Luck's passcode to the iPhone.

*Signature of counsel on following page.*

**PLAINTIFF OLIVER LUCK**

*/s/ Paul J. Dobrowski*
Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
Jared A. McHazlett (phv10650)
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email:  pjd@doblaw.com
Email:  vpierce@doblaw.com
Email : jmchazlett@doblaw.com

**AND**

*/s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed. Bar No. ct30935)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel.: (203) 324-8100
Fax: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com

***HIS ATTORNEYS***

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 10, 2020, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                        */s/ Paul J. Dobrowski*

9314354v1