# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL NO. 3:20-cv-516 (VAB) |
| VINCENT K. MCMAHON and ALPHA ENTERTAINMENT LLC | § § § § | December 15, 2020 |
| *Defendants.* | § § | |

**PLAINTIFF OLIVER LUCK'S SUPPLEMENT TO POSITION STATEMENT
FOR DECEMBER 17, 2020 DISCOVERY CONFERENCE**

In addition to the points raised in Plaintiff Oliver Luck's Brief Position Statement dated December 10, 2020 (ECF No. 106), the Court should deny Defendants' request for an order compelling Mr. Luck to provide the passcode to the iPhone issued to him by defendant Alpha Entertainment LLC ("Alpha") because the request seeks information that is not relevant to the issues in dispute.

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case . . . ." (Emphasis added.) Information sought in discovery must be reasonably calculated to lead to the discovery of admissible evidence. *See Harnage v. Brennan*, 2018 WL 4141035, at *4 (D. Conn. Aug. 30, 2018) (denying plaintiff's motion to compel in part where plaintiff had not articulated how the discovery requests were reasonably calculated to lead to the discovery of admissible evidence); *Braswell v. Bujnicki*, 2018 WL 1293076, at *1 (D. Conn. Mar. 13, 2018) (denying in part plaintiff's motion to compel where Court could not discern how the discovery sought would lead to the discovery of admissible evidence).

1

The information that the Defendants seek—the passcode to the iPhone issued to Mr. Luck by Alpha—is not reasonably calculated to lead to the discovery of admissible evidence because Mr. Luck's personal use of the cellphone was not and could not have been a basis for his termination. Pursuant to the May 2018 Employment Contract between Mr. Luck and Alpha (the "Employment Contract"), if any act by Mr. Luck that would have constituted "cause" to terminate his employment was susceptible to cure, Alpha was required to give Mr. Luck thirty days' written notice to effect such cure. Alpha did not do so, however, and therefore could not have invoked Mr. Luck's personal use of the iPhone—an act that indisputably was susceptible to cure—as a basis to terminate him.[1]

Further, Alpha cannot benefit from its own wrongful termination of Mr. Luck by relying on its own act—the termination—as the cause for its failure to abide by the Employment Contract and provide thirty days written notice to cure. See *Semac Electric Co., Inc. v. Skanska USA Building Inc.*, 195 Conn. App. 695 (2020).

Thus, whether Mr. Luck used the iPhone for personal matters is irrelevant to the issues in this case and the iPhone passcode is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff Oliver Luck respectfully requests that the Court deny Defendants' requests.

---

[1] Not only did Alpha's termination without notice and opportunity to cure violate Mr. Luck's employment contract, it also served to strip Alpha of its "employer" status under Conn. Gen. Stat. § 31-40x.

**PLAINTIFF OLIVER LUCK**

*/s/ Paul J. Dobrowski*
Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
Jared A. McHazlett (phv10650)
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email: pjd@doblaw.com
Email: vpierce@doblaw.com
Email : jmchazlett@doblaw.com

**AND**

*/s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed. Bar No. ct30935)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel.: (203) 324-8100
Fax: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com

***HIS ATTORNEYS***

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2020, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Andrew M. Zeitlin*