## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK, | : | CASE NO. 3:20-cv-00516-VAB |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| VINCENT K. MCMAHON and ALPHA ENTERTAINMENT LLC, | : | |
| | : | |
| Defendants. | : | DECEMBER 18, 2020 |

### NOTICE OF DEFENDANTS' ATTEMPTED COMPLIANCE WITH COURT ORDER DATED DECEMBER 17, 2020 AND REQUEST FOR ORDER

Defendants Vincent K. McMahon ("McMahon") and Alpha Entertainment LLC ("Alpha") (collectively, the "Defendants") submit this Notice in response to the Court's order requiring the parties to "submit a proposed stipulation agreement regarding any potential spoliation of data on Mr. Luck's Alpha-issued cellphone by December 18, 2020" (the "Order") (ECF No. 111).

1. On December 17, 2020, the Court held a discovery conference regarding the issue of whether Plaintiff Oliver Luck ("Luck") should be compelled to disclose the passcode to the iPhone that was issued to him by Alpha solely for his use on XFL-related business (the "iPhone"). The Court stated that it was inclined to resolve the passcode issue at a subsequent discovery conference to be held in January 2021. Defendants' counsel raised concerns that data on the iPhone may have been lost as a result of Luck's actions and that a delay in resolving the passcode issue could lead to a further loss of data on the iPhone.

2. In response to the concerns raised about potential spoliation, Luck's lead counsel represented to the Court during the discovery conference that there had been no deletion of data on the iPhone. Luck also represented in previous filings with the Court that "Luck's counsel previously advised Defendants' counsel and/or Alpha's bankruptcy counsel that it retained a third

party expert who has already imaged the contents of Mr. Luck's iPhone and that ***no deletions have been made***." (ECF No. 101 at 6 (emphasis added).)[1]  Luck's counsel further stated during the discovery conference with the Court that he would be willing to enter into a stipulation to that effect.  Based on the statements by Luck's counsel, the Court entered the Order directing the parties to submit such a stipulation and scheduled another discovery conference, at which the passcode issue would be resolved, for January 12, 2021.  (ECF No. 111.)

3. Pursuant to the Order, Defendants' counsel promptly had a teleconference with Luck's counsel at 1:30 p.m. on December 17, 2020 in an attempt to reach such a stipulation.  Defendants' counsel asked Luck's counsel whether, consistent with the representations that Luck had repeatedly made to the Court, Luck would stipulate that (1) Luck did not delete any data on the iPhone since receipt of his termination letter on April 9, 2020, and (2) Luck did not change any settings on the iPhone that would affect the retention of data at any time.  Luck's counsel asked Defendants' counsel whether Defendants would stipulate that Alpha's bankruptcy counsel did not delete any data on the iPhone since the iPhone was returned to Alpha's bankruptcy counsel on May 7, 2020.  After the conference on December 17, 2020, Defendants promptly confirmed with Alpha's bankruptcy counsel that they could agree to such a stipulation.

4. After not hearing back from Luck's counsel for the rest of the day, at 8:13 a.m. on December 18, 2020, Defendants' counsel sent Luck's counsel a draft of the proposed stipulation attached as Exhibit A.  The draft stipulation proposed that Luck would stipulate that, consistent with the representations Luck had repeatedly made to the Court, (1) he did not delete any data on the iPhone since receipt of his termination letter on April 9, 2020, and (2) he did not change any settings on the iPhone that would affect the retention of data at any time.  The draft also proposed

---

[1] Luck himself is a formally trained lawyer undoubtedly aware of the concept of spoliation.

that Defendants would stipulate that Alpha's bankruptcy counsel did not delete any data on the iPhone since the iPhone was returned to Alpha's bankruptcy counsel on May 7, 2020.

5. At 3:27 p.m. on December 18, 2020, Luck's counsel finally responded by stating that he could not agree to the proposed stipulation attached as Exhibit A and sent a completely different proposed stipulation attached as Exhibit B.  Contrary to the representations that Luck had repeatedly made to the Court and despite the Court's order to agree to a stipulation consistent with those representations, Luck admitted that he *had in fact deleted data* from the iPhone and *spoliated evidence* on the iPhone after receiving his termination letter on April 9, 2020 and before sending it to Alpha's bankruptcy counsel nearly month later on May 6, 2020.  Indeed, Luck's proposed stipulation admitted:

   a. Luck *continued to use* Alpha's iPhone "in the ordinary course, including to receive text messages and telephone calls" even *after he was terminated from Alpha's employment* despite being directed to return the iPhone to Alpha in his termination letter.  Luck's continued use of the iPhone could have resulted in the automatic loss of data on the iPhone.

   b. Luck *deleted emails* from Alpha's iPhone and may have *permanently deleted* some subset of those emails.  Luck's deletion of emails from Alpha's iPhone could have resulted in the automatic loss of data from the iPhone regardless of whether Luck actually took any affirmative action to permanently delete such data.

   c. Luck *deleted text messages* from Alpha's iPhone.  Luck admitted that he made the deliberate decision to delete an entire text thread (the contents of which are unknown) before sending the iPhone to Alpha's bankruptcy counsel on May 6, 2020.  Luck's deletion of text messages constituted spoliation of relevant evidence because any evidence demonstrating that Luck used Alpha's iPhone for purposes that were unrelated to the XFL's business constituted a

violation of the XFL's technology policies and therefore grounds to terminate him for cause under his Employment Contract.

6. The full magnitude and extent of Luck's deletion of data and spoliation of evidence from the iPhone is not known at this time and will not be known until Defendants' expert is able to forensically image and examine the iPhone.

7. At 4:30 p.m. on December 18, 2020, only an hour after Defendants' counsel finally received Luck's proposed stipulation, and without even waiting for Defendants' position on that stipulation or explaining the discrepancy between that stipulation and their prior representations to the Court, Luck's counsel summarily announced that the parties would not reach agreement and that they would submit their own proposed stipulation to the Court by 6:00 p.m.[2]  In light of this announcement by Luck's counsel, Defendants are submitting this Notice to explain the full context of the discussions by the parties in response to the Court's Order.

Because the Court's Order postponing resolution of the passcode issue until January 21, 2021 was premised on the entry of stipulation that was consistent with the representations that Luck had made to the Court, and Luck has refused to agree to such a stipulation, Defendants respectfully request that the Court (i) order Luck to disclose the passcode to the iPhone to Defendants forthwith, and (ii) order the iPhone to be delivered to the expert retained by Defendants so that it can be forensically imaged and examined by Defendants.[3]

---

[2] Multiple paragraphs of Luck's proposed stipulation attached as Exhibit B, including the entirety of paragraph 1 and the second and third sentences of paragraph 5, were well outside the scope of the Court's Order to submit "a stipulation regarding any potential spoliation of data on Mr. Luck's Alpha-issued cellphone."  (ECF No. 111.)

[3] Following forensic examination of the iPhone and development of a full record, Defendants reserve the right to seek appropriate spoliation sanctions against Luck.

DEFENDANTS VINCENT K. MCMAHON
and ALPHA ENTERTAINMENT LLC

By: */s/ Jerry S. McDevitt*
Jerry S. McDevitt
Curtis B. Krasik
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

## CERTIFICATION OF SERVICE

I hereby certify that, on December 18, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jeffrey P. Mueller*
Jeffrey P. Mueller (ct27870)