```
 1                  UNITED STATES DISTRICT COURT

 2                    DISTRICT OF CONNECTICUT

 3   - - - - - - - - - - - - - -  x
                                  :
                                  :  Case No.
 4   OLIVER LUCK,                 :  20CV516(VAB)
                                  :
 5                Plaintiff,      :
           vs.                    :
 6                                :  915 Lafayette Blvd
     VINCENT K. MCMAHON, and      :  Bridgeport, CT
 7   ALPHA ENTERTAINMENT LLC      :  January 12, 2021
                                  :
 8                Defendant.      :
     - - - - - - - - - - - - - -  X
 9
              TRANSCRIPT OF DISCOVERY CONFERENCE
10
      BEFORE:   THE HONORABLE VICTOR A. BOLDEN, U.S.D.J.
11
     APPEARANCES:
12   FOR THE PLAINTIFF:        ANDREW M. ZEITLIN, ESQ.
                                JOETTE KATZ, ESQ.
13                              Shipman & Goodwin
                                300 Atlantic St.
14                              Stamford, CT 06901-3522

15                              PAUL J DOBROWSKI, ESQ.
                                Dobrowski Larkin & Stafford
16                              4601 Washington Ave.
                                Houston, TX 77007
17
     FOR THE DEFENDANTS:       JEFFREY MUELLER, ESQ.
18                              Day Pitney LLP-Htfd-CT
                                242 Trumbull St.
19                              Hartford, CT 06103-1212

20                              JERRY S. MCDEVITT, ESQ.
                                CURTIS B. KRASIK, ESQ.
21                              K&L Gates, LLP- Ptsbrg PA
                                210 Sixth Ave
22                              Pittsburgh, PA 15222-2613

23              Sharon Montini, RMR, FCRR
                   915 Lafayette Blvd
24                 Bridgeport, CT 06604
                 Official Court Reporter
25
```

```
 1              (Proceeding commenced at 11:00 via
 2   videoconference.)
 3              THE COURT:  Good morning.  We are here
 4   in Luck v. McMahon, and I think also Alpha.  Would
 5   counsel please state their appearances for the
 6   record.
 7              MR. ZEITLIN:  Good morning, your Honor.
 8   It's Andy Zeitlin of Shipman & Goodwin on behalf of
 9   plaintiff, Oliver Luck.
10              THE COURT:  Good morning.
11              MR. MUELLER:  Good morning, your Honor.
12   Jeffrey Mueller from Day Pitney on behalf of the
13   defendants.
14              THE COURT:  All right.
15              MR. KRASIK:  Good morning, your Honor.
16   Curt Krasik with K&L Gates on behalf of defendants
17   as well.
18              THE COURT:  Okay.  Anyone else making an
19   appearance today?
20              MR. MCDEVITT:  Jerry McDevitt on behalf
21   of defendants.
22              MR. DOBROWSKI:  Paul Dobrowski and
23   Joette Katz on behalf of the plaintiff.
24              THE COURT:  Good morning to all of you.
25              All right.  So we have a few things
```

1  outstanding here.  One, we've got these discovery
2  issues, which includes this issue about the passcode
3  regarding Mr. Luck's XFL-issued cellphone, and there
4  are also discovery issues we need to take up that
5  the parties have provided some briefing on.  We also
6  -- I guess since the New Year, or right before the
7  New Year, there also was a motion for prejudgment
8  remedy that was filed on behalf of the defendants,
9  which then we also now have, if I am correct,
10 motions for prejudgment remedies both by Mr. Luck
11 and both by defendants.
12             Is that a relatively fair summary of
13 matters, Mr. Zeitlin?
14             MR. ZEITLIN:  That's correct, your
15 Honor.
16             THE COURT:  Mr. Mueller?
17             MR. MUELLER:  Yes, your Honor.  That's
18 correct, your Honor.
19             THE COURT:  Okay.  This is what I want
20 to do, because I think we've gotten a lot of filings
21 and we've got a lot of contentiousness, which is the
22 essence of litigation.  So I think what I want to do
23 is as follows:  As for the outstanding discovery
24 requests, I know there was a relatively voluminous
25 filing both sides submitted, perhaps more --

1   defendants more than plaintiffs, on the discovery
2   disputes.  I want to give the parties until
3   January 15th to --
4              (Technical interference.)
5              THE COURT:  Maybe I need to get my --
6   hang on.  Let's see if this helps.  Every time I do
7   this without the AirPods.
8              All right.  So just to reiterate, I'm
9   going to give the parties until January 15th to file
10  any further responses regarding the discovery
11  issues.  And then following the filings by
12  January 15th, given how voluminous they are, what I
13  will simply do, rather than have extensive oral
14  argument, I think you have laid out -- I think the
15  parties have laid everything out, and to the extent
16  you felt you haven't laid everything out, you can do
17  so until the 15th.  What I'm going to do is, I'm
18  going to resolve any of the outstanding discovery
19  issues, including the passcode issue, based on the
20  written submissions without oral argument, and I
21  will issue a ruling on that.
22             Now, as to any further discovery
23  disputes after I resolve those, I will suspend my
24  chamber practice of requiring discovery conferences
25  before the filing of motions to compel or motions

```
 1   for protective orders.  The parties will be able to
 2   file these motions without a discovery conference,
 3   and the Court will address any of these motions
 4   based on the parties' written submissions alone, and
 5   obviously to the extent appropriate under the
 6   Federal Rules of Civil Procedure, will issue
 7   sanctions in the form of attorney's fees, expenses
 8   to the losing parties.
 9               Now, as to the outstanding dueling
10   motions for prejudgement remedy, I mean it appears
11   to the Court that those are matters that the parties
12   certainly probably could resolve by stipulation, but
13   whatever.  So I'm going to give the parties an
14   opportunity to do that.  So I'm going to give the
15   parties until January 22nd of 2021 to determine if
16   these matters could be mooted out by stipulation.  I
17   assume the parties are clever enough to figure out
18   how they can do that.
19               If these motions can be mooted out by
20   stipulation by January 22nd, the Court will give the
21   parties 30 days after the Court rules on the
22   outstanding discovery motions to submit a proposed
23   and expedited schedule for the trial of this case,
24   perhaps as early as the end of this year.
25               If the parties, however, cannot reach a
```

