# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK, | : | CASE NO. 3:20-cv-00516-VAB |
| Plaintiff, | : | |
| v. | : | |
| VINCENT K. MCMAHON and ALPHA ENTERTAINMENT LLC, | : | |
| Defendants. | : | JANUARY 24, 2021 |

## NOTICE OF INTENT TO MOVE TO DISMISS PLAINTIFF'S NEWLY ASSERTED CLAIM FOR ALLEGED BREACH OF THE IMPLIED DUTY OF GOOD FAITH

Defendants Vincent K. McMahon ("McMahon") and Alpha Entertainment LLC ("Alpha") (collectively, the "Defendants") submit the following Notice to advise the Court of certain considerations pertinent to the discovery motions which are *sub judice*.

1. During the extensive conferences between counsel regarding Plaintiff's broad discovery requests, Plaintiff's counsel attempted to justify those requests on the grounds that they were supposedly relevant to a claim that Plaintiff's termination was pretextual. Defendants' counsel cited numerous cases to Plaintiff's counsel demonstrating that claims of pretext are not relevant to a for-cause termination case.

2. At no time prior to the parties' filing of their discovery memoranda on January 15, 2020 did Plaintiff's counsel indicate an intent to amend the complaint to assert an implied duty of good faith claim in an attempt to justify his discovery requests. As a result, Defendants did not brief the viability of such a claim to the Court in their discovery memoranda.

3. In his final memorandum regarding the outstanding discovery disputes filed on January 15, 2020, Plaintiff argued for the very first time that the disputed information and documents he seeks from Defendants are relevant to a breach of the implied duty of good faith

claim that he had never asserted.  (ECF No. 143 at 4-8, n.4.)  Plaintiff obviously is not entitled to discovery on a claim that was not asserted in his complaint.  *See* Fed. R. Civ. P. 26(b)(1), Advisory Committee Note to 2000 Amendment (observing that the Court can "confine discovery to the claims and defenses asserted in the pleadings" and that the parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings"); *Abrahams v. Young & Rubicam*, 979 F. Supp. 122, 129 (D. Conn. 1997) ("The purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists.") (internal quotation marks omitted).

4. On January 22, 2020, after the parties had completed briefing on the outstanding discovery disputes, Luck filed a Second Amended Complaint purporting to assert a breach of the implied duty of good faith claim for the first time.  (ECF No. 145.)  Defendants intend to move to dismiss the breach of the implied duty of good faith claim in the Second Amended Complaint because it fails to state a claim.

5. Accordingly, Defendants respectfully submit that the Court should not consider Luck's breach of the implied duty of good faith claim when resolving the discovery disputes that are currently pending before the Court.  Because of the irregular manner in which Luck continues to try to change what this case is about, this Court has not had any adversarial input from Defendants on the viability of Luck's newly minted claim designed to avoid a decision on the merits of whether "cause" is absent in this case.

DEFENDANTS VINCENT K. MCMAHON
and ALPHA ENTERTAINMENT LLC

By: */s/ Jerry S. McDevitt*
Jerry S. McDevitt
Curtis B. Krasik
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

## CERTIFICATION OF SERVICE

I hereby certify that, on January 24, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

 */s/ Jeffrey P. Mueller*
Jeffrey P. Mueller (ct27870)
