IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL NO. 3:20-cv-516 (VAB) |
| | § | |
| VINCENT K. MCMAHON and | § | |
| ALPHA ENTERTAINMENT LLC | § | |
| | § | March 11, 2021 |
| *Defendants.* | § | |

**PLAINTIFF OLIVER LUCK'S MOTION TO COMPEL
VERIFICATION OF DEFENDANT ALPHA'S INTERROGATORY
ANSWERS AND RESPONSE TO INTERROGATORY NO. 2**

To the Honorable Judge Victor Bolden,

Plaintiff Oliver Luck ("Luck") files this motion to compel Defendant Alpha Entertainment LLC ("Alpha") to verify its answers to Luck's First Set of Interrogatories and fully respond to Interrogatory No. 2.

**I. BACKGROUND**

On November 16, 2020, Luck joined Alpha in this lawsuit following the Court's ruling that Alpha was an indispensable party. ECF 79. On December 3, 2020, Plaintiff served his First Set of Interrogatories on Defendant Alpha. On January 6, 2021, Alpha provided its Responses thereto. On January 8, 2021, Plaintiff Luck filed his Brief Position Statement for the January 12, 2021 Discovery Conference asking the Court to compel Alpha to answer Interrogatories Nos. 1, 2, and 4 of Luck's First Set of Interrogatories. ECF 136. On February 2, 2021, the Court overruled Alpha's objections and ordered Alpha to "comply with Mr. Luck's discovery requests and complete all interrogatories."(the "Order"). ECF 152 at 14. On February 25, 2021, Alpha served its Supplemental Responses to Interrogatory Nos. 1, 2 and 4 of Plaintiff Oliver Luck's First Set of Interrogatories (the "Supplemental Responses"). Ex. A. Because Alpha did not include a

verification or signature on its original or Supplemental Responses to Plaintiff's Interrogatories, Plaintiff's counsel requested that Alpha verify same. Ex. B.  In response, Alpha's counsel rejected Plaintiff's request on the grounds that Alpha could not provide a verification because Alpha is in bankruptcy.  Ex. C.  In addition, during a telephone conference, Plaintiff's counsel requested that Alpha fully respond to Plaintiff's Interrogatory No. 2.  In response, Defendants' counsel declined.

## II. FEDERAL CIVIL PROCEDURE RULE 33

Under Federal Civil Procedure Rule 33(b)(3), "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Under Federal Rule of Civil Procedure 33(b)(5), "The person who makes the answers must sign them, and the attorney who objects must sign any objections."

## III. DISCUSSION

"Requiring a party to sign interrogatory responses under oath serves the critical purpose of ensuring that the responding party attests to the truth of the responses." *Cris v. Fareri,* No. 3:10CV1926(RNC), 2011 WL 13228490, at *1 (D. Conn Dec. 13, 2011) (Martinez, Mag.) (quoting *Villareal v. El Chile, Inc.,* 266 F.R.D. 207, 211 (N.D. Ill. 2010)).  "Rule 33, requiring verification and signature, is among the simplest of all the Rules of Procedure. …" *Cooke v. Mercedes-Benz USA, LLC*, No. 3:13cv1048(RNC), 2014 WL 2013444, at *4 n. 1 (D. Conn. May 16, 2014) (Martinez, Mag.) (quoting *Saria v. Massachusetts Mut. Life Ins. Co.,* 228 F.R.D. 536, 539 (S.D.W.Va. 2005)).  Plaintiff's counsel could find no exception to Rule 33's requirements simply because a party is in bankruptcy.

In particular, Alpha's misleading answer to Plaintiff's interrogatory No. 2 screams for a verification under FRCP 33.  Interrogatory No. 2 asks Alpha to identify all Alpha employees who used Alpha or XFL-issued mobile phones for matters unrelated to XFL business from June 1, 2018 until April 13, 2020.  Ex. A at 5.  Alpha's Response states: "Alpha's **counsel** does not know the

2

identity of **all** Alpha employees, if any, … who used an Alpha-issued mobile phone for personal matters or matters unrelated to XFL business." *Id.* (emphasis added). The Court should compel, once again, Alpha to respond fully and completely to Interrogatory No. 2. Plaintiff is entitled to know who created the Supplemental Responses to the interrogatories on behalf of Alpha. This is not a situation in which the responding party inadvertently failed to attach the required verification. Here, Alpha's counsel consciously refused to provide a verification pursuant to Rule 33. Alpha's position is not in good faith.

