# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § § § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL NO. 3:20-cv-516 (VAB) |
| VINCENT K. MCMAHON and ALPHA ENTERTAINMENT LLC | § § § § § | February 25, 2021 |
| *Defendants.* | § | |

### PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT ALPHA ENTERTAINMENT LLC'S THIRD SET OF INTERROGATORIES

To: Defendant Alpha Entertainment LLC, by and through its counsel of record, Jerry McDevitt, Curtis B. Krasik, K&L GATES LLP, 210 Sixth Avenue, Pittsburgh, PA 15222, and Jeffrey P. Mueller, DAY PITNEY LLP, 242 Trumbull Street, Hartford, CT 06103.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Oliver Luck hereby serves his Objections and Responses to Defendant Alpha Entertainment LLC's Third Set of Interrogatories.

*[Signature page to follow]*

**PLAINTIFF OLIVER LUCK**

*/s/ Paul J. Dobrowski*
Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
Jared A. McHazlett (phv10650)
DOBROWSKI, LARKIN & STAFFORD L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email: pjd@doblaw.com
Email: vpierce@doblaw.com
Email : jmchazlett@doblaw.com

**AND**

*/s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed. Bar No. ct30935)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel.: (203) 324-8100
Fax: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com

***PLAINTIFF'S ATTORNEYS***

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2021, a copy of the foregoing was served by email on the following counsel of record:

Jerry McDevitt (*pro hack vice*)
Curtis B. Krasik (*pro hac vice*)
K&L GATES LLP
K&L GATES CENTER
210 Sixth Avenue.
Pittsburgh, PA 15222
Tel. (412) 355-8608
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone (806) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

              */s/ Paul J. Dobrowski*

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Pursuant to Federal Civil Procedure Rule 26(b), Plaintiff objects to Instruction Nos. 3, 4 and 5 because they are overbroad, unduly burdensome, exceed the requirements of the Federal Rules of Civil Procedure and the District of Connecticut Local Rules, and appear to be designed solely to harass Plaintiff. The Instructions seek information not relevant to any parties' claim or defense and are not proportional to the issues at stake in this action. Further, the burden and expense of the proposed discovery covered by the Instructions outweigh its likely benefit.

Plaintiff objects to the Definition of "iPhone" as vague, misleading and confusing because the iPhone was not solely "issued to Luck by Alpha for his business use".

Plaintiff objects to Definition H because it violates Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Plaintiff's Answers to the Interrogatories below are made subject to and without waiving or limiting any of the foregoing Objections.

**PLAINTIFF'S OBJECTIONS RESPONSES AND TO DEFENDANT
ALPHA ENTERTAINMENT LLC'S THIRD SET OF INTERROGATORIES**

**INTERROGATORY NO. 10:**

With respect to the forensic copy of the iPhone that You have represented was made by Your consultant before the iPhone was returned to Alpha's bankruptcy counsel, state the following:

(a) The identity of Your consultant and all persons employed by Your consultant who accessed data on the iPhone.

(b) The date Your consultant acquired the iPhone.

(c) The dates Your consultant had custody of the iPhone.

(d) All precautions taken to preserve the state of the iPhone while it was in Your consultant's custody.

(e) Whether the iPhone had network connectivity at any point while Your consultant had custody of the iPhone.

(f) The process employed to acquire data from the iPhone, including, without limitation, any setting changes made to the device, the acquisition tool and the acquisition methods utilized to preserve the iPhone.

(g) Whether other related sources outside of the iPhone were acquired, including, without limitation, associated iCloud account and its backups, the mobile device SIM card, and the like.

(h) Identify the precautions taken and/or instructions given to the consultant to protect against accessing and/or copying information protected by the attorney-client privilege of Alpha.

(i) State whether any information protected by the attorney-client privilege of Alpha was included on forensic copies of the iPhone provided to Your counsel and, if so, identify all persons who viewed, accessed or listened to such privileged information.

