# EXHIBIT 3

**From:** Krasik, Curtis B. <Curtis.Krasik@klgates.com>
**Sent:** Friday, March 05, 2021 5:16 PM
**To:** Paul Dobrowski <pjd@doblaw.com>; Vanessa Lee Pierce <vpierce@doblaw.com>; Zeitlin, Andrew <AZeitlin@goodwin.com>; Katz, Joette <JKatz@goodwin.com>
**Cc:** McDevitt, Jerry <Jerry.McDevitt@klgates.com>; Mueller, Jeffrey P. (jmueller@daypitney.com) <jmueller@daypitney.com>; Krasik, Curtis B. <Curtis.Krasik@klgates.com>
**Subject:** RE: Supplemental Responses to Interrogatories

Paul -

On your second paragraph, please explain how my proposal does not address any practical concerns with respect to use of the interrogatory answers in this case so we can attempt to address any such remaining concerns.  Otherwise, I will respond to your assertions in order.  First, no interrogatories have been served on Mr. McMahon so this is a moot point.  Second, you say that Alpha's status as a bankrupt entity without any employee or agent available to sign interrogatory answers is not unusual -- therefore, please send us the presumably abundant authority as to how this situation has been handled so we can consider it.  Third, Alpha's assertions of affirmative defenses and counterclaims is wholly irrelevant to the issue of your use of Alpha's interrogatory answers in this case.  We await your responses to determine if there is a mutually-agreeable way of resolving this issue.

-Curt

**K&L GATES**

**Curt Krasik**
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Phone: 412.355.8696
Fax: 412.355.6501
curtis.krasik@klgates.com
www.klgates.com

**From:** Paul Dobrowski <pjd@doblaw.com>
**Sent:** Thursday, March 04, 2021 4:23 PM
**To:** Krasik, Curtis B. <Curtis.Krasik@klgates.com>; Vanessa Lee Pierce <vpierce@doblaw.com>; Zeitlin, Andrew <AZeitlin@goodwin.com>; Katz, Joette <JKatz@goodwin.com>
**Cc:** McDevitt, Jerry <Jerry.McDevitt@klgates.com>; Mueller, Jeffrey P. (jmueller@daypitney.com) <jmueller@daypitney.com>
**Subject:** RE: Supplemental Responses to Interrogatories

**External Sender:**

Curt

1

Regarding your offer concerning verifications, it's not sufficient. First, it does not address Mr. McMahon's lack of verification. Second, contrary to your email, the fact that Alpha is a bankrupt entity is not unusual. As I understand it, the entity exists and is still in Chapter 11. More importantly, your client Alpha asserts affirmative defenses and has brought a counterclaim against my client in this case. If it wants to continue to pursue those defenses and counterclaims it is responsible, like any other party to litigation in federal court, to abide by the FRCP. Consequently, we must demand that you provide verifications to all of Defendants' Answers to Interrogatories. If you are unable or unwilling to do so, we'll just seek relief from Judge Bolden.

Please advise.

thx

---

**From:** Krasik, Curtis B. <Curtis.Krasik@klgates.com>
**Sent:** Thursday, March 04, 2021 2:22 PM
**To:** Paul Dobrowski <pjd@doblaw.com>; Vanessa Lee Pierce <vpierce@doblaw.com>; Zeitlin, Andrew <AZeitlin@goodwin.com>; Katz, Joette <JKatz@goodwin.com>
**Cc:** McDevitt, Jerry <Jerry.McDevitt@klgates.com>; Mueller, Jeffrey P. (jmueller@daypitney.com) <jmueller@daypitney.com>; Krasik, Curtis B. <Curtis.Krasik@klgates.com>
**Subject:** RE: Supplemental Responses to Interrogatories

Paul -

In response to your second question regarding verifications, we have considered this issue at length given the unusual circumstances of this case where, as a bankrupt entity, Alpha does not have an officer or agent available to sign the interrogatory answers. However, we do not want you to be prejudiced, as a practical matter, as a result of these unusual circumstances. Therefore, we will agree (a) that the interrogatory answers are admissions of Alpha under Fed. R. Civ. P. 801(d)(2), and (b) not to object to the admissibility of the interrogatory answers due to the lack of a verification (reserving, of course, the right to object on relevancy, lack of probative value or other substantive grounds). Please let me know if these agreements address any practical concerns you may have regarding the verifications. Naturally, we are available for a conference to discuss these issues with you further.

