# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| OLIVER LUCK, | : CASE NO. 3:20-cv-00516-VAB |
| Plaintiff, | : |
| v. | : |
| VINCENT K. MCMAHON and ALPHA ENTERTAINMENT LLC, | : |
| Defendants. | : |

## DECLARATION OF PETER HURWITZ

I, Peter Hurwitz, hereby declare:

1. I am over the age of eighteen (18) years and believe in the obligations of an oath.

2. I have personal knowledge of the matters set forth herein and am competent to testify thereto.

3. I am a Principal of Dundon Advisers LLC ("Dundon"). Dundon was retained as financial advisor to the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 bankruptcy of Alpha Entertainment LLC ("Alpha") in the United States Bankruptcy Court for the District of Delaware, Case No. 20-10940 (LSS) (the "Bankruptcy Case"). I was directly involved in Dundon's representation of the Committee in the Bankruptcy Case.

4. On August 21, 2020—during the Bankruptcy Case—Alpha sold substantially all of its assets to Alpha Opco, LLC (successor-in-interest to Alpha Acquico LLC). The assets sold included all "Books and Records"[1] of Alpha.

---

[1] As defined in the Asset Purchase Agreement between Alpha Entertainment LLC and Alpha Opco, LLC dated August 17, 2020.

5. On December 22, 2020, following the bankruptcy court's confirmation of the Second Amended Chapter 11 Plan of Alpha (the "Plan"), and in accordance with the Plan Administrator Agreement entered into in connection with the Plan, I was appointed in my individual capacity to serve as Plan Administrator of the post-effective date debtor—i.e., the corporate shell of Alpha remaining following the sale and confirmation of the Plan.

6. As Plan Administrator, I am generally responsible for the winding down of Alpha's affairs. My responsibilities include: (i) making distributions to holders of allowed claims; (ii) objecting to, and prosecuting, objections to claims; (iii) compromising or settling any claim; (iv) filing applicable tax returns for the debtor; (v) liquidating any of the assets of the debtor; (vi) prosecuting, compromising, resolving, or withdrawing any of the "Retained Causes of Action" (which does not include this lawsuit[2]); and (vii) preparing and filing required post-confirmation reports.

7. I have no personal knowledge of Alpha's pre-bankruptcy activities and policies relating to mobile phone usage or information technology.

8. I also have no personal knowledge of Alpha employees who used mobile phones issued by Alpha (or the XFL) and whether any employee issued a mobile phone may have used the phone for personal matters or matters unrelated to the business of Alpha (or the XFL) for the period of time between June 1, 2018 until April 13, 2020.

---

[2] While the definition of "Retained Causes of Action" in the Plan includes litigation against Mr. Luck, Alpha—before the Plan was confirmed and I was appointed as Plan Administrator—assigned all of its claims in this action to Mr. McMahon in connection with a settlement and stipulation memorialized with, and approved by, the Bankruptcy Court in the Bankruptcy Case at Docket No. 532.

9. Finally, Alpha's records, including any electronic and hard copy records, computers, and mobile phones that may have been in Alpha's possession at the time the company filed for bankruptcy, are not and were never within my custody and control.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 29th day of March, 2021

_____
Peter Hurwitz