IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § | |
| | § | |
|     *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL NO. 3:20-cv-516 (VAB) |
| | § | |
| VINCENT K. MCMAHON and | § | |
| ALPHA ENTERTAINMENT LLC | § | |
| | § | April 14, 2021 |
|     *Defendants.* | § | |

**PLAINTIFF OLIVER LUCK'S REPLY TO ALPHA ENTERTAINMENT LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL VERIFICATION OF ALPHA'S ANSWERS AND RESPONSES TO INTERROGATORY NO. 2**

To the Honorable Judge Victor Bolden,

Plaintiff Oliver Luck ("Luck) files this Reply to Defendant Alpha Entertainment LLC's Opposition to Plaintiff's Motion to Compel Verification of Alpha's Interrogatory Answers and Response to Interrogatory No. 2. (ECF 174) (the "Opposition").

**A.    THE COURT SHOULD NOT BE DIVERTED BY ALPHA'S IRRELEVANT ARGUMENTS**

Alpha's twenty-two (22) page Opposition to Plaintiff's five (5) page Motion to Compel is overwrought and unnecessarily long. For example, Alpha attempts to distract the Court by setting up a strawman through mischaracterization and attempting to knock it down. Mr. Luck's actual position is : *if* Alpha fails to comply with a ***subsequent*** court order compelling Alpha to verify its responses ***then*** Plaintiff requests that Alpha's claim be stricken.[1]

In truth and in fact Plaintiff merely requests that Alpha, like every other party to a lawsuit in federal court, verify its interrogatory answers. ECF 168. Plaintiff also requests that Alpha fully

---

[1] Of course, the court can order a different sanction.

1

respond to Interrogatory No. 2 because it expressly states "**Alpha's counsel** does not know the identity of all Alpha's employees . . ." ECF 168 at 2-3. (emphasis added). Other than its admission that Alpha's counsel can verify its interrogatory answers, ECF 174 at 23-24,[2] Alpha's entire Opposition is devoid of any meaningful response to Plaintiff's Motion to Compel.

To beguile the Court, Alpha cites snippets of Mr. Luck's Employment Contract in a vain attempt to justify its bad faith termination of Mr. Luck for cause. Contrary to Alpha's argument, however, Alpha could not terminate Mr. Luck for cause based on a single violation of an XFL directive. To qualify, Alpha must prove that the violation was material. Second, any such violation had to be done in bad faith by Mr. Luck or without a reasonable belief that his act or omission was in the best interests of the XFL. Third, Alpha was required to provide Mr. Luck with notice. Fourth, Alpha had to provide Mr. Luck with a thirty (30) day opportunity to cure. Alpha can prove none of these four items.

Another red herring is Alpha's argument that Mr. Luck concealed his personal use of the iPhone from Defendant McMahon. In fact, McMahon communicated personal matters to Mr. Luck on Mr. Luck's iPhone. *See* Exhibit A. Defendants' noise about spoliation is just that – noise; Defendants have made no claim for spoliation because nothing was spoliated. Last, Mr. Luck is being deposed on May 11, 2021 in the offices of counsel for Defendants. *See* Ex. B.

Ironically, Alpha now wants the Court to absolve it from the requirements of the Federal Rules of Civil Procedure simply because it is a bankrupt entity after the Court granted Defendant

---

[2] Alpha wrongfully attempts to obtain a pre-emptive ruling on Plaintiff's right to depose counsel should it verify Alpha's responses. ECF at 174 at 23-24. That issue is not currently before the Court and, thus, Plaintiff respectfully requests that the Court refrain from issuing such an order. Further, under *In Re: Friedman*, 350 F.3d 65, 72 (2d Cir. 2003), Judge Sotomayor held that the Second Circuit had adapted a "flexible approach to lawyer depositions" that takes into account all relevant facts and circumstances.

McMahon's request to add Alpha as a party. ECF 174 at 15. Defendants' counsel conveniently ignores its insistence that the Court add Alpha as an indispensable party to this litigation when it was already a bankrupt entity. Defendants' counsel also ignores Alpha's affirmative counterclaims against Mr. Luck that were assigned to Defendant McMahon when Alpha was a bankrupt entity. ECF 174 at 22 n. 8. In this litigation, as a bankrupt entity, Alpha has voluntarily brought counterclaims against Mr. Luck asserting that he violated his duties to Alpha by utilizing his iPhone for personal purposes. ECF 153 ¶73 Mr. Luck did not cause Alpha's bankruptcy and there are no special federal rules of civil procedure applicable to Alpha. Thus, Alpha should be required to abide by the Federal Rules of Civil Procedure regarding discovery, fully respond to Interrogatory No. 2 and verify its answers to Plaintiff's Interrogatories.

