# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL NO. 3:20-cv-516 (VAB) |
| | § | |
| VINCENT K. MCMAHON and | § | |
| ALPHA ENTERTAINMENT LLC | § | |
| | § | April 16, 2021 |
| *Defendants.* | § | |

**PLAINTIFF OLIVER LUCK'S RULE 26(a)(1) AMENDED DISCLOSURES AND DAMAGES ANALYSIS**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) and the Scheduling Order entered by the Court (ECF No. 102), Plaintiff Oliver Luck ("Luck") hereby provides his amended initial disclosures and damages analysis to Defendants Vincent K. McMahon and Alpha Entertainment LLC ("Alpha" and together with McMahon, "Defendants").

These disclosures are made by the Plaintiff based upon documents, knowledge, and information presently and reasonably available to him at this time, and Plaintiff reserves the right to amend and/or supplement these disclosures as required by Federal Rule of Civil Procedure 26(e). These disclosures shall not constitute an admission that the information provided herein is, or the documents described herein are, relevant or admissible in this case. Nor shall these disclosures be construed as waiving any objections that Plaintiff may have to the admissibility of the information provided, or the documents described, herein. Plaintiff makes these disclosures subject to and without waiving any privilege or discovery protection including, but not limited to, attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, and the spousal privilege.

1

I.  **WITNESSES**

In addition to Plaintiff himself, the following individuals are likely to have discoverable information that Plaintiff may use to support his claims or defenses.  Plaintiff reserves the right to amend this list if and when Plaintiff becomes aware of additional individuals likely to have discoverable information that Plaintiff may use to support his claims or defenses.

- Vincent K. McMahon, REDACTED . Mr. McMahon may have knowledge or information regarding Plaintiff's employment with Alpha, Plaintiff's job performance, the events described in the Termination Letter, Plaintiff's Response Letter, the Criteria for rejecting players, and Defendant's bad faith and wrongful termination of Mr. Luck.

- Doug Whaley, XFL Senior Vice President of Football Operations, REDACTED . Mr. Whaley may have knowledge or information regarding Plaintiff's employment with Alpha, Plaintiff's job performance, the events described in the Termination Letter, Plaintiff's Response Letter, the Criteria for rejecting players, and Defendant's bad faith and wrongful termination of Mr. Luck.

- Sam Schwartzstein, XFL Director of Football Operations, REDACTED . Mr. Schwartzstein may have knowledge or information regarding Plaintiff's employment with Alpha, Plaintiff's job performance, the events described in the Termination Letter, Plaintiff's Response Letter, the Criteria for rejecting players, and Defendant's bad faith and wrongful termination of Mr. Luck.

- Eric Galko, Former XFL Director of Player Personnel, REDACTED . Mr. Galko may have knowledge or information regarding Plaintiff's employment with Alpha, the Criteria for rejecting players, and Plaintiff's job performance.

- Jeffrey Pollack, XFL President and Chief Operating Officer, REDACTED . Mr. Pollack

2

may have knowledge or information regarding Plaintiff's employment with Alpha, Plaintiff's job performance, the events described in the Termination Letter, Plaintiff's Response Letter, the Criteria for rejecting players, and Defendant's bad faith and wrongful termination of Mr. Luck.

- Basil Devito, Jr., REDACTED . Mr. Devito may have knowledge or information regarding Plaintiff's employment with Alpha, Plaintiff's job performance, the events described in the Termination Letter, Plaintiff's Response Letter and Defendant's bad faith and wrongful termination of Mr. Luck.

- Jerry McDevitt, K&L Gates, LLP, REDACTED , attorneys for Defendants. Mr. McDevitt has knowledge of Defendant's bad faith and wrongful termination of Mr. Luck.

- Cindy Wagner, XFL Senior Director of People & Culture, REDACTED Ms. Wagner may have knowledge or information regarding Plaintiff's employment with Alpha, Plaintiff's job performance, the hiring and recruitment policies of the XFL, and the Criteria for rejecting players.

- David Walden, XFL Head of Human Resources, REDACTED . Mr. Walden may have knowledge or information regarding Plaintiff's employment with Alpha, Plaintiff's job performance, the hiring and recruitment policies of the XFL, and the Criteria for rejecting players.

