IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL NO. 3:20-cv-516 (VAB) |
| | § | |
| VINCENT K. MCMAHON and | § | |
| ALPHA ENTERTAINMENT, LLC | § | |
| | § | May 7, 2021 |
| *Defendants.* | § | |

**PLAINTIFF OLIVER LUCK'S EMERGENCY MOTION TO COMPEL DEPOSITION OF DEFENDANT ALPHA ENTERTAINMENT'S REPRESENTATIVE(S) PURSUANT TO FEDERAL CIVIL PROCEDURE RULE 30(b)(6)**

To the Honorable District Judge Victor Bolden.

Plaintiff Oliver Luck seeks to compel the deposition of the person or person(s) designated by Defendant Alpha Entertainment ("Alpha") for deposition pursuant to FRCP 30(b)(6) and requests the Court enter an expedited briefing schedule for this Motion.

## I.   REQUEST FOR EXPEDITED BRIEFING SCHEDULE

Plaintiff respectfully requests the Court require Defendant Alpha to respond to this Motion within 7-10 calendar days of filing. Plaintiff will file his Reply within 3 days from the date of Defendant's Response.

Good cause exists to grant this expedited briefing schedule for the following reasons: (a) since April 22, 2021, Alpha has been on notice that Luck seeks its corporate representative(s) deposition, but has categorically refused to identify or present any witness on any requested topic; (b) the deadline for designation of affirmative experts is May 14, 2021; (c) Plaintiff has served Defendants with its 30(b)(6) deposition notice that is currently scheduled for June 1, 2021; (d) the deadline for designation of rebuttal experts is June 25, 2021; (e) the discovery cut-off deadline is

1

July 12, 2021; (f) Defendants' counsel has indicated that it may be unavailable to conduct depositions in parts of June and July 2021; and (g) this is a single issue discovery dispute.

## II.  INTRODUCTION

On April 22, 2021 during a telephone conference between counsel regarding discovery, Plaintiff's counsel notified Defendants' counsel that Plaintiff wanted to depose Alpha's corporate representative(s).  Plaintiff's counsel agreed to send a list of deposition topics to Defendants' counsel. On the same day, Plaintiff's counsel provided Defendants' counsel with a list of deposition topics.  See Ex. A.  One week later, after being reminded about the list of topics, Defendants' counsel insisted on a "meet and confer" conference to discuss the list of topics and scheduled it for May 3, 2021. Ex. B.

The "meet and confer" conference call was a sham. Defendants' counsel categorically refused to: (a) agree to any of the topics listed by Plaintiff's counsel or (b) agree to present any witness as an Alpha 30(b)(6) designee to testify for deposition.  Ex. C.  Instead, Defendants' counsel used the call to engage in a fishing deposition to try to learn the trial and deposition evidence and strategies that Plaintiff's counsel has marshalled.  *Id*.  Defendant Alpha's position is that the Federal Rules of Civil Procedure, and specifically FRCP 30(b)(6), don't apply to it because Alpha is a bankrupt entity.  However, Alpha has brought counterclaims against Mr. Luck for which it seeks monetary damages. On behalf of the Defendants, Alpha has also asserted affirmative defenses that seek to deny Mr. Luck the compensation to which he is entitled. Further Defendants' counsel represented to the Court, and obtained an order, that Alpha is an indispensable party requiring its joinder in this litigation (arguing, *inter alia*, that Alpha "has unique defenses and counterclaims that McMahon cannot assert"). ECF 172 at 10. Now, having been granted its request,  Alpha refuses to play by the rules. Alpha should not be permitted to assert claims against

2

Mr. Luck as a sword, but be shielded from presenting a FRCP 30(b)(6) witness because it is bankrupt. As a result of Defendants' counsel's categorical refusal to abide by the Federal Rules of Civil Procedure and their disingenuous and dilatory tactics, Plaintiff is forced to seek redress from this Court.

### III. GOVERNING RULE OF FEDERAL CIVIL PROCEDURE

Under Federal Rule of Civil Procedure 30(b)(6), when a party seeks the deposition of an entity, "The named organization **must** then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf. … The persons designated **must** testify about information known or reasonably available to the organization…."
Fed. R. Civ. P. 30(b)(6) (emphasis added).

