# EXHIBIT A

| | |
|---|---|
| **From:** | Vanessa Lee Pierce |
| **To:** | Paul Dobrowski; Krasik, Curtis B.; Jeffrey Mueller; McDevitt, Jerry |
| **Cc:** | Zeitlin, Andrew; Joette Katz - Shipman & Goodwin LLP (jkatz@goodwin.com); Gleason, Sarah E.; Jared McHazlett |
| **Subject:** | RE: Defendants" Supplemental Privilege Log dated March 10, 2020 |
| **Date:** | Thursday, April 22, 2021 3:47:56 PM |
| **Attachments:** | 30(b)(6) topics.docx |
| | image001.png |

Hi Curt,

As discussed on our call, attached is a general preview of the topics we anticipate for a 30(b)(6). Please let us know the person or persons, and dates for the depo so we can serve a formal 30(b)(6).


Thanks,

**Vanessa L. Pierce**
main: 713.659.2900 | direct: 713.800.0416

**From:** Paul Dobrowski <pjd@doblaw.com>
**Sent:** Thursday, April 22, 2021 1:48 PM
**To:** Krasik, Curtis B. <Curtis.Krasik@klgates.com>; Jeffrey Mueller <jmueller@daypitney.com>; McDevitt, Jerry <Jerry.McDevitt@klgates.com>
**Cc:** Zeitlin, Andrew <AZeitlin@goodwin.com>; Joette Katz - Shipman & Goodwin LLP (jkatz@goodwin.com) <jkatz@goodwin.com>; Gleason, Sarah E. <SeGleason@goodwin.com>; Vanessa Lee Pierce <vpierce@doblaw.com>; Jared McHazlett <jmchazlett@doblaw.com>
**Subject:** RE: Defendants' Supplemental Privilege Log dated March 10, 2020

Curt

Thanks. Plaintiff does not seek production of those emails.


Regards

**From:** Krasik, Curtis B. <Curtis.Krasik@klgates.com>
**Sent:** Thursday, April 22, 2021 1:46 PM
**To:** Paul Dobrowski <pjd@doblaw.com>; Jeffrey Mueller <jmueller@daypitney.com>; McDevitt, Jerry <Jerry.McDevitt@klgates.com>
**Cc:** Zeitlin, Andrew <AZeitlin@goodwin.com>; Joette Katz - Shipman & Goodwin LLP (jkatz@goodwin.com) <jkatz@goodwin.com>; Gleason, Sarah E. <SeGleason@goodwin.com>; Vanessa Lee Pierce <vpierce@doblaw.com>; Jared McHazlett <jmchazlett@doblaw.com>; Krasik, Curtis B. <Curtis.Krasik@klgates.com>
**Subject:** RE: Defendants' Supplemental Privilege Log dated March 10, 2020

Paul -

In follow up to our call this morning, the underlying emails that Mr. McMahon sent to himself were as follows:

- P-571 & 572 -- 4/3/2020 Email from Jeffrey Pollack to Jerry McDevitt, Esq., John Wilson, Esq., Vince McMahon, Shane McMahon, Basil DeVito, Brad Blum, and Evan Steinberg
- P-593 & 594 -- 4/4/2020 Email from John Bicks, Esq. to Jeffrey Pollack cc'ing Jerry McDevitt, Esq., John Wilson, Esq., James Wright, Esq., and Vince McMahon
- P-617 & 618 -- 4/8/2020 Email from Jeffrey Pollack to Vince McMahon cc'ing John Wilson, Esq.

-Curt



**Curt Krasik**
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Phone: 412.355.8696
Fax: 412.355.6501
curtis.krasik@klgates.com
www.klgates.com

---

**From:** Paul Dobrowski <pjd@doblaw.com>
**Sent:** Tuesday, April 20, 2021 8:21 PM
**To:** Jeffrey Mueller <jmueller@daypitney.com>; Krasik, Curtis B. <Curtis.Krasik@klgates.com>; McDevitt, Jerry <Jerry.McDevitt@klgates.com>
**Cc:** Zeitlin, Andrew <AZeitlin@goodwin.com>; Joette Katz - Shipman & Goodwin LLP (jkatz@goodwin.com) <jkatz@goodwin.com>; Gleason, Sarah E. <SeGleason@goodwin.com>; Vanessa Lee Pierce <vpierce@doblaw.com>; Jared McHazlett <jmchazlett@doblaw.com>
**Subject:** Defendants' Supplemental Privilege Log dated March 10, 2020

Gentlemen

Please consider this email an attempt by Plaintiff to meet and confer regarding certain documents listed on the above referenced Supplemental Privilege Log. First, it appears that there are several documents that include communications with third party Evan Sternberg of Morgan Stanly and for which the privilege is, therefore, waived. They are P 515 – 519, 521 - 22, 524, 553 and 568 (the "Sternberg Emails"). Please explain how documents shared with Mr. Sternberg can be privileged or produce the documents.

