# EXHIBIT C

| | |
|---|---|
| From: | Paul Dobrowski |
| To: | Krasik, Curtis B. |
| Cc: | Jeffrey Mueller; McDevitt, Jerry; Jared McHazlett; Vanessa Lee Pierce; Zeitlin, Andrew; Joette Katz (jkatz@goodwin.com); Gleason, Sarah E. |
| Subject: | RE: Luck v. McMahon et al. |
| Date: | Thursday, May 6, 2021 1:55:24 PM |
| Attachments: | RE Defendants" Supplemental Privilege Log dated March 10 2020.msg |
| | 2021-05-03 Oliver Luck"s 30(b)(6) topics.docx |
| | 30(b)(6) Corp Rep.docx |

Curt

I apologize for not responding sooner to your email below, but I was out of town for depos in another case. Frankly, I'm writing this email to you while I'm presenting a witness for depo via Zoom.

To say your recitation of facts and events, as set forth below, is inaccurate and misguided would be a gross understatement. For example, we did not send you 34 draft deposition topics "out of the blue". Instead we sent you the draft 30(b)(6) topics following our phone call on or about April 22nd in which we promised to provide them to you. See attached 4/22 email from Vanessa regarding Defendants' Supplemental Privilege Log. Also, at the outset of our "meet and confer" conversation on Monday 5/3, you and Jeff informed me that: (a) Alpha would not agree to any of the 30(b)(6) topics listed in the above 5/3 attachment that had been previously provided to you, and (b) you would not present any witness to testify, as a corporate representative on behalf of Defendant Alpha regarding the ***facts*** relating to the attached topics. As the discussion continued it also became clear that the real purpose for the "meet and confer" telephone conference, that you requested, was a fishing expedition to obtain Plaintiff's deposition and trial strategies. You and Jeff repeatedly demanded that I tell you the evidence I had marshalled on each topic before telling me that you would not designate a corporate representative as a witness. Since you and Jeff made it clear that you were not going to provide a 30(b)(6) witness for Alpha on any of the requested topics under any circumstances, I refused to participate in your faux "meet and confer" because it was improper, a waste of time and in bad faith.

When you told me that Mr. McMahon was, or is, the chairman of Alpha, I suggested that you designate him as the corporate representative for Alpha. I also said I would work with you so that I would ***not*** need to depose Mr. McMahon for an additional 7 hours of deposition time. However, you refused. You also suggested that I wait until ***after*** the depositions of Mr. McMahon and other witnesses and accept their testimony as the corporate representative(s) of Alpha. I said that was fine so long as you designated the topics on which the witnesses would be testifying as the Alpha corporate rep ***before*** taking the depositions so I could adequately prepare. You and Jeff refused.

In your email below, you continue to assert that Alpha should be granted some type of special immunity from the Federal Rules of Civil Procedure, and specifically FRCP 30(b)(6), because Alpha is a bankrupt entity. However, Alpha has brought counterclaims against Mr. Luck for which it seeks monetary damages. Also, on behalf of the Defendants, you have asserted affirmative defenses that Mr. Luck is not entitled to full compensation. Further you have represented to the Court, and obtained an order, that Alpha is an indispensable party requiring its joinder in this litigation (arguing, *inter alia*, that Alpha "has unique defenses and counterclaims that McMahon cannot assert"). Now, having received what you requested, Alpha doesn't want to play by the rules. Alpha should not be permitted to assert claims against Mr. Luck as a sword, but be shielded from presenting a 30(b)(6) witness because it is bankrupt.

Regarding the issues you list below as evidence of your willingness to engage in "good faith discussions", we simply disagree. Frankly, I believe they underscore your bad faith. How you can say the topics contained in the attached list are "not relevant" to any issue in the case, or are "protected by the attorney client privilege", when the attached list of topics specifically requests a witness to testify regarding the ***facts*** that support:

1. Each ground for Luck's termination for Cause;

2. The date when Alpha determined that Luck would be terminated;

3. The date when Alpha determined Luck would be terminated for Cause;

4. Any investigation that led Alpha to terminate Luck for Cause;

5. The facts learned during any investigation referenced in item #4;

6. The decision to terminate Luck for Cause;

7. Alpha's policy re: personal use of Alpha, and/or XFL, issued iPhones;

8. Personal use of iPhones by all Alpha employees;

9. The hiring and firing of Antonio Callaway;

21. Any notice and opportunity to cure given by Alpha to Luck for any act or omission that would constitute Cause for termination

under the Employment Agreement;

