# EXHIBIT D

Case 3:20-cv-00516-VAB   Document 179-4   Filed 05/07/21   Page 2 of 6

Federal Housing Finance Agency for Federal National..., Not Reported in Fed....

2015 WL 13634404
Only the Westlaw citation is currently available.
United States District Court, D. Connecticut.

FEDERAL HOUSING FINANCE AGENCY, as Conservator FOR the FEDERAL NATIONAL MORTGAGE ASSOCIATION and the Federal Home Loan Mortgage Corporation, Plaintiff,
v.
The ROYAL BANK OF SCOTLAND GROUP PLC; RBS Holdings USA, Inc.; RBS Securities, Inc. (f/k/a Greenwich Capital Markets, Inc.); RBS Financial Products, Inc. (f/k/a Greenwich Capital Financial Products, Inc.), RBS Acceptance, Inc. (f/k/a Greenwich Capital Acceptance, Inc.); Financial Asset Securities Corp.; Joseph N. Walsh III; Carol P. Mathis; Robert J. McGinnis; John C. Anderson; and James M. Esposito, Defendants.

CIVIL NO. 3:11CV1383(AWT)
|
Signed 08/20/2015

**Attorneys and Law Firms**

Andrew P. Marks, Celine Crosa Di Vergagni, Christopher T. Cook, Issar Birger, Jonathan B. Oblak, Marina Olevsky, Stephen Schweizer, Tyler G. Whitmer, Adam M. Abensohn, Jordan Goldstein, Julia M. Guaragna, Kathleen M. Sullivan, Quinn Emanuel Urquhart & Sullivan, LLC, Philippe Selendy, Sascha N. Rand, Quinn Emanuel Urquhart Oliver & Hedges, LLP, New York, NY, Brittany Frassetto, Jon Corey, Jonathan Eser, Michael R. McCray, Quinn Emanuel Urquhart & Sullivan, LLP, Washington, DC, Molly Stephens, Richard A. Schirtzer, Quinn Emanuel Urquhart Oliver & Hedges, Los Angeles, CA, James T. Cowdery, James John Healy, Cowdery & Murphy, LLC, Hartford, CT, for Plaintiff.

Alan C. Turner, Andrew T. Frankel, Bryce A. Pashler, Craig S. Waldman, Daniel J. Cohen, Isaac Rethy, John Alexander Robinson, Katherine A. Helm, Susannah S. Geltman, Thomas C. Rice, William T. Russell, David J. Woll, Simpson Thacher & Bartlett LLP, New York, NY, Matthew C. Brown, Wiggin & Dana, New Haven, CT, Timothy Andrew Diemand, Wiggin & Dana, Hartford, CT, for Defendants.

**ORDER RE PLAINTIFF FHFA'S MOTION TO COMPEL DEPOSITION OF DEFENDANTS PURSUANT TO FED. R. CIV. P. 30(b)(6)**

Alvin W. Thompson, United States District Judge

*1  For the reasons set forth below, Plaintiff FHFA's Motion to Compel Deposition of Defendants Pursuant to Fed. R. Civ. P. 30(b)(6) (Doc. No. 568) is hereby GRANTED.

FHFA seeks an order compelling the RBS Defendants "to designate and produce an educated corporate representative to be deposed regarding each of Topics 1-3, 6, 7, 9, 12-14, 16 (as to the Market Risk group), 18-21, and 23-25 set forth in FHFA's Notice of Rule 30(b)(6) Deposition of RBS (the 'Deposition Notice'), including as narrowed by agreement of the parties." (FHFA's Mot., Doc. No. 568, at 2.)

Federal Rule of Civil Procedure 30(b)(6) provides, in pertinent part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization....

Fed. R. Civ. P. 30(b)(6). "Rule 30(b)(6) allows an organization to designate an individual to 'testify on its behalf.' The testimony provided by a corporate representative at a 30(b)(6) deposition binds the corporation." Dongguk Univ. v.

Case 3:20-cv-00516-VAB   Document 179-4   Filed 05/07/21   Page 3 of 6

Federal Housing Finance Agency for Federal National..., Not Reported in Fed....

Yale Univ., 270 F.R.D. 70, 74 (D. Conn. 2010) (internal citation omitted). "A deposition under Rule 30(b)(6) differs in significant respects from the normal deposition. To begin with, the notice of deposition must 'describe with reasonable particularity the matters for examination.' " 8A C. Wright & A. Miller, Federal Practice and Procedure § 2103, at 453 (3d ed. 2010). "The goal of the Rule 30(b)(6) requirement is to enable the responding organization to identify the person who is best situated to answer questions about the matter, or to make sure that the person selected to testify is able to respond regarding that matter." Id. at 454.

