# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL NO. 3:20-cv-516 (VAB) |
| | § | |
| VINCENT K. MCMAHON and | § | |
| ALPHA ENTERTAINMENT LLC | § | |
| | § | May 6, 2021 |
| *Defendants.* | | |

**Plaintiff's Notice of 30(B)(6) Deposition of Alpha Entertainment LLC Company**

TO: Defendant, Alpha Entertainment LLC by and through its counsel of record, Jerry McDevitt, Curtis B. Krasik, K&L GATES LLP, 210 Sixth Avenue, Pittsburgh, PA 15222, and Jeffrey P. Mueller, DAY PITNEY LLP, 242 Trumbull Street, Hartford, CT 06103.

PLEASE TAKE NOTICE that Plaintiff Oliver Luck ("Luck"), through undersigned counsel, will take deposition(s) pursuant to F.R.C.P. 30(b)(6), of the corporate representative(s) of Defendant Alpha Entertainment LLC ("Alpha") at 9:30 a.m. on June 1, 2021 at the offices of SHIPMAN & GOODWIN LLP, 300 Atlantic Street, Stamford, CT 06901, if permissible or via Zoom, on the facts concerning, relating to or supporting the topics identified in Exhibit A.

This deposition will be conducted before a Notary Public or some other officer authorized to administer oaths, regarding the subjects identified in Exhibit A. Oliver Luck requests that pursuant to F.R.C.P. 30(b)(6), Alpha designate individuals who can completely testify on Alpha's behalf regarding subjects identified in Exhibit A, as well as such other relevant knowledge the witnesses(es) may possess. The deposition will be taken for all purposes allowed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

The deposition will be recorded stenographically and on videotape and may be used at the trial of this matter. The deposition will be conducted before an officer authorized to administer

oaths or a person appointed by the Court or designated by the parties under Rule 29(a), and will continue from day to day until completed.

      Respectfully submitted,
      **PLAINTIFF OLIVER LUCK**

      */s/ Paul J. Dobrowski*
      Paul J. Dobrowski (phv10563)
      Vanessa L. Pierce (phv10561)
      Jared A. McHazlett (phv10650)
      DOBROWSKI, LARKIN & STAFFORD, L.L.P.
      4601 Washington Avenue, Suite 300
      Houston, Texas 77007
      Telephone: (713) 659-2900
      Facsimile: (713) 659-2908
      Email:  pjd@doblaw.com
      Email:  vpierce@doblaw.com
      Email:  jmchazlett@doblaw.com

      AND

      */s/ Andrew M. Zeitlin*
      Andrew M. Zeitlin (Fed. Bar No. ct21386)
      Joette Katz (Fed. Bar No. ct30935)
      Sarah E. Gleason (ct30906)
      SHIPMAN & GOODWIN LLP
      300 Atlantic Street
      Stamford, Connecticut 06901
      Tel.: (203) 324-8100
      Fax: (203) 324-8199
      Email: azeitlin@goodwin.com
      Email: jkatz@goodwin.com
      Email: segleason@goodwin.com

      **HIS ATTORNEYS**

–3–

## CERTIFICATE OF SERVICE

      I hereby certify that on May ___, 2021, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                        */s/ Paul J. Dobrowski*

**Exhibit A**

The Alpha representative with knowledge of the facts concerning, relating to or supporting:

1. Each ground for Luck's termination for Cause;

2. The date when Alpha determined that Luck would be terminated;

3. The date when Alpha determined Luck would be terminated for Cause;

4. Any investigation that led Alpha to terminate Luck for Cause;

5. The facts learned during any investigation referenced in item #4;

6. The decision to terminate Luck for Cause;

7. Alpha's policy re: personal use of Alpha, and/or XFL, issued iPhones;

8. Personal use of iPhones by all Alpha employees;

9. The hiring and firing of Antonio Callaway;

10. The materiality, if any, of the hiring and firing of Callaway;

11. Any and all communications to Luck by any XFL personnel, including McMahon, that Callaway should not be hired;

12. Any and all communications to Luck by any XFL personnel, including McMahon, that Callaway should be fired;

13. The 4 Criteria set forth in the Luck email dated July 17, 2019 (ALPHA_LUCK_00017189);

14. The XFL Standard Player Contract;

15. The XFL budget, including the budgets of the XFL's different departments, for example, Football Operations, Business Operations, the Commissioner Discretion Budget;

16. The decision and instruction to all XFL employees to work from home beginning Monday, March 16;

17. The drafting and circulation of the XFL Employee Handbook & Code of Business Conduct;

18. The date(s) that Alpha determined that Luck had violated an XFL policy or directive;

19. Alpha's assertion that any act or omission by Luck constituted gross negligence of his duties;

20. Alpha's assertion that any act or omission constituted an intentional failure by Luck to follow any applicable XFL policy or directive;

21. Any notice and opportunity to cure given by Alpha to Luck for any act or omission that would constitute Cause for termination under the Employment Agreement;

22. The failure to give Luck notice and 30 days to cure for any alleged violation of an XFL policy or directive;

23. Alpha's claim, if any, that Luck willfully and intentionally engaged in material misconduct in the performance of his duties;

24. Alpha's assertion that any act or omission by Luck that constitutes "Cause" was not reasonably susceptible to cure;

25. Mr. Luck's alleged failure to devote substantially all of his business time to the performance of his XFL duties;

26. Notice to Mr. Luck of any dissatisfaction with his performance of XFL duties prior to April 9, 2020;

27. Luck's performance, or non-performance, of his XFL duties after March 13, 2020;

28. All communications between any XFL personnel, including Mr. McMahon, and Luck after March 13, 2020 that relate to, reflect, or concern XFL business;

29. The allegations in Defendant Alpha Entertainment LLC's Amended Counterclaims [ECF 153] set forth in paragraphs 17, 18, 23, 28, 36, 37, 39, 40, 41, 46, 47, 48, 49, 61, 62, 63, 67, 68, 73, 74, 75, 76, 79, 86, 89, 90, 91, 92, 97, 98, 101, 103, 104, 105, 108, 109, 113, 114, 118, and 119;

30. The alleged prior material breaches listed in Defendant Alpha Entertainment LLC's Answer, Affirmative Defenses, and Counterclaims [ECF 126] set forth under the "SECOND DEFENSE" heading on page 4;

31. Any "shared services" agreement between Alpha and/or the XFL, on the one hand, and WWE on the other;

32. The work performed by Wasserman Media Group, LLC for or on behalf of the XFL;

33. The work performed by William Wilson for or on behalf of Alpha; and

34. Payments by Alpha and/or the XFL, on the one hand, for services rendered by WWE from June 1, 2018 until April 9, 2020.