UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OLIVER LUCK, | : CASE NO. 3:20-cv-00516-VAB |
| Plaintiff, | : |
| v. | : |
| VINCENT K. MCMAHON and ALPHA ENTERTAINMENT LLC, | : |
| Defendants. | : MAY 8, 2021 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S REQUEST FOR EXPEDITED CONSIDERATION OF MOTION TO COMPEL RULE 30(B)(6) DEPOSITION OF ALPHA ENTERTAINMENT LLC**

Defendants Vincent K. McMahon ("McMahon") and Alpha Entertainment LLC ("Alpha") (collectively, "Defendants") submit this memorandum of law in opposition to Plaintiff Oliver Luck's ("Luck") request for an expedited briefing schedule for his motion to compel a Rule 30(b)(6) deposition of Alpha (ECF No. 179). Defendants respectfully request that the Court provide them with an opportunity to submit a complete substantive opposition regarding the merits of the motion in accordance with the normal briefing schedule set forth by the rules.

**PRELIMINARY STATEMENT**

As part of his escalating pattern of abusive and harassing discovery tactics and gamesmanship, Luck seeks expedited consideration of his motion to compel a Rule 30(b)(6) deposition of Alpha *only one day after* serving notice of the deposition and *on the eve* of the individual depositions of McMahon and three former high-ranking executives of Alpha that will demonstrate that the notice is entirely duplicative, unduly burdensome, and wholly disproportionate to the needs of this case.

Luck's contrived motion and request for expedited consideration—filed late on Friday afternoon—seeks to impose a briefing schedule on Defendants that is deliberately designed to disrupt the preparation for and conduct of the depositions of the key witnesses in this case over the next two weeks (during which five of the next 10 business days will be consumed with depositions). During those depositions, Luck will have the opportunity to examine McMahon and the three former Alpha executives with relevant knowledge regarding the same matters that he seeks to address through a Rule 30(b)(6) deposition of Alpha.

Defendants should be permitted to file a substantive opposition to Luck's motion to compel in accordance with the normal schedule set forth by the rules in order to (i) allow full briefing on the merits of the motion, (ii) permit the scheduled depositions to proceed without unnecessary disruption or interference, and (iii) enable Defendants to demonstrate that the Rule 30(b)(6) notice is unduly burdensome and disproportionate to the needs of the case in light of those depositions.

Luck has utterly failed to establish *any* good cause for emergency consideration of his motion to compel—and there is none. Accordingly, the Court should deny Luck's request for an expedited briefing schedule and permit Defendants to submit their substantive opposition to his motion on May 28, 2021 in accordance with the normal briefing schedule.

## BACKGROUND

Luck's emergency motion to compel Alpha's Rule 30(b)(6) deposition is part of an escalating pattern of abusive discovery tactics intended to harass Defendants that will be detailed in their forthcoming substantive opposition to the motion. Defendants briefly summarize the recent events here simply to show that Luck's motion presents no emergency.

### A.     Defendants Complete Their Production of Documents

By April 9, 2020, Defendants completed their production of all documents responsive to Luck's requests for production based on the search parameters that Luck himself requested. Defendants produced over a quarter million pages of documents at a cost of hundreds of thousands of dollars—including countless documents that were completely unrelated to the narrow issues in this case.

### B.     The Parties Establish a Deposition Schedule

As the document production phase of the case neared completion, Defendants took steps to begin scheduling depositions. On March 30, 2021, Defendants asked Luck's counsel to provide a date for Luck's deposition during a two-week time period from April 22, 2021 to May 7, 2021. Luck's counsel refused to provide a date—first declaring that he would not produce Luck for a deposition and then insisting on imposing certain conditions on the deposition found nowhere in the rules. On April 5, 2021, after Luck's counsel refused to provide a date, Defendants noticed Luck's deposition for a date within the two-week time period—April 29, 2021. Luck's counsel then claimed that he was unavailable during the entire two-week time period and would not be available until May 11, 2021. After much delay and obstruction, Luck's counsel eventually agreed to produce him for a deposition on May 11, 2021.

