# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| OLIVER LUCK, | CASE NO. 3:20-cv-00516-VAB |
| Plaintiff, | |
| v. | |
| VINCENT K. MCMAHON and ALPHA ENTERTAINMENT LLC, | |
| | February 10, 2021 |
| Defendants. | |

**DEFENDANT ALPHA ENTERTAINMENT LLC'S
OBJECTIONS AND RESPONSES TO
<u>PLAINTIFF OLIVER LUCK'S SECOND REQUEST FOR PRODUCTION</u>**

Defendant Alpha Entertainment LLC ("Alpha") respectfully submits the following objections and responses (the "Responses") to Plaintiff Oliver Luck's ("Luck") Second Request for Production (the "Requests").

**<u>PRELIMINARY STATEMENT</u>**

1. Alpha provides these Responses without waiver of, and intending to preserve, the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine and any other applicable privilege, immunity, protection or restriction available under the Federal Rules of Civil Procedure, federal statutes and/or common law. The inadvertent revelation of information subject to any applicable privilege or protection, including, but not limited to, the attorney-client privilege or the work-product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or protection, in whole or in part.

2. Alpha provides these Responses without waiver of, and intending to preserve:

    a. All questions as to competency, relevancy, materiality, and admissibility

of evidence for any purpose of Alpha's responses, or subject matter thereof, in this or any other action, and Alpha's responses are similarly not to be deemed an admission as to the competency, relevancy, materiality, or admissibility of evidence for any purpose in this action;

   b. The right to object on any ground to the use of Alpha's responses, or the subject matter thereof, in this or any other action; and

   c. The right at any time to revise, correct, supplement, clarify and/or amend any response furnished.

  3. Alpha provides these Responses based on its interpretation and understanding of each Request.  Alpha reserves its right to amend and/or supplement its objections and responses in the event that Luck asserts an interpretation that differs from Alpha's interpretation.

  4. Alpha provides these Responses in accordance with the Federal Rules of Civil Procedure and the Local Rules.  Alpha objects, and shall not respond, to the Requests to the extent that they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules.

  5. Alpha will produce responsive documents, if any, that are located after a reasonably diligent search of documents within Alpha's possession, custody or control, taking into account the proportionality of the information sought to the burden of its production. Notwithstanding the foregoing, Alpha has collected, searched and will produce relevant electronically stored information that was acquired by Alpha Acquico, LLC on August 21, 2020.

  6. Alpha objects to the Requests as overbroad and unduly burdensome to the extent that any Request purports to seek information relating to "all" documents, communications, emails, or the like responsive to the subject matter of a particular Request.

  7. Alpha objects to the Requests as unduly burdensome to the extent that they would

require Alpha to log any documents created on or after April 16, 2020 that are subject to the attorney-client privilege, the work-product doctrine, the common interest doctrine, and any other applicable bases for protection from disclosure under Rule 26 of the Federal Rules of Civil Procedure or other applicable law.  Alpha will not provide a privilege log for any documents created on or after April 16, 2020.

8. Alpha objects to the time period of January 1, 2018 until April 13, 2020 set forth in the Definitions of the Requests as overbroad and unduly burdensome.  Alpha will use the time period of May 1, 2018 until April 16, 2020 in responding to the Requests.

9. Documents that include proprietary or confidential business information and/or trade secrets shall only be produced pursuant to the Standing Protective Order entered in this action on April 16, 2020 (Doc. No. 11).

10. Alpha incorporates the foregoing paragraphs of this Preliminary Statement into each and every one of its Responses to the Requests set forth below.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS**

35. Produce all emails sent to or from Oliver Luck's Alpha e-mail account (Oliver.Luck@xfl.com).

**RESPONSE:**

Alpha objects to Request No. 35 to the extent that it seeks documents unrelated to the bases for Luck's termination on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense in this case and not proportional to the needs of the case.  Alpha further objects to Request No. 35 to the extent it seeks documents that are protected by the attorney-client privilege, work-product doctrine, the joint defense privilege, the common interest doctrine and/or any other applicable privilege or

protection.

Subject to and without waiving the foregoing objections, Alpha states that it will produce non-privileged documents responsive to Request No. 1 found after a reasonable search. Responsive privileged documents will be identified on Defendants' Privilege Log.

36. Produce documents sufficient to show attendees for all XFL weekly business operations meetings.

**RESPONSE:**

Alpha objects to Request No. 36 to the extent that it seeks documents unrelated to the bases for Luck's termination on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense in this case and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Alpha states that it has produced documents sufficient to show attendees for all XFL weekly business operations meetings after March 13, 2020.  To the extent this request seeks the production of additional documents beyond those described above, the documents are being withheld based on the foregoing objections.

