# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| OLIVER LUCK, | : | CASE NO. 3:20-cv-00516-VAB |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| VINCENT K. MCMAHON and | : | |
| ALPHA ENTERTAINMENT LLC, | : | |
| | : | MAY 17, 2021 |
| Defendants. | : | |
| | : | |

**DEFENDANT ALPHA ENTERTAINMENT LLC'S FOURTH SET OF INTERROGATORIES DIRECTED TO PLAINTIFF OLIVER LUCK**

Defendant Alpha Entertainment LLC ("Alpha") hereby propounds the following Fourth Set of Interrogatories (the "Interrogatories") to Plaintiff Oliver Luck ("Luck") to be answered within thirty (30) days of service hereof as provided by Rule 33 of the Federal Rules of Civil Procedure. The following instructions and definitions apply to these Interrogatories in addition to the obligations set forth in Rules 26 and 33 of the Federal Rules of Civil Procedure.

**INSTRUCTIONS**

1. With respect to each of the following interrogatories, unless otherwise stated in a particular interrogatory, the information sought is that which is current to the date of Your answer thereto. Furthermore, these interrogatories are of a continuing nature. You are required to serve supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

2. Answers are to be provided by You under oath.

3. With respect to the answer to each interrogatory or subpart, thereof, identify the source of the information given therein, with as much particularity as is reasonably possible, including, without limitation, the nature, designation, and location of any files that contain such

1

information and the custodian of the files, and identify each document which supports, in whole or in part, the answer to each interrogatory.

4. If You object to any Interrogatory, or any subparagraph or subpart of any Interrogatory, on the basis of privilege (attorney-client communications, work product or any other alleged privilege), for each objection state:

(a) the date and place of the communication and/or document;

(b) the identity of each person who was present at or who participated in such communication or the author(s) and recipient(s) of the document;

(c) the type of communication;

(d) the general subject matter of the communication or document;

(e) the Interrogatory seeking the communication or document; and

(f) the nature of the privilege or other reason for not producing the communication or document.

5. If You elect to avail yourself of the procedure for answering interrogatories authorized by Rule 33(d) of the Federal Rules of Civil Procedure, for each Interrogatory and subpart thereof, specify the particular documents responsive to that specific Interrogatory and subpart thereof and, for each document, specify its source (i.e., from whose and what files it was taken), and its author, recipients, and the date of the preparation, if not apparent from the face of the document.

## DEFINITIONS

A. "Alpha" shall refer to Defendant Alpha Entertainment LLC.

B. "Defendants" shall refer to Defendants Vincent K. McMahon and Alpha Entertainment LLC.

    C.    "You" or "Your" shall refer to Plaintiff Oliver Luck.

    D.    "Plaintiff's Disclosures" shall refer to Plaintiff Oliver Luck's Rule 26(a)(1) Initial Disclosures dated January 15, 2021 and Rule 26(a)(1) Amended Disclosures dated April 16, 2021.

    E.    "Defendants' Disclosures" shall refer to Defendants' Rule 26(a)(1) Initial Disclosures dated January 15, 2021.

    F.    The terms "Communication," "Document," "Identify" (with respect to persons), "Identify" (with respect to documents or electronically stored information), "Person" and "Concerning" shall have the definitions set forth in Rule 26(c) of the Local Rules of Civil Procedure for the District of Connecticut.

    G.    The term "Identify" with respect to text messages shall mean to state the date, the time, and the recipient(s) and sender of the text message.

    H.    The term "Identify" with respect to emails shall mean to state the date, the time, and the recipient(s) (including any secondary recipients (i.e., carbon copy or blind carbon copy)) and sender of the email.

    I.    The term "Identify" with respect to phone calls shall mean to state the date, the time, the duration, the participants on the phone call, and the substance of the phone call.

    J.    The term "including" shall mean "including without limitation."

    K.    The terms "relate", "refer", "reflect" and any forms thereof shall be construed in the broadest sense to mean constituting, reflecting, representing, supporting, contradicting, referring to, relevant to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, or evaluating.  As indicated, the terms necessarily include information that is in opposition as well as in support of your position(s) and claim(s) in this action.

L.       The rules of construction set forth in Rule 26(d) of the Local Rules of Civil Procedure for the District of Connecticut shall apply to these Interrogatories.

## INTERROGATORIES

### INTERROGATORY NO. 13

For each day from March 13, 2020 through April 9, 2020, Identify each text message that You sent or received on your Alpha-issued iPhone that was related to the XFL's and/or Alpha's business.

RESPONSE:

### INTERROGATORY NO. 14

For each day from March 13, 2020 through April 9, 2020, Identify each email that You sent or received on your Alpha-issued iPhone that was related to the XFL's and/or Alpha's business.

RESPONSE:

### INTERROGATORY NO. 15

For each day from March 13, 2020 through April 9, 2020, Identify each phone call that You made or received on your Alpha-issued iPhone that was related to the XFL's and/or Alpha's business.

RESPONSE:

**INTERROGATORY NO. 16**

For each day from March 13, 2020 through April 9, 2020, Identify each text message that You sent or received on your Alpha-issued iPhone that was not related to the XFL's and/or Alpha's business.

RESPONSE:

**INTERROGATORY NO. 17**

For each day from March 13, 2020 through April 9, 2020, Identify each email that You sent or received on your Alpha-issued iPhone that was not related to the XFL's and/or Alpha's business.

RESPONSE:

**INTERROGATORY NO. 18**

For each day from March 13, 2020 through April 9, 2020, Identify each phone call that You made or received on your Alpha-issued iPhone that was not related to the XFL's and/or Alpha's business.

RESPONSE:

**INTERROGATORY NO. 19**

Identify all communications on or after April 16, 2020 between You and any of the individuals listed in Plaintiff's Disclosures or Defendants' Disclosures, including each phone call that You made to any of those individuals.

RESPONSE:

**INTERROGATORY NO. 20**

Identify all health, dental, vision, disability, and life insurance plans covering You and Your wife after April 9, 2020, including the costs and premiums associated with such plans.

RESPONSE:

**INTERROGATORY NO. 21**

Identify the date on which each attorney representing You in this case first received information indicating that You deleted and/or erased the browser history on the Alpha-issued iPhone after receiving the April 9, 2020 termination letter, including in Your answer all details of how each attorney learned of such information and all documents which reflect such knowledge or information.

RESPONSE:

**DEFENDANT ALPHA ENTERTAINMENT LLC**

By: */s/ Jeffrey P. Mueller*
Jerry S. McDevitt (pro hac vice)
Curtis B. Krasik (pro hac vice)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

Its Attorneys.

**CERTIFICATION OF SERVICE**

I hereby certify that, on May 17, 2021, a copy of the foregoing was served by email on the following counsel of record:

>Andrew M. Zeitlin
>Joette Katz
>Sarah E. Gleason
>SHIPMAN & GOODWIN LLP
>300 Atlantic Street
>Stamford, CT 06901
>Telephone: (203) 324-8100
>Facsimile: (203) 324-8199
>Email: azeitlin@goodwin.com
>Email: jkatz@goodwin.com
>Email: SeGleason@goodwin.com
>
>Paul J. Dobrowski
>Vanessa L. Pierce
>Jared McHazlett
>DOBROWSKI, LARKIN & STAFFORD, LLP
>4061 Washington Avenue, Suite 200
>Houston, Texas 77007
>Telephone: (713) 659-2900
>Facsimile: (713) 659-2908
>Email: pjd@doblaw.com
>Email: vpierce@doblaw.com
>Email: jmchazlett@doblaw.com

>*/s/ Jeffrey P. Mueller*