# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| OLIVER LUCK | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL NO. 3:20-cv-516 (VAB) |
| | § | |
| VINCENT K. MCMAHON and | § | |
| ALPHA ENTERTAINMENT LLC | § | |
| | § | July 1, 2021 |
| *Defendants.* | § | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS VINCENT K.**
**MCMAHON AND ALPHA ENTERTAINMENT LLC'S SECOND SET OF REQUESTS**
**FOR ADMISSION DIRECTED TO PLAINTIFF OLIVER LUCK**

To:   Defendant Vincent K. McMahon by and through his counsel of record, Jerry McDevitt, Curtis B. Krasik, K&L GATES LLP, 210 Sixth Avenue, Pittsburgh, PA 15222, and Jeffrey P. Mueller, DAY PITNEY LLP, 242 Trumbull Street, Hartford, CT 06103

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Oliver Luck

hereby serves his Objections and Responses to Defendants Vincent K. McMahon and Alpha

Entertainment LLC's Second Set of Requests for Admission Directed to Plaintiff Oliver Luck.

*[Signature page to follow]*

**PLAINTIFF OLIVER LUCK**

*/s/ Paul J. Dobrowski*

Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
Jared A. McHazlett (phv10650)
DOBROWSKI, LARKIN & STAFFORD L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email: pjd@doblaw.com
Email: vpierce@doblaw.com
Email: jmchazlett@doblaw.com

AND

*/s/ Andrew M. Zeitlin*

Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed. Bar No. ct30935)
Sarah E. Gleason (Fed. Bar No. ct30906)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel.: (203) 324-8100
Fax: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com
Email: segleason@goodwin.com

**HIS ATTORNEYS**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 1, 2021, a copy of the foregoing was served by email on the following counsel of record:

Jerry McDevitt (*pro hack vice*)
Curtis B. Krasik (*pro hac vice*)
K&L GATES LLP
K&L GATES CENTER
210 Sixth Avenue.
Pittsburgh, PA 15222
Tel. (412) 355-8608
Email:  jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone (806) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com


*/s/ Paul J. Dobrowski*

## <u>PLAINTIFF'S OBJECTIONS TO DEFINITIONS</u>

Plaintiff objects to the Definition of the term "Emails" because it is misleading, inaccurate, and lacks foundation. Specifically, the definition improperly limits the term to only "emails that [Plaintiff] sent from [his] oliver.luck@xfl.com email address that have been produced by Defendants or [Plaintiff] in the Litigation and shall exclude any emails You sent that are reflected on Defendants' Privilege Logs served on January 29, 2020, March 10, 2020 and April 23, 2021." Thus, this inaccurate definition of "Emails" mischaracterizes the evidence by attempting to exclude the emails that are listed on Defendants' Privilege Logs that Defendants have improperly withheld.

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT VINCENT K. MCMAHON AND ALPHA ENTERTAINMENT LLC'S SECOND SET OF REQUESTS FOR ADMISSION DIRECTED TO PLAINTIFF OLIVER LUCK**

**REQUEST NO. 21:**  Admit that on March 13, 2020 You sent the Emails attached hereto as Exhibit 1 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced

Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 22:** Admit that on March 13, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 1.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 23:**  Admit that on March 13, 2020 You sent and/or received the text messages attached hereto as Exhibit 2 from Your Alpha-issued phone.

**RESPONSE:**  Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access

to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 24:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 13, 2020 other than those reflected in Exhibit 2.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not

proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the

referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 25:** Admit that on March 13, 2020 You spent 169 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 3.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request

because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 26:** Admit that on March 14, 2020 You sent the Emails attached hereto as Exhibit 4 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than

Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 27:** Admit that on March 14, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 4.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9,

2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case

that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 28:**  Admit that on March 14, 2020 You sent and/or received the text messages attached hereto as Exhibit 5 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request,

apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 29:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 14, 2020 other than those reflected in Exhibit 5.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request

has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 30:** Admit that on March 14, 2020 You spent 57 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 6.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants

necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 31:** Admit that on March 15, 2020 You sent the Emails attached hereto as Exhibit 7 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the

referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 32:** Admit that on March 15, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 7.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to

the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 33:**  Admit that on March 15, 2020 You sent and/or received the text messages attached hereto as Exhibit 8 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 34:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 15, 2020 other than those reflected in Exhibit 8.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the

contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental

impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 35:** Admit that on March 15, 2020 You spent 52 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 9.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the

Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 36:** Admit that on March 16, 2020 You sent the Emails attached hereto as Exhibit 10 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 37:** Admit that on March 16, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 10.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 38:** Admit that on March 16, 2020 You sent and/or received the text messages attached hereto as Exhibit 11 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for

the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 39:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 16, 2020 other than those reflected in Exhibit 11.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day

other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 40:** Admit that on March 16, 2020 You spent 136 minutes on Your Alpha- issued phone as reflected in the phone log attached hereto as Exhibit 12.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for

Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 41:** Admit that on March 17, 2020 You sent the Emails attached hereto as Exhibit 13 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9,

2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case

that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 42:** Admit that on March 17, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 13.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff

during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 43:** Admit that on March 17, 2020 You sent and/or received the text messages attached hereto as Exhibit 14 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's

image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 44:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 17, 2020 other than those reflected in Exhibit 14.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the

Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 45:** Admit that on March 17, 2020 You spent 87 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 15.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 46:** Admit that on March 18, 2020 You sent the Emails attached hereto as Exhibit 16 from Your Alpha-issued phone

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have had an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 47:** Admit that on March 18, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 16.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152).

Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 48:** Admit that on March 18, 2020 You sent and/or received the text messages attached hereto as Exhibit 17 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 49:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 18, 2020 other than those reflected in Exhibit 17.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the

referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 50:** Admit that on March 18, 2020 You spent 212 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 18.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 51:** Admit that on March 19, 2020 You sent the Emails attached hereto as Exhibit 19 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have had an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 52:** Admit that on March 19, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 19.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152).

Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 53:** Admit that on March 19, 2020 You sent and/or received the text messages attached hereto as Exhibit 20 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 54:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 19, 2020 other than those reflected in Exhibit 20.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the

referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 55:** Admit that on March 19, 2020 You spent 68 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 21.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 56:** Admit that on March 20, 2020 You sent the Emails attached hereto as Exhibit 22 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 57:** Admit that on March 20, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 22.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152).

Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 58:** Admit that on March 20, 2020 You sent and/or received the text messages attached hereto as Exhibit 23 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 59:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 20, 2020 other than those reflected in Exhibit 23.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the

referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 60:** Admit that on March 20, 2020 You spent 11 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 24.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 61:** Admit that on March 21, 2020 You sent the Emails attached hereto as Exhibit 25 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 62:** Admit that on March 21, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 25.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152).

Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 63:** Admit that on March 21, 2020 You sent and/or received the text messages attached hereto as Exhibit 26 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 64:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 21, 2020 other than those reflected in Exhibit 26.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the

referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 65:** Admit that on March 21, 2020 You spent 100 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 27.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 66:** Admit that on March 22, 2020 You did not send any Emails from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have had an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether Plaintiff sent any emails on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 67:** Admit that on March 22, 2020 You sent and/or received the text messages attached hereto as Exhibit 28 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for

the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 68:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 22, 2020 other than those reflected in Exhibit 28.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day

other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 69:** Admit that on March 22, 2020 You spent 18 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 29.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for

Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 70:** Admit that on March 23, 2020 You sent the Emails attached hereto as Exhibit 30 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9,

2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case

that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 71:** Admit that on March 23, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 30.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff

during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 72:** Admit that on March 23, 2020 You sent and/or received the text messages attached hereto as Exhibit 31 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's

image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 73:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 23, 2020 other than those reflected in Exhibit 31.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the

Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**<u>REQUEST NO. 74:</u>** Admit that on March 23, 2020 You spent 248 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 32.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 75:** Admit that on March 24, 2020 You sent the Emails attached hereto as Exhibit 33 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 76:** Admit that on March 24, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 33.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152).

Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 77:** Admit that on March 24, 2020 You sent and/or received the text messages attached hereto as Exhibit 34 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 78:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 24, 2020 other than those reflected in Exhibit 34.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the

referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 79:** Admit that on March 24, 2020 You spent 100 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 35.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 80:** Admit that on March 25, 2020 You sent the Emails attached hereto as Exhibit 36 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have had an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 81:** Admit that on March 25, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 36.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152).

Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 82:** Admit that on March 25, 2020 You sent and/or received the text messages attached hereto as Exhibit 37 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 83:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 25, 2020 other than those reflected in Exhibit 37.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the

referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 84:** Admit that on March 25, 2020 You spent 239 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 38.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 85:** Admit that on March 26, 2020 You sent the Emails attached hereto as Exhibit 39 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 86:** Admit that on March 26, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 39.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152).

Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 87:** Admit that on March 26, 2020 You sent and/or received the text messages attached hereto as Exhibit 40 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 88:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 26, 2020 other than those reflected in Exhibit 40.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the

referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 89:** Admit that on March 26, 2020 You spent 96 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 41.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 90:** Admit that on March 27, 2020 You sent the Emails attached hereto as Exhibit 42 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 91:** Admit that on March 27, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 42.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152).

Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 92:** Admit that on March 27, 2020 You sent and/or received the text messages attached hereto as Exhibit 43 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 93:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 27, 2020 other than those reflected in Exhibit 43.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the

referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 94:** Admit that on March 27, 2020 You spent 130 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 44.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 95:** Admit that on March 28, 2020 You sent the Emails attached hereto as Exhibit 45 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 96:** Admit that on March 28, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 45.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152).

Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 97:** Admit that on March 28, 2020 You sent and/or received the text messages attached hereto as Exhibit 46 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 98:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 28, 2020 other than those reflected in Exhibit 46.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the

referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 99:** Admit that on March 28, 2020 You spent 68 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 47.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 100:** Admit that on March 29, 2020 You sent the Emails attached hereto as Exhibit 48 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 101:** Admit that on March 29, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 48.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152).

Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 102:** Admit that on March 29, 2020 You sent and/or received the text messages attached hereto as Exhibit 49 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 103:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 29, 2020 other than those reflected in Exhibit 49.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the

referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 104:** Admit that on March 29, 2020 You spent 57 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 50.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 105:** Admit that on March 30, 2020 You sent the Emails attached hereto as Exhibit 51 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have had an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 106:** Admit that on March 30, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 51.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152).

Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 107:** Admit that on March 30, 2020 You sent and/or received the text messages attached hereto as Exhibit 52 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 108:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 30, 2020 other than those reflected in Exhibit 52.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the

referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 109:** Admit that on March 30, 2020 You spent 27 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 53.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 110:** Admit that on March 31, 2020 You sent the Emails attached hereto as Exhibit 54 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 111:** Admit that on March 31, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 54.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152).

Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 112:** Admit that on March 31, 2020 You sent and/or received the text messages attached hereto as Exhibit 55 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 113:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on March 31, 2020 other than those reflected in Exhibit 55.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the

referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 114:** Admit that on March 31, 2020 You spent 89 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 56.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 115:** Admit that on April 1, 2020 You sent the Emails attached hereto as Exhibit 57 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 116:** Admit that on April 1, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 57.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152).

Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 117:** Admit that on April 1, 2020 You sent and/or received the text messages attached hereto as Exhibit 58 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 118:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on April 1, 2020 other than those reflected in Exhibit 58.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the

referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 119:** Admit that on April 1, 2020 You spent 306 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 59.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 120:** Admit that on April 2, 2020 You sent the Emails attached hereto as Exhibit 60 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have had an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 121:** Admit that on April 2, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 60.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152).

Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 122:** Admit that on April 2, 2020 You sent and/or received the text messages attached hereto as Exhibit 61 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 123:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on April 2, 2020 other than those reflected in Exhibit 61.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the

referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 124:** Admit that on April 2, 2020 You spent 46 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 62.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 125:** Admit that on April 3, 2020 You sent the Emails attached hereto as Exhibit 63 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 126:** Admit that on April 3, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 63.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152).

Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 127:** Admit that on April 3, 2020 You sent and/or received the text messages attached hereto as Exhibit 64 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 128:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on April 3, 2020 other than those reflected in Exhibit 64.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the

referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 129:** Admit that on April 3, 2020 You spent 270 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 65.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 130:** Admit that on April 4, 2020 You sent the Emails attached hereto as Exhibit 66 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 131:** Admit that on April 4, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 66.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152).

Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 132:** Admit that on April 4, 2020 You sent and/or received the text messages attached hereto as Exhibit 67 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 133:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on April 4, 2020 other than those reflected in Exhibit 67.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the

referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 134:** Admit that on April 4, 2020 You spent 52 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 68.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 135:** Admit that on April 5, 2020 You sent the Emails attached hereto as Exhibit 69 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain

the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 136:** Admit that on April 5, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 69.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152).

Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 137:** Admit that on April 5, 2020 You sent and/or received the text messages attached hereto as Exhibit 70 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work

product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 138:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on April 5, 2020 other than those reflected in Exhibit 70.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the referenced day that Plaintiff has produced in this case is substantially the same or greater for

Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 139:** Admit that on April 5, 2020 You spent 40 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 71.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the

iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 140:** Admit that on April 6, 2020 You sent the Emails attached hereto as Exhibit 72 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not

have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their

attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 141:** Admit that on April 6, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 72.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in

this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 142:** Admit that on April 6, 2020 You sent and/or received the text messages attached hereto as Exhibit 73 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 143:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on April 6, 2020 other than those reflected in Exhibit 73.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 144:** Admit that on April 6, 2020 You spent 230 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 74.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover

the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of

AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 145:** Admit that on April 7, 2020 You sent the Emails attached hereto as Exhibit 75 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone

referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 146:** Admit that on April 7, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 75.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on

the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 147:** Admit that on April 7, 2020 You sent and/or received the text messages attached hereto as Exhibit 76 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 148:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on April 7, 2020 other than those reflected in Exhibit 76.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 149:** Admit that on April 7, 2020 You spent 87 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 77.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover

the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of

AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 150:** Admit that on April 8, 2020 You sent the Emails attached hereto as Exhibit 78 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone

referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 151:** Admit that on April 8, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 78.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on

the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 152:** Admit that on April 8, 2020 You sent and/or received the text messages attached hereto as Exhibit 79 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 153:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on April 8, 2020 other than those reflected in Exhibit 79.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 154:** Admit that on April 8, 2020 You spent 221 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 80.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover

the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of

AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 155:** Admit that on April 9, 2020 You sent the Emails attached hereto as Exhibit 81 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone

referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails listed on the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 156:** Admit that on April 9, 2020 You did not send any Emails from Your Alpha-issued phone other than those reflected in Exhibit 81.

**RESPONSE:** Plaintiff objects to the definition of "Emails" as stated in Plaintiff's Objections to Definitions above, which is incorporated by reference as if fully set forth herein. Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff. Defendants have also wrongfully withheld and/or excluded approximately ninety-five (95) emails that were sent to or from Mr. Luck's XFL email address from March 13, 2020 through April 9, 2020 on alleged privilege grounds.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Defendants have access to the server where all emails sent to or from an XFL email address, such as Plaintiff's, are stored while Plaintiff does not have access to the server. Defendants have also had sole access to the computer used by Plaintiff during his employment from March of 2020 through today. Additionally, the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the server, computer, or iPhone where the emails may be found. Further, Defendants' definition of "Email" is limited to emails that have been produced in this case. Because the Request asks Plaintiff to confirm whether emails other than those listed on

the referenced Exhibit were sent on the referenced day and because Defendants' definition of "Email" is limited to only emails produced in this case, Defendants necessarily have equal or greater access than Plaintiff to the information requested. As such, the burden of reviewing the emails to determine whether the Exhibit referenced in the Request contains all of the emails Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the emails subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As Defendants' definition of "Email" and the Request makes clear, the information requested can be derived from the emails Defendants produced in this case that are already in Defendants' possession. And, as noted above, Plaintiff does not have access to the server, computer, or iPhone where the emails may be found and Plaintiff does not have to rely on the Defendants' review and selective production of emails in this case.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 157:** Admit that on April 9, 2020 You sent and/or received the text messages attached hereto as Exhibit 82 from Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. Therefore, Defendants have in their possession the information requested. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 158:** Admit that You did not produce in the Litigation any text messages from Your Alpha-issued phone that were sent and/or received on April 9, 2020 other than those reflected in Exhibit 82.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Additionally, the Request asks Plaintiff to confirm whether he "produced" text messages that were sent or received on the referenced day other than those listed on the referenced Exhibit. Because the Defendants have access to the iPhone and because the Request is limited to text messages Plaintiff already produced to Defendants, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the text messages to determine whether the Exhibit referenced in the Request contains all of the text messages Plaintiff sent or received on the referenced day that Plaintiff has produced in this case is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the text messages subject to this Request.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. Plaintiff has produced the non-privileged text messages for the date referenced in the Request that were on the Alpha-issued iPhone as of April 18, 2021 to the Defendants. The Request seeks confirmation that Plaintiff did not produce text messages he sent or received from the iPhone on the referenced day other than those listed on the referenced Exhibit. Defendants necessarily have in their possession the information required to answer the Request as the Request can only be answered from documents that have already been produced by Plaintiff to the Defendants. And, as noted above, Plaintiff does not have access to the iPhone where the text messages may be found, Plaintiff has produced the non-privileged text messages for the referenced date from Plaintiff's image of the iPhone, and Plaintiff does not have to rely on the Defendants' images of the iPhone.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 159:** Admit that on April 9, 2020 You spent 51 minutes on Your Alpha-issued phone as reflected in the phone log attached hereto as Exhibit 83.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover

the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of

AT&T's phone records produced in this case to determine the duration of every phone call Plaintiff participated in using the Alpha-issued iPhone on the referenced day.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 160:** Admit that Eric Galko's phone number was 570-909-7989 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 161:** Admit that the phone log attached hereto as Exhibit 84 reflects all phone calls placed to or received from Eric Galko on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater

access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 162:** Admit that Russ Giglio's phone number was 917-446-7997 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 163:** Admit that the phone log attached hereto as Exhibit 85 reflects all phone calls placed to or received from Russ Giglio on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit

referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their

attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 164:** Admit that Chirag Mithani's phone number was 856-577-3646 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:** Plaintiff is unable to truthfully admit or deny this request as Plaintiff cannot recall whether Chirag Mithani's phone number was 856-577-3646 during the time period from March 13, 2020 to April 9, 2020. Plaintiff cannot confirm whether 856-577-3646 was Mr. Mithani's phone number between March 13, 2020 to April 9, 2020 because Plaintiff no longer has access to his Alpha-issued iPhone.

**REQUEST NO. 165:** Admit that the phone log attached hereto as Exhibit 86 reflects all phone calls placed to or received from Chirag Mithani on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit

referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records. Furthermore, and as stated in Plaintiff's Response to Request No. 164, Plaintiff is unable to truthfully admit or deny whether Mr. Mithani's phone number was 856-577-3646 during the time period from March 13, 2020 to April 9, 2020 and is thus unable to confirm whether any calls between Plaintiff and the 856-577-3646 number where placed to or received from Mr. Mithani.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the

Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 166:** Admit that Jeffrey Pollack's phone number was 310-775-7565 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 167:** Admit that the phone log attached hereto as Exhibit 87 reflects all phone calls placed to or received from Jeffrey Pollack on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access

to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental

impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 168:** Admit that Stephanie Rudnick's phone number was 917-538-2411 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 169:** Admit that the phone log attached hereto as Exhibit 88 reflects all phone calls placed to or received from Stephanie Rudnick on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T")

pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 170:** Admit that Sam Schwartzstein's phone number was 817-919-7887 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 171:** Admit that the phone log attached hereto as Exhibit 89 reflects all phone calls placed to or received from Sam Schwartzstein on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.

As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 172:** Admit that Remi Taibleson's phone number was 203-832-9667 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:** Plaintiff is unable to truthfully admit or deny this request as Plaintiff cannot recall whether Remi Taibleson's phone number was 203-832-9667 during the time period from March 13, 2020 to April 9, 2020. Plaintiff cannot confirm whether 203-832-9667 was Mr. Taibleson's phone number between March 13, 2020 to April 9, 2020 because Plaintiff no longer has access to his Alpha-issued iPhone.

**REQUEST NO. 173:** Admit that the phone log attached hereto as Exhibit 90 reflects all phone calls placed to or received from Remi Taibleson on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request

because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records. Furthermore, and as stated in Plaintiff's Response to Request No. 172, Plaintiff is unable to truthfully admit or deny whether Mr. Taibleson's phone number was 203-832-9667 during the time period from March 13, 2020 to April 9, 2020 and is thus unable to confirm whether any calls between Plaintiff and the 203-832-9667 number where placed to or received from Mr. Taibleson.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental

impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 174:** Admit that Cindy Wagner's phone number was 203-832-3146 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 175:** Admit that the phone log attached hereto as Exhibit 91 reflects all phone calls placed to or received from Cindy Wagner on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T")

pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 176:** Admit that Doug Whaley's phone number was 412-559-9683 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 177:** Admit that the phone log attached hereto as Exhibit 92 reflects all phone calls placed to or received from Doug Whaley on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.

As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 178:** Admit that Vince McMahon's phone number was 203-536-2304 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 179:** Admit that the phone log attached hereto as Exhibit 93 reflects all phone calls placed to or received from Vince McMahon on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the

Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 180:** Admit that Basil DeVito's phone number was 203-249-7096 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 181:** Admit that the phone log attached hereto as Exhibit 94 reflects all phone

calls placed to or received from Basil DeVito on Your Alpha-issued phone between March 13,

2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to

harass or burden the Plaintiff.

        Plaintiff objects to this Request as being outside the scope of discovery because it is not

proportional to the needs of the case and the Defendants have had ample opportunity to discover

the information on their own. Specifically, the Defendants have an equal or greater ability to obtain

the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request

has been in the Defendants' possession since May of 2020 and Defendants have had access to the

contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater

access to the information required to answer the Request than Plaintiff who does not have access

to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit

referenced in the Request contains information that the Defendants allegedly "extracted from"

phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T")

pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request

because he does not have the technical ability to verify the accuracy of the AT&T phone records.

