IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL NO. 3:20-cv-516 (VAB) |
| VINCENT K. MCMAHON and ALPHA ENTERTAINMENT LLC | § § § § | August 18, 2021 |
| *Defendants.* | § § | |

**PLAINTIFF/COUNTERCLAIM DEFENDANT OLIVER LUCK'S SECOND AMENDED[1] MOTION FOR LEAVE TO FILE AMENDED ANSWER TO COUNTER-PLAINTIFF ALPHA'S AMENDED COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 7(f), Plaintiff Oliver ("Luck") respectfully moves for leave to file Plaintiff/Counterclaim Defendant Oliver Luck's Amended Answer and Affirmative Defenses to Alpha Entertainment LLC's Amended Counterclaims attached as Exhibit 1. Defendants Alpha Entertainment LLC ("Alpha") and Vincent K. McMahon ("McMahon") oppose this motion. A redlined version of the Amended Answer showing the changes proposed against Plaintiff's Original Answer is attached as Exhibit 2 to this motion.

**BACKGROUND**

This Motion seeks only to: (a) add facts to Plaintiff/Counter-Defendant Oliver Luck's Answer at Paragraph 67 and (b) clarify his Answer at Paragraphs 69-70. On February 18, 2021, Mr. Luck filed Plaintiff/Counterclaim Defendant Oliver Luck's Answer and Affirmative Defenses to Alpha Entertainment LLC's Amended Counterclaims. ECF 166. ▬▬▬▬▬▬▬▬

---

[1] No changes have been made to this Motion except to update the date; the Exhibits are being re-filed exactly as previously filed. The *sole purpose* of filing this Motion is to re-file it as the redacted, unsealed version of ECF 251, and ECF 300 which were inadvertently filed as the unredacted, sealed version of sealed document ECF 250. The sealed version of this document is available at ECF 250.

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██ ██ ██ ██ ██ ██ ██ ██ ██ ██ ██

██████████████████████████████████████████

████████████████████████████ Plaintiff/Counter-Defendant now seeks to amend his answer to include the additional facts learned during discovery. *See Evarts v. Quinnipiac University*, No. No. 3:15-cv-1509 (CSH), 2017 WL 6453396 at *2 (D. Conn. Dec. 10, 2017) (leave to amend answer granted after deposition revealed additional facts).

## RELIEF REQUESTED

A party may amend its pleading with the court's leave, which should be freely given when justice so requires. FRCP 15(a)(2); *Petaway v. Osden*, No. 3:17-cv-00004 (VAB), 2017 WL 4678188 at *3 (Oct. 17, 217) (J. Bolden). ████████████████████████

██████████████████████████████████████████

Counter-Defendant does not seek leave to add an affirmative defense. ████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████ Such information was previously provided to Defendants (and the Court)

2

on December 18, 2020. ECF 113.

    Specifically, the additions are:

    67.    Mr. Luck objects to the term "data" because it is vague and ambiguous. Subject thereto, Mr. Luck denies the allegations in Paragraph 67 except admits that: . . . (b) after receiving the Termination Letter dated April 9, 2020, Mr. Luck continued to use the iPhone in the ordinary course, including to receive text messages and telephone calls. Mr. Luck was in the routine of deleting "spam," "phishing," unsolicited advertisements, or "pocket dial"-type messages, so he continued to delete those types of messages after April 9, 2020 until April 18, 2020; and ▮

▮▮▮▮▮▮ Mr. Luck further admits that he did not have possession of the iPhone after April 18, 2020

    69.    . . . Further, Mr. Luck objects to the use of the term "data" because it is vague and ambiguous . . .

    70.    Mr. Luck objects to the term "data" because it is vague and ambiguous.

There has been no undue delay, bad faith, undue prejudice or dilatory motive. "Mere delay, . . . absent showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Id*. (quoting *State Teachers Retirement Board v. Fluor Corp.*, 654 F. 2d

843, 856 (2d Cir. 1981). Counter-Plaintiff Alpha cannot show any prejudice because the word "data" is undefined, vague and ambiguous at it relates to the contents of Mr. Luck's iPhone. Counter-Defendant's amendment is timely because on December 18, 2020, Defendants and Counter-Plaintiff Alpha were notified of the proposed additional facts relating to Mr. Luck's use of the iPhone in the "ordinary course" after April 9, 2020 until April 18, 2020. ▮

▮

▮

▮

Counter-Defendant's Motion for Leave to Amend meets the Second Circuit's three factor test set forth in *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993). Defendants do not need to expend significant additional resources, the amendment will not significantly delay resolution of the dispute and Defendants will not be prevented from bringing a timely action in another jurisdiction. *See Petaway*, 2017 WL at*3; *See also Odyssey Reinsurance Co. v. Cal-Regent Ins. Servs. Corp.*, 123 F. Supp. 3d 343 (D. Conn. 2015). Defendants already have the information set forth in the Amended Answer and Plaintiff has previously responded to Defendants' Interrogatories providing the same information as set forth in Mr. Luck's proposed Amended Answer. The trial ready date for this case is currently set for October 8, 2021. Nothing about the amendment will prevent Counter-Plaintiff Alpha from timely bringing an action in another jurisdiction.[2] There is no bad faith because Plaintiff previously notified Defendants about: (i) Plaintiff's ordinary course usage of his iPhone and ▮

▮ In essence, the proposed Amended Answer simply conforms to

---

[2] However, Alpha should be prohibited from bringing an action in another jurisdiction for other reasons not the least of which is its failure to assert a "lack of jurisdiction" argument.

4

the information learned in pre-trial discovery. Consequently, Counter-Defendant's Motion should be granted.

WHEREFORE, Plaintiff/Counter-Defendant Oliver Luck respectfully moves for leave to file Plaintiff/Counterclaim Defendant Oliver Luck's Amended Answer and Affirmative Defenses to Alpha Entertainment LLC's Amended Counterclaims.

Respectfully submitted,

**PLAINTIFF OLIVER LUCK**

*/s/ Paul J. Dobrowski*
Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
Jared A. McHazlett (phv10650)
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4061 Washington Avenue, Suite 200
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email: pjd@doblaw.com
Email: vpierce@doblaw.com
Email: jmchazlett@doblaw.com

**AND**

*/s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed. Bar No. ct30935)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, CT 06901
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com

*HIS ATTORNEYS*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 18, 2021, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                        */s/ Paul J. Dobrowski*