IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL NO. 3:20-cv-516 (VAB) |
| VINCENT K. MCMAHON and ALPHA ENTERTAINMENT, LLC | § § § § | September 28, 2021 |
| *Defendants.* | § § | |

**PLAINTIFF'S RENEWED MOTION TO COMPEL RULE 30(B)(6)
DEPOSITION OF DEFENDANT ALPHA ENTERTAINMENT, LLC**

Plaintiff Oliver Luck ("Mr. Luck") renews his motion to compel the deposition of the person or person(s) designated by Defendant Alpha Entertainment, LLC ("Alpha") pursuant to Federal Civil Procedure Rule 30(b)(6) on three limited matters, and submits this memorandum of law in support thereof.

**I.       BACKGROUND**

On Friday, September 17, 2021, the Court issued its Ruling and Order on Pending Motions (ECF 326; the "Order") which, among other things, denied -- *without prejudice to renewal* -- the plaintiff's Motion to Compel Deposition of Alpha's Representatives (ECF 179). ECF 326 at 48.  Promptly after issuing the Order, the Court issued an Amended Scheduling Order, ECF 328, directing all discovery required by the Order to be completed by October 15, 2021.

On Monday, September 20, 2021, Mr. Luck served a new notice to take a Rule 30(b)(6) deposition of Alpha's corporate representative(s) on October 6, 2021, on a far more limited and

1

targeted basis than described in his prior 30(b)(6) deposition notice.[1] The September 20th deposition notice lists three distinct and limited matters as the subject of examination at the deposition: 1) the date when Alpha decided to terminate Luck's employment; 2) the drafting, creation, and circulation of the XFL Employee Handbook & Code of Business Conduct, and its effective date; and 3) any review of Luck's computer and/or email correspondence for the March 13, 2020-April 9, 2020 time period.  *See* Ex. A.

On September 21, 2021, Defendants' counsel stated that Alpha would not produce a Rule 30(b)(6) witness, and the parties scheduled a meet and confer call for September 22, 2021. During the conference, Alpha's counsel categorically refused to produce any witness for the Rule 30(b)(6) deposition, taking the position that the Court's Amended Scheduling Order prohibited Alpha from doing so, based on the language that "discovery in the case remains closed, except as necessary to comply with the Court's just issued Ruling and Order on Pending Motions."  ECF 328.  Alpha's counsel refused to consider any meaning that might be afforded to the qualifying language in the Order, specifically that the motion to compel a Rule 30(b)(6) deposition was denied *without prejudice to renewal*. Alpha's counsel also referenced that portion of the Order, "Any discovery required by that Ruling and Order, unless otherwise specified in that Order, shall be completed by October 15, 2021" as a basis for its refusal. Finally, Alpha also expressed unfounded concerns about the substance of the notice, arguing, among other things, that the topics listed are covered by other discovery requests served by Plaintiff.

Mr. Luck now seeks an order from the Court compelling the deposition of the person or

---

[1] Mr. Luck's prior deposition notice listed thirty-four separate topics for the Rule 30(b)(6) deposition; his current notice lists three specific topics.

person(s) designated by Alpha for deposition pursuant to Federal Civil Procedure Rule 30(b)(6).

## II. GOVERNING STANDARD AND LAW

Under Federal Rule of Civil Procedure 30(b)(6), when a party seeks the deposition of an entity, "The named organization **must** then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf. . . . The persons designated **must** testify about information known or reasonably available to the organization . . ." Fed. R. Civ. P. 30(b)(6) (emphasis added).

## III. ALPHA SHOULD BE REQUIRED TO PRODUCE A CORPORATE REPRENSENTATIVE FOR A RULE 30(B)(6) DEPOSITION

Mr. Luck seeks the testimony of the corporate representative of Alpha because, in order to prosecute his claims and defend against Alpha's affirmative claims, he must know the facts underlying Alpha's affirmative defenses and counterclaims.[2] Mr. Luck's September 20th Rule 30(b)(6) deposition notice has been narrowed to address only the matters about which he has a demonstrated interest in getting Alpha's testimony and that cannot be more easily obtained from another source. *See* Ex. A.

Even if the information that Mr. Luck seeks is *similar* to information contained in

---

[2] This motion is consistent with the Court's Order, in which the Court denied the Plaintiff's motion to compel a Rule 30(b)(6) deposition of Alpha's corporate representative, "without prejudice to renewal." ECF 326 at 48.  The inclusion of the "without prejudice" language is different and presumably has a different meaning than the motions addressed in the Order that were denied outright without this qualifying language. *See, e.g.*, *United States v. Maria*, 186 F.3d 65, 71 (2d Cir. 1999) ("As a general matter, the use of different words within the same statutory context strongly suggests that different meanings were intended."); *Celentano v. Oaks Condo. Ass'n*, 265 Conn. 579, 609 (2003) ("It is a fundamental tenet of statutory construction that [t]he use of . . . different terms . . . within the same statute suggests that the legislature acted with complete awareness of their different meanings . . . and that it intended the terms to have different meanings." (citations omitted)).  For example, the Plaintiff's Motion to Compel the Deposition of Jerry McDevitt was denied outright.  ECF 326 at 56; *see also* ECF 326 at 34, 39, 56, 72.

discovery already provided by Alpha, a Rule 30(b)(6) deposition is still necessary:

> The testimony provided by a corporate representative at a 30(b)(6) deposition binds the corporation. . . . A party should not be prevented from questioning a live corporate witness in a deposition setting just because the topics proposed are similar to those contained in documents provided or interrogatory questions answered. . . . When information has already been provided in other forms, a witness may still be useful to testify as to the interpretation of papers, and "any underlying factual qualifiers of those documents" (i.e. information which the defendant knows but is not apparent on the face of the documents). . . . A party may also have an interest in getting the corporation's testimony on an issue, rather than the testimony of an individual. In such a case, courts have allowed 30(b)(6) depositions in order to obtain testimony binding on the corporation even though that testimony was likely to essentially duplicate information which had already been stated in an individual deposition.

