IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § | |
| | § | |
|     *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL NO. 3:20-cv-516 (VAB) |
| | § | |
| VINCENT K. MCMAHON and | § | |
| ALPHA ENTERTAINMENT, LLC | § | |
| | § | October 12, 2021 |
|     *Defendants.* | § | |

**PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR THE
LIMITED PURPOSE TO COMPEL LIMITED DEPOSITIONS**

To the Honorable Victor Bolden, United States District Judge,

Plaintiff Oliver Luck ("Luck") files this request to reopen discovery for the limited purpose to take the depositions of Cindy Wagner ("Wagner") and Jeffrey Pollack ("Pollack") regarding the ten emails the Court ordered Defendants to produce for a combined total of two additional hours after October 15, 2021.

**I.    BACKGROUND**

Pursuant to the Court's Ruling and Order on Pending Motions dated September 17, 2021, the Court, ECF No. 326, the Court compelled Defendants to produce certain documents listed on their privilege log. *Id.* at 31-32.[1] Specifically, Defendants were ordered to produce privilege log Entries 80-89 (the "Wagner Emails"), which list Ms. Wagner or Mr. Pollack as an author or a recipient of the documents. Ex. 1 at 8-9; ECF No. 326 at 31-32. Thereafter, the Court issued a revised scheduling order (ECF No. 328) stating that any discovery shall be completed by October 15, 2021.

---

[1] While the Court is reviewing *in camera* privilege log Entries 33, 37, 123-24, 201, 230, 347, 349, 351, and 362-364, Plaintiff does not need and will not seek any deposition for those emails.

1

Mr. Luck should be permitted to depose fact witnesses, specifically Mr. Pollack and Ms. Wagner, regarding the belatedly produced Wagner Documents that should have been produced at the beginning of this year, but that were withheld under incorrect assertions of privilege. Otherwise, Mr. Luck will be prejudiced. Moreover, good cause exists to permit Plaintiff to depose these two witnesses on the topic of the Wagner Emails, which are central to the merits of this litigation. This is not a situation of Plaintiff's making, who has diligently pursued the discovery of the Wagner Emails. Instead, Defendants incorrectly withheld the Wagner emails as privileged. Upon receipt of Defendants' privilege log on January 29, 2021, Plaintiff promptly moved to compel the Wagner documents on February 26, 2021, after discharging the obligation to meet and confer. ECF Nos. 157, 158. Thereafter, the Court issued its order compelling the Wagner Emails on September 17, 2021. ECF No. 326 at 31-32. Beginning September 24, 2021, Plaintiff's counsel engaged with Defendants' counsel in an attempt to resolve this matter without Court intervention. *See* Exs. 2-3.

To resolve the issue without Court involvement, Plaintiffs' counsel agreed to limit the scope of the depositions to the Wagner Emails and the length of the depositions to a total of two hours. Ex. 2. To lessen any inconvenience for the witnesses (and counsel), Plaintiff's counsel also proposed that the depositions be taken by Zoom. *Id.* However, Defendants' counsel has made clear they will not produce the Wagner Emails prior to October 15, 2021, and will not present Ms. Wagner or Mr. Pollack for depositions limited to the Wagner Emails. *Id.*

Because Plaintiff cannot compel either witness to appear at trial[2], he is unable to present critical testimony to the jury regarding the origin, nature, and substance of the Wagner Emails to

---

[2] Ms. Wagner and Mr. Pollack are not parties to the litigation, are not employed by Defendants and do not reside or work within one hundred miles of the federal courthouse. *See* Fed. R. Civ. P. 45(c). However, they are represented by Defendants' counsel and Defendants' counsel previously presented them for deposition. **In fact, Defendant Alpha designated Mr. Pollack as its witness for the 30(b)(6) deposition per the Court's September 17th Order.**

the jury. For these reasons, and because the Wagner Emails are central to Plaintiff's contention that the XFL had a Four Criteria policy permitting the hiring of players, including Antonio Callaway, something Defendants deny, good cause exists to permit this limited discovery. Consequently, Plaintiff respectfully requests that his counsel be permitted to depose Ms. Wagner and Mr. Pollack after October 15, 2021, for no more than a combined total of two hours on the limited scope and bases as identified above. Because Defendants improperly withheld the Wagner Emails, Plaintiff was forced to seek the Court's intervention to compel their production, which was granted. Now, Plaintiff seeks the relevant deposition testimony that he would have obtained had Defendants properly produced the Wagner Emails during the discovery period.

