IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § § § § | |
| *Plaintiff* | | |
| v. | § § § § § § § | CIVIL NO. 3:20-cv-516 (VAB) |
| VINCENT K. MCMAHON and ALPHA ENTERTAINMENT, LLC | | |
| | | April 19, 2022 |
| *Defendants.* | | |

**PLAINTIFF'S EMERGENCY MOTION TO ENJOIN DEFENDANT ALPHA FROM CIRCUMVENTING THE COURT'S JURISDICTION**

Plaintiff Oliver Luck files this Emergency Motion to Enjoin Alpha Entertainment LLC ("Alpha") from Circumventing the Court's Jurisdiction. Although Alpha has been a party to this lawsuit for more than seventeen months and trial in this case is scheduled to begin less than three months from now, Alpha, through its Plan Administrator, filed a complaint against Mr. Luck in the Bankruptcy Court for the District of Delaware on April 11, 2022. *In re Alpha Entertainment LLC*, Case No. 22-50256-LSS, ECF 1 (Bankr. D. Del.) (the "Complaint"). The Complaint is based on many of the same facts and circumstances alleged in Alpha's counterclaims filed in this Court, ECF 153, and upon which the Court based its February 11, 2022 Ruling and Order (the "Order"). ECF 423. In addition, the Complaint seeks recovery of compensation paid to Mr. Luck, which Alpha also sought to recover in its now dismissed counterclaim regarding Mr. Luck's work performance after March 13, 2020. The bottom line is that the Complaint is nothing more than an attempt by Alpha, and its principal creditor Mr. McMahon, to obtain the proverbial "second bite of the apple" at Mr. Luck's expense by asserting claims that rely on many of the same factual grounds that Alpha has previously litigated in this Court.

1

With trial in this Court scheduled to begin on July 11, 2022, Mr. Luck and his counsel should not be put to the burden and expense of defending the bankruptcy lawsuit while preparing for trial. Moreover, any alleged claims in the Complaint are compulsory counterclaims which Alpha should have brought in this case long ago. Additionally, litigating in another court will vastly increase Mr. Luck's costs by requiring additional bankruptcy and local Delaware counsel. The filing of the Delaware bankruptcy proceeding is also a calculated attempt to distract Mr. Luck and his counsel while preparing the Joint Trial Memorandum and for trial. Further, as guarantor, any liability for the bankruptcy claims must be borne by Mr. McMahon, and Mr. Luck intends to add him as a third-party defendant to the bankruptcy case. Thus, if Alpha is not enjoined from continuing its litigation in the bankruptcy proceeding, the same three parties will be required to litigate the same facts in two different courts.

Based on the foregoing and for the reasons stated in the accompanying memorandum in support, the Court should grant Plaintiff's Emergency Motion to Enjoin Defendant Alpha from Circumventing the Court's Jurisdiction and enjoin Alpha, including its Plan Administrator, from pursuing the claims contained in its recently filed Complaint in Delaware under the "first filed" rule, at least until after this Court has rendered a final judgment in this case. For the reasons stated in the accompanying memorandum in support, there is also good cause warranting expedited consideration of this motion.

*Signature of Counsel on the Next Page*

Respectfully submitted,

**PLAINTIFF OLIVER LUCK**

*/s/ Paul J. Dobrowski*
Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
Jared A. McHazlett (phv10650)
DOBROWSKI STAFFORD, LLP.
4601 Washington Avenue, Suite 300
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email: pjd@doblaw.com
Email: vpierce@doblaw.com
Email: jmchazlett@doblaw.com

AND

*/s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed. Bar No. ct30935)
Sarah E. Gleason (Fed. Bar No. ct30906)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel.: (203) 324-8100
Fax: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com
Email: segleason@goodwin.com

**HIS ATTORNEYS**

## CERTIFICATE OF SERVICE

    I hereby certify that on April 19, 2022, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

    */s/ Paul J. Dobrowski*