# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK, | : | CASE NO. 3:20-cv-00516-VAB |
| Plaintiff, | : | |
| v. | : | |
| VINCENT K. MCMAHON and ALPHA ENTERTAINMENT LLC, | : | June 3, 2022 |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CRIMINAL CHARGES OF WHICH VINCENT K. McMAHON WAS ACQUITTED OVER 25 YEARS AGO**

## TABLE OF CONTENTS

I. BACKGROUND ..................................................................................................................1

II. ARGUMENT......................................................................................................................2

   A. McMahon's Acquittal Is Not Admissible Under Fed. R. Evid. 609................................... 2

   B. McMahon Cannot Be Cross-Examined Regarding His Acquittal Under Fed. R. Evid. 608(b).................................................................................................................................. 3

III. CONCLUSION...................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anwar v. United States*,
  648 F. Supp. 820 (N.D.N.Y. 1986), *aff'd*, 823 F.2d 544 (2d Cir. 1987) ...................................5

*Daniels v. Loizzo*,
  986 F. Supp. 245 (S.D.N.Y. 1997) ..............................................................................................3

*Dollman v. Mast Indus., Inc.*,
  No. 08 CIV. 10184 WHP, 2011 WL 3911035 (S.D.N.Y. Sept. 6, 2011) ...................................5

*Michelson v. United States*,
  335 U.S. 469, 482 (1948) ............................................................................................................3

*Milner v. City of Bristol*,
  No. 3:18CV01104(JAM), 2020 WL 6049261 (D. Conn. Oct. 13, 2020) ..................................3

*Sabir v. Jowett*,
  143 F. Supp. 2d 217 (D. Conn. 2001) ........................................................................................5

*U.S. v. Devery*,
  935 F. Supp. 393 (S.D.N.Y. 1996) .............................................................................................4

*U.S. v. Nelson*,
  365 F. Supp. 2d 381 (S.D.N.Y. 2005) ........................................................................................4

*U.S. v. Schwab*,
  886 F.2d 509 (2d Cir. 1989) ...................................................................................................3, 4

*U.S. v. Vereen*,
  No. 3:99CR279(CFD), 2000 WL 490740 (D. Conn. Mar. 2, 2000) ..........................................5

*United States v. Toner*,
  728 F.2d 115 (2d Cir.1984) ........................................................................................................2

*Vagenos v. LDG Fin. Servs., LLC*,
  No. 09-CV-2672 (BMC), 2010 WL 1608877 (E.D.N.Y. Apr. 15, 2010) ..................................3

**Other Authorities**

Fed. R. Evid. 403 ...............................................................................................................................4

Fed. R. Evid. 608 ...............................................................................................................................5

Fed. R. Evid. 608(b) ...........................................................................................................1, 3, 4, 5

Fed. R. Evid. 609 ............................................................................................................. *passim*

Fed. R. Evid. 609(b) .................................................................................................................. 5

Jack B. Weinstein & Margaret A. Berger,
  *Weinstein's Fed. Evid.* § 608.22[2][c] (2d ed. 1997) ................................................................ 4

Defendants Alpha Entertainment LLC ("Alpha") and Vincent K. McMahon (collectively, the "Defendants") respectfully submit this memorandum of law in support of their motion *in limine* to preclude any evidence or argument by Plaintiff Oliver Luck regarding the criminal charges of which McMahon was acquitted over 25 years ago. Such evidence or argument should be precluded because it is inadmissible under Fed. R. Evid. 608(b) or Fed. R. Evid. 609.[1]

## I.   BACKGROUND

On or about November 18, 1993, McMahon and Titan Sports, Inc., the predecessor of World Wrestling Entertainment, Inc., were indicted in the Eastern District of New York on various charges related to anabolic steroids. Three of the counts were dismissed before trial; two counts of alleged possession with intent to distribute steroids were dismissed by the judge at the close of the prosecution's case; and the jury found McMahon not guilty on the sole remaining count of conspiracy to defraud the FDA in connection with the regulation of steroid manufacturing on July 23, 1994. The charges all related to the use of steroids when it did not violate federal law to use steroids for any purpose, and were so flimsy that this result was achieved without the defense calling a single witness.[2]

In McMahon's deposition, Luck's lead Texas counsel harassed McMahon with a series of snarky questions mocking the criteria established by McMahon for disqualifying players from the league, specifically the criteria established by McMahon at the press conference announcing the launch of the league as well as the criteria in Luck's own four factor email setting forth the disqualifying criteria McMahon was said by Luck to be "on board" with. At the press conference,

---

[1] Defendants' motions *in limine* reflect the Court's current rulings and current scope of the issues for trial as defined by those rulings. Defendants reserve the right to revise their motions *in limine* or file additional motions *in limine* depending on the Court's resolution of Defendants' pending motion for reconsideration (ECF No. 428).
[2] Defendants' lead counsel in this case also represented Titan Sports, Inc. in the 1993 case.

