IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OLIVER LUCK | § § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL NO. 3:20-cv-516 (VAB) |
| VINCENT K. MCMAHON and ALPHA ENTERTAINMENT, LLC | § § § § | JUNE 17, 2022 |
| *Defendants.* | § | |

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN SUPPORT OF UNOPPOSED MOTION TO SEAL**

Pursuant to D. Conn. L. Civ. R. 5(e), Plaintiff Oliver Luck files this memorandum of law in support of his unopposed motion to continue to seal after the resolution of this case all material previously ordered sealed by the Court. For the reasons stated herein, Mr. Luck respectfully requests that the Court grant the Motion.

**BACKGROUND FACTS**

On April 16, 2020, the Court entered a standing protective order in this case. ECF 11. On September 17, 2021, the Court granted, in part, Mr. Luck's motion for a protective order, ECF 186, regarding the disclosure of certain personal information (the "Personal Information") until the Court had an opportunity to determine, upon ruling on the parties' dispositive motions, the information's relationships, if any, to the Defendants' defenses. ECF 326 at 50-51. Further, pursuant to the standing protective order, ECF 11, and the Court's September 17, 2021 Ruling and Order on Pending Motions, ECF 326, both the Plaintiff and the Defendants have filed motions to seal pleadings and exhibits throughout this case (collectively, the "Sealed Material"). *See, e.g.*, ECF 156, 187, 203, 206, 311, 316. The Court has routinely and repeatedly, throughout

1

the course of this litigation—in 59 separate instances—found that "good cause exists to seal these documents and that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." *See, e.g.*, ECF 162, 248, 319.

On February 11, 2022, the Court dismissed from the case any claims related to Mr. Luck's Personal Information. ECF 423. On that same day, the Court issued an Order extending the protective order, ECF 186, and ordering that the information obtained from Mr. Luck's Alpha-issued iPhone shall remain under seal until the conclusion of the jury trial or until such time as the parties reach a resolution of the case. ECF 425. The parties reached an agreement to resolve this case on June 16, 2022. Because the same good cause and clear and compelling reasons exist now as when the Sealed Material was initially ordered sealed on 59 separate occasions, Mr. Luck seeks to keep the Sealed Material under seal past the resolution of this case.

## ARGUMENT

"[I]t is well established that the public and the press have a qualified First Amendment right . . . to access certain judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quotation marks omitted). "The right of access, however, is not absolute." *Alexander v. Azar*, 396 F. Supp. 3d 242, 251 (D. Conn. 2019) (citation omitted).

"Courts must weigh the interest advanced by the parties in light of the public interest and the duty of the courts." *Id.* (internal quotation marks omitted). "The court must balance competing considerations against [the presumption of access]. . . . Such countervailing factors include but are not limited to . . . the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citations omitted; internal quotation marks omitted). "In determining the proper weight to accord an asserted privacy interest, a court should consider both the degree to which the subject matter is traditionally

considered private rather than public, as well as [t]he nature and degree of the injury to which the party resisting disclosure would be subjected were the privacy interest not protected." *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (citation omitted; internal quotation marks omitted).

Pursuant to D. Conn. L. Civ. R. 5(e)(3), "[n]o judicial document shall be filed under seal, except upon entry of an order of the Court either acting *sua sponte* or specifically granting a request to seal that document." Moreover, "[a]ny such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." *Id.*

Here, clear and compelling reasons exist to keep the Sealed Material under seal past the resolution of this case. The same reasons that existed when the Court initially sealed the Sealed Material will continue to exist past the resolution of this case. Mr. Luck has a compelling privacy interest in keeping the Sealed Material under seal. These reasons are detailed fully in Mr. Luck's previously filed and granted Motion for Protective Order and Brief in Support and its exhibits. ECF 186; *see* ECF 326 (granting in part the Motion for Protective Order).

Further, the public interest in the Sealed Material is incredibly low. The Sealed Material largely involves Mr. Luck's Personal Information, which is traditionally considered private rather than public. *See Mirlis v. Greer*, 952 F.3d 61. Further, in light of the Court's dismissal from the case of any claims related to the Personal Information, see ECF 423, there is even less of a public interest in the Sealed Material because such material no longer serves as an underlying basis for any action between the parties.

The Court has already found on 59 occasions and made individualized findings throughout this litigation that good cause exists to seal the Sealed Material and that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. *See,*

3

*e.g.*, ECF 162, 210, 243, 304, 331, 370, 407, 446.  That same good cause still exists past the resolution of this case and there is no competing public interest that weighs more heavily.

## CONCLUSION

For the foregoing reasons, Plaintiff Oliver Luck respectfully requests the Court grant the Motion and permit the Sealed Material to remain under seal after the resolution of this case.

Respectfully submitted,

**PLAINTIFF OLIVER LUCK**

*/s/ Paul J. Dobrowski*
Paul J. Dobrowski (phv10563)
Vanessa L. Pierce (phv10561)
Jared A. McHazlett (phv10650)
DOBROWSKI, LARKIN & STAFFORD, L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007
Telephone: (713) 659-2900
Facsimile: (713) 659-2908
Email:  pjd@doblaw.com
Email:  vpierce@doblaw.com
Email: jmchazlett@doblaw.com

AND

*/s/ Andrew M. Zeitlin*
Andrew M. Zeitlin (Fed. Bar No. ct21386)
Joette Katz (Fed. Bar No. ct30935)
Sarah E. Gleason (Fed. Bar No. ct30906)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel.: (203) 324-8100
Fax: (203) 324-8199
Email: azeitlin@goodwin.com
Email: jkatz@goodwin.com
Email: segleason@goodwin.com

**HIS ATTORNEYS**

11216156v.2

## CERTIFICATE OF SERVICE

      I hereby certify that on June 17, 2022, a copy of the foregoing was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                  */s/ Andrew M. Zeitlin*

11216156v.2