1  stipulation that moots out the pending motions for
2  prejudgment remedy by January 22nd, the parties
3  shall submit by January 29th a joint filing
4  indicating the amount of time necessary for a
5  consolidated hearing on both motions, as well as
6  witness and exhibit lists, and based on that filing
7  the Court will then determine a consolidated hearing
8  date.
9             Obviously I will memorialize all of that
10 in a text order, but, based on what I have
11 recounted, are there any questions that either side
12 has?  Mr. Zeitlin?
13            MR. ZEITLIN:  Not for plaintiff, your
14 Honor.
15            THE COURT:  All right.  Mr. Mueller?
16            MR. MUELLER:  No, your Honor.
17            THE COURT:  All right.  Anyone else?  I
18 know there are other counsel.  Any other counsel
19 have any other question?  Again, I will memorialize
20 that order in writing.  All right.  Well, thank you
21 all very much -- yes, Mr. Dobrowski?
22            MR. DOBROWSKI:  I'm so sorry to
23 interrupt, but just so I can inform the Court so we
24 can streamline this process, it was our intent as
25 the plaintiff to advise the Court this morning that

1   plaintiffs are willing to provide opposing counsel
2   with the information off of the iPhone provided it's
3   subject to your typical protective order and --
4   which I know is in place, so that we don't spend
5   anymore time in the lengthy briefings.
6               So I don't know if you would like to
7   have a discussion about that, but we were certainly
8   willing, and are willing, to give the defendants,
9   subject to privilege objections, your Honor, the
10  material during Mr. Luck's time of employment at the
11  XFL off of his iPhone, including personal materials,
12  provided they are used appropriately for the
13  litigation in accordance with His Honor's protective
14  order and non-privileged items.
15              So we just wanted to let the Court know
16  that we were prepared today to streamline this, and
17  hopefully that will resolve literally everything
18  that the defendants have been seeking to compel.
19              THE COURT:  Well, Mr. Dobrowski, I
20  certainly appreciate that.  Why don't you do this.
21  Obviously, like I said, because now you have until
22  the 15th, this Friday, to have any additional
23  filing, to the extent that you all are able to work
24  something out that then narrows the scope of the
25  issues that the Court has to resolve, you all can do

```
 1   that and inform the Court by this Friday.
 2              All right.  Thank you, Mr. Dobrowski.  I
 3   appreciate that.
 4              Anything further from anyone else?  All
 5   right.
 6              MR. DOBROWSKI:  Judge, can I --
 7              THE COURT:  Yes, please.
 8              MR. DOBROWSKI:  One last time.  I am so
 9   sorry.  I did want to take up one very quick issue,
10   and that is the issue about the deletion that I
11   wrote you about.  And I apologize for the
12   informality.
13              But I do want to make the Court aware
14   that literally it was not until after the hearing
15   that I learned that Mrs. Luck had removed a family
16   text string of a Luck family chat from Mr. Luck's
17   iPhone back in April of 2020 due to the fact that
18   her son Andrew posted pictures of his daughter's
19   dirty diapers.  So I apologize.
20              Obviously that material has been saved
21   and resolved and is available.  It was not done with
22   any intent at spoliation or to offend the Court, and
23   I just want the Court to know that when I made those
24   statements that was my firm belief and I was not
25   aware of that until after the last conference call
```

```
 1   with His Honor.
 2                  THE COURT:  Thank you, Mr. Dobrowski.  I
 3   appreciate it.  And I probably shouldn't say these
 4   things because arguably I regret them.  At the end
 5   of the day I don't sort of, you know, hold grudges.
 6   I don't sort of draw ultimate conclusions about
 7   folks.  It's always sort of a continuing process.
 8                  But I do appreciate you letting us know
 9   about that.  I just thought what the Court needed to
10   do based on some misunderstandings, and given the
11   timing of issues, was to provide a way to preserve
12   matters in such a way that they're -- taking the
13   issue off of the table so that would allow time for
14   us to resolve all of them.  But I appreciate you
15   making those points.
16                  All right.  Anything further further?
17   All right.  Thank you all very much.  Happy New Year
18   to all of you.  I look forward to what you will file
19   on the 15th and if we see something on the 22nd, and
20   I will try to sort of try to resolve these discovery
21   issues, and we'll see what we can do to move this
22   case along as expeditiously as possible.
23                  Thank you all very much.  We are
24   adjourned.
25                  (Proceeding concluded 11:10.)
```

```
 1
 2            I certify that the foregoing is a correct
 3   transcript from the record of proceedings in the
 4   above-entitled matter.
 5
 6                                   1/15/21
 7                                    Date
 8
 9                              /S/   Sharon Montini
10                                Official Reporter
11
12
...
25
```