Alpha's argument that there is no one who can verify the interrogatory answers is a red-herring. Section 5.3 of the 2nd Amended Chapter 11 Plan of Alpha[1] (the "Plan") specifically provides that "On the Effective Date [i.e. December 22, 2020], the Plan Administrator shall be the sole member of the Post-Effective Date Debtor and appointed to manage the Post-Effective Date Debtor, in accordance with the Amended Operating Agreement, the Plan, and the Plan Administrator Agreement." Ex. F at 17. The "Post Effective Date Debtor" owns "Retained Causes of Action" that include "All rights, including rights of setoff and rights of recoupment, refunds, claims, counterclaims, demands, Causes of Action, and rights to collect damages of the Debtors against third parties, including, without limitation: (a) Oliver Luck. …" *Id.* at 10. Under Section 5.1 of the Plan, "after the Effective Date, all Assets of the Estate, including all claims, rights, Retained Causes of Action and any property acquired by the Debtor under or in connection with the Plan, shall vest in the Post-Effective Date Debtor." *Id.* F at 16. Under Section 5.4.3 of the Plan, the Plan Administrator "shall be empowered and directed to …. (x) prosecute, compromise, resolve or withdraw any of the Retained Causes of Action." *Id.* at 18. The Plan Administrator is Mr. Peter Hurwitz. Ex G (Plan Administrator Agreement).

---

[1] By Order of the United States Bankruptcy Court for the District of Delaware on December 11, 2020, The Plan was confirmed. Ex D. On December 22, 2020 counsel for the debtor provided Notice of the Effective Date. Ex E.

Consequently, if it chooses to do so, Alpha has an agent who may verify the Responses to Plaintiff's Interrogatories 1, 2 and 4. Alternatively, Alpha should be compelled to have the person who drafted the Supplemental Responses verify them under oath.

Once again, the Court should compel Alpha to respond fully and completely to Plaintiff's Interrogatory No. 2. See FRCP 33(b)(3). The identity of all Alpha employees who used their XFL-issued iPhones for personal purposes is important to the merits of this case. As this court is aware, Alpha asserts that Mr. Luck violated Alpha's "policy" through his use of his Alpha-issued iPhone for personal purposes as after-the-fact justification for Mr. Luck's wrongful termination for cause. ECF 126 at 4; ECF 9-11. Mr. Luck denies these allegations for a variety of reasons, not the least of which is his contention that personal use of XFL-issued iPhones assisted him in carrying out his XFL duties. Similarly, the use of XFL-issued iPhones for personal use by other XFL employees is objective evidence that the XFL benefitted from personal iPhone use and that Mr. Luck's position is correct.

To the extent other XFL employees used iPhones for personal matters but were not disciplined or terminated proves that the XFL "policy" was no policy at all. Instead, it supports Mr. Luck's assertion that Defendants' termination for cause was done in bad faith and Defendants are grasping at straws of alleged justification. It also supports Mr. Luck's contention that his use of an XFL-issued iPhone does not qualify as one of the six grounds for termination with cause as set forth in his Employment Contract. At the very least, Defendant should be compelled to identify all the XFL employees of which it is aware that used Alpha-issued iPhones for personal use.

## IV. CONCLUSION

Alpha should be compelled to submit verifications for its Supplemental Responses to Plaintiff Interrogatory Nos. 1, 2 and 4. Further, Alpha should be ordered to provide a full and complete answer to Interrogatory No. 2 that is not based solely on its counsel's knowledge. In

addition, Alpha should be ordered to pay Plaintiff $2,000.00 in attorney's fees for the cost of filing this Motion.

If Alpha refuses to verify its Supplemental Responses to Plaintiff's Interrogatory Nos. 1, 2 and 4 and fails to provide a complete Response to Interrogatory No. 2, the Court should strike any claim or defense by Alpha that contends Mr. Luck's termination was proper because he allegedly violated XFL policy by using his Alpha-issued iPhone for personal purposes or matters unrelated to XFL business.

*Signature of counsel on following page.*

Respectfully submitted,

**PLAINTIFF OLIVER LUCK**

*/s/ Paul J. Dobrowski*
Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
Jared A. McHazlett (phv10650)
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email:  pjd@doblaw.com
Email:  vpierce@doblaw.com
Email : jmchazlett@doblaw.com

AND

*/s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed. Bar No. ct30935)
Sarah E. Gleason (Fed. Bar No. ct30906)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel.: (203) 324-8100
Fax: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com
Email: segleason@goodwin.com

**HIS ATTORNEYS**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have conferred with counsel for the Defendants in a good faith effort to resolve by agreement the issues raised in Plaintiff Oliver Luck's Motion to Compel Verification of Defendant Alpha Entertainment, LLC Answers and Response to Interrogatory No. 2 without Court intervention.  Unfortunately, we have been unable to reach such an agreement.

*/s/ Paul J. Dobrowski*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 11, 2021, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                             */s/ Paul J. Dobrowski*

9594025v1