**RESPONSE TO INTERROGATORY 10(a):**

Plaintiff objects to this Interrogatory because information related to the expert(s) retained to create a copy of the iPhone is not discoverable, pursuant to Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Further, Plaintiff objects because the Interrogatory seeks information not discoverable pursuant to Federal Civil Procedure Rules 26(b)(1), in that it seeks information that is not relevant to the issues in dispute nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO INTERROGATORY 10(b):**

Plaintiff objects to this Interrogatory because information related to the expert(s) retained to create a copy of the iPhone is not discoverable, pursuant to Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Further, Plaintiff objects because the Interrogatory seeks information not discoverable pursuant to Federal Civil Procedure Rules 26(b)(1), in that it seeks information that is not relevant to the issues in dispute nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Interrogatory because it seeks information and communications protected by the work product privilege. In accordance with Federal Rule of Civil Procedure Rule 26(b)(5), the information withheld includes the date Plaintiff's consulting expert acquired the iPhone.

**RESPONSE TO INTERROGATORY 10(c):**

Plaintiff objects to this Interrogatory because information related to the expert(s) retained to create a copy of the iPhone is not discoverable, pursuant to Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Further, Plaintiff objects because the Interrogatory seeks information not discoverable pursuant to Federal Civil Procedure Rules 26(b)(1), in that it seeks information that is not relevant to the issues in dispute nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Interrogatory because it seeks information and communications protected by the work product privilege. In accordance with Federal Rule of Civil Procedure Rule 26(b)(5), the information withheld includes the dates Plaintiff's consultant had custody of the iPhone.

**RESPONSE TO INTERROGATORY 10(d):**

Plaintiff objects to this Interrogatory because information related to the expert(s) retained to create a copy of the iPhone is not discoverable, pursuant to Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Further, Plaintiff objects because the Interrogatory seeks information not discoverable pursuant to Federal Civil Procedure Rules 26(b)(1), in that it seeks information that is not relevant to the issues in dispute nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Interrogatory because it seeks information and communications protected by the work product privilege. In accordance with Federal Rule of Civil Procedure Rule 26(b)(5), the information withheld includes the precautions taken by Plaintiff's consulting expert(s) to preserve the iPhone in anticipation of litigation.

**RESPONSE TO INTERROGATORY 10(e):**

Plaintiff objects to this Interrogatory because information related to the expert(s) retained to create a copy of the iPhone is not discoverable, pursuant to Rule 26(b)(4)(D) of the Federal

Rules of Civil Procedure. Further, Plaintiff objects because the Interrogatory seeks information not discoverable pursuant to Federal Civil Procedure Rules 26(b)(1), in that it seeks information that is not relevant to the issues in dispute nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Interrogatory because it seeks information and communications protected by the work product privilege. In accordance with Federal Rule of Civil Procedure Rule 26(b)(5), the information withheld includes whether the iPhone had network connectivity while Plaintiff's consultant had custody of the iPhone in anticipation of litigation.

**RESPONSE TO INTERROGATORY 10(f):**

Plaintiff objects to this Interrogatory because information related to the expert(s) retained to create a copy of the iPhone is not discoverable, pursuant to Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Further, Plaintiff objects because the Interrogatory seeks information not discoverable pursuant to Federal Civil Procedure Rules 26(b)(1), in that it seeks information that is not relevant to the issues in dispute nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Interrogatory because it seeks information and communications protected by the work product privilege. In accordance with Federal Rule of Civil Procedure Rule 26(b)(5), the information withheld includes the process taken by Plaintiff's consulting expert(s) to acquire data from the iPhone in anticipation of litigation.

**RESPONSE TO INTERROGATORY 10(g):**

Plaintiff objects to this Interrogatory because information related to the expert(s) retained to create a copy of the iPhone is not discoverable, pursuant to Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Further, Plaintiff objects because the Interrogatory seeks information not discoverable pursuant to Federal Civil Procedure Rules 26(b)(1), in that it seeks information that is not relevant to the issues in dispute nor reasonably calculated to lead to the discovery of

admissible evidence. Plaintiff objects to this Interrogatory because it seeks information and communications protected by the work product privilege and attorney-client privilege. In accordance with Federal Rule of Civil Procedure Rule 26(b)(5), the information withheld includes whether Plaintiff's consulting expert acquired other sources outside of the iPhone and the legal advice and mental impressions of counsel regarding sources of information.