-Curt

**K&L GATES**

**Curt Krasik**
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Phone: 412.355.8696
Fax: 412.355.6501
curtis.krasik@klgates.com
www.klgates.com

---

**From:** Paul Dobrowski <pjd@doblaw.com>
**Sent:** Wednesday, March 03, 2021 3:35 PM
**To:** Krasik, Curtis B. <Curtis.Krasik@klgates.com>; Vanessa Lee Pierce <vpierce@doblaw.com>; Zeitlin, Andrew <AZeitlin@goodwin.com>; Katz, Joette <JKatz@goodwin.com>
**Cc:** McDevitt, Jerry <Jerry.McDevitt@klgates.com>; Mueller, Jeffrey P. (jmueller@daypitney.com) <jmueller@daypitney.com>
**Subject:** RE: Supplemental Responses to Interrogatories

Curt

Just to confirm our discussion yesterday, Defendants are going to let us know if their counsel represent Mr. Pollack, Mr. Devito or Ms. Curran and if Defendants will revise their answer to IROG # 2. Also, per the email below, please confirm that you will be sending verifications for Defendants' answers to Plaintiff's iROGS.

thx

---

**From:** Paul Dobrowski
**Sent:** Monday, March 01, 2021 2:46 PM
**To:** Krasik, Curtis B. <Curtis.Krasik@klgates.com>; Vanessa Lee Pierce <vpierce@doblaw.com>; Zeitlin, Andrew <AZeitlin@goodwin.com>; Katz, Joette <JKatz@goodwin.com>
**Cc:** McDevitt, Jerry <Jerry.McDevitt@klgates.com>; Mueller, Jeffrey P. (jmueller@daypitney.com) <jmueller@daypitney.com>
**Subject:** RE: Supplemental Responses to Interrogatories

Curt

1. We disagree regarding your obligation to provide a response to iROG No. 2. Still, please provide a verification for all of Alpha's answers to all iROGs.  Ditto for McMahon's answers to all iROG's. We'll deal with iROG 2 after we receive your verifications.

2. Regarding RFP 7 and prior to your email of 2/25, Vanessa requested that you "identify the search terms, if any, being used across these documents so we know if we need to request any additional terms."  Please see attached.  Your 2/25 email doesn't identify any search terms (see attached) and I don't recall any agreement by us limiting your search.   Thus please let us know what, if any, search terms you are proposing to use.  Further, while we appreciate your agreement to log privileged dox, your 2/25 email states that you "will apply the same privilege filter" as the filter to the Luck PST files.  Please identify the filter and the terms thereof.

3. How about tomorrow at 2:30 EST?  I'll send out a call in number.

Thank you

---

**From:** Krasik, Curtis B. <Curtis.Krasik@klgates.com>
**Sent:** Monday, March 01, 2021 1:33 PM
**To:** Paul Dobrowski <pjd@doblaw.com>; Vanessa Lee Pierce <vpierce@doblaw.com>; Zeitlin, Andrew <AZeitlin@goodwin.com>; Katz, Joette <JKatz@goodwin.com>
**Cc:** McDevitt, Jerry <Jerry.McDevitt@klgates.com>; Mueller, Jeffrey P. (jmueller@daypitney.com) <jmueller@daypitney.com>; Krasik, Curtis B. <Curtis.Krasik@klgates.com>
**Subject:** RE: Supplemental Responses to Interrogatories