**B.    THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO COMPEL**

An interrogatory answer that is not made under oath and is not signed by the person making it is deficient. *Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 364, 369 (D. Conn. 2005) (Smith, Mag.) Defendants provide no case law and no justification for refusing to verify its answers to Mr. Luck's interrogatories. The prejudice to Mr. Luck that results from a lack of verification is simple and readily apparent, i.e., Mr. Luck cannot test the veracity of Alpha's claim and affirmative defenses that he allegedly violated an XFL "policy" because, in fact, the XFL and Alpha had no enforceable policy regarding personal iPhone use at all. Further, Mr. Luck has asserted the affirmative defenses of waiver, estoppel and ratification because the XFL and Alpha permitted Mr. Luck, just like other XFL employees, to use his iPhone for personal use from the outset of his employment until his termination more than eighteen (18) months later. Assuming Alpha verifies that other Alpha employees utilized their iPhones for personal use, then Alpha's claim for damages against Mr. Luck is negated because Alpha plainly did not consider such use to be material.

Under federal law, a party answering interrogatories is required to provide all information available to it including information known by its attorneys, investigators, agents and representatives. *See Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39, 46 (D. Conn. 2004) (Fitzsimmons, Mag.); *see* also *Essex Builders Group*, 230 F.R.D. 682 (M.D. Fla. 2005). A party has a duty to provide all information available to him and, for purposes of FED.R.CIV.P. 33, information controlled by a party is "available information". *Trane Co. v. Klutznick*, 87 F.R.D. 473 W.D. Wis. 1980). Further, a party must disclose in its answers to interrogatories facts in its attorney's possession, even though the facts have not been transmitted to the party. *Shires v. Magnavox Co.*, 74 F.R.D. 373 (E.D. Tenn. 1977). In *Belle Haven*, Magistrate Judge Fitzsimmons held that information known by **prior** members of the Board of Directors and the Admissions Committee was "reasonably available" and compelled the defendant to make inquiry and provide such information in response to the subject interrogatory. *Id*.

Mr. Luck's Interrogatory No. 2 simply requests that Alpha identify all employees who used an Alpha-issued iPhone for personal use. As the Court is aware, Alpha did not list Mr. Luck's personal use of his iPhone as one of the bases for its bad faith Termination Letter dated April 9, 2020 that improperly terminated Mr. Luck for cause. Now, however, Alpha wants to use this basis as a sword while shielding the identities of any other XFL employees who used their iPhones for personal use. The Court should order Alpha to fully and fairly respond to Mr. Luck's Interrogatory No. 2.

Defendants' argument that it is not required to interview third parties over whom it has no control is incorrect and misses the point. In its Supplemental Response to Interrogatory No. 2, Alpha relies upon its ***counsel's knowledge***. ECF 168-1 at Interrogatory No. 2. Alpha's counsel also represents former XFL employees Wagner, Pollack and Devito. Ex. C. At the very least, if

4

Alpha is going to rely on its counsel's knowledge to answer interrogatories, then Alpha's counsel should provide relevant information from all of its clients because it is available. Moreover, Alpha should be compelled to obtain information from its former board members and officers.

In summary, Plaintiff respectfully requests that the Court grant his Motion to Compel and award him all other just relief.

Respectfully submitted,

**PLAINTIFF OLIVER LUCK**

*/s/ Paul J. Dobrowski*
Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
Jared A. McHazlett (phv10650)
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email: pjd@doblaw.com
Email: vpierce@doblaw.com
Email : jmchazlett@doblaw.com

AND

*/s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed. Bar No. ct30935)
Sarah E. Gleason (Fed. Bar No. ct30906)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel.: (203) 324-8100
Fax: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com
Email: segleason@goodwin.com

**HIS ATTORNEYS**

5

## CERTIFICATE OF SERVICE

      I hereby certify that on April 14, 2021, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                    */s/ Paul J. Dobrowski*

9724594v1