- Ian Decker, XFL Head of Talent Acquisition, REDACTED . Mr. Decker may have knowledge or information regarding Plaintiff's employment with Alpha, Plaintiff's job performance, the hiring and recruitment policies of the XFL, and the Criteria for rejecting players.

- Liz VanderKamp, XFL Manager of Operations and Executive Assistant, REDACTED .

Ms. VanderKamp may have knowledge or information regarding Plaintiff's employment with Alpha, Plaintiff's job performance, and the Criteria for rejecting players.

- Marc Trestman, Head Coach and General Manager of XFL Tampa Bay Vipers, REDACTED . Mr. Trestman may have knowledge or information regarding Plaintiff's termination of Antonio Callaway.

- Jim Johnstone, WWE Vice President of Human Resources. Mr. Johnstone may have knowledge or information regarding Plaintiff's employment with Alpha, Plaintiff's job performance, the hiring and recruitment policies of the XFL, and the Criteria for rejecting players.

- Josh Hinch, Director of Player Personnel for Marc Trestman. Mr. Hinch may have knowledge or information regarding Plaintiff's termination of Antonio Callaway.

- Brad Blum, WWE Chief of Staff. Mr. Blum may have knowledge or information regarding Plaintiff's employment with Alpha, Plaintiff's job performance, the hiring and recruitment policies of the XFL, and the Criteria for rejecting players.

- Kevin Dunn, WWE Executive Vice President, Television Production, REDACTED . Mr. Dunn may have knowledge or information regarding Plaintiff's employment with Alpha, Plaintiff's job performance, the hiring and recruitment policies of the XFL, and the operations of the XFL.

- Russell Giglio, XFL Director of Player Administration, REDACTED . Mr. Giglio may have knowledge or information regarding the Criteria for rejecting players.

- Stephanie Rudnick, XFL Senior Vice President of Communications and Media Relations, REDACTED . Ms. Rudnick may have knowledge or information regarding Plaintiff's job performance.

## II. DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS

To date, Plaintiff has identified the following categories of documents, electronically stored information, and tangible things in his possession, custody, or control that Plaintiff may use to support his claims or defenses, unless solely for impeachment:

- Non-privileged contents of the iPhone issued by Alpha during the period of employment, including text messages, calendar data, and voicemails that were captured in a forensic image taken of the iPhone. The iPhone is currently in the possession, custody, or control of the Designated Technology Professional referred to in ECF No. 135.

- Non-privileged emails and correspondences related to Plaintiff's work for the XFL, his non-XFL work as a member of the board of directors for American Campus Communities, Inc. ("ACC") and his work for non-profit entities during the period of employment.

- Non-privileged documents related to Plaintiff's Contract for Employment as Commissioner and CEO of the XFL dated May 30, 2018 (the "Employment Contract") and Defendant McMahon's Guaranty made as of May 30, 2018.

- Non-privileged emails reflecting McMahon's and Alpha's approval for criteria for the hiring of players in the XFL.

## III. DAMAGES

Plaintiff seeks compensatory damages in the following amounts: (i) $1,123,287.66 in base salary due for the remaining days of the 2019-20 contract year; (ii) a $2 million bonus for the 2019-20 contract year; (iii) $15 million in base salary due for the final three years of the Employment Contract; and (iv) $6 million in guaranteed bonuses for the final three years of the Employment Contract. The $1,123,287.66 in base salary for the remaining days of the 2019-20 contract year is

calculated as follows:

| | |
|---|---|
| Contract Year End Date: 6/30/2020 | Base Salary Per Contract Year: $5,000,000 |
| Termination Date: 4/9/2020 | Days in a Year: 365 |
| Days Left from Termination Date to Contract Year End Date: 82 (6/30/2020 – 4/9/2020) | Daily Base Salary: $13,698.63 ($5,000,000/365) |
| Daily Base Salary multiplied by Days Left from Termination Date to Contract Year End Date: $1,123,287.66 (82 x $13,698.63) | |