### IV. DISCUSSION

Plaintiff seeks the deposition testimony of the corporate representative of Alpha because, in order to prosecute his claims and defend against Alpha's affirmative claims, he must know the facts underlying Alpha's affirmative defenses and counterclaims. Nevertheless, Alpha essentially contends that it is not required to provide such information pursuant to a FRCP 30(b)(6) deposition. That is not the law in this district or the Second Circuit. *See Dongguk Univ. v. Yale Univ.,* 270 F.R.D. 70, 74 (D. Conn. 2010) (Fitzsimmons, Mag.); *Rubie's Costume Co., Inc. v. Kangaroo Mfg., Inc.,* CV 16-16517 (SJF) (AKT), 2018 WL 4558405, at *3 (E.D.N.Y. Sept. 21, 2018) (Tomlinson, Mag.) ("There is a discernable preference in the case law of this Circuit to allow a litigant the opportunity to bind a corporate entity through Rule 30(b)(6) testimony.").

Defendant Alpha's principal argument for refusing to abide by FRCP 30(b)(6) is based on the contention that it does not have knowledgeable current employees who can serve as Rule 30(b)(6) witnesses on the topics requested. However, in the United States District Court of

Connecticut rejected that argument stating:

> While "[t]here is no obligation to select a person with personal knowledge of the events in question," *Wright & Miller*, at 455, the Rule 30(b)(6) designee "has an affirmative obligation to educate himself as to the matters regarding the corporation. This includes all matters that are known or reasonably available to the corporation." *Concerned Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39, 43 (D. Conn. 2004) (internal quotation marks omitted). **The court agrees with FHFA that the RBS Defendants cannot avoid a Rule 30(b)(6) deposition based on the reported limited knowledge of its employees**. First, a Rule 30(b)(6) witness is not charged with simply conveying what the witness knows but with conveying what the corporation knows.
>
> The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents. The designated witness is "speaking for the corporation," and this testimony must be distinguished from that of a "mere corporate employee" whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena . . . The Rule 30(b)(6) designee does not give his personal opinions. Rather, he presents the corporation's "position" on the topic. Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. **The corporation must provide its interpretation of documents and events.** *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C.) aff'd, 166 F.R.D. 367 (M.D.N.C. 1996) (internal citations omitted).

*Fed. Hous. Fin. Agency for Fed. Nat'l Mortg. Ass'n v. Royal Bank of Scotland Grp. PLC,* No. 3:11-CV-1383(AWT), 2015 WL 13634404, at *1 (D. Conn. Aug. 20, 2015) ("*FHFA*") (copy attached as Ex. D). (emphasis added).

In fact, under FRCP 30(b)(6), the designated representative does not have to be a current Alpha employee. Instead, the deponent can be "other persons who consent to testify on its behalf." Surely Mr. McMahon, as Alpha's current (or former) chairman and co-defendant, or Mr. Peter Hurwitz, as Alpha's Plan Administrator,[1] will consent to testify on behalf of Alpha.

Moreover, Alpha's argument that it no longer employs persons with personal knowledge of the proposed topics was soundly rejected in *FHFA*. There, the court held that:

---

[1] *See* ECF 168 at 3 and ECF 168-7.

>The RBS Defendants identify certain individuals who they state would not be appropriate Rule 30(b)(6) designees. They also assert that they cannot reasonably educate a designee to testify about their practices "eight to ten years ago." However, "the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (internal quotation marks omitted). It is understood that this is not always an easy thing to do.
>
>While the Rule 30(b)(6) deposition of a corporation and an individual are similar, there is one factor which can distinguish them. An individual's personal memory is no more extensive than his or her life. However, a corporation has a life beyond that of mortals. Moreover, it can discharge its "memory," i.e. employees, and they can voluntarily separate themselves from the corporation. Consequently, it is not uncommon to have a situation, as in the instant case, where a corporation indicates that it no longer employs individuals who have memory of a distant event or that such individuals are deceased. ***These problems do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.*** Of course, just like in the instance of an individual deponent, the corporation may plead lack of memory. However, if it wishes to assert a position based on testimony from third parties, or their documents, the designee still must present an opinion as to why the corporation believes the facts should be so construed. ***The attorney for the corporation is not at liberty to manufacture the corporation's contentions. Rather, the corporation may designate a person to speak on its behalf and it is this position which the attorney must advocate.***

*FHFA*, 2015 WL 13634404 at *4. (emphasis added)

Defendant Alpha's refusal to present a Rule 30(b)(6) witness for deposition is particularly disingenuous because, as an inducement to Alpha to bring its unmeritorious counterclaims against Mr. Luck in this action, Defendant McMahon agreed to pay all of Alpha's attorney's fees. *See* Ex. E. Further, as the Court may recall, Defendant Alpha has refused to verify its interrogatory responses because they are based on its counsel's knowledge. ECF 174 at 16 ("the information in Alpha's possession, custody or control is limited to Alpha's pre-bankruptcy records in the possession of Defendants' counsel **and the knowledge of Defendants' counsel from its pre-bankruptcy representation of Alpha**") (emphasis added). In other words, Alpha's contentions and

5

claims in this case are manufactured by Defendants' counsel and paid for by Defendant McMahon.