Similarly, there are multiple emails that involve WWE employees which, for the same reason, the privilege appears to have been waived through disclosure to a third party. The documents are logged as P 529, 547, 554-55, 595 and 596 (the "WWE Emails"). If you are going to rely on a shared services agreement between WWE and Alpha for your assertion of privilege, then please send it to

me so I can re-evaluate our position.  As you may recall, I previously requested a copy but was not provided one.

Further, there are several documents that do not list an attorney as an author or recipient and do not identify the attorney who provided any alleged legal advice.  They are P 571-72, 593-94 and 617-18.   If you can name the attorney who allegedly provided the legal advice, we merely request that you submit the documents for *in camera* inspection to the court.

Last, there are multiple emails dated 3/31/20 and thereafter that relate to the "Luck termination".  They are listed as documents P 545-46, 602-03 and 621.  For the same reasons that we seek production of the "Bad Faith Emails" per our current Motion to Compel, we respectfully request that you redact any legal advice and produce the emails reflecting only the facts set forth therein.

Alternatively, we request that you submit all of the foregoing specifically enumerated emails to the Court for an *in camera* inspection.  Please let me know when you are available to discuss.  I can talk any time before 1:30 pm EDT tomorrow or after 4 pm.  I'm also available to talk on Thursday (4/22) at any time before 2 pm EDT or after 4 pm EDT.

Thanks

## Paul J. Dobrowski



4601 Washington Avenue, Suite 300 | Houston, TX 77007
main: 713.659.2900 | fax: 713.659.2908 | dobrowski.com

**NOTICE BY DOBROWSKI, LARKIN & STAFFORD L.L.P.**   This message, and any attached document, is a PRIVILEGED AND CONFIDENTIAL communication from a law firm. If you are not the intended recipient, any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender in the event of a delivery error by replying to this message, and then delete it from your system. Unintended transmission shall not constitute waiver of any privilege. Unless expressly stated otherwise, nothing in the message shall be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Curtis.Krasik@klgates.com.

The Alpha representative with the most knowledge of the facts concerning, relating to or supporting:

1. Each ground for Luck's termination for Cause;

2. The date when Alpha determined that Luck would be terminated;

3. The date when Alpha determined Luck would be terminated for Cause;

4. Any investigation that led Alpha to terminate Luck for Cause;

5. The facts learned during any investigation referenced in item #4;

6. The decision to terminate Luck for Cause;

7. Alpha's policy re: personal use of Alpha, and/or XFL, issued iPhones;

8. Personal use of iPhones by all Alpha employees;

9. The hiring and firing of Antonio Callaway;

10. The materiality, if any, of the hiring and firing of Callaway;

11. Any and all communications to Luck by any XFL personnel, including McMahon, that Callaway should not be hired;

12. Any and all communications to Luck by any XFL personnel, including McMahon, that Callaway should be fired;

13. The 4 Criteria set forth in the Luck email dated July 17, 2019 (ALPHA_LUCK_00017189);

14. The XFL Standard Player Contract;

15. The XFL budget, including the budgets of the XFL's different departments, for example, Football Operations, Business Operations, the Commissioner Discretion Budget;

16. The decision and instruction to all XFL employees to work from home beginning Monday, March 16;

17. The drafting and circulation of the XFL Employee Handbook & Code of Business Conduct;

18. The date(s) that Alpha determined that Luck had violated an XFL policy or directive;

19. Alpha's assertion that any act or omission by Luck constituted gross negligence of his duties;

20. Alpha's assertion that any act or omission constituted an intentional failure by Luck to follow any applicable XFL policy or directive;

21. Any notice and opportunity to cure given by Alpha to Luck for any act or omission that would constitute Cause for termination under the Employment Agreement;

22. The failure to give Luck notice and 30 days to cure for any alleged violation of an XFL policy or directive;

23. Alpha's claim, if any, that Luck willfully and intentionally engaged in material misconduct in the performance of his duties;

24. Alpha's assertion that any act or omission by Luck that constitutes "Cause" was not reasonably susceptible to cure;

25. Mr. Luck's alleged failure to devote substantially all of his business time to the performance of his XFL duties;

26. Notice to Mr. Luck of any dissatisfaction with his performance of XFL duties prior to April 9, 2020;

27. Luck's performance, or non-performance, of his XFL duties after March 13, 2020;

28. All communications between any XFL personnel, including Mr. McMahon, and Luck after March 13, 2020;

29. Alpha's counterclaims;

30. Alpha's affirmative defenses;

31. Any "shared services" agreement between Alpha and/or the XFL, on the one hand, and WWE on the other;

32. All work done by Wasserman Media Group, LLC for or on behalf of the XFL;

33. All work done by William Wilson for or on behalf of Alpha; and

34. Payments by Alpha and/or the XFL, on the one hand, for services rendered by WWE from June 1, 2018 until April 9, 2020.