22. The failure to give Luck notice and 30 days to cure for any alleged violation of an XFL policy or directive;

_____

29. The allegations in Defendant Alpha Entertainment LLC's Amended Counterclaims [ECF 153] set forth in paragraphs 17, 18, 23, 28, 36, 37, 39, 40, 41, 46, 47, 48, 49, 61, 62, 63, 67, 68, 73, 74, 75, 76, 79, 86, 89, 90, 91, 92, 97, 98, 101, 103, 104, 105, 108, 109, 113, 114, 118, and 119; and

30. The alleged prior material breaches listed in Defendant Alpha Entertainment LLC's Answer, Affirmative Defenses, and Counterclaims [ECF 126] set forth under the "SECOND DEFENSE" heading on page 4.

Your excuse that Plaintiff is not entitled to a 30(b)(6) deposition because: "[m]any of the topics concern matters that you already know through prior discovery in this case" and "[m]any of the topics concern matters of which Luck has knowledge but information is not known or readily available to Alpha" is without merit. See *In re Porsche Automobile Holding SE*, 2019 WL 5806913 (D. Mass. November 6, 2019).

Your suggestion that I have engaged in "abusive discovery to harass Defendants" is both laughable and emblematic of your contradictory positions.  It is neither abusive nor harassing to require that Alpha abide by the Rules.  Nor is it abusive or harassing to seek documents from a 3rd party witness such as WWE, especially since you claim that WWE personnel were working on behalf of XFL pursuant to a "shared services" agreement that you have refused to produce.  The only abusive and harassing activities have been your continuous dilatory discovery tactics that are a matter of record.

Once again, I request that Defendants reconsider their position and designate witnesses who are currently scheduled for depositions( i.e., McMahon, Wagner, Devito, Pollack, McDevitt, Trestman and Walden) as 30(b)(6) witnesses on any of the attached topics. We are currently working to arrange dates for Messrs. Walden and Trestman.  Please let us know when you will present Mr. McDevitt for deposition.  I'm also enclosing a formal 30(b)(6) notice of deposition with a proposed date of June 1 at your offices in Stamford.  Of course, if that date is inconvenient for you, please let me know and we will find another date that is. However, if I don't hear from you by tomorrow, we shall assume Alpha remains opposed to providing a witness or witnesses on the 30(b)(6) topics that we have listed.  In that event, we shall be forced to file a Motion to Compel and seek expedited relief due to: (a) the expert deadlines of 5/14/, 6/4 and 6/25; (b) your expressed concerns below that there may not be days available in June and July for depositions prior to the discovery cut-off; and (c) the 7/12 discovery cut-off date.

I look forward to your prompt response. Thank you .

---

**From:** Krasik, Curtis B. <Curtis.Krasik@klgates.com>
**Sent:** Tuesday, May 04, 2021 3:54 PM
**To:** Paul Dobrowski <pjd@doblaw.com>; Vanessa Lee Pierce <vpierce@doblaw.com>; Jared McHazlett <jmchazlett@doblaw.com>; Zeitlin, Andrew <AZeitlin@goodwin.com>; Joette Katz - Shipman & Goodwin LLP (jkatz@goodwin.com) <jkatz@goodwin.com>
**Cc:** McDevitt, Jerry <Jerry.McDevitt@klgates.com>; Mueller, Jeffrey P. (jmueller@daypitney.com) <jmueller@daypitney.com>; Krasik, Curtis B. <Curtis.Krasik@klgates.com>
**Subject:** Luck v. McMahon et al.

Paul -
This is in response to the emails that you and Jared both sent yesterday.

We do not understand what "motion for expedited consideration of the Alpha 30(b)(6) depo" you are referring to.  There is no basis for filing any motion with respect to a Rule 30(b)(6) deposition of Alpha, much less an expedited motion.  First, no Rule 30(b)(6) notice has even been served so there is nothing to move to compel in the first instance.  Second, you again are seeking to circumvent the Court's order which requires full briefing on the issues in lieu of a court conference or oral argument -- and we have previously told you we will not agree to the filing of a motion contrary to the Court's order.  Third, there is no good cause for expedited consideration by the Court of any motion and the only purported emergency here is one of your own making.