"A Rule 30(b)(6) Notice is subject to limitations under Rule 26 which requires that the information sought not be unduly burdensome or duplicative." Dongguk, 270 F.R.D. at 74. "Where the notice seeks information which could more easily be obtained from another source, the court may refuse to allow that topic to be the subject of a 30(b)(6) deposition." Id. In addition, under Federal Rule of Civil Procedure 26(c)(1), "the court may, for good cause, issue an order to protect a party or person from ... undue burden or expense...." Fed. R. Civ. P. 26(c)(1). "The burden of proof lies with the party opposing discovery to show good cause to deny the discovery sought." Dongguk, 270 F.R.D. at 74. "To establish 'good cause' for a protective order under Federal Rule of Civil Procedure 26(c), the courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements[.]" Gulf Oil Co. v. Bernard, 452 U.S. 89, n.16 (1981) (original brackets and quotation marks omitted).

*2 FHFA seeks corporate testimony concerning the RBS Defendants' policies, practices, and procedures in three key areas. First, "FHFA seeks RBS's highly relevant testimony as to the policies and procedures that it employed or that otherwise governed its due diligence into and surveillance of the Mortgage Loans." (FHFA's Mem. in Supp., Doc. No. 568-1, at 2.) Such testimony is relevant "to the question of whether the offering materials contained materially false or misleading statements or omissions, and to the question of whether RBS has a basis for an affirmative due diligence defense." (Id. at 14.) Second, "FHFA asks that RBS testify as to its corporate structure and its structuring and securitization practices applicable to the Securitizations." (Id. at 3.) This includes RBS's "policies governing correspondence with (and representations to) the rating agencies and the GSEs themselves." (Id. at 19.) Such testimony is relevant to "permit [FHFA] to identify and define the roles of individuals and entities within RBS who had knowledge of, responsibility for, and power to control or correct RBS's misstatements." (Id. at 20.) Third, "FHFA seeks to depose RBS regarding its policies, practices and procedures for risk management, such as credit hedging and repurchasing defective loans, its retrospective analysis of those practices, and its resulting revenues and profits." (Id. at 3.) Such testimony is relevant to "RBS's incentives to misrepresent the quality of the Mortgage Loans, as well as its hedging and other risk management practices that could enable it to profit from a decline in the value of the Certificates." (Id. at 27.)

FHFA has identified Topics 2, 7, 9 and 18 as relating to the first key area, namely, due diligence and surveillance (see FHFA's Mem. in Supp., Doc. No. 568-1, at 14-19); identified Topics 1, 6, 12, 14, 21, 24 and 25 as relating to the second key area, namely organizational structure, deal structure, and securitization methods (see id. at 19-27); and identified Topics 3, 13, 16, 19, 20 and 23 as relating to the third key area, namely, risk management and hedging. (See id. at 27-33.)

**Overbroad Topics**

The court has reviewed a list of the topics at issue (see Schedule A to FHFA's Mem. in Supp., Doc. No. 568-1, at 35-37) and finds that FHFA has "describe[d] with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6).

The RBS Defendants contend that FHFA's Rule 30(b)(6) topics are overbroad. They argue that certain phrases are overbroad, i.e., the phrase "including but not limited to" and the phrase "relating to." The RBS Defendants cite to Dongguk Univ., 270 F.R.D. at 74, 77 n.2, 79 n.3 and Trs. of Boston Univ. v. Everlight Elecs. Co., Ltd., Civil Action Nos. 12-cv-11935-PBS, 2014 WL 5786492, at *3 (D. Mass. Sept. 24, 2014). However, these cases establish only that the particular descriptions of the topics at issue in those cases, which included these phrases, were overbroad, not that the use of such a phrase in a description makes that description overbroad per se. Here, rather than broadening the scope of the topics, the use of these phrases assists in describing with reasonable particularity the matters for examination and with giving sufficient notice to the RBS Defendants of the areas of inquiry that will be pursued, so that they can identify appropriate deponents and ensure they are properly prepared.