In contrast to Luck's delay and obstruction, Defendants acted cooperatively and efficiently to schedule the depositions requested by Luck's counsel. On March 30, 2021, Luck's counsel asked Defendants' counsel for dates for the depositions of McMahon and former Alpha executives Jeffrey Pollack and Basil DeVito. On March 31, 2021, Luck's counsel stated that he also intended to depose six other former Alpha employees—Cindy Wagner, David Walden, Sam Schwartzstein, Doug Whaley, Eric Galko, and Ian Decker—and asked whether Defendants' counsel would be

representing any of those witnesses. Luck's counsel made *no mention* of any intention to take a Rule 30(b)(6) deposition of Alpha.

On April 5, 2020, Defendants' counsel promptly responded that, in addition to McMahon, they would be representing Jeffrey Pollack, Basil DeVito, and Cindy Wagner at their depositions. On April 7, 2020, Defendants provided Luck's counsel with dates when each of these witnesses would be available for depositions. Defendants' counsel agreed to make McMahon available for a deposition on May 13, 2021. Defendants' counsel also agreed to voluntarily produce Jeffrey Pollack, Basil DeVito, and Cindy Wagner for depositions in the following two weeks without any controversy or need for a subpoena. Defendants' counsel also promptly advised Luck's counsel that they would not be representing the other witnesses identified by him and therefore he would have to subpoena them for depositions.

By April 13, 2020, the parties agreed on the current deposition schedule for the following witnesses on the dates listed below:

> May 11, 2020: Deposition of Oliver Luck
> May 13, 2020: Deposition of Vincent McMahon
> May 18, 2020: Deposition of Basil DeVito
> May 20, 2020: Deposition of Cindy Wagner
> May 25, 2020: Deposition of Jeffrey Pollack

On April 13, 2020, Luck's counsel also reiterated his intention to take the depositions of the other former Alpha employees identified above as well as two additional witnesses—former XFL coach Marc Trestman and WWE executive Brad Blum (although Luck has made no effort since then to subpoena or schedule the depositions of any other witnesses). Once again, Luck made *no mention* of any intention to take a Rule 30(b)(6) deposition of Alpha.

### C. Luck's Texas Counsel Escalates His Abusive and Harassing Discovery Tactics

Shortly after Defendants completed their document production and the parties had agreed on the current deposition schedule, Luck escalated his abusive and harassing discovery tactics.

*First*, on April 22, 2020, Luck's counsel sent a proposed list of 34 broad topics for a Rule 30(b)(6) deposition of Alpha. The proposed list suffered from numerous problems—including that it failed to describe the matters for examination with reasonable particularity, sought information that was unduly burdensome and duplicative, sought information that could more easily be obtained from other sources, and sought privileged information. Because of these problems and as required by the rules, Defendants' counsel attempted to meet and confer with Luck's counsel regarding each of the proposed topics, but Luck's lead counsel from Texas refused to engage in any meaningful discussion and instead declared his intention to file an emergency motion to compel before a notice of deposition was even served. Contrary to Luck's claims in his motion, Defendants' attempt to meet and confer over the proposed topics was not a "sham" or a "fishing expedition." (ECF No. 179 at 2.) Defendants endeavored to discharge their obligations under the rules in good faith. Luck's counsel's claim that the meet and confer was a "sham" is merely a straw man argument that he makes in an attempt to justify his own ***admitted*** "refus[al] to participate" in the conference. (ECF No. 179-3.) And a comparison of the draft topics that Luck's counsel sent before the meet and confer and the topics included with the deposition notice makes clear that he made no significant changes to the topics as a result of the conference. (*Compare* ECF No. 179-1 with ECF No. 179-6.)

*Second*, on April 28, 2020, Luck's counsel served a massive subpoena on WWE—a non-party for whom McMahon serves as the CEO and Chairman—containing 14 overly broad, unduly burdensome, and wholly irrelevant requests for production. On its face, the subpoena calls for

production of every document in WWE's possession relating to both incarnations of the XFL and would require a search and review of information equivalent to 417,792 bankers boxes of documents at an additional cost estimated at over $1 million.

***Third,*** on May 3, 2020, Luck's counsel announced his intention to depose Attorney Jerry McDevitt—lead trial counsel for Defendants in this action—in direct contradiction to his prior representation to this Court that he had no intention of seeking to disqualify him.