37. Produce records of McMahon's call logs, calendar entries, or other documents sufficient to show communications and/or meetings that took place between McMahon and Oliver Luck during the period from January 16, 2020 through January 23, 2020.

**RESPONSE:**

Alpha objects to Request No. 37 to the extent that it seeks documents that are protected by the attorney-client privilege, work-product doctrine, the joint defense privilege, the common interest doctrine and/or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Alpha states that it has produced

documents sufficient to show communications and/or meetings that took place between McMahon and Luck during the period from January 16, 2020 through January 23, 2020.

38. Produce documents, including notes from any meetings or discussions, sufficient to show the date that Alpha or McMahon considered terminating the XFL regular season, the date Alpha or McMahon decided to terminate the XFL's regular season, and documents concerning the reasons defendants decided to terminate the XFL's regular season.

**RESPONSE:**

Alpha objects to Request No. 38 on the grounds that it is overbroad and unduly burdensome, and calls for the production of documents that are not relevant to any party's claim or defense in this case and not proportional to the needs of the case. Alpha further objects to Request No. 38 to the extent that it seeks documents that are protected by the attorney-client privilege, work-product doctrine, the joint defense privilege, the common interest doctrine and/or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Alpha states that it will produce non-privileged documents responsive to Request No. 38 found after a reasonable search. Responsive privileged documents will be identified on Defendants' Privilege Log.

39. Produce documents sufficient to show the date Alpha or McMahon considered filing a bankruptcy petition on behalf of Alpha and documents sufficient to show the date Alpha or McMahon decided to file a bankruptcy petition on behalf of Alpha.

**RESPONSE:**

Alpha objects to Request No. 39 on the grounds that it is overbroad and unduly burdensome, and calls for the production of documents that are not relevant to any party's claim or defense in this case and not proportional to the needs of the case. Alpha further objects to

Request No. 39 to the extent that it seeks documents that are protected by the attorney-client privilege, work-product doctrine, the joint defense privilege, the common interest doctrine and/or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Alpha states that it will produce non-privileged documents responsive to Request No. 39 found after a reasonable search. Responsive privileged documents will be identified on Defendants' Privilege Log.

40.   Produce documents sufficient to show the dates of meetings or calls with Alpha's bankruptcy counsel during the time period January 2020 through April 2020.

**RESPONSE:**

Alpha objects to Request No. 40 on the grounds that it is overbroad and unduly burdensome, and calls for the production of documents that are not relevant to any party's claim or defense in this case and not proportional to the needs of the case. Alpha further objects to Request No. 40 to the extent that it seeks documents that are protected by the attorney-client privilege, work-product doctrine, the joint defense privilege, the common interest doctrine and/or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Alpha states that it will not search for documents responsive to Request No. 40.

41.   Produce documents reflecting or concerning the reasons Alpha and McMahon decided to terminate Oliver Luck's employment, including notes from any meetings or discussions.

**RESPONSE:**

Alpha objects to Request No. 41 on the grounds that it is duplicative and cumulative of at least Request Nos. 2-6, 10, 13-18, & 22-23, and Alpha incorporates its responses to those

requests as if set forth fully herein. Alpha further objects to the extent that Request No. 41 seeks documents that are protected by the attorney-client privilege, work-product doctrine, the joint defense privilege, the common interest doctrine and/or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Alpha states that it has produced non-privileged documents found after a reasonable search concerning the bases for Luck's termination. Responsive privileged documents have been identified on Defendants' Privilege Log.

42.     Produce documents sufficient to show all dates that any version of the Employee Handbook & Code of Business Conduct or the Technology Acceptable Use Policy was promulgated and/or distributed to XFL employees, including without limitation emails or other communications distributing such documents to XFL employees.

**RESPONSE:**

Alpha objects to Request No. 42 on the grounds that it is duplicative and cumulative of at least Request No. 15, and Alpha incorporates its response to Request No. 15 as if set forth fully herein. Alpha further objects to Request No. 42 on the grounds that the phrase "all dates that any version of the Employee Handbook & Code of Business Conduct or the Technology Acceptable Use Policy was promulgated and/or distributed to XFL employees" is vague, ambiguous and undefined. Alpha interprets this phrase to mean the dates that any version of the Employee Handbook & Code of Business Conduct or the Technology Acceptable Use Policy was implemented for use in the onboarding of new employees. Alpha further objects to the extent that Request No. 42 seeks documents that are protected by the attorney-client privilege, work-product doctrine, the joint defense privilege, the common interest doctrine and/or any other

applicable privilege or protection.