As Defendants have possession of the AT&T phone records and the iPhone, Defendants

necessarily have equal or greater access than Plaintiff to the information required to answer the

Request. As such, the burden of reviewing the AT&T phone records to determine whether the

Exhibit referenced in the Request contains all phones calls placed to or received from the

individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 182:** Admit that Marshall Happer's phone number was 904-536-1223 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 183:** Admit that the phone log attached hereto as Exhibit 95 reflects all phone calls placed to or received from Marshall Happer on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced

Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 184:** Admit that Jeff Ferguson's phone number was 408-595-3903 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 185:** Admit that the phone log attached hereto as Exhibit 96 reflects all phone calls placed to or received from Jeff Ferguson on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 186:** Admit that Scott Harniman's phone number was 203-667-0445 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 187:** Admit that the phone log attached hereto as Exhibit 97 reflects all phone calls placed to or received from Scott Harniman on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the

iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 188:** Admit that Len Mead's phone number was 978-793-0787 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____        DENY _____

**REQUEST NO. 189:** Admit that the phone log attached hereto as Exhibit 98 reflects all phone calls placed to or received from Len Mead on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain

the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the

Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 190:** Admit that Lars Osterlind's phone number was 609-760-5885 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 191:** Admit that the phone log attached hereto as Exhibit 99 reflects all phone calls placed to or received from Lars Osterlind on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater

access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 192:** Admit that Scott Parker's phone number was 203-832-6576 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 193:** Admit that the phone log attached hereto as Exhibit 100 reflects all phone calls placed to or received from Scott Parker on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit

referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their

attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 194:** Admit that David Walden's phone number was 571-528-5923 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____        DENY _____

**REQUEST NO. 195:** Admit that the phone log attached hereto as Exhibit 101 reflects all phone calls placed to or received from David Walden on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request

because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 196:** Admit that John Wilson's phone number was 503-484-8892 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 197:** Admit that the phone log attached hereto as Exhibit 102 reflects all phone calls placed to or received from John Wilson on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

      Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the

Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 198:** Admit that Brian Cooper's phone number was 713-359-0323 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 199:** Admit that the phone log attached hereto as Exhibit 103 reflects all phone calls placed to or received from Brian Cooper on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the

individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 200:** Admit that Kurt Hunzeker's phone number was 314-578-8079 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 201:** Admit that the phone log attached hereto as Exhibit 104 reflects all phone calls placed to or received from Kurt Hunzeker on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced

Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 202:** Admit that Jim Zorn's phone number was 703-531-9587 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY _____

**REQUEST NO. 203:** Admit that the phone log attached hereto as Exhibit 105 reflects all phone calls placed to or received from Jim Zorn on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request

make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 204:** Admit that Bonnie Bernstein's phone number was 212-464-8064 during the time period from March 13, 2020 to April 9, 2020.

**RESPONSE:**

ADMIT_____X_____          DENY  _____

**REQUEST NO. 205:** Admit that the phone log attached hereto as Exhibit 106 reflects all phone calls placed to or received from Bonnie Bernstein on Your Alpha-issued phone between March 13, 2020 and April 9, 2020.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 to April 9, 2020 is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the

iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls placed to or received from the individual referenced in the Request between March 13, 2020 and April 9, 2020.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 206:** Admit that the phone log attached hereto as Exhibit 107 is an accurate reflection of all phone calls on March 13, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the

iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 207:** Admit that the phone logs produced at Alpha_Luck_00025720 and Alpha_Luck_00025722 accurately reflect that, on March 14, 2020, You did not place or receive any phone calls on Your Alpha-issued phone to or from any XFL personnel.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the bates labeled documents referenced in the Request were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether Plaintiff placed or received any phone calls on his Alpha-issued phone to or from any "XFL personnel" on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the bates labeled document referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely

on the Defendants' review of third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether Plaintiff placed or received any phone calls on his Alpha-issued phone to or from any "XFL personnel" on the referenced date.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 208:** Admit that the phone logs produced at Alpha_Luck_00025720 and Alpha_Luck_00025722 accurately reflect that, on March 15, 2020, You did not place or receive any phone calls on Your Alpha-issued phone to or from any XFL personnel.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample

opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the bates labeled documents referenced in the Request were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether Plaintiff placed or received any phone calls on his Alpha-issued phone to or from any "XFL personnel" on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the bates labeled document referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' review of third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether Plaintiff placed or received any phone calls on his

Alpha-issued phone to or from any "XFL personnel" on the referenced date.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 209:** Admit that the phone log attached hereto as Exhibit 108 is an accurate reflection of all phone calls on March 16, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone

referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 210:** Admit that the phone log attached hereto as Exhibit 109 is an accurate reflection of all phone calls on March 17, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and

Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 211:** Admit that the phone logs produced at Alpha_Luck_00025720 and Alpha_Luck_00025722 accurately reflect that, on March 18, 2020, You did not place or receive any phone calls on Your Alpha-issued phone to or from any XFL personnel.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and

Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the bates labeled documents referenced in the Request were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether Plaintiff placed or received any phone calls on his Alpha-issued phone to or from any "XFL personnel" on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the bates labeled document referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' review of third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether Plaintiff placed or received any phone calls on his Alpha-issued phone to or from any "XFL personnel" on the referenced date.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental

impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 212:** Admit that the phone log attached hereto as Exhibit 110 is an accurate reflection of all phone calls on March 19, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than

Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their

attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 213:** Admit that the phone log attached hereto as Exhibit 111 is an accurate reflection of all phone calls on March 20, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be

found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 214:** Admit that the phone log attached hereto as Exhibit 112 is an accurate reflection of all phone calls on March 21, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the

Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 215:** Admit that the phone logs produced at Alpha_Luck_00025720 and Alpha_Luck_00025722 accurately reflect that, on March 22, 2020, You did not place or receive any phone calls on Your Alpha-issued phone to or from any XFL personnel.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the bates labeled documents referenced in the Request were produced in this

case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether Plaintiff placed or received any phone calls on his Alpha-issued phone to or from any "XFL personnel" on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the bates labeled document referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' review of third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether Plaintiff placed or received any phone calls on his Alpha-issued phone to or from any "XFL personnel" on the referenced date.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 216:** Admit that the phone log attached hereto as Exhibit 113 is an accurate reflection of all phone calls on March 23, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants.

Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 217:** Admit that the phone log attached hereto as Exhibit 114 is an accurate reflection of all phone calls on March 24, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants.

Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 218:** Admit that the phone log attached hereto as Exhibit 115 is an accurate reflection of all phone calls on March 25, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants.

Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 219:** Admit that the phone log attached hereto as Exhibit 116 is an accurate reflection of all phone calls on March 26, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants.

Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 220:** Admit that the phone log attached hereto as Exhibit 117 is an accurate reflection of all phone calls on March 27, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants.

Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 221:** Admit that the phone logs produced at Alpha_Luck_00025720 and Alpha_Luck_00025722 accurately reflect that, on March 28, 2020, You did not place or receive any phone calls on Your Alpha-issued phone to or from any XFL personnel.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the bates labeled documents referenced in the Request were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability

to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether Plaintiff placed or received any phone calls on his Alpha-issued phone to or from any "XFL personnel" on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the bates labeled document referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' review of third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether Plaintiff placed or received any phone calls on his Alpha-issued phone to or from any "XFL personnel" on the referenced date.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 222**: Admit that the phone log attached hereto as Exhibit 118 is an accurate reflection of all phone calls on March 29, 2020 that You placed to or received from XFL personnel

on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records

and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 223:** Admit that the phone logs produced at Alpha_Luck_00025720 and Alpha_Luck_00025722 accurately reflect that, on March 30, 2020, You did not place or receive any phone calls on Your Alpha-issued phone to or from any XFL personnel.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the bates labeled documents referenced in the Request were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T

phone records to determine whether Plaintiff placed or received any phone calls on his Alpha-issued phone to or from any "XFL personnel" on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the bates labeled document referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' review of third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether Plaintiff placed or received any phone calls on his Alpha-issued phone to or from any "XFL personnel" on the referenced date.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 224:** Admit that the phone log attached hereto as Exhibit 119 is an accurate reflection of all phone calls on March 31, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that

Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 225:** Admit that the phone log attached hereto as Exhibit 120 is an accurate reflection of all phone calls on April 1, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records. As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that

Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 226:** Admit that the phone log attached hereto as Exhibit 121 is an accurate reflection of all phone calls on April 2, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that

Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 227:** Admit that the phone log attached hereto as Exhibit 122 is an accurate reflection of all phone calls on April 3, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that

Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 228:** Admit that the phone logs produced at Alpha_Luck_00025720 and Alpha_Luck_00025722 accurately reflect that, on April 4, 2020, You did not place or receive any phone calls on Your Alpha-issued phone to or from any XFL personnel.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the bates labeled documents referenced in the Request were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether Plaintiff placed or received any phone calls on his Alpha-issued phone to or from any "XFL personnel" on the referenced date is substantially the same or

greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the bates labeled document referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' review of third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether Plaintiff placed or received any phone calls on his Alpha-issued phone to or from any "XFL personnel" on the referenced date.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 229:** Admit that the phone logs produced at Alpha_Luck_00025720 and Alpha_Luck_00025722 accurately reflect that, on April 5, 2020, You did not place or receive any phone calls on Your Alpha-issued phone to or from any XFL personnel.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the

term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the bates labeled documents referenced in the Request were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether Plaintiff placed or received any phone calls on his Alpha-issued phone to or from any "XFL personnel" on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the bates labeled document referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' review of third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether Plaintiff placed or received any phone calls on his Alpha-issued phone to or from any "XFL personnel" on the referenced date.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 230:** Admit that the phone log attached hereto as Exhibit 123 is an accurate reflection of all phone calls on April 6, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by

attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found.  Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 231:** Admit that the phone logs produced at Alpha_Luck_00025720 and Alpha_Luck_00025722 accurately reflect that, on April 7, 2020, You did not place or receive any phone calls on Your Alpha-issued phone to or from any XFL personnel.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by

attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the bates labeled documents referenced in the Request were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether Plaintiff placed or received any phone calls on his Alpha-issued phone to or from any "XFL personnel" on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the bates labeled document referenced in

the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' review of third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether Plaintiff placed or received any phone calls on his Alpha-issued phone to or from any "XFL personnel" on the referenced date.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 232:** Admit that the phone log attached hereto as Exhibit 124 is an accurate reflection of all phone calls on April 8, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and

in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already

produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.

**REQUEST NO. 233:** Admit that the phone log attached hereto as Exhibit 125 is an accurate reflection of all phone calls on April 9, 2020 that You placed to or received from XFL personnel on Your Alpha-issued phone.

**RESPONSE:** Plaintiff objects to the Request as it appears to be made for the sole purpose to harass or burden the Plaintiff.

Plaintiff objects to this Request as the term "XFL personnel" is not defined and thus the Request is vague and ambiguous as to which individuals are XFL personnel. To the extent that the term "XFL personnel" is intended by Alpha to mean individuals who were employed by Alpha Entertainment, LLC, Plaintiff objects to that definition as it mischaracterizes the evidence by attempting to exclude phone calls in which Plaintiff may have had  conversations that were beneficial to the XFL with individuals who were not employed by Alpha in connection with and in the course of Mr. Luck's duties to Alpha and as permitted by Section 3 of the CNNA.

Plaintiff additionally objects to this Request as being outside the scope of discovery because it is not proportional to the needs of the case and the Defendants have had ample opportunity to discover the information on their own. Specifically, the Defendants have an equal or greater ability to obtain the information requested than Plaintiff does as the Alpha-issued iPhone referred to in the Request has been in the Defendants' possession since May of 2020 and Defendants have had access to the contents of the iPhone since February 5, 2021 (ECF 152). Therefore, Defendants have greater access to the information required to answer the Request than Plaintiff who does not have access to the iPhone where the call history or a phone log may be found. Additionally, the Exhibit referenced in the Request contains information that the Defendants allegedly "extracted from" phone records that were produced in this case by third-party AT&T Services, Inc. ("AT&T") pursuant to a subpoena served on AT&T by Defendants. Plaintiff further objects to the Request because he does not have the technical ability to verify the accuracy of the AT&T phone records.  As Defendants have possession of the AT&T phone records and the iPhone, Defendants necessarily have equal or greater access than Plaintiff to the information required to answer the Request. As such, the burden of reviewing the AT&T phone records to determine whether the Exhibit referenced in the Request contains all phones calls that Plaintiff placed or received on the referenced date is substantially the same or greater for Plaintiff than Defendants who, from the face of the Request and the referenced Exhibit, apparently already reviewed the AT&T phone records.

Plaintiff further objects to the Request as it is cumulative or duplicative of other discovery that has been completed in this case. As the Request and the Exhibit referenced in the Request make clear, the information requested can be derived from the phone records AT&T already produced to Defendants in this case. And, as noted above, Plaintiff does not have access to the

iPhone where the call history or phone logs may be found and Plaintiff does not have to rely on the Defendants' extrapolation of information from third-party documents nor the accuracy of AT&T's phone records produced in this case to determine whether the Exhibit referenced in the Request contains all phones calls Plaintiff placed or received on the date referenced in the Request.

Plaintiff additionally objects to this Request because it invades Plaintiff's attorneys' work product. Specifically, Defendants seek to compel the disclosure of Plaintiff's attorneys' mental impressions of the purported compilation of documents prepared by Defendants and their attorneys.

Based on the foregoing, Plaintiff lacks sufficient information or knowledge to admit or deny the Request and, therefore, the Request must be denied.