*Dongguk Univ. v. Yale Univ.,* 270 F.R.D. 70, 74 (D. Conn. 2010) (citations omitted).

As discussed below, the three topics identified in the Plaintiff's Rule 30(b)(6) notice are not duplicative, unduly burdensome, or disproportionate to the needs of the case and Mr. Luck has an interest in getting Alpha's testimony on these issues, rather than the testimony of an individual.

**A. "The date when Alpha decided to terminate Luck's employment."**

This topic is defined with sufficient clarity. In order to prosecute his claims and defend against Alpha's affirmative claims, Mr. Luck is entitled to know when Alpha—as the party to the Employment Contract—decided to terminate his employment. While such question was asked of Alpha in an interrogatory, Alpha did not provide a date and instead relied only on McMahon's deposition testimony. Alpha's interrogatory response simply stated: "McMahon decided to terminate Luck after the cancellation of the XFL season but does not know the specific date on which that decision was made. *See* McMahon Depo. at 230:8-14." The XFL season was cancelled on March 12, 2020 and Mr. Luck was terminated on April 9, 2020. Thus, Alpha's

interrogatory response provides an almost month-long time frame in which the decision was made. Certainly, Alpha is capable of providing and educating a corporate representative to testify at deposition regarding that issue.

Alpha cannot solely rely on McMahon's individual memory at *his* deposition. Under Rule (30)(b)(6), "the corporation being deposed must designate persons having knowledge of the subject areas identified by the discovering party and prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Sony Elecs., Inc. v. Soundview Techs., Inc.*, 217 F.R.D. 104, 112 (D. Conn. 2002) (citations omitted). Alpha should be required to prepare its designee on this topic so that the designee can give complete and knowledgeable answers. The fact that McMahon did not recall the answer while at his deposition does not alleviate Alpha of its obligations:

> [I]t is not uncommon to have a situation . . . where a corporation indicates that it no longer employs individuals who have memory of a distant event or that such individuals are deceased. These problems do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources

*Fed. Hous. Fin. Agency for Fed. Nat'l Mortg. Ass'n v. Royal Bank of Scotland Grp. PLC*, No. 3:11CV1383 (AWT), 2015 WL 13634404, at *4 (D. Conn. Aug. 20, 2015).

### B. "The drafting, creation and circulation of the XFL Employee Handbook & Code of Business Conduct, and its effective date."

One of the issues raised by Defendants in this litigation is Mr. Luck's compliance with the XFL Employee Handbook & Code of Business Conduct; accordingly, the drafting, creation, and circulation of that document, and its effective date, are important to the Plaintiff's defenses. This topic is also defined with sufficient clarity and is necessary for the Plaintiff to prosecute his

claims and defend against Alpha's affirmative claims. The Plaintiff has an interest in getting Alpha's testimony on this issue—rather than the testimony of an individual like Cindy Wagner[3]—because Alpha would likely have information on this topic dating back to the Plaintiff's date of hire in 2018, whereas Ms. Wagner did not begin working for Alpha until 2019. This topic is one that should be known or reasonably available to the corporation, and Alpha's designated corporate representative "has an affirmative obligation to educate himself as to the matters regarding the corporation. This includes all matters that are known or reasonably available to the corporation." *Concerned Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39, 43 (D. Conn. 2004). Mr. Luck has a demonstrated interest in getting the corporation's testimony, rather than that of an individual who was not obligated to educate herself on the matters regarding the corporation.

**C. "Any review of Luck's computer and/or email correspondence for the March 13, 2020-April 9, 2020 time period."**

This topic is also defined with sufficient clarity and seeks information that is necessary for the Plaintiff to prosecute his claims, defend against Alpha's affirmative claims, and is not information that is already known or can be easily obtained from another source. As explained during the parties' meet and confer, Mr. Luck is specifically looking to know when defendants reviewed his computer and/or email correspondence, as the timing of that review is germane to Mr. Luck's claim against Alpha for declaratory relief and his claim against Mr. McMahon for breach of the duty of good faith and fair dealing under the Guaranty.

---

[3] During the parties' meet and confer conference that preceded the filing of this motion, Defendants' counsel suggested that this topic either was or could have been covered during Ms. Wagner's deposition.

## IV. CONCLUSION

The relief Plaintiff seeks by way of this motion -- a Rule 30(b)(6) deposition confined to three specific topics -- is quite limited. The requested deposition is necessary for the prosecution of Mr. Luck's case, and for the defense of the claims asserted against him. The deposition will not be unduly burdensome to Defendants, nor is it disproportionate to the needs of the case.

For the foregoing reasons, Plaintiff Oliver Luck respectfully requests that the Court grant his motion to compel and order Alpha to produce a corporate representative(s) for a Rule 30(b)(6) deposition on the three limited topics contained in the September 20, 2021 deposition notice.

Respectfully submitted,

**PLAINTIFF OLIVER LUCK**

*/s/ Paul J. Dobrowski*
Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
Jared A. McHazlett (phv10650)
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email: pjd@doblaw.com
Email: vpierce@doblaw.com
Email : jmchazlett@doblaw.com

AND

*/s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed. Bar No. ct30935)
Sarah E. Gleason (Fed. Bar No. ct30906)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel.: (203) 324-8100
Fax: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com
Email: segleason@goodwin.com

**HIS ATTORNEYS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 28, 2021, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                */s/ Andrew M. Zeitlin*