## II.  DISCUSSION

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). "A trial court enjoys 'wide discretion' in its handling of pre-trial discovery and deciding whether to reopen it." *Benn v. Metro-North Commuter R.R. Co.*, No. 3:18-cv-737 (CSH), 2019 WL 6467348, at *10 (D. Conn. Dec. 2, 2019) (Haight, Sr. J.) (citing *Biosafe-One, Inc. v. Hawks*, 379 Fed. Appx. 4, 9 (2d Cir. 2010)). Courts consider whether good cause exists to reopen discovery. *Id.* Courts in the Second Circuit generally consider the following six factors to determine whether good cause to reopen discovery exists: "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence." *Id.* (quoting *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011)). "The fourth

factor, diligence, is given ***considerable*** consideration when determining whether good cause exists." *Id.* at *11 (emphasis added).

In *Scantibodies Lab., Inc. v. Church & Dwight Co.*, 2016 WL 11271874, at *38 (S.D.N.Y. Nov. 4, 2016) (quoted and cited by *Benn v. Metro-North Commuter R.R. Co.*), the Southern District of New York concluded that the defendant should be permitted to depose fact witnesses regarding "belatedly produced documents because the defendant suffered real prejudice . . . in losing the opportunity to depose witnesses regarding [these] documents, and in wasting time and money in developing a defense to a damages computation that [p]laintiff then entirely changed . . . after fact discovery had been completed."

For further example, in *Benn v. Metro-North Commuter R.R. Co.*, Senior District Judge Haight granted the plaintiff's request to reopen discovery "for the limited purpose of conducting additional discovery. 2019 WL 6467348, at *12. The first factor, imminence of trial, weighed in favor of reopening discovery because an actual trial date had not yet been scheduled, even though the matter was set to be trial-ready on December 2, 2019 (which was the same day of the court's opinion). *Id.* at *11. The diligence factor also weighed in favor of permitting the requested limited discovery. *Id.* Importantly, Judge Haight recognized that this was "not a case where Plaintiff was sitting on records or findings available to her before the close of discovery having ample opportunity to support her claims regarding those findings." *Id.* at *12. (citing *Bakalar*, 851 F. Supp. 2d at 493-94) (declining to reopen discovery to examine expert testimony about documents that were available to the party before discovery closed and because the need for expert interpretation of the documents was obvious at that time). Likewise, the sixth factor, the likelihood that the discovery would lead to relevant evidence, favored reopening discovery because the

4

limited discovery requested would generate relevant, and "arguably necessary," evidence to the plaintiff's ability to prove her claims. *Id.*

In the present case, good cause exists for the Court to permit the requested limited discovery in the form of a maximum of two (2) hours of deposition of Mr. Pollack and Ms. Wagner regarding the Wagner Emails. The first factor, the imminence of trial, weighs in favor of permitting this limited discovery. This matter is set to be trial-ready by March 7, 2022. ECF No. 328. Mr. Luck does not request, nor does Plaintiff believe necessary, any continuance of the trial-ready date. Moreover, the narrow depositions Mr. Luck seeks—with a total requested time of two hours—can be completed within days of a ruling from the Court granting Mr. Luck the permission to do so.[3] The second factor weighs against reopening discovery for the sole reason that Defendants are opposed. The third factor, the prejudice to the Defendants, weighs in favor of permitting the requested limited discovery because there will be no prejudice to Defendants. Specifically, Defendants have had possession of and knowledge about the Wagner Emails at a minimum since they included them on their privilege log on January 29, 2021. Moreover, Mr. Luck has offered to conduct these depositions via zoom in order to minimize any burden on Mr. Pollack and Ms. Wagner (and, by extension, Defense counsel who previously presented both witnesses for deposition via Zoom in this matter).