1

McMahon stated that players would not be in the league if they had any criminality associated with them, and Luck's subsequent email established that a felony charge or two or more misdemeanors would disqualify players. Thus, Attorney Dobrowski sought to establish the irrelevant point that, if McMahon were a player, he would have been disqualified under a policy that a person who had been charged with a felony could not play in the XFL. (McMahon Depo. at 9:7-11:25, Ex. 1.) Whether McMahon would have been disqualified as a player has precisely nothing to do with any legitimate issue in this case.

After McMahon testified that "the quality of the human being was as important as the quality of the player," Attorney Dobrowski asked McMahon, "[a]nd so if a player had your background as a player, would they have been disqualified from being employed by the XFL?" (*Id.* at 10:19-21, Ex. 1.) Attorney Dobrowski then followed up his initial harassing question with the equally, if not more, harassing questions: "[a]nd that would have meant that by being charged with a criminal felony such as yourself, they were not men of good character, as you phrased it, right?" and "[s]o under your definition of the [XFL] standard you were not a man of good character, true?" (*Id.* at 11:1-10, Ex. 1.) It would be exceedingly unfair and prejudicial for McMahon to be subjected to such irrelevant harassment before the jury at trial.

## II.     ARGUMENT

### A.     McMahon's Acquittal Is Not Admissible Under Fed. R. Evid. 609

Only evidence of a prior criminal ***conviction*** within the preceding ten years is potentially admissible under Fed. R. Evid. 609 to attack a witness's character for truthfulness. *See* Fed. R. Evid. 609; *United States v. Toner*, 728 F.2d 115, 122 (2d Cir.1984) ("As to Kail's 1953 arrest for grand larceny and his 1973 arrest for forgery and possession of stolen property, both matters would have been excludable under Fed. R. Evid. 609, had they resulted in convictions, because they

2

antedated the ten year time limit set forth in the rule; as "mere" arrests it was clearly appropriate for the court to exclude the evidence."); *Milner v. City of Bristol*, No. 3:18CV01104(JAM), 2020 WL 6049261, at *6 (D. Conn. Oct. 13, 2020) ("Arrests are not admissible at all for impeachment purposes under Rule 609, and only certain prior convictions are admissible under the Rule."). McMahon's ***acquittal*** of criminal charges made ***over 25 years ago*** plainly is not admissible impeachment evidence under Fed. R. Evid. 609.

B. **McMahon Cannot Be Cross-Examined Regarding His Acquittal Under Fed. R. Evid. 608(b)**

Fed. R. Evid. 608(b) provides:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character of truthfulness or untruthfulness of (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about.

As a threshold matter, extrinsic evidence of McMahon's acquittal is not admissible under Fed. R. Evid. 608(b) because again it is not a criminal conviction under Fed. R. Evid. 609. McMahon likewise cannot be cross-examined regarding his 1994 acquittal.

***First***, Second Circuit law holds that a witness may not be cross-examined regarding an acquittal of criminal charges under Fed. R. Evid. 608(b). *U.S. v. Schwab*, 886 F.2d 509, 513 (2d Cir. 1989) (holding that the district court committed error in allowing cross-examination of the defendant concerning conduct that led to charges of income tax fraud and perjury of which he was acquitted); *see also Vagenos v. LDG Fin. Servs., LLC*, No. 09-CV-2672 (BMC), 2010 WL 1608877, at *2 (E.D.N.Y. Apr. 15, 2010) ("defendant cannot use Rule 608(b) to admit otherwise inadmissible Rule 609 evidence"); *Daniels v. Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997) (quoting *Michelson v. United States*, 335 U.S. 469, 482 (1948)) ("Arrest without more does not . . . impeach the integrity or impair the credibility of a witness. It happens to the innocent as

3

well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness."); *U.S. v. Devery*, 935 F. Supp. 393, 407 (S.D.N.Y. 1996) (noting that *Schwab* is "[t]he controlling case" in the Second Circuit on the issue of "the propriety of impeaching a witness with evidence of prior misconduct for which he has been acquitted" and precluding cross-examination of prosecution witness regarding his alleged rape of his stepdaughter).