**RESPONSE TO INTERROGATORY 10(h):**

Plaintiff objects to this Interrogatory because information related to the expert(s) retained to create a copy of the iPhone is not discoverable, pursuant to Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Further, Plaintiff objects because the Interrogatory seeks information not discoverable pursuant to Federal Civil Procedure Rules 26(b)(1), in that it seeks information that is not relevant to the issues in dispute nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Interrogatory because it seeks information and communications protected by the attorney-client privilege and the work product privilege. In accordance with Federal Rule of Civil Procedure Rule 26(b)(5), the information withheld includes confidential and privileged communications between Plaintiff's counsel and Plaintiff's consulting expert and the legal advice and mental impressions of counsel regarding attorney-client privilege.

**RESPONSE TO INTERROGATORY 10(i):**

Plaintiff objects to this Interrogatory because information related to the expert(s) retained to create a copy of the iPhone is not discoverable, pursuant to Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Further, Plaintiff objects because the Interrogatory seeks information not discoverable pursuant to Federal Civil Procedure Rules 26(b)(1), in that it seeks information that is not relevant to the issues in dispute nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Interrogatory because it seeks information and

communications protected by the attorney-client privilege and work product privilege. In accordance with Federal Rule of Civil Procedure Rule 26(b)(5), the information withheld includes confidential and privileged communications between Plaintiff's counsel regarding screening potentially privileged documents from Plaintiff's or Plaintiff's counsels' access, confidential and privileged communications between Plaintiff's counsel and Plaintiff's consulting expert, and the legal advice and mental impressions of counsel regarding attorney-client privilege.

**INTERROGATORY NO. 11:**

Identify every instance in which an XFL player's agent was informed that a player was going to be released before the player was released, and for each such instance state: (a) the name of the player; (b) the name of the agent(s); (c) the date on which the agent was notified of the release; (d) the date on which the player was released; and (e) the XFL representative who informed the agent(s).

**RESPONSE:**

Plaintiff objects because the Interrogatory seeks information not discoverable pursuant to Federal Civil Procedure Rules 26(b)(1), in that it seeks information that is not relevant to the issues in dispute nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving or limiting the foregoing objection, Plaintiff answers as follows:

I recall communicating with the agent for Shawn Oakman, George Bass, and discussing the circumstances of his client being waived by the LA Wildcats in December of 2019 during the team's minicamp in Las Vegas. I do not recall if my conversation with Mr. Bass was before or after the team had notified Mr. Oakman of his release. It was a team decision to waive Mr. Oakman.

Most phone calls to agents regarding a player's status were initiated by Eric Galko with assistance from Doug Whaley. For example, Eric Galko called the agent for Antonio Callaway, who I believe was Peter Ariz, on January 29, 2020 to notify him that his client was being released.

**INTERROGATORY NO. 12:**

Identify all documents known to You reflecting any policy or practice by which an XFL player's agent was to be informed that a player was going to be released before the player was released.

**RESPONSE:**

Plaintiff objects because the Interrogatory seeks information not discoverable pursuant to Federal Civil Procedure Rules 26(b)(1), in that it seeks information that is not relevant to the issues in dispute nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving or limiting the foregoing objection, Plaintiff answers as follows:

I am not aware of a document reflecting a policy related to contacting a player's agent to inform them that a player was going to be released. However, the XFL practice was to contact a player's agent prior to or simultaneous with the player being released, particularly in two situations: 1) when the player was considered "high profile", or 2) when the XFL wanted the make the agent aware of the potential opportunity for the player to join Team 9.

## **VERIFICATION**

BEFORE ME, the undersigned Notary Public, on this day personally appeared Oliver Luck, and after being duly sworn, says that he has reviewed the above Objections and Responses to Defendant Alpha Entertainment LLC's Third Set of Interrogatories and that the statements of fact contained in the responses to those interrogatories are true and correct and within his personal knowledge or are based on information and belief based on reasonable inquiry.

By: _____
Oliver Luck

SUBSCRIBED AND SWORN TO before me by Oliver Luck on this the 24th day of February, 2021 to certify which witness my hand and official seal.

_____
Notary Public

ANDREW RYAN FAUSSET
NOTARY PUBLIC - STATE OF COLORADO
NOTARY ID 20194013507
MY COMMISSION EXPIRES APR 8, 2023