Paul -
We disagree; we believe that we have provided a complete answer to IROG No. 2.  Moreover, your speculation as to what we "presumably have access" is incorrect.  Alpha has no current employees and all assets of Alpha, including any mobile phones in Alpha's possession at the time of its bankruptcy, were acquired by Alpha Acquico, LLC.  In any event, you now have a list of all former-Alpha employees who we understand were issued mobile phones.  Therefore, you are able to conduct the same investigation of such former-Alpha employees as we would be able to conduct.  As for Jeffrey Pollack specifically, we have no doubt that you intend to depose Mr. Pollack in this action and, consequently, can and will ask him about his use of his mobile phone in that deposition.  That certainly seems to be the most efficient way of obtaining the information you seek from a non-party to the case.

As for the outstanding e-discovery issues, with regard to RFP 7, we agree to produce documents responsive to the test search per my 2/25 email and to log privileged documents, as you have demanded.  We reserve the right to seek cost sharing from the Court with respect to the fees and costs incurred in the preparation of the log.

With regard to a further discussion of modified search parameters for RFPs 1, 19 & 24, we are available for a call between 1 pm and 4 pm ET on Tuesday 3/2.  Please advise.

-Curt



**Curt Krasik**
K&L Gates LLP
210 Sixth Avenue

4

Pittsburgh, Pennsylvania 15222
Phone: 412.355.8696
Fax: 412.355.6501
curtis.krasik@klgates.com
www.klgates.com

**From:** Paul Dobrowski <pjd@doblaw.com>
**Sent:** Sunday, February 28, 2021 1:08 PM
**To:** Krasik, Curtis B. <Curtis.Krasik@klgates.com>; Vanessa Lee Pierce <vpierce@doblaw.com>; Zeitlin, Andrew <AZeitlin@goodwin.com>; Katz, Joette <JKatz@goodwin.com>
**Cc:** McDevitt, Jerry <Jerry.McDevitt@klgates.com>; Mueller, Jeffrey P. (jmueller@daypitney.com) <jmueller@daypitney.com>
**Subject:** RE: Supplemental Responses to Interrogatories


Curt

Alpha's answer to Interrogatory No. 2 is disingenuous, to say the least.  Whether Alpha is in bankruptcy is irrelevant. You represent Alpha  and, presumably have access to the iPhones of their current (and former)  employees.  At a minimum, Alpha can certainly respond to Interrogatory No. 2 with respect to Mr. Pollack.  Please let me know if Alpha will provide a more fulsome and responsive answer to Interrogatory No. 2 without the need for Court intervention.

Also, you never responded to my email about further discussions on RFPs 1, 19 and 24.  As I said, we're available starting tomorrow afternoon.  Please let us know a time that works for you.

Regards

**From:** Krasik, Curtis B. <Curtis.Krasik@klgates.com>
**Sent:** Thursday, February 25, 2021 3:42 PM
**To:** Paul Dobrowski <pjd@doblaw.com>; Vanessa Lee Pierce <vpierce@doblaw.com>; Zeitlin, Andrew <AZeitlin@goodwin.com>; Katz, Joette <JKatz@goodwin.com>
**Cc:** McDevitt, Jerry <Jerry.McDevitt@klgates.com>; Mueller, Jeffrey P. (jmueller@daypitney.com) <jmueller@daypitney.com>; Krasik, Curtis B. <Curtis.Krasik@klgates.com>
**Subject:** Supplemental Responses to Interrogatories

Counsel -
In accordance with the Court's 2/5/21 Order, attached are Defendants' supplemental responses to IROG Nos. 1, 2 & 4.

-Curt



**Curt Krasik**
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Phone: 412.355.8696
Fax: 412.355.6501
curtis.krasik@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Curtis.Krasik@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Curtis.Krasik@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Curtis.Krasik@klgates.com.