Plaintiff is also owed additional amounts for benefits through June 30, 2023 under the Employment Contract. Specifically, Plaintiff is seeking the aggregate amount of premiums for coverage for Mr. Luck and his dependents under the health, accident, life and other insurance benefits that he was receiving immediately prior to Defendants' bad faith and wrongful termination of Mr. Luck, which totals **$48,666.52**. This amount is calculated as follows:

| **Benefit** | **Premium – Alpha** | | **Premium – Luck** | | **Biweekly Premium Total** | | | **Aggregate Amount for 24 months** |
|---|---|---|---|---|---|---|---|---|
| Medical Insurance | $ 638.26 (biweekly) | + | $ 156.51 (biweekly) | = | $ 794.77 | x 52 | = | **$ 41,328.04** |
| Dental Insurance | $ 43.00 (biweekly) | + | $ 18.43 (biweekly) | = | $ 61.43 | x 52 | = | **$ 3,194.36** |
| Vision Insurance | $ 5.73 (biweekly) | + | $ 3.82 (biweekly) | = | $ 9.55 | x 52 | = | **$ 496.60** |
| Short Term Disability Insurance | $ 57.60 (monthly) | + | | = | $ 57.60 | x 24 | = | **$ 1,382.40** |
| Long Term Disability Insurance | $ 18.38 (monthly) | + | | = | $ 18.38 | x 24 | = | **$ 441.12** |
| Basic Life Insurance | $ 64.50 (monthly) | + | | = | $ 64.50 | x 24 | = | **$ 1,548.00** |
| Accidental Death & Dismemberment Insurance | $ 11.50 (monthly) | + | | = | $ 11.50 | x 24 | = | **$ 276.00** |
| | | | | | | | + | |
| | | | | | **Total** | | | **$ 48,666.52** |

The computation of Mr. Luck's damages is based on: the terms of the Employment Contract (ECF 145-1), the Termination Letter (ECF 145-2), and Defendant Alpha's verified Objections and Responses to Plaintiff's Third Set of Interrogatories (No. 7), dated April 15, 2021. For further reference, Plaintiff refers to the XFL's 2019 Benefits Guide, produced in this case as Alpha_Luck_00103620-3639. Alternatively, Mr. Luck's insurance benefit damages may be measured based upon Mr. Luck's cost to obtain benefits on the open market like those he received immediately prior to Defendants' bad faith and wrongful termination of him, which will be the subject of an expert report, and similarly will be computed based on the XFL's 2019 Benefits Guide and Defendant Alpha's verified Objections and Responses to Plaintiff's Third Set of Interrogatories (No. 7), dated April 15, 2021. *Hybrid Athletics, LLC v. Hylete, LLC*, No. 3:17-cv-1767 (VAB), 2019 WL 1745676, at *2 (D. Conn. April 17, 2019).

## IV. <u>INSURANCE</u>

Plaintiff is not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

*[Signature page to follow]*

Respectfully submitted,

**PLAINTIFF OLIVER LUCK**

*/s/ Paul J. Dobrowski*
Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
Jared A. McHazlett (phv10650)
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email: pjd@doblaw.com
Email: vpierce@doblaw.com
Email : jmchazlett@doblaw.com

**AND**

*/s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed. Bar No. ct30935)
Sarah E. Gleason (Fed. Bar No. ct309335)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel.: (203) 324-8100
Fax: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com
Email: segleason@goodwin.com

*HIS ATTORNEYS*

8

## CERTIFICATE OF SERVICE

  I hereby certify that on April 16, 2021, a copy of the foregoing was served by email on the following counsel of record:

  Jerry McDevitt (pro hac vice)
  Curtis B. Krasik (pro hac vice)
  K&L GATES LLP
  K&L GATES CENTER
  210 Sixth Avenue.
  Pittsburgh, PA 15222
  Tel. (412) 355-8608
  Email:  jerry.mcdevitt@klgates.com
  Email: curtis.krasik@klgates.com

  Jeffrey P. Mueller (ct27870)
  DAY PITNEY LLP
  242 Trumbull Street
  Hartford, CT 06103
  Phone (806) 275-0100
  Fax: (860) 275-0343
  Email: jmueller@daypitney.com

                */s/ Paul J. Dobrowski*