The party opposing a 30(b)(6) deposition must prove good cause to deny the discovery sought. *FHFA*, 2015 WL 13634404 at *1 (citing *Dongguk*, 270 F.R.D. at 74). "To establish 'good cause' for a protective order under Federal Rule of Civil Procedure 26(c), the courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements[.]" *Id*. (quoting *Gulf Oil Co. v. Bernard,* 452 U.S. 89, n.16 (1981)) (original brackets and quotation marks omitted).

Here Defendant Alpha has not, and cannot, show good cause based on a particular and specific demonstration of fact. It is beyond cavil that Mr. McMahon can serve as a corporate representative as can Alpha's Plan Administrator, Mr. Peter Hurwitz. Instead, Defendant's position appears to be that it is simply immune from the Federal Rules of Civil Procedure because it is a bankrupt entity.

Alpha's counsel also contends that Alpha should not be required to present a 30(b)(6) witness for deposition because it has already produced documents and provided (unverified) answers to interrogatories. However, in *Dongguk,* 270 F.R.D. at 74, the court held that "[a] party should not be prevented from questioning a live corporate witness in a deposition setting just because the topics proposed are similar to those contained in documents provided or in interrogatory questions answered." While information may have already been provided by other methods, such as document production, a live "witness may still be useful to testify as to the interpretation of papers[.]" *Id.*

As Judge Thompson explained in *FHFA*, separate and additional discovery responses are an insufficient bases for refusing to produce a corporate representative for deposition under FRCP 30(b)(6):

> [A] Rule 30(b)(6) deposition serves a distinct purpose, i.e., it "binds the corporation." *Dongguk*, 270 F.R.D. at 74. Also, "[w]hen information has already been provided in other forms, a witness may still be useful to testify as to the interpretation of papers, and 'any underlying factual qualifiers of those documents' (i.e., information which the defendant knows but is not apparent on the face of the documents)." *Id*.
>
> Furthermore, "[a] party may also have an interest in getting the corporation's testimony on an issue, rather than the testimony of an individual." *Id*. The RBS Defendants have made no showing that any of these purposes of a Rule 30(b)(6) deposition will be fairly and adequately served, as opposed to requiring FHFA to accept selectively designated deposition testimony favorable to the RBS Defendants.

*FHFA*, 2015 WL 13634404 at *3; *see also Cipriani v. Dick's Sporting Goods, Inc.,* No. 3:12 CV 910 (JBA), 2012 WL 5869818, at *2 (D. Conn. Nov. 19, 2012) (Margolis, Mag.). Thus, it is not appropriate to force a plaintiff to accept a compromise in the form of deposition designations and written responses from the defendants, even assuming such designations and responses satisfy the plaintiff's Rule 30(b)(6) notice. *FHFA*, 2015 WL 13634404 at *5.

## V.   CONCLUSION

Plaintiff respectfully requests that the Court order an expedited briefing schedule on this matter and, thereafter, grant Plaintiff's Motion to Compel Alpha to present a witness or witnesses for depositions(s) under FRCP 30(b)(6) on the topics listed in Ex. F.

Respectfully submitted,

**PLAINTIFF OLIVER LUCK**

*/s/ Paul J. Dobrowski*
Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
Jared A. McHazlett (phv10650)
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email: pjd@doblaw.com
Email: vpierce@doblaw.com
Email : jmchazlett@doblaw.com

AND

*/s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed. Bar No. ct30935)
Sarah E. Gleason (Fed. Bar No. ct30906)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel.: (203) 324-8100
Fax: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com
Email: segleason@goodwin.com

**HIS ATTORNEYS**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have conferred with counsel for the Defendants in a good faith effort to resolve by agreement the issues raised in Plaintiff Oliver Luck's Emergency Motion to Compel Deposition of Defendant Alpha Entertainment's Representative(s) Pursuant to Federal Civil Procedure Rule 30(b)(6) without Court intervention. *See* Exhibit C. Unfortunately, we have been unable to reach such an agreement.

*/s/ Paul J. Dobrowski*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 7, 2021, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                              */s/ Paul J. Dobrowski*

9814618v1