The real problem, of which yesterday's events are emblematic, is your apparent strategy to use abusive discovery to harass Defendants in an effort to create satellite litigation on non-merits based issues to attempt to divert attention from the overwhelming evidence in support of Luck's termination for cause at the crux of this case.  This strategy of diversion has become more egregious after the upcoming depositions were established notwithstanding all the roadblocks you attempted to inject into that process.  After Defendants produced over a quarter million pages of documents at a cost of hundreds of thousands of dollars (which included far more than Luck's PST file that you represented to the Court would largely satisfy Defendants' production obligations), we were able to establish the current deposition schedule over your obstruction.  Then, and during a time when you previously stated you were unable to conduct depositions, you both served a massive and wholly unnecessary subpoena on WWE and out-of-the-blue sent us 34 draft topics for a Rule 30(b)(6) deposition of Alpha on April 22.  As you well know, this is not a typical situation for the use of a Rule 30(b)(6) deposition, such as where there was corporate action but the plaintiff does not know who in the corporation was responsible for that action or a large corporate defendant with many employees and the plaintiff does know the individuals involved in the matters at issue.  By contrast, you know that Alpha is a bankrupt entity with no employees.  You also know that the decisions regarding Luck's termination for cause were, and could only have been, made by Mr. McMahon who was the only person to whom Luck reported.  Indeed, you evidently knew that this was not an appropriate case for the use of a Rule 30(b)(6) deposition when you told us on April 13 the depositions you wanted to take (which exceeded the 10 depositions you are permitted under the Federal Rules) that did NOT include any Rule 30(b)(6) deposition of Alpha.

In our call yesterday ostensibly to confer regarding your list of draft topics for Alpha's Rule 30(b)(6) deposition, you categorically refused to engage with Attorney Mueller and I despite the express requirement that "the serving party and the organization must confer in good faith about the matters for examination."  Contrary to the mischaracterizations of Jared's 5/3 email, we did not refuse to designate a person to testify on any of these topics but instead suggested that you first examine Mr. McMahon and the other former-executives of Alpha who you requested to depose, Jeffrey Pollack, Basil DeVito, and Cindy Wagner.  Because you will have the full opportunity to examine these witnesses, we attempted to propose -- before you shouted us down -- that the reasonable and efficient way to proceed would be to take those depositions and then determine if there are any relevant issues on which you lack discovery.  As you know, a corporate representative pursuant to Rule 30(b)(6) only "must testify about information known or reasonably available to the organization."  As a bankrupt entity with no employees which has sold all of its corporate records to Alpha Opco LLC, as a practical matter, the testimony of the scheduled witnesses constitutes the information presently known or available to Alpha.  In the unlikely event that there is information you legitimately are unable to obtain through the currently-scheduled depositions, we can discuss other less burdensome methods of attempting to provide such information to you.

As for Mr. McMahon, in particular, we rejected your not-so-thinly-veiled attempt to get a second day of deposition with Mr. McMahon because it is blatantly harassing to try to subject the Chairman of a publicly-traded corporation to both an individual and corporate representative deposition for which he would need to spend an inordinate amount of time preparing to testify on 34 exceedingly broad and inappropriate topics.

In yesterday's call, we also attempted to discuss our numerous issues and questions regarding each of the specific draft topics for the Rule30(b)(6) deposition.  But when we attempted to discharge our obligation under the Rules to meet and confer with you in good faith on each topic, you dismissively responded "next" without engaging in any meaningful discussion and accused us of "wasting everyone's time."  If you had actually engaged with us in a good faith discussion of these issues, we intended to discuss that:

- Many of the topics concern matters that are not relevant to any legitimate issue in the case.

- Many of the topics concern matters that constitute Alpha's legal contentions in this lawsuit (which you already know) and are not the proper subject of a Rule 30(b)(6) deposition.

- Many of the topics concern matters that you already know through prior discovery in this case.

- Many of the topics concern matters of which Luck has knowledge but information is not known or readily available to Alpha.

- Many of the topics concern matters that are protected by the attorney-client privilege and/or work product doctrine which are the subject of pending motions before the Court.

- There are better and more efficient ways to provide you with the requested information, to the extent not already provided.