Use of such phrases in the description of Rule 30(b)(6) topics appears to have worked well enough in this action. As FHFA points out, the RBS Defendants used the same phrasing

in their own discovery demands in this action, including demands that FHFA responded to with the production of documents and Rule 30(b)(6) testimony. In addition, the RBS Defendants were able to provide FHFA "designation of deposition testimony of the witnesses who are knowledgeable about the noticed topics, and where a topic does not lend itself to such designations, provision of a written response to the topic." (RBS Defendants' Mem. in Opp., Doc. No. 594, at 3.) The RBS Defendants have proposed written responses and designations to topics that include one or both of the phrases they contend make the topics overbroad, i.e., Topics 6, 7, 12, 16, 18, 19, 21, 24 and 25. Thus, it appears that the inclusion of one (or both) of these phrases does not transform the description of the topic into one from which one cannot reasonably determine what information may or may not be responsive.

**Duplicative Discovery**

The RBS Defendants also contend that FHFA's Rule 30(b)(6) notice seeks duplicative discovery. The RBS Defendants state that they have provided over 600,000 documents and provided to FHFA 78 deposition transcripts of RBS witnesses taken in other RMBS actions. They assert that "[t]his wealth of testimony, not to mention the hundreds of thousands of documents RBS has produced, provides all of the information FHFA could possibly need on the noticed topics." (RBS Defendants' Mem. in Opp., Doc. No. 594, at 3.)

**\*3**  As pointed out by FHFA, however, the RBS Defendants' document production has not been "extensive" in the context of this action.

> RBS touts its document production as "extensive," when, in fact, it has been lacking. RBS has produced only 600, 310 documents in the coordinated actions, which is fewer than the more than 1, 500, 000 documents produced by Plaintiff, and RBS has produced many of its documents only after the [c]ourt issued orders rejecting its arguments for refusing to do so. RBS's production is substantially smaller than the document productions by similarly situated defendants in the S.D.N.Y. actions. For example, Merrill Lynch & Co. produced 3, 950, 294 documents ... over six times the 600, 000 documents RBS produced.

(FHFA's Reply, Doc. No. 608, at 6 n.6 (citations omitted).)

In addition, as stated above, a Rule 30(b)(6) deposition serves a distinct purpose, i.e., it "binds the corporation." Dongguk, 270 F.R.D. at 74. Also, "[w]hen information has already been provided in other forms, a witness may still be useful to testify as to the interpretation of papers, and 'any underlying factual qualifiers of those documents' (i.e., information which the defendant knows but is not apparent on the face of the documents)." Id. Furthermore, "[a] party may also have an interest in getting the corporation's testimony on an issue, rather than the testimony of an individual." Id. The RBS Defendants have made no showing that any of these purposes of a Rule 30(b)(6) deposition will be fairly and adequately served, as opposed to requiring FHFA to accept selectively designated deposition testimony favorable to the RBS Defendants. Rather, they have asserted, for example, that: "It is not entirely clear what information FHFA seeks on this point, beyond the fact that, like any company, RBS used information it learned to adjust and improve its processes over time." (RBS Defendants' Mem. in Opp., Doc. No. 594, at 24.)

FHFA observes that the Amended Deposition Protocol (Doc. No. 141-1, at 7) expressly contemplates live Rule 30(b)(6) depositions and such depositions were taken in the S.D.N.Y. Actions. It points to the fact that RBS was the lead questioner at the Rule 30(b)(6) deposition of FHFA. However, nothing in the RBS Defendants' submission either shows how the Rule 30(b)(6) depositions in the S.D.N.Y. Actions were "pointless," or shows how the circumstances here are so materially different as to limit the usefulness of FHFA's Rule 30(b)(6) deposition(s).

**Limited Knowledge of Employees**

The RBS Defendants contend that they do not have knowledgeable current employees who can serve as Rule 30(b)(6) witnesses on the topics at issue and it would be practically impossible for them to prepare a Rule 30(b)(6) designee on the noticed topics. However, while "[t]here is no obligation to select a person with personal knowledge of the events in question," Wright & Miller, at 455, the Rule 30(b)(6) designee "has an affirmative obligation to educate himself as to the matters regarding the corporation. This includes all matters that are known or reasonably available to

Case 3:20-cv-00516-VAB   Document 179-4   Filed 05/07/21   Page 5 of 6

Federal Housing Finance Agency for Federal National..., Not Reported in Fed....

the corporation." Concerned Citizens of Belle Haven v. Belle Haven Club, 223 F.R.D. 39, 43 (D. Conn. 2004) (internal quotation marks omitted).

**\*4** The court agrees with FHFA that the RBS Defendants cannot avoid a Rule 30(b)(6) deposition based on the reported limited knowledge of its employees. First, a Rule 30(b)(6) witness is not charged with simply conveying what the witness knows but with conveying what the corporation knows.