***Fourth***, on May 7, 2020, Luck's counsel filed the instant motion to compel the Rule 30(b)(6) deposition of Alpha—only one day after serving a notice of deposition on May 6, 2020 and on the eve of the depositions of the individual witnesses scheduled for next week. Indeed, Luck rushed to file his motion to compel on Friday afternoon before even waiting for Defendants to respond to his request for input on the notice sent the day before.

## ARGUMENT

The Local Rules of Civil Procedure for the District of Connecticut require a party to establish "good cause" for any request for expedited consideration of a motion. *See* D. Conn. L. Civ. R. 7(6) ("A party may request expedited consideration by the Court of a motion by designating the motion as one seeking 'emergency' relief and demonstrating good cause in the motion."). None of the reasons offered by Luck for expedited consideration of his motion come close to establishing the requisite good cause for an emergency motion.

***First***, Luck falsely claims that Alpha has categorically refused to identify or present any witness on any topic. In reality, Alpha has attempted to confer with Luck regarding its objections to the topics and has asked Luck to reconsider whether a Rule 30(b)(6) deposition is even necessary after completion of the individual witness depositions scheduled for the coming weeks. In any

event, the fact that a party has raised objections to the topics in a Rule 30(b)(6) notice is hardly unusual and does not justify circumventing the normal procedure for resolving such disputes.

*Second*, Luck notes that the deadline for disclosure of expert witnesses is May 14, 2021 and that the deadline for rebuttal experts is June 25, 2021—but does not claim that he intends to identify any expert witnesses and does not explain how a Rule 30(b)(6) deposition would have any effect on the disclosure of experts.  And the fact that Luck has noticed the Rule 30(b)(6) deposition for June 1, 2021—*after* the expert disclosure deadline—belies any contention that the deadline warrants expedited consideration of his motion.

*Third*, Luck states that he has noticed the Rule 30(b)(6) deposition for June 1, 2021—but there is no reason that any such deposition must take place at that time.  Luck did not express any intention to take a Rule 30(b)(6) deposition of Alpha until recently.  And under the scheduling order, Luck has until July 16, 2021 to complete any depositions.  (ECF No. 167.)

*Fourth*, Luck notes that the discovery deadline is July 16, 2021.  But the fact that the discovery deadline is more than two months away undermines—rather than supports—Luck's request for expedited consideration of his motion.

*Fifth*, Luck's claim that Defendants' counsel may be unavailable to conduct depositions at certain times in June and July 2021 is nothing more than pretext.  Luck's counsel stated that he intended to file an emergency motion before Defendants' counsel even advised him of their scheduling conflicts.  Defendants notified Luck that they had scheduling conflicts as a courtesy so that Luck promptly would provide dates for the remaining depositions that he expressed an intention to take but has made no effort to schedule.  In any event, the fact that Defendants' counsel have certain scheduling conflicts over the course of the next two months obviously does not mean that they will be entirely unavailable for the remainder of the discovery period.

*Sixth*, Luck incorrectly claims that this a "single issue" discovery dispute. Luck's Rule 30(b)(6) notice and accompanying 34 topics raise innumerable issues that require complete briefing—including the failure to describe the matters for examination with reasonable particularity, the unduly burdensome and duplicative nature of the topics, the fact that the information sought could be more easily obtained from other sources, and the fact that information sought by the topics is protected by the attorney-client privilege and the work product doctrine. The Court will be best positioned to adjudicate such issues after the depositions of the individual witnesses are completed and their testimony can be considered in evaluating the burden and proportionality of the Rule 30(b)(6) notice.

## CONCLUSION

For the reasons set forth above, the Court should deny Luck's request for an expedited briefing schedule for his motion to compel the Rule 30(b)(6) deposition of Alpha.

DEFENDANTS VINCENT K. MCMAHON
and ALPHA ENTERTAINMENT LLC

By: */s/ Jerry S. McDevitt*
Jerry S. McDevitt
Curtis B. Krasik
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103

-9-

Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

## CERTIFICATE OF SERVICE

I hereby certify that, on May 8, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jeffrey P. Mueller*
Jeffrey P. Mueller (ct27870)