Subject to and without waiving the foregoing objections, Alpha states that it has produced non-privileged documents found after a reasonable search that show the dates that any version of the Employee Handbook & Code of Business Conduct or the Technology Acceptable Use Policy was implemented for use in the onboarding of new employees. Responsive privileged documents have been identified on Defendants' Privilege Log.

43. Produce documents, including communications, regarding the transfer of data from the mobile phone Oliver Luck had prior to commencing employment with Alpha to his Alpha-issued iPhone.

**RESPONSE:**

Alpha objects to Request No. 43 on the grounds that it is harassing, overbroad and unduly burdensome, and calls for the production of documents that are not relevant to any party's claim or defense in this case and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Alpha states that it will produce responsive non-privileged documents found after a reasonable search.

44. Produce all employment agreements between Alpha and other XFL executive level employees during the time period through and including April 2020.

**RESPONSE:**

Alpha objects to Request No. 44 on the grounds that it is overbroad and unduly burdensome, and calls for the production of documents that are not relevant to any party's claim or defense in this case and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Alpha states that it will not search for documents responsive to Request No. 44.

45. Produce all communications between Jeffrey Pollack and Oliver Luck and communications to or from Jeffrey Pollack mentioning Oliver Luck.

**RESPONSE:**

Alpha objects to Request No. 45 to the extent that it seeks documents unrelated to the bases for Luck's termination on the grounds that it is overbroad and unduly burdensome, and calls for the production of documents that are not relevant to any party's claim or defense in this case and not proportional to the needs of the case. Alpha further objects to Request No. 45 on the grounds that it is overbroad and unduly burdensome, and not proportional to the needs of the case in that it would require a search of Mr. Pollack's communications with anyone that merely mention Luck. Alpha further objects to Request No. 45 to the extent that it seeks documents that are protected by the attorney-client privilege, work-product doctrine, the joint defense privilege, the common interest doctrine and/or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Alpha states that it either has produced or will produce non-privileged documents reflecting communications between Mr. Pollack and Luck found after a reasonable search. Privileged documents reflecting communications between Mr. Pollack and Luck either have been, or will be, identified on Defendants' Privilege Log. To the extent this request seeks the production of additional documents beyond those described above, the documents are being withheld based on the foregoing objections.

46. Produce all communications between Basil DeVito, Jr. and Oliver Luck and communications to or from Basil DeVito, Jr. mentioning Oliver Luck.

**RESPONSE:**

Alpha objects to Request No. 46 to the extent that it seeks documents unrelated to the

bases for Luck's termination on the grounds that it is overbroad and unduly burdensome, and calls for the production of documents that are not relevant to any party's claim or defense in this case and not proportional to the needs of the case. Alpha further objects to Request No. 46 on the grounds that it is overbroad and unduly burdensome, and not proportional to the needs of the case in that it would require a search of Mr. DeVito's communications with anyone that merely mention Luck. Alpha further objects to Request No. 46 to the extent that it seeks documents that are protected by the attorney-client privilege, work-product doctrine, the joint defense privilege, the common interest doctrine and/or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Alpha states that it either has produced or will produce non-privileged documents reflecting communications between Mr. DeVito and Luck found after a reasonable search. Privileged documents reflecting communications between Mr. DeVito and Luck either have been, or will be, identified on Defendants' Privilege Log. To the extent this request seeks the production of additional documents beyond those described above, the documents are being withheld based on the foregoing objections.

47.     Produce all communications between Marc Trestman and Oliver Luck and communications to or from Marc Trestman mentioning Oliver Luck.

**RESPONSE:**

Alpha objects to Request No. 47 to the extent that it seeks documents unrelated to the bases for Luck's termination on the grounds that it is overbroad and unduly burdensome, and calls for the production of documents that are not relevant to any party's claim or defense in this case and not proportional to the needs of the case. Alpha further objects to Request No. 47 on the grounds that it is overbroad and unduly burdensome, and not proportional to the needs of the

case in that it would require a search of Mr. Trestman's communications with anyone that merely mention Luck. Alpha further objects to Request No. 47 to the extent that it seeks documents that are protected by the attorney-client privilege, work-product doctrine, the joint defense privilege, the common interest doctrine and/or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Alpha states that it either has produced or will produce non-privileged documents reflecting communications between Mr. Trestman and Luck found after a reasonable search. Privileged documents reflecting communications between Mr. Trestman and Luck either have been, or will be, identified on Defendants' Privilege Log. To the extent this request seeks the production of additional documents beyond those described above, the documents are being withheld based on the foregoing objections.

48. Produce all communications between Cindy Wagner and Oliver Luck and communications to or from Cindy Wagner mentioning Oliver Luck.