The fourth factor, diligence, weighs heavily in favor of permitting this limited discovery, and because this particular factor is given considerable consideration, further supports permitting this discovery. Specifically, after discharging the obligation to meet and confer, Mr. Luck filed his motion to compel the production of the Wagner Emails on February 26, 2021, less than one (1)

---

[3] By way of example, following the Court's October 8, 2021, order granting Mr. Luck's Motion to Compel the Rule 30(b)(6) deposition of Defendant Alpha Entertainment, LLC, ECF No. 349, Mr. Luck scheduled and took that deposition a mere four (4) days later, on October 12, 2021.

month after receiving the privilege log and well-before the close of discovery on July 16, 2021. ECF Nos. 157, 158; *see also* ECF No. 167. Thus, Mr. Luck has been diligently pursuing discovery related to the Wagner Emails, and would have questioned Mr. Pollack and Ms. Wagner at their depositions about these documents had Defendants not improperly withheld them. Like the plaintiff in *Benn*, this is not a case where Mr. Luck was sitting on records or findings available to him before the close of discovery. Instead, it is the ***exact opposite***—Defendants were improperly withholding and sitting on the Wagner Emails and prevented Mr. Luck from pursuing relevant deposition testimony. The fifth factor, whether Mr. Luck could foresee the need for additional discovery, also weighs in favor of permitting this limited discovery. Mr. Luck recognized early that these documents were relevant, and quickly pursued this Court's intervention. Moreover, on September 24, 2021, after receiving the Court's Ruling and Order on Pending Motions, ECF No. 326, requiring Defendants to produce the Wagner Emails, Mr. Luck requested that Defendants produce the Wagner Emails. Ex. 2. Mr. Luck's counsel again requested that Defendants produce the Wagner Emails on October 6, 2021, and specifically referenced the potential need to depose Mr. Pollack and Ms. Wagner in an effort to resolve this matter without Court intervention. Ex. 3. However, Defendants refused to produce the Wagner Emails (a total of 10 documents) until October 15, 2021. Ex. 2. Finally, the sixth factor, the likelihood that the discovery will lead to relevant evidence, also weighs in favor of permitting this discovery. Specifically, the hiring criteria of XFL players is a central issue to this litigation. Limited discovery in the form of deposition testimony about the Wagner Emails would generate evidence relevant, and arguably necessary, to Mr. Luck's ability to prove and defend his claims.[4]

---

[4] Moreover, any argument that the requested depositions should not be required because the documents alone are sufficient should be rejected. *See Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 7074 (D. Conn. 2010) (Fitzsimmons, Mag.) ("[a] party should not be prevented from questioning a live corporate witness

6

### III.     CONCLUSION

At bottom, Defendants improperly withheld non-privileged documents and Mr. Luck was thereby prevented from relevant, permissible discovery into the Wagner Emails. Nevertheless, now that the discovery period has closed, Defendants want to benefit from their improper assertions of privilege and continue to frustrate relevant and reasonable discovery. This should not be permitted, and Plaintiff respectfully requests the Court reopen discovery for the limited purpose of deposing Mr. Pollack and Ms. Wagner for a combined total of two (2) hours on the limited scope of the Wagner Emails.

**PLAINTIFF OLIVER LUCK**

*/s/ Paul J. Dobrowski*
Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
Jared A. McHazlett (phv10650)
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email: pjd@doblaw.com
Email: vpierce@doblaw.com
Email: jmchazlett@doblaw.com

AND

*/s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed. Bar No. ct30935)
Sarah E. Gleason (Fed. Bar No. ct30906)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel.: (203) 324-8100
Fax: (203) 324-8199

---

in a deposition setting just because the topics proposed are similar to those contained in documents provided or in interrogatory questions answered."). While the information may have already been provided by other methods, such as document production, a live "witness may still be useful to testify as to the interpretation of papers[.]" *Id.*

>Email: azeitlin@goodwin.com
>Email: jkatz@goodwin.com
>Email: segleason@goodwin.com
>**HIS ATTORNEYS**

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

>*/s/ Paul J. Dobrowski*

## CERTIFICATE OF CONFERENCE

I hereby certify that I, and my co-counsel Andy Zeitlin, communicated with Defendants in an attempt to resolve this matter via email exchanges beginning September 24 and continuing to October 10, 2021. *See* Exs. 2-3 attached hereto. We were unable to come to an agreement regarding the substance of the Motion.

>*/s/ Paul J. Dobrowski*