**Second**, prior acquittal aside, specific instances of a witness's conduct may be inquired into on cross-examination under Fed. R. Evid. 608(b) only insofar as they bear on the witness's propensity for truthfulness or untruthfulness. *See* Fed. R. Evid. 608(b); *Schwab*, 886 F.2d at 513; *U.S. v. Nelson*, 365 F. Supp. 2d 381, 386 (S.D.N.Y. 2005) ("Rule 608(b) is intended to be restrictive" and "does not authorize inquiry on cross-examination into instances of conduct that do not actually indicate a lack of truthfulness") (quoting Jack B. Weinstein & Margaret A. Berger, *Weinstein's Fed. Evid.* § 608.22[2][c] (2d ed. 1997). The steroids-related charges of which McMahon was acquitted unquestionably were not instances of such conduct.

**Third**, even if a specific instance of a witness's conduct bears on truthfulness, "its probative value must not be substantially outweighed by its unfairly prejudicial effect under Rule 403." *Devery*, 935 F. Supp. at 407-08; *see also Schwab*, 886 F.2d at 513. The Second Circuit has ruled that inquiry into charges of which the defendant has been acquitted would be unfairly prejudicial under Rule 403. *See Schwab*, 886 F.2d at 513. Specifically, the Second Circuit held:

> Whether or not an acquittal technically estops the prosecution from eliciting the fact of prior misconduct, it will normally alter the balance between probative force and prejudice, which is already a close matter in many cases where prior misconduct of a defendant is offered. Moreover, there is the blunt reality that a witness who has been acquitted will almost certainly deny the misconduct, either because he did no wrong or because he may understandably believe that when asked about it after an acquittal, he is entitled to have the law regard him as innocent. Thus, the only purpose served by permitting the inquiry is to place before the jury

4

> the allegation of misconduct contained in the prosecutor's question, an allegation the jury will be instructed has no evidentiary weight. To permit the inquiry risks unfair prejudice, which is not justified by the theoretical possibility that the witness, though acquitted, will admit to the misconduct. When the witness is the defendant, the significance of the prejudice is magnified.

*Id.; see also Sabir v. Jowett*, 143 F. Supp. 2d 217, 219 (D. Conn. 2001) ("[W]hatever probative value cross-examination on this conduct may have is substantially outweighed by the danger of unfair prejudice and the risk of misleading the jury, as Detective Jowett was exonerated on those charges"); *Dollman v. Mast Indus., Inc.*, No. 08 CIV. 10184 WHP, 2011 WL 3911035, at *4 (S.D.N.Y. Sept. 6, 2011) (where "the alleged misuse of a company credit card . . . was investigated . . . and no evidence of misconduct was found . . . the probative value of this incident is minimal and is substantially outweighed by the danger of unfair prejudice").

**Fourth**, "courts have generally applied the ten-year limit of Rule 609(b) to Rule 608, despite the absence of explicit language to that effect under Rule 608." *U.S. v. Vereen*, No. 3:99CR279(CFD), 2000 WL 490740, at *6 (D. Conn. Mar. 2, 2000); *see also Anwar v. United States*, 648 F. Supp. 820, 829 (N.D.N.Y. 1986), *aff'd*, 823 F.2d 544 (2d Cir. 1987) ("[C]ourts in construing Rule 608, no doubt noting the inconsistency which would result if the credibility of a witness could not be attacked by reference to convictions that are more than ten years old but could be impeached by inquiry into mere arrests that are just as stale, have generally applied Rule 608(b) as if the time limits imposed by Rule 609 were a part of Rule 608."). McMahon's more-than-25 year-old acquittal, therefore, is time-barred in addition to the other reasons precluding cross-examination under Fed. R. Evid. 608(b).

### III.    CONCLUSION

For all the foregoing reasons, any evidence or argument that McMahon was charged with crimes over 25 years ago, and acquitted, should be precluded from the trial in this case.

DEFENDANTS VINCENT K. MCMAHON
and ALPHA ENTERTAINMENT LLC,

By: /s/ Jerry S. McDevitt
Jerry S. McDevitt *(pro hac vice)*
Curtis B. Krasik *(pro hac vice)*
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

Their Attorneys.

**CERTIFICATE OF SERVICE**

  I hereby certify that, on June 3, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                 */s/ Jeffrey P. Mueller*
                 Jeffrey P. Mueller (ct27870)