Of course, following the parties' conference yesterday, you further escalated the harassment of Defendants by confirming your intention to seek Attorney McDevitt's deposition contrary to your prior representation to the Court.  See ECF No. 175 at 4 ("Contrary to Defendants' suspicion, Plaintiff does not want to disqualify Defendants' counsel. . . . Indeed, Plaintiff will stipulate that he will not move to disqualify opposing counsel.").  Defendants will respond to any attempt to depose Attorney McDevitt in due course but, suffice to say, Attorney McDevitt will not agree to testify voluntarily so we invite you to file your motion with the Court seeking to compel his testimony.

Lastly, you apparently still cannot tell us when you intend to schedule the remaining depositions that you now say you want to take but we want to alert you in advance that there are days in June and July when we will be unable to schedule depositions due to prior commitments.

In closing, although we are probably wasting ink by doing so, we would encourage you to cease the gamesmanship and to proceed with the scheduled depositions without further attempts to disrupt the preparation for the depositions.  After those depositions, we are confident that you will fully understand the reasons there is "cause" here and we can discuss any relevant subjects on which you feel you lack information.  To the extent you ignore this and run off to file some kind of expedited motion with Court, we request that you attach this email as our initial position on these matters.

-Curt



**Curt Krasik**
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Phone: 412.355.8696
Fax: 412.355.6501
curtis.krasik@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Curtis.Krasik@klgates.com.

| | |
|---|---|
| **From:** | Vanessa Lee Pierce |
| **To:** | Paul Dobrowski; Krasik, Curtis B.; Jeffrey Mueller; McDevitt, Jerry |
| **Cc:** | Zeitlin, Andrew; Joette Katz - Shipman & Goodwin LLP (jkatz@goodwin.com); Gleason, Sarah E.; Jared McHazlett |
| **Subject:** | RE: Defendants" Supplemental Privilege Log dated March 10, 2020 |
| **Date:** | Thursday, April 22, 2021 3:47:56 PM |
| **Attachments:** | 30(b)(6) topics.docx |
| | image001.png |

Hi Curt,

As discussed on our call, attached is a general preview of the topics we anticipate for a 30(b)(6). Please let us know the person or persons, and dates for the depo so we can serve a formal 30(b)(6).


Thanks,

**Vanessa L. Pierce**
main: 713.659.2900 | direct: 713.800.0416

**From:** Paul Dobrowski <pjd@doblaw.com>
**Sent:** Thursday, April 22, 2021 1:48 PM
**To:** Krasik, Curtis B. <Curtis.Krasik@klgates.com>; Jeffrey Mueller <jmueller@daypitney.com>; McDevitt, Jerry <Jerry.McDevitt@klgates.com>
**Cc:** Zeitlin, Andrew <AZeitlin@goodwin.com>; Joette Katz - Shipman & Goodwin LLP (jkatz@goodwin.com) <jkatz@goodwin.com>; Gleason, Sarah E. <SeGleason@goodwin.com>; Vanessa Lee Pierce <vpierce@doblaw.com>; Jared McHazlett <jmchazlett@doblaw.com>
**Subject:** RE: Defendants' Supplemental Privilege Log dated March 10, 2020

Curt

Thanks. Plaintiff does not seek production of those emails.


Regards

**From:** Krasik, Curtis B. <Curtis.Krasik@klgates.com>
**Sent:** Thursday, April 22, 2021 1:46 PM
**To:** Paul Dobrowski <pjd@doblaw.com>; Jeffrey Mueller <jmueller@daypitney.com>; McDevitt, Jerry <Jerry.McDevitt@klgates.com>
**Cc:** Zeitlin, Andrew <AZeitlin@goodwin.com>; Joette Katz - Shipman & Goodwin LLP (jkatz@goodwin.com) <jkatz@goodwin.com>; Gleason, Sarah E. <SeGleason@goodwin.com>; Vanessa Lee Pierce <vpierce@doblaw.com>; Jared McHazlett <jmchazlett@doblaw.com>; Krasik, Curtis B. <Curtis.Krasik@klgates.com>
**Subject:** RE: Defendants' Supplemental Privilege Log dated March 10, 2020

Paul -

In follow up to our call this morning, the underlying emails that Mr. McMahon sent to himself were as follows:

- P-571 & 572 -- 4/3/2020 Email from Jeffrey Pollack to Jerry McDevitt, Esq., John Wilson, Esq., Vince McMahon, Shane McMahon, Basil DeVito, Brad Blum, and Evan Steinberg
- P-593 & 594 -- 4/4/2020 Email from John Bicks, Esq. to Jeffrey Pollack cc'ing Jerry McDevitt, Esq., John Wilson, Esq., James Wright, Esq., and Vince McMahon
- P-617 & 618 -- 4/8/2020 Email from Jeffrey Pollack to Vince McMahon cc'ing John Wilson, Esq.