> The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents. The designated witness is "speaking for the corporation," and this testimony must be distinguished from that of a "mere corporate employee" whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena....
>
> The Rule 30(b)(6) designee does not give his personal opinions. Rather, he presents the corporation's "position" on the topic. Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. The corporation must provide its interpretation of documents and events.

United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C.) aff'd, 166 F.R.D. 367 (M.D.N.C. 1996) (internal citations omitted).

The RBS Defendants identify certain individuals who they state would not be appropriate Rule 30(b)(6) designees. They also assert that they cannot reasonably educate a designee to testify about their practices "eight to ten years ago." However, "the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf."

Reilly v. Natwest Markets Grp. Inc., 181 F.3d 253, 268 (2d Cir. 1999) (internal quotation marks omitted). It is understood that this is not always an easy thing to do.

> While the Rule 30(b)(6) deposition of a corporation and an individual are similar, there is one factor which can distinguish them. An individual's personal memory is no more extensive than his or her life. However, a corporation has a life beyond that of mortals. Moreover, it can discharge its "memory," i.e. employees, and they can voluntarily separate themselves from the corporation. Consequently, it is not uncommon to have a situation, as in the instant case, where a corporation indicates that it no longer employs individuals who have memory of a distant event or that such individuals are deceased. These problems do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources. Of course, just like in the instance of an individual deponent, the corporation may plead lack of memory. However, if it wishes to assert a position based on testimony from third parties, or their documents, the designee still must present an opinion as to why the corporation believes the facts should be so construed. The attorney for the corporation is not at liberty to manufacture the corporation's contentions. Rather, the corporation may designate a person to speak on its behalf and it is this position which the attorney must advocate. [6]

> [6] When the Court indicates that the Rule 30(b)(6) designee gives a statement or opinion binding on the corporation, this does not mean that said statement is tantamount to a judicial admission. Rather, just as in the deposition of individuals, it is only a statement of the corporate person which, if altered, may be explained and explored through cross-examination as to why the opinion or statement was altered. However, the designee can make admissions against interest under Fed.R.Evid. 804(b)(3) which are binding on the corporation.

**\*5** Taylor, 166 F.R.D. at 361, n.6 (internal citations omitted).

In support of their contention that it would be practically impossible for the RBS Defendants to prepare a witness on the noticed topics, the RBS Defendants rely on Janki Bai Sahu v. Union Carbide Corp., 528 Fed. Appx. 96, 103 (2d Cir. 2013). However, there, the court observed that the Rule 30(b)(6) "depositions would require Defendants to prepare witnesses to respond to questions regarding events that took place between fifteen and thirty-five years ago." Id. at 103. Likewise, in Barron v. Caterpillar, Inc., 168 F.R.D. 175, 177 (E.D. Pa. 1996), the court recognized that certain information was unavailable to a Rule 30(b)(6) designee, but there the "litigation involve[d] a piece of equipment that [the defendant] designed and manufactured roughly twenty five years ago[.]" Id. These cases involved the passage of substantially longer periods of time than is the case here.

Case 3:20-cv-00516-VAB   Document 179-4   Filed 05/07/21   Page 6 of 6

Federal Housing Finance Agency for Federal National..., Not Reported in Fed....

**The RBS Defendants' Deposition Designations and Written Responses**

The RBS Defendants assert that their proposed deposition designations and written responses satisfy FHFA's Rule 30(b)(6) notice. However, because the court has concluded (i) that FHFA's Rule 30(b)(6) topics are relevant and (ii) that the RBS Defendants have not met their burden of showing the discovery is duplicative or showing it would be practically impossible to prepare a witness on the noticed topics, it is not appropriate to force FHFA to accept a compromise in the form of deposition designations and written responses from the RBS Defendants, even assuming such designations and responses satisfy FHFA's Rule 30(b)(6) notice.

\* \* \* \* \*

Therefore, the RBS Defendants shall designate and produce, pursuant to Rule 30(b)(6), an educated corporate representative or representatives on behalf of each defendant entity, who shall be deposed within 60 days of the date of this order, regarding each of Topics 1-3, 6, 7, 9, 12-14, 16 (as to the Market Risk Group), 18-21, and 23-25, as set forth in FHFA's Notice of Rule 30(b)(6) Deposition of RBS, as narrowed by agreement of the parties (see Schedule A to FHFA's Mem. in Supp., Doc. No. 568-1, at 35-37).

The parties shall file a joint status report no later than 40 days from the date of this order informing the court of the date(s) of the Rule 30(b)(6) deposition(s).

It is so ordered.

**All Citations**

Not Reported in Fed. Supp., 2015 WL 13634404