**RESPONSE:**

Alpha objects to Request No. 48 to the extent that it seeks documents unrelated to the bases for Luck's termination on the grounds that it is overbroad and unduly burdensome, and calls for the production of documents that are not relevant to any party's claim or defense in this case and not proportional to the needs of the case. Alpha further objects to Request No. 48 on the grounds that it is overbroad and unduly burdensome, and not proportional to the needs of the case in that it would require a search of Ms. Wagner's communications with anyone that merely mention Luck. Alpha further objects to Request No. 48 to the extent that it seeks documents that are protected by the attorney-client privilege, work-product doctrine, the joint defense privilege, the common interest doctrine and/or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Alpha states that it either has produced or will produce non-privileged documents reflecting communications between Ms. Wagner and Luck found after a reasonable search. Privileged documents reflecting communications between Ms. Wagner and Luck either have been, or will be, identified on Defendants' Privilege Log. To the extent this request seeks the production of additional documents beyond those described above, the documents are being withheld based on the foregoing objections.

49. Produce all communications between Matt Falls and Oliver Luck and communications to or from Matt Falls mentioning Oliver Luck.

**RESPONSE:**

Alpha objects to Request No. 49 to the extent that it seeks documents unrelated to the bases for Luck's termination on the grounds that it is overbroad and unduly burdensome, and calls for the production of documents that are not relevant to any party's claim or defense in this case and not proportional to the needs of the case. Alpha further objects to Request No. 49 on the grounds that it is overbroad and unduly burdensome, and not proportional to the needs of the case in that it would require a search of Mr. Falls' communications with anyone that merely mention Luck. Alpha further objects to Request No. 49 to the extent that it seeks documents that are protected by the attorney-client privilege, work-product doctrine, the joint defense privilege, the common interest doctrine and/or any other applicable privilege or protection. Alpha further objects to Request No. 49 to the extent that such documents are not in Alpha's possession, custody or control.

Subject to and without waiving the foregoing objections, Alpha states that it either has produced or will produce non-privileged documents reflecting communications between Mr.

Falls and Luck found after a reasonable search. Privileged documents reflecting communications between Mr. Falls and Luck either have been, or will be, identified on Defendants' Privilege Log. To the extent this request seeks the production of additional documents beyond those described above, the documents are being withheld based on the foregoing objections.

50.   Produce all communications between Rosanna Melchionno Curran and Oliver Luck and communications to or from Rosanna Melchionno Curran mentioning Oliver Luck.

**RESPONSE:**

Alpha objects to Request No. 50 to the extent that it seeks documents unrelated to the bases for Luck's termination on the grounds that it is overbroad and unduly burdensome, and calls for the production of documents that are not relevant to any party's claim or defense in this case and not proportional to the needs of the case. Alpha further objects to Request No. 50 on the grounds that it is overbroad and unduly burdensome, and not proportional to the needs of the case in that it would require a search of Ms. Curran's communications with anyone that merely mention Luck. Alpha further objects to Request No. 50 to the extent that it seeks documents that are protected by the attorney-client privilege, work-product doctrine, the joint defense privilege, the common interest doctrine and/or any other applicable privilege or protection. Alpha further objects to Request No. 50 to the extent that such documents are not in Alpha's possession, custody or control.

Subject to and without waiving the foregoing objections, Alpha states that it either has produced or will produce non-privileged documents reflecting communications between Ms. Curran and Luck found after a reasonable search. Privileged documents reflecting communications between Ms. Curran and Luck either have been, or will be, identified on

Defendants' Privilege Log. To the extent this request seeks the production of additional documents beyond those described above, the documents are being withheld based on the foregoing objections.

**DEFENDANT ALPHA ENTERTAINMENT LLC**

By: */s/ Curtis B. Krasik*
Jerry S. McDevitt (pro hac vice)
Curtis B. Krasik (pro hac vice)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

Its Attorneys.

## CERTIFICATION OF SERVICE

I hereby certify that, on February 10, 2021, a copy of the foregoing was served by email on the following counsel of record:

>Andrew M. Zeitlin
>Joette Katz
>SHIPMAN & GOODWIN LLP
>300 Atlantic Street
>Stamford, CT 06901
>Telephone: (203) 324-8100
>Facsimile: (203) 324-8199
>Email: azeitlin@goodwin.com
>Email: jkatz@goodwin.com

>Paul J. Dobrowski
>Vanessa L. Pierce
>DOBROWSKI, LARKIN & STAFFORD, LLP
>4061 Washington Avenue, Suite 200
>Houston, Texas 77007
>Telephone: (713) 659-2900
>Facsimile: (713) 659-2908
>Email: pjd@doblaw.com
>Email: vpierce@doblaw.com

>/s/ Curtis B. Krasik