-Curt



**Curt Krasik**
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Phone: 412.355.8696
Fax: 412.355.6501
curtis.krasik@klgates.com
www.klgates.com

---

**From:** Paul Dobrowski <pjd@doblaw.com>
**Sent:** Tuesday, April 20, 2021 8:21 PM
**To:** Jeffrey Mueller <jmueller@daypitney.com>; Krasik, Curtis B. <Curtis.Krasik@klgates.com>; McDevitt, Jerry <Jerry.McDevitt@klgates.com>
**Cc:** Zeitlin, Andrew <AZeitlin@goodwin.com>; Joette Katz - Shipman & Goodwin LLP (jkatz@goodwin.com) <jkatz@goodwin.com>; Gleason, Sarah E. <SeGleason@goodwin.com>; Vanessa Lee Pierce <vpierce@doblaw.com>; Jared McHazlett <jmchazlett@doblaw.com>
**Subject:** Defendants' Supplemental Privilege Log dated March 10, 2020

Gentlemen

Please consider this email an attempt by Plaintiff to meet and confer regarding certain documents listed on the above referenced Supplemental Privilege Log. First, it appears that there are several documents that include communications with third party Evan Sternberg of Morgan Stanly and for which the privilege is, therefore, waived. They are P 515 – 519, 521 - 22, 524, 553 and 568 (the "Sternberg Emails"). Please explain how documents shared with Mr. Sternberg can be privileged or produce the documents.

Similarly, there are multiple emails that involve WWE employees which, for the same reason, the privilege appears to have been waived through disclosure to a third party. The documents are logged as P 529, 547, 554-55, 595 and 596 (the "WWE Emails"). If you are going to rely on a shared services agreement between WWE and Alpha for your assertion of privilege, then please send it to

me so I can re-evaluate our position.  As you may recall, I previously requested a copy but was not provided one.

Further, there are several documents that do not list an attorney as an author or recipient and do not identify the attorney who provided any alleged legal advice.  They are P 571-72, 593-94 and 617-18.   If you can name the attorney who allegedly provided the legal advice, we merely request that you submit the documents for *in camera* inspection to the court.

Last, there are multiple emails dated 3/31/20 and thereafter that relate to the "Luck termination". They are listed as documents P 545-46, 602-03 and 621.  For the same reasons that we seek production of the "Bad Faith Emails" per our current Motion to Compel, we respectfully request that you redact any legal advice and produce the emails reflecting only the facts set forth therein.

Alternatively, we request that you submit all of the foregoing specifically enumerated emails to the Court for an *in camera* inspection.  Please let me know when you are available to discuss.  I can talk any time before 1:30 pm EDT tomorrow or after 4 pm.  I'm also available to talk on Thursday (4/22) at any time before 2 pm EDT or after 4 pm EDT.

Thanks

## Paul J. Dobrowski



4601 Washington Avenue, Suite 300 | Houston, TX 77007
main: 713.659.2900 | fax: 713.659.2908 | dobrowski.com

**NOTICE BY DOBROWSKI, LARKIN & STAFFORD L.L.P.**   This message, and any attached document, is a PRIVILEGED AND CONFIDENTIAL communication from a law firm. If you are not the intended recipient, any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender in the event of a delivery error by replying to this message, and then delete it from your system. Unintended transmission shall not constitute waiver of any privilege. Unless expressly stated otherwise, nothing in the message shall be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Curtis.Krasik@klgates.com.

The Alpha representative with the most knowledge of the facts concerning, relating to or supporting:

1. Each ground for Luck's termination for Cause;

2. The date when Alpha determined that Luck would be terminated;

3. The date when Alpha determined Luck would be terminated for Cause;

4. Any investigation that led Alpha to terminate Luck for Cause;

5. The facts learned during any investigation referenced in item #4;

6. The decision to terminate Luck for Cause;

7. Alpha's policy re: personal use of Alpha, and/or XFL, issued iPhones;

8. Personal use of iPhones by all Alpha employees;

9. The hiring and firing of Antonio Callaway;

10. The materiality, if any, of the hiring and firing of Callaway;

11. Any and all communications to Luck by any XFL personnel, including McMahon, that Callaway should not be hired;

12. Any and all communications to Luck by any XFL personnel, including McMahon, that Callaway should be fired;

13. The 4 Criteria set forth in the Luck email dated July 17, 2019 (ALPHA_LUCK_00017189);

14. The XFL Standard Player Contract;

15. The XFL budget, including the budgets of the XFL's different departments, for example, Football Operations, Business Operations, the Commissioner Discretion Budget;

16. The decision and instruction to all XFL employees to work from home beginning Monday, March 16;

17. The drafting and circulation of the XFL Employee Handbook & Code of Business Conduct;

18. The date(s) that Alpha determined that Luck had violated an XFL policy or directive;

19. Alpha's assertion that any act or omission by Luck constituted gross negligence of his duties;

20. Alpha's assertion that any act or omission constituted an intentional failure by Luck to follow any applicable XFL policy or directive;

21. Any notice and opportunity to cure given by Alpha to Luck for any act or omission that would constitute Cause for termination under the Employment Agreement;

22. The failure to give Luck notice and 30 days to cure for any alleged violation of an XFL policy or directive;

23. Alpha's claim, if any, that Luck willfully and intentionally engaged in material misconduct in the performance of his duties;

24. Alpha's assertion that any act or omission by Luck that constitutes "Cause" was not reasonably susceptible to cure;

25. Mr. Luck's alleged failure to devote substantially all of his business time to the performance of his XFL duties;

26. Notice to Mr. Luck of any dissatisfaction with his performance of XFL duties prior to April 9, 2020;

27. Luck's performance, or non-performance, of his XFL duties after March 13, 2020;

28. All communications between any XFL personnel, including Mr. McMahon, and Luck after March 13, 2020 that relate to, reflect, or concern XFL business;

29. The allegations in Defendant Alpha Entertainment LLC's Amended Counterclaims [ECF 153] set forth in paragraphs 17, 18, 23, 28, 36, 37, 39, 40, 41, 46, 47, 48, 49, 61, 62, 63, 67, 68, 73, 74, 75, 76, 79, 86, 89, 90, 91, 92, 97, 98, 101, 103, 104, 105, 108, 109, 113, 114, 118, and 119;

30. The alleged prior material breaches listed in Defendant Alpha Entertainment LLC's Answer, Affirmative Defenses, and Counterclaims [ECF 126] set forth under the "SECOND DEFENSE" heading on page 4;

31. Any "shared services" agreement between Alpha and/or the XFL, on the one hand, and WWE on the other;

32. The work performed by Wasserman Media Group, LLC for or on behalf of the XFL;

33. The work performed by William Wilson for or on behalf of Alpha; and

34. Payments by Alpha and/or the XFL, on the one hand, for services rendered by WWE from June 1, 2018 until April 9, 2020.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL NO. 3:20-cv-516 (VAB) |
| VINCENT K. MCMAHON and ALPHA ENTERTAINMENT LLC | § § § § | May 6, 2021 |
| *Defendants.* | § | |

**Plaintiff's Notice of 30(B)(6) Deposition of Alpha Entertainment LLC Company**

TO: Defendant, Alpha Entertainment LLC by and through its counsel of record, Jerry McDevitt, Curtis B. Krasik, K&L GATES LLP, 210 Sixth Avenue, Pittsburgh, PA 15222, and Jeffrey P. Mueller, DAY PITNEY LLP, 242 Trumbull Street, Hartford, CT 06103.

PLEASE TAKE NOTICE that Plaintiff Oliver Luck ("Luck"), through undersigned counsel, will take deposition(s) pursuant to F.R.C.P. 30(b)(6), of the corporate representative(s) of Defendant Alpha Entertainment LLC ("Alpha") at 9:30 a.m. on June 1, 2021 at the offices of SHIPMAN & GOODWIN LLP, 300 Atlantic Street, Stamford, CT 06901, if permissible or via Zoom, on the facts concerning, relating to or supporting the topics identified in Exhibit A.

This deposition will be conducted before a Notary Public or some other officer authorized to administer oaths, regarding the subjects identified in Exhibit A. Oliver Luck requests that pursuant to F.R.C.P. 30(b)(6), Alpha designate individuals who can completely testify on Alpha's behalf regarding subjects identified in Exhibit A, as well as such other relevant knowledge the witnesses(es) may possess. The deposition will be taken for all purposes allowed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

The deposition will be recorded stenographically and on videotape and may be used at the trial of this matter. The deposition will be conducted before an officer authorized to administer

–1–

oaths or a person appointed by the Court or designated by the parties under Rule 29(a), and will continue from day to day until completed.

    Respectfully submitted,
**PLAINTIFF OLIVER LUCK**

*/s/ Paul J. Dobrowski*
Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
Jared A. McHazlett (phv10650)
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email: pjd@doblaw.com
Email: vpierce@doblaw.com
Email: jmchazlett@doblaw.com

AND

*/s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed. Bar No. ct30935)
Sarah E. Gleason (ct30906)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel.: (203) 324-8100
Fax: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com
Email: segleason@goodwin.com

**HIS ATTORNEYS**

–3–

## CERTIFICATE OF SERVICE

      I hereby certify that on May ___, 2021, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                                           */s/ Paul J. Dobrowski*

**Exhibit A**

The Alpha representative with knowledge of the facts concerning, relating to or supporting:

1. Each ground for Luck's termination for Cause;

2. The date when Alpha determined that Luck would be terminated;

3. The date when Alpha determined Luck would be terminated for Cause;

4. Any investigation that led Alpha to terminate Luck for Cause;

5. The facts learned during any investigation referenced in item #4;

6. The decision to terminate Luck for Cause;

7. Alpha's policy re: personal use of Alpha, and/or XFL, issued iPhones;

8. Personal use of iPhones by all Alpha employees;

9. The hiring and firing of Antonio Callaway;

10. The materiality, if any, of the hiring and firing of Callaway;

11. Any and all communications to Luck by any XFL personnel, including McMahon, that Callaway should not be hired;

12. Any and all communications to Luck by any XFL personnel, including McMahon, that Callaway should be fired;

13. The 4 Criteria set forth in the Luck email dated July 17, 2019 (ALPHA_LUCK_00017189);

14. The XFL Standard Player Contract;

15. The XFL budget, including the budgets of the XFL's different departments, for example, Football Operations, Business Operations, the Commissioner Discretion Budget;

16. The decision and instruction to all XFL employees to work from home beginning Monday, March 16;

17. The drafting and circulation of the XFL Employee Handbook & Code of Business Conduct;

18. The date(s) that Alpha determined that Luck had violated an XFL policy or directive;

19. Alpha's assertion that any act or omission by Luck constituted gross negligence of his duties;

–5–

20. Alpha's assertion that any act or omission constituted an intentional failure by Luck to follow any applicable XFL policy or directive;

21. Any notice and opportunity to cure given by Alpha to Luck for any act or omission that would constitute Cause for termination under the Employment Agreement;

22. The failure to give Luck notice and 30 days to cure for any alleged violation of an XFL policy or directive;

23. Alpha's claim, if any, that Luck willfully and intentionally engaged in material misconduct in the performance of his duties;

24. Alpha's assertion that any act or omission by Luck that constitutes "Cause" was not reasonably susceptible to cure;

25. Mr. Luck's alleged failure to devote substantially all of his business time to the performance of his XFL duties;

26. Notice to Mr. Luck of any dissatisfaction with his performance of XFL duties prior to April 9, 2020;

27. Luck's performance, or non-performance, of his XFL duties after March 13, 2020;

28. All communications between any XFL personnel, including Mr. McMahon, and Luck after March 13, 2020 that relate to, reflect, or concern XFL business;

29. The allegations in Defendant Alpha Entertainment LLC's Amended Counterclaims [ECF 153] set forth in paragraphs 17, 18, 23, 28, 36, 37, 39, 40, 41, 46, 47, 48, 49, 61, 62, 63, 67, 68, 73, 74, 75, 76, 79, 86, 89, 90, 91, 92, 97, 98, 101, 103, 104, 105, 108, 109, 113, 114, 118, and 119;

30. The alleged prior material breaches listed in Defendant Alpha Entertainment LLC's Answer, Affirmative Defenses, and Counterclaims [ECF 126] set forth under the "SECOND DEFENSE" heading on page 4;

31. Any "shared services" agreement between Alpha and/or the XFL, on the one hand, and WWE on the other;

32. The work performed by Wasserman Media Group, LLC for or on behalf of the XFL;

33. The work performed by William Wilson for or on behalf of Alpha; and

34. Payments by Alpha and/or the XFL, on the one hand, for services rendered by WWE from June